D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

October 23, 2023

*Sweigert v. Goodman,* 23-cv-05875-JGK

U.S. District Judge Honorable John G. Koeltl
U.S. District Court
for the Southern District of New York
500 Pearl Street, New York, N.Y. 10007
Via ECF filing

SUBJ:   Letter motion in OPPOSITION to Defendant's letter motion ECF no. 28

Your Honor,

1.   This letter motion is in OPPOSITION to Defendant Goodman's request for an extension or delay to respond to the Amended Complaint as requested in his letter motion of 10/18/2023 ECF no. 28. The basis for Mr. Goodman's request for an extension or delay is based solely on his planned filing of a Rule 11 motion, which would be premature at this time as the Court does not have an adequate basis to conduct such a fact-based inquiry at this stage of the action. Thus, the anticipated Rule 11 motion of Mr. Goodman is premature and cannot be used as justification for an extension or delay. His request should be denied.

2.   The Defendant describes his service of a Safe Harbor notification in his letter motion (ECF no. 28), quoting in relevant part:

> *"On October 16, 2023, Plaintiff Sweigert was served with a safe harbor notification of a pending Rule 11 motion for sanctions against him should he fail to cure identified defects. In the interest of judicial efficiency, and because curing identified defects could dispose of one or more of the claims in the Amended Complaint, I respectfully seek an extension of time to respond."* (emphasis added)

3.   Frankly, a Rule 11 motion is entirely premature at this juncture. An overwhelming majority of courts have concluded that a Rule 11 motion prior to the commencement of discovery is improper. See *GTFM Inc. v. Int'l Basic Source, Inc.,* 2002 WL 42884, at *2 (S.D.N.Y. Jan. 11, 2002) (concluding that "motion for sanctions under Rule 11 [wa]s premature" because it could not "be resolved until after jurisdictional discovery ha[d] been conducted"); *Baskin v. Lagone,* No. 90 Civ. 5478(RPP), 1993 WL 59781, at *6 (S.D.N.Y. Mar. 3, 1993) ("Because it is not entirely clear, and it is in any event premature to ascertain, that the Plaintiffs' Amended Complaint is not grounded in fact or warranted by existing law, as Rule 11 requires before sanctions can be imposed, the motion for sanctions is denied.")).

4.  See also *Luv N' Care, Ltd. v. Shiboleth LLP,* 2017 WL 3671039, at *13 (S.D.N.Y. Aug. 8, 2017) ("Only after discovery has been completed will the Court properly have before it evidence regarding the veracity of Plaintiffs' allegations."), which was relied upon in *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 1:15-cv-2457-GHW (S.D.N.Y. Mar. 15, 2019), quoting in relevant part:

> "The time when sanctions are to be imposed rests in the discretion of the trial judge," Chambers, 501 U.S. at 56 n.19, and, when the Court lacks sufficient information to rule on a sanctions motion brought under Rule 11, it has long been the practice in this District to deny the motion without prejudice to later renewal. See, e.g., *Wald. v. Inv. Tech. Grp., Inc.,* No. 04 CIV. 1691 (KMW) (DF), 2004 WL 2496131, at *3 (S.D.N.Y. Nov. 5, 2004) (denying defendant's motion for Rule 11 sanctions without prejudice and allowing defendant to renew the motion at the close of discovery); *Archie Comic Publications, Inc. v. Decarlo,* 2000 WL 1731341, at *1 (S.D.N.Y. Nov. 21, 2000) (noting that sanctions for allegedly frivolous pleadings "normally will be determined at the end of the litigation"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.,* 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying request for Rule 11 sanctions before the resolution of the suit because "collateral litigation regarding sanctions distracts the court and the parties from focusing on the merits and fosters animosity among counsel which disserves the overall objectives of the Federal Rules of Civil Procedure . . . ."); see also *Luv N' Care, Ltd. v. Shiboleth LLP,* No. 16-cv-3179 (AJN), 2017 WL 3671039, at *13 ("Accordingly, the prevailing approach of courts faced with this situation where a defendant files a sanctions motion at the outset of a case on the ground that plaintiff's allegations are false, is to deny the motion without prejudice to renewal after discovery." )."

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 1:15-cv-2457-GHW, 18-19 (S.D.N.Y. Mar. 15, 2019)

5.  It is also noteworthy that Mr. Goodman filed a Rule 11 Sanctions Motion in another active federal action in which he is a defendant, *Steele et al v. Goodman,* 3:21-cv-00573-JAG, Eastern District of Virginia. That Rule 11 motion appears as ECF docket 102, filed 10/10/2023. There are no other Rule 11 motions on that docket.

6.  Therefore, the *pro se* Plaintiff urges the Court to deny Defendant Goodman's request for delay or extension based on his anticipated Rule 11 motion as premature.

                                       Respectfully,     Signed 10/23/2023

                                       **D.G. SWEIGERT, PRO SE PLAINTIFF**

## CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Certified under penalties of perjury.

Respectfully,    Signed this October 23rd, 2023 (10/23/2023)

**PRO SE PLAINTIFF**