D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

October 10, 2023

      **23-cv-06881-JGK** *Sweigert v. Multimedia System Design, Inc. et al*

      **23-cv-05875-JGK -** *Sweigert v. Goodman*

Honorable John G. Koeltl,
U.S. District Judge
U.S. District Court for the Southern District of New York (S.D.N.Y.)
500 Pearl Street,
New York, N.Y. 10007
Via ECF filing

SUBJ:    Response to Court's inquiry expressed in ECF no. 34.

Your Honor,

1.    Kindly consider this letter a response to the Court's inquiry expressed in ECF no. 34, regarding process service of the New York State corporation defendant, Multimedia System Design, Inc. (M.S.D.I.).

2.    At the onset, it is instructive to note the decision of the U.S. Court of Appeals for the Second Circuit, Docket 22-592, *The National Academy of Television Arts and Sciences, Inc. v. Goodman*, quoted in relevant part:

> Appellees, the Academy of Television Arts & Sciences and the National Academy of Television Arts and Sciences, Inc. (together, the "Academies"), brought a copyright- and trademark infringement suit against Multimedia System Design, Inc. ("MSD"). Goodman, the sole owner and employee of MSD, sought to intervene on his own behalf. …
>
> Furthermore, Goodman was the sole owner and employee of MSD, suggesting that his interests were fully represented in the suit. (09/13/2023    ECF 174    JUDGMENT MANDATE)

3.    This present action against M.S.D.I. was filed in the Eastern District of Michigan (M.I.E.D.) on 11/08/2022 and amended 1/23/2023. When M.I.E.D. District Judge Gershwin Drain transferred this action to the S.D.N.Y. on 8/02/2023, via ORDER at ECF 31, he left pending motions unaddressed, including:

| Date | No. | Description |
|---|---|---|
| 02/22/2023 | 25 | MOTION for Alternate Service by D.G. Sweigert. [Submitted through Pro Se Portal] (SSch) [Transferred from Michigan Eastern on 8/4/2023.] (Entered: 02/24/2023) |
| 03/20/2023 | 26 | MOTION for Declaration of Constructive Service by the Court by D.G. Sweigert. [Submitted through Pro Se Portal] (SSch) [Transferred from Michigan Eastern on 8/4/2023.] (Entered: 03/20/2023) |

4.      ECF no.. 26 is a verified affidavit and motion seeking alternate service and documenting service attempts made upon the sole stockholder and corporate officer of M.S.D.I., (para. 11, pg. 8), all attempts unsuccessful.

5.      As further explained in ECF no. 26, to satisfy the constitutional due process rights of M.S.D.I., the sole stockholder and corporate officer Mr. Goodman was provided electronic e-mail service of the M.I.E.D. summons and amended complaint to truth@crowdsourcethetruth.org on at least two occasions in exchanges related to *Goodman v. Bouzy,* 21-cv-10878--AT between the parties and legal counsel (currently in appeal as docket no. 23-1100, Second Circuit).

6.      As documented in para.s 2 to 6 in ECF no. 26, e-mail messages from Mr. Goodman confirmed receipt of electronic copies of the M.I.E.D. amended complaint and summons. These documents were transmitted to the e-mail address that Mr. Goodman provides in his court papers as an ECF filer, his public web-sites and his chat rooms.



See M.I.E.D. ECF no. 26, EXHIBIT TWO

7.      truth@crowdsourcethetruth.org is a well-known business e-mail address that is widely published on public platforms with encouragement to contact Mr. Goodman.



8. Mr. Goodman has filed three (3) actions in the S.D.N.Y. as an authorized ECF electronic filer. To that end, Mr. Goodman regularly exchanged e-mails with court papers with the Plaintiff. In the appellate action *Goodman v. Bouzy* (docket no. 23-1100, Second Circuit), Mr. Goodman sent legal briefs to the Plaintiff's/Appellee's e-mail account spoliation-notice@mailbox.org from truth@crowdsourcethetruth.org, shown below:



9. The *pro se* Plaintiff humbly seeks to renew this motion (ECF no. 26) as the evidentiary content justifies a finding that service has failed on this New York State corporation as defined by C.P.L.R. § 311(a).

10. In view of the foregoing totality of circumstances, service of Defendant corporation by conventional means appears impracticable and the *pro se* Plaintiff seeks the leave of this Court pursuant to C.P.L.R. 311(b) for authorization to effect service by a method not prescribed by statute as C.P.L.R, 311(a)(1) has failed.

11. As service by conventional means is impracticable, the Plaintiff proposes a form of alternate service that is reasonably calculated to give the Defendant notice of the action, that is service by e-mail message, unless Your Honor finds constructive service has already taken place against the corporate Defendant as described in ECF no. 26.

Respectfully,   Signed 10/10/2023.

*D. Sgt*

                                                       **D.G. SWEIGERT, PRO SE PLAINTIFF**