| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>                    Plaintiff,<br>         -against-<br><br>         JASON GOODMAN<br>                    Defendant.<br>-------------------------------------------------------------------X | Case 1:23-cv-05875-JGK<br>Case 1:23-cv-06881-JGK<br><br>**RESPONSE IN OPPOSITION TO MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully moves the Court for an Order denying Plaintiff's motion seeking leave to file a second amended complaint for the reasons set forth below and any other reasons as determined by the Court.

## INTRODUCTION

1. Plaintiff David George Sweigert ("Sweigert") has initiated or otherwise insinuated himself into nearly two dozen legal actions against Defendant Goodman since 2017 because he is a serial vexatious litigant determined to occupy Goodman with endless litigation, stop Goodman from doing business and get Goodman permanently and completely banned from the internet.

2. Sweigert has no regard for the outcome of any individual case or any true interest in curing a legitimate financial or reputational injury, he seeks only to use the Courts as his personal arsenal in an ongoing Lawfare war intended to damage Goodman in any way possible.

3. In his first case against Goodman, Sweigert's antics caused the docket to swell to more than three-hundred-eighty frivolous entries before he moved for voluntarily dismissal on the eve of trial, (*See* Case 1:18-cv-08653-VEC-SDA Document 380).

4. Sweigert's sole purpose for this barrage of senseless litigation is to waste Goodman's time and resources, destroy Goodman's social media presence, destroy every business opportunity for Goodman and make it impossible for him to broadcast his journalism.

5. Sweigert's persistent performance over the past six and a half years, coupled with his public threats to sue Goodman for the rest of his life, make it clear that he must be enjoined by the Court, or he will persist indefinitely. Sweigert will continue to pursue this psychotic obsession to destroy Goodman with no regard for the waste of judicial resources unless the Court immediately and permanently enjoins him from doing so.

**ARGUMENT**

6. Sweigert's motion seeking leave to file a second amended complaint should be denied because Defendant does not believe that amending the complaint can cure the defects cited in the motion seeking rule 11 sanctions and will merely cause more delay. Sweigert does not care about the outcome of this case, he has merely used it as a tool to harass Goodman.

7. With regard to Plaintiff's Point One, Plaintiff has engaged in ex-parte communications with the other parties that have been properly served in this action and that should not be allowed. Sweigert's action here transparently reveals his true purpose for initiating this action and for including Google as an alleged co-conspirator. Sweigert knows Goodman has not conspired or even directly communicated with anyone at Google outside of normal public and largely anonymous channels or responses to his own emails initiating this or other legal action involving them.

8. Sweigert uses this and other legal action to threaten Google and others to compel them to remove Goodman's content and accounts and to terminate business relationships, end user license or other similar agreements between Goodman and other parties. In this instance,

Google did.  Even without a ruling from this Court, last week, multiple YouTube channels controlled by Goodman were permanently deleted in response to Sweigert's ex-parte communication with legal counsel representing the social media Defendant "Google".

9. Google should be ordered by this Honorable Court to re-establish every YouTube account created by Goodman and interfered with by Sweigert, including by not limited to accounts titled, JASON GOODMAN, CROWDSOURCE THE TRUTH 2, CROWDSOURCE THE TRUTH 3, CROWDSOURCE THE TRUTH 4, CROWDSOURCE THE TRUTH 5, CROWDSOURCE THE TRUTH 6, CROWDSOURCE THE TRUTH 7, CROWDSOURCE THE TRUTH 8, CROWDSOURCE THE TRUTH 9, JOHN CULLEN INVESTIGATES, HIGHDIVE WITH LEE STRANAHAN, and GHOST TOWN NYC.

10. "[When] it becomes clear that the courts are being used as a [***3] vehicle of harassment by a 'knowledgeable and articulate experienced pro se litigant' * * * the issuance of an injunction is warranted." (*Kane v City of New York*, 468 F Supp 586, 590.) The interests to be fostered by prohibiting the type of pro se litigations are significant. Such suits subject innocent parties to the expense and effort of mounting a defense, are a drain on already sparse judicial resources and unnecessarily deplete public funds.

*Muka v. Hancock, Estabrook, Ryan, Shove & Hust*, 120 Misc. 2d 146, 147, 465 N.Y.S.2d 416, 417 (Sup. Ct. 1983)

11. One stated goal of Sweigert's six and half year long cyber stalking, Lawfare and harassment campaign against Goodman, is to get Goodman permanently banned from the internet.  Toward this end, Sweigert engages in "mass reporting" or "mass flagging" social media content.  The technique is effective in getting content banned that otherwise would not trigger automatic review or necessarily even violate policies that could cause removal.  By initiating this

legal action, Sweigert used the threat of litigation as leverage to compel Google to deprive Goodman of accounts or other access even though they otherwise would not have. Sweigert's consistent, malicious complaining about Goodman, and reporting done in violation of multiple platforms terms of service, is done with the sole intent of harming Goodman through cyber stalking harassment. Sweigert must be enjoined from engaging in any further similar action.

12. Point Two of Plaintiff's motion incorrectly asserts that Goodman previously suggested a course of action that would include a second amended complaint. Goodman's mention of a second amended complaint was intended only to acknowledge it as one option available to the Court. Goodman further states that this option should not be selected.

13. Sweigert should not be granted leave to file a second amended complaint until and only after the Court has made its own determination about Goodman's yet to be filed motion seeking sanctions pursuant to FRCP Rule 11.

14. The party opposing a motion for leave to amend bears the burden of establishing that amendment would be futile. *See Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012).

*Schneiderman v. Am. Chem. Soc'y,* No. 17-CV-2530 (RRM) (SMG), 2020 U.S. Dist. LEXIS 87074, at *3 (E.D.N.Y. May 18, 2020)

15. Sweigert has previously alerted the Court he received a safe harbor notification of a pending motion on October 16, 2023. By Goodman's calculations, Sweigert still has one week to cure the identified defects. If he fails to cure the identified defects, or otherwise chooses to ignore the safe harbor notification, Goodman intends to file the motion with the Court after Monday November 6, 2023, once the twenty-one-day period has expired. At that time, the Court will have the opportunity to arrive at its own determination with regard to further amendments.

16.     Because the Rule 11 motion does not specifically cite the inclusion of Google as a defect, amending the complaint to remove them as defendants would be futile.  Plaintiffs motion seeking leave to file a second amended complaint does not identify any other proposed rectifications, therefore amendment would be futile at this stage and leave should not be granted until after the Court has made its own determination about the defects identified in Defendant's motion seeking sanctions pursuant to FRCP Rule 11.

17.     If upon reviewing Goodman's motion, the Court determines that the defects could be cured by amending the existing complaint, only then should Plaintiff's motion be granted.

18.     Pending further decision from the Court with regard to Goodman's motion seeking sanctions pursuant to FRCP Rule 11, Sweigert should be enjoined from filing any further vexatious pleadings in this instant consolidated action or any other action involving Goodman.

## CONCLUSION

19.     For the reasons stated herein and for any other reasons to be determined by the Court, Plaintiff's motion seeking leave to file a second amended complaint should be denied and Plaintiff should be enjoined from further filings in this and other matters.  Google should be ordered to restore deleted accounts along with any other relief to be determined by the Court and pending the Court's ruling on the pending motion for sanctions pursuant to FRCP Rule 11.

Dated: New York, New York October 30, 2023

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998