UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert,<br><br>                    Plaintiff<br><br>Versus<br><br>Jason Goodman,<br>dba 21st Century 3D<br>dba CrowdSource The Truth, et. al.<br>                    Defendants | PRO SE<br><br>23-cv-05875-JGK<br><br>John G. Koeltl, presiding<br><br><br>RELATED:<br>23-cv-06881-UA |

## NOTICE OF MOTION IN OPPOSITION TO
## DEFENDANT'S MOTION TO AMEND CAPTION, ECF 45

**1.**  NOW COMES THE PRO SE PLAINTIFF to respond in opposition to the Defendant's papers known as ECF no. 45.

Signed this November 13, 2023 (11/13/2023)

*D. G. SWEIGERT, C/O*
*AMERICA'S RV MAILBOX, PMB 13339*
*514 Americas Way, Box Elder, SD 57719*

# **TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................**4**

**LAW AND ARGUMENT**............................................................................................................**5**

**CONCLUSION**............................................................................................................................**7**

# TABLE OF AUTHORITIES

**Cases**

*Jason Goodman v. City of New York and Elon Musk, and X CORP. and Adam Sharp.* 23-cv-09648-JGLC-GWC ....................................................................................................4

*Linzer v. EMI Blackwood Music, Inc.* 904 F. Supp. 207 (S.D.N.Y. 1995)...................................6

*NATAS vs. Multimedia System Design, Inc.*, 20-CV-7269 (VEC) ...............................................4

*Republic Gear Company v. Borg-Warner Corp.* 381 F.2d 551 (2d Cir. 1967) ............................6

**Rules**

N Y Business Corporation Law §§ 1006(a)(4), (b)........................................................................6

New York Business Corporation Law § 1006 ..............................................................................5

MEMORANDUM OF LAW AND ARGUMENT
IN OPPOSITION TO DEFENDANT'S MOTION PAPERS DOCKETED AS ECF NO. 45

**INTRODUCTION**

1. On nearly a daily basis the Defendant Jason Goodman distributes another instantiation of social media (videos, podcasts, Tweets, commentary, etc.) that attacks the Plaintiff, his handicapped son, his ex-wife, his deceased father and his brothers. This has been a non-stop experience since June 14, 2017 when Mr. Goodman called the U.S. Coast Guard watch commander on a YouTube livestream, with 2,000 in the audience to discuss the "dirty bomb" in the Port of Charleston, South Carolina.

2. While bemoaning that this litigation is too arduous for Mr. Goodman to handle without some kind of significant upset to his "business", Mr. Goodman easily filed new litigation against the City of New York, officers of the New York Police Department (N.Y.P.D.) and interestingly, X CORP, aka TWITTER, also a defendant in this action. See *Jason Goodman v. City of New York and Elon Musk, and X CORP. and Adam Sharp.* 23-cv-09648-JGLC-GWC. It is instructive to note that this is the third time that Mr. Goodman has sued Adam Sharp, the President of the EMMY Awards, aka THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES (collectively "NATAS"), which sued Mr. Goodman's company for trademark violations. See *NATAS vs. Multimedia System Design, Inc.*, 20-CV-7269 (VEC).

3. Mr. Goodman operates a confederation of social media accounts under a trademark CROWDSOURCE THE TRUTH. (https://www.trademarkelite.com/trademark/trademark-

detail/87752970/CROWDSOURCE-THE-TRUTH).  Goodman maintains his business address at 252 7th Avenue, Apartment 6 S, New York, N.Y. 10001.

## CROWDSOURCE THE TRUTH - Trademark Information

By Multimedia System Design, Inc                                    ⮞ Share this mark

The CROWDSOURCE THE TRUTH trademark was assigned a Serial Number #87752970 – by the United States Patent and Trademark Office (USPTO). Assigned Trademark Serial Number is a Unique ID to identify the CROWDSOURCE THE TRUTH trademark application in the USPTO.

The CROWDSOURCE THE TRUTH mark is filed in the category of Education and Entertainment Services . The legal correspondent for CROWDSOURCE THE TRUTH trademark is MULTIMEDIA SYSTEM DESIGN, INC, 252 7TH AVENUE, 6S NEW YORK, NY 10001 . The current status of the CROWDSOURCE THE TRUTH filing is **REGISTERED**.

4.      To create a mysterious tone to the Defendant's papers, a request to correct the record sent by the Plaintiff to the *pro se* intake e-mail service (and acknowledged) was never filed on the docket (attached as EXHIBIT ONE).  Eerily on 9/10/2023 Mr. Goodman's request was accommodated; the caption of this action was changed to meet Mr. Goodman's demands.  However, there is no order, memorandum or other legal artifact that justifies this shocking development, unless the Court considers Mr. Goodman's chummy relationship with the *pro se* staff, which he is fond of bragging about on his video podcasts.

## LAW AND ARGUMENT

5.      Mr. Goodman's largest obstacle is the doctrine of res judicata and claim preclusion.  In essence, Mr. Goodman now claims (without any documentation or other proof) that the courts are wrong and that his company no longer exists, and that is that.

6.      This approach stands the doctrine of res judicata and claim preclusion on its ear and suggests that the Court ignore clear evidence that Mr. Goodman is the sole stockholder of his supposedly now dissolved New York State corporation.  See:

> Appellees, the Academy of Television Arts & Sciences and the National Academy of Television Arts and Sciences, Inc. (together, the "Academies"), brought a copyright- and trademark infringement suit against Multimedia System Design, Inc. ("MSD"). Goodman, the sole owner and employee of MSD, sought to intervene on his own behalf.
>
> Case 22-592, Document 174-1, 09/13/2023, 3568298, Page2 of 6 (attached as EXHIBIT TWO)

7. In defiance of New York Business Corporation Law § 1006 Mr. Goodman provides no countervailing evidence that his New York State corporation is dissolved. Nevertheless, § 1006 provides, in relevant part, that a dissolved corporation can be a party in litigation "[t]he dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution."

8. Mr. Goodman has failed to clearly identify that his New York State corporation is officially dissolved, only conclusory statements. The Court should require Mr. Goodman provide proof, via a suitable corporate proclamation or other artifact, to substantiate his claims that his New York State corporation is now dissolved.

9. "We need not consider whether the privilege is so terminated, though we note that a dissolved corporation can sue and be sued in New York, see N Y Business Corporation Law §§ 1006(a)(4), (b).." *Republic Gear Company v. Borg-Warner Corp.* 381 F.2d 551 (2d Cir. 1967).

10. "The fact that a corporation has ceased to exist does not necessarily mean that the corporation cannot be sued. New York law provides that "[a dissolved] corporation may sue or be sued in all courts and participate in actions and proceedings . . . and process may be served by or upon it." New York Business Corporation Law § 1006(a)(4) (McKinney 1986)." *Linzer v. EMI Blackwood Music, Inc.* 904 F. Supp. 207 (S.D.N.Y. 1995)

## CONCLUSION

The Court should investigate the cause for terminating the Defendants Multimedia System Design, Inc., 21st Century 3D, and CrowdSource the Truth on 9/10/2023 from this action without apparent authorization. Then the matter of the New York State dissolved corporation can be addressed.

Signed this November 13th, 2023 (11/13/2023)

*D. G. SWEIGERT, C/O*
*AMERICA'S RV MAILBOX, PMB 13339*
*514 Americas Way, Box Elder, SD 57719*

## CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, truth@crowdsourcethetruth.org

And counsel for X CORP, pshimamoto@willenken.com and ktrujillo-jamison@willenken.com

Certified under penalties of perjury.

Respectfully,   Signed this November 13th, 2023 (11/13/2023)

**D.G. SWEIGERT, PRO SE PLAINTIFF**

# EXHIBIT ONE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. SWEIGERT<br><br>Plaintiff<br><br>Versus<br><br>Multimedia System Design, Inc. et. al<br><br>Defendants | PRO SE<br><br>23-cv-06881-JGK-VF<br><br>Judge John G. Koeltl<br><br>ASSOCIATED:<br>23-cv-05875-JGK-VF |

**NOTICE TO THE CLERK OF HARMLESS ERROR**

NOW COMES the *pro se* Plaintiff to advise the CLERK OF THE COURT that the caption for this action appears to be in error. There is no order or other operative document that has terminated the parties as shown below. Please look into this matter.

> V.
> **Defendant**
> Multimedia System Design, Inc.
> TERMINATED: 09/10/2023
> doing business as
> CROWDSOURCE THE TRUTH
> TERMINATED: 09/10/2023
> doing business as
> 21st Century 3D
> TERMINATED: 09/10/2023

Signed November 4, 2023

*D. Sgt*

PRO SE PLAINTIFF

*D. G. SWEIGERT, C/O*
*AMERICA'S RV MAILBOX, PMB 13339*
*514 Americas Way, Box Elder, SD 57719*

1

## CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, truth@crowdsourcethetruth.org

Certified under penalties of perjury.

Respectfully,    Signed this November 4th, 2023 (11/04/2023)

*D.G. Sweigert signature*

**D.G. SWEIGERT, PRO SE PLAINTIFF**

# EXHIBIT TWO

**MANDATE**

22-592-cv
The National Academy of Television Arts and Sciences, Inc. v. Goodman

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-three.

PRESENT:
    ROSEMARY S. POOLER
    RICHARD C. WESLEY,
    MICHAEL H. PARK,
        *Circuit Judges.*
_____

The National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences,

    *Plaintiffs-Appellees,*

        v.                                    22-592

Jason Goodman,

    *Counter-Claimant-Counter-
    Defendant-Appellant.*[*]

---

[*] The Clerk is respectfully directed to amend the caption accordingly.

MANDATE ISSUED ON 09/13/2023

| | |
|---|---|
| **FOR GOODMAN:** | Jason Goodman, pro se, New York, NY. |
| **FOR THE ACADEMIES:** | Margaret A. Esquenet, B. Brett Heavner, Mary Kate Brennan, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC. |
| **FOR AMICUS CURIAE:** | D. George Sweigert, pro se, Box Elder, SD. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motion to strike is **DENIED** as moot.

Appellant Jason Goodman, proceeding pro se, appeals from the district court's sanctions order against him and denial of his motion to intervene. Appellees, the Academy of Television Arts & Sciences and the National Academy of Television Arts and Sciences, Inc. (together, the "Academies"), brought a copyright- and trademark-infringement suit against Multimedia System Design, Inc. ("MSD"). Goodman, the sole owner and employee of MSD, sought to intervene on his own behalf. The district court denied that motion and imposed sanctions on Goodman for willfully violating a

2

1   protective order by exposing a confidential email address.  We assume the parties'

2   familiarity with the underlying facts, the procedural history of the case, and the issues on

3   appeal.

4          Pro se filings are liberally construed "to raise the strongest arguments they

5   suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

6   **I.   Sanctions**

7          We review sanctions orders for abuse of discretion.  *Wolters Kluwer Fin. Servs., Inc.

8   v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009).  "Imposition of sanctions under a court's

9   inherent powers requires a specific finding that an attorney [or party] acted in bad faith"

10  and is "appropriate only if there is clear evidence that the conduct at issue is (1) entirely

11  without color and (2) motivated by improper purposes."  *Id.* at 114.  Conduct is

12  "entirely without color when it lacks any legal or factual basis."  *Id.*  "A finding of bad

13  faith, and a finding that conduct is without color or for an improper purpose, must be

14  supported by a high degree of specificity in the factual findings."  *Id.*

15         The district court did not abuse its discretion by ordering sanctions based on its

16  finding that Goodman acted in bad faith.  Goodman knew of the protective order

17  prohibiting disclosure of confidential discovery material, understood that the

18  confidential email address was protected by that order, and decided to reveal the email

19  address anyway.  The court determined that "Goodman's violation of the Protective

20  Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire

3

to prove that Mr. Sweigert was behind the confidential email address," and Goodman willfully disregarded the authority of the district court in establishing a protective order. Order at 5–6 , *Nat'l Acad. of Television Arts & Scis., Inc.*, No. 20-cv-7269 (S.D.N.Y. Feb. 22, 2022), ECF No. 156.   Indeed, Goodman made clear that he understood his behavior could have led to sanctions for an attorney but assumed he was protected from reprisal because he was neither a pro se litigant nor represented by counsel.   *See* Letter exhibit A at 2, *Nat'l Acad. of Television Arts & Scis., Inc.*, No. 20-cv-7269 (S.D.N.Y. Aug. 26, 2021), ECF No. 113-1 ("Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again."). Moreover, at a show-cause hearing on the matter, the court rejected Goodman's claim that he did not realize the email address was subject to the protective order, specifically finding that this explanation for his conduct was not credible.   We afford the district court's credibility determinations significant deference, *see United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008), and the record fully supports the district court's assessment of Goodman's bad faith.

Furthermore, the requirement to notify other courts of the order against Goodman is not a particularly onerous sanction.   "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process," including "an injunction forbidding further litigation."   *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Goodman has engaged in many lawsuits with Sweigert, including at least six others that

4

1   have reached this Court.   *See* 2d Cir. 21-78, 21-2005, 21-3101, 22-40, 22-682, 22-1414.   The

2   district court's order is limited to two years and serves only to notify other courts that

3   Goodman has previously violated a protective order.   The order did not bar Goodman

4   from further litigation and so was less of an imposition than a filing injunction.   *Cf. Shafii*,

5   83 F.3d at 571.   And we have approved similar orders against attorneys who have been

6   sanctioned.   *See Gallop v. Cheney*, 667 F.3d 226, 230-31 (2d Cir. 2012).

7   **II.   Intervention**

8   "We review a district court's denial of a motion to intervene for abuse of

9   discretion."   *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 299 (2d Cir. 2003).   First, to

10  intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an applicant must "(1) timely

11  file an application, (2) show an interest in the action, (3) demonstrate that the interest may

12  be impaired by the disposition of the action, and (4) show that the interest is not protected

13  adequately by the parties to the action."   *Id.* at 300. (cleaned up).   "Failure to satisfy *any*

14  *one* of these requirements is a sufficient ground to deny the application."   *Id.* (cleaned

15  up).

16         The district court did not abuse its discretion by finding that Goodman's motion

17  to intervene as of right was untimely, as it was filed a year and a half into the litigation

18  and only after Goodman realized MSD was at risk of a default judgment.   Furthermore,

5

Goodman was the sole owner and employee of MSD, suggesting that his interests were fully represented in the suit.

Second, as to permissive intervention under Fed. R. Civ. P 24(b), the district court has "broad discretion" to deny such an application. *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992). The district court did not abuse its discretion in denying the motion to intervene because Goodman filed a separate suit in which he sued Sharp, the Academies, attorneys for the Academies, and others. Goodman thus had a full opportunity for his claims to be heard before a court. Goodman's interests have also been represented on appeal by MSD.

We have considered all of Goodman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Because we affirm the judgment, we **DENY** the Academies' motion to strike as moot.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] The contested Appendix did not factor into our consideration of this appeal.