IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
D. G. SWEIGERT

                Plaintiff,

-against-

JASON GOODMAN

                Defendant.
------------------------------------------------------------------X

1:23-cv-05875-JGK
1:23-cv-06881-JGK

**MOTION TO STRIKE
AND REQUEST FOR
IN PERSON HEARING**

      Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully submits this Motion to strike Plaintiff's letter motion seeking in camera hearing for the reasons stated below and to convert the scheduled November 20, 2023 hearing, into an in person hearing at 500 Pearl Street at the same time already scheduled, or at any other time selected by the Court.

### INTRODUCTION

      1.      This Court has now witnessed a litany of unnecessary filings from Plaintiff David George Sweigert ("Sweigert") that support Goodman's allegations that Sweigert is an abusive litigant who is intent on disrupting Goodman's daily activities by compelling him to respond to vexatious filings. Sweigert has no regard for the negative impact on the Court and the demand on already scarce judicial resources. Sweigert abuses taxpayers who expect their money to be used in operating the courts in service of legitimate claims, not endless streams of nonsense.

      2.      Sweigert's motion should be stricken from the record because it contains false claims calculated to mislead the Court. In the EMERGENCY REQUEST Sweigert declares, Goodman published information "that showcases the workplace, work location and office telephone of "David Sweigert"." This is false. Even though the content in question is on a public U.S. Government website, https://public.csr.nih.gov/AboutCSR/StaffDirectory/3430, Goodman took special care to secure Plaintiff Sweigert's privacy by using a mosaic tile pattern to

redact identifying details.  Sweigert has deceptively presented a decimated, low resolution image intended to deceive the Court and hide the legitimate effort to redact phone and email address.



3. With his EMERGENCY REQUEST and the associated concerns expressed therein, Sweigert appears to admit the NIH staff directory webpage of "Mr. David Sweigert" where Goodman obtained the phone number he called on November 15, 2023, was in fact associated with Plaintiff Sweigert and he is a Contract Support employee of the NIH.

4. On October 29, 2023, Plaintiff Sweigert filed a Freedom of Information Act ("FOIA") suit in the Southern District of New York, (*See D. G. Sweigert v U.S. National Institute of Health, and Lawrence A. Tabak, D.D.S., Ph.D,* Case 1:23-cv-09542-LTS ECF No.1).  In the pro se FOIA complaint, Sweigert declares, "Mr. Goodman, of the Chelsea Section of New York City, zip 10001, has accused the Plaintiff of working with the NIH to create a Disinformation Governance Board to allow the NIH to police the Internet searching for medical disinformation. The Plaintiff is presently attempting to clear his name of this slander and defamation."

5.      Even though the statement fails to cite any specific statements by Goodman, by stating his intention to clear his name of "defamation" Sweigert at least implies that the claim he works for the NIH is false.  Sweigert's EMERGENY REQUEST for an in-camera hearing is concerned for the safety of the individual identified on the NIH webpage and this suggests that it is true that Sweigert works for the NIH.  Whichever is true, at least one if not both of the motions in question are frivolous, known to be so at the time of filing, and were filed with intent to delay.

6.      If Sweigert does in fact work for the NIH, he should be able to provide the Court with suitable evidence of that without the need to expend even more judicial resources by filing a FOIA action.  Conversely, if he does not work for the NIH, Sweigert should have no concern about Goodman publishing a legally recorded phone with the voicemail of a government employee on a publicly published phone number.  Because Sweigert's motion is intended to deceive the Court with false or at least misleading claims, and because it is intended to delay these proceedings, it should be stricken from the record and Sweigert should be enjoined from making any further filings until the Court rules on the motion for sanctions pursuant to Rule 11.

7.      Separately and in addition to any decision rendered by the Court with regard to Plaintiff's request for a delayed in-camera hearing, Goodman respectfully requests all hearings in this matter take place in person, at the courthouse unless otherwise decided by the Court.

Dated: New York, New York November 15, 2023

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                   D. G. SWEIGERT

                          Plaintiff,
          -against-

                JASON GOODMAN
                       Defendant.
---------------------------------------------------------------------X

Case 1:23-cv-05875-JGK
Case 1:23-cv-06881-JGK

**CERTIFICATE OF SERVICE**

It is hereby certified that Defendant Pro Se, Jason Goodman, served Plaintiff and Defendant X Corp with a copy of the MOTION TO STRIKE AND REQUEST FOR IN PERSON HEARING via USPS.

    D. G. SWEIGERT, C/O
    PMB 13339, 514 Americas Way,
    Box Elder, SD 57719.

    Kenneth M. Trujillo-Jamison
    Willenken LLP
    707 Wilshire Blvd., Suite 3850
    Los Angeles, CA 90017

Dated: New York, New York November 15, 2023

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998