| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>                        Plaintiff,<br>        -against-<br><br>            JASON GOODMAN<br>                        Defendant.<br>-------------------------------------------------------------------X | 1:23-cv-05875-JGK<br>1:23-cv-06881-JGK<br><br><br><br>DEFENDANT RESPONSE TO MOTION IN OPPOSITION TO AMENDING CAPTION |

Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully submits this response to Plaintiff's Motion in Opposition to Defendant's Motion to Amend the Caption.

## INTRODUCTION

1.      This Court is aware that David George Sweigert ("Sweigert") is a malicious serial litigant waging a continuously expanding Lawfare campaign against Goodman. His abuse of the courts results in myriad filings intended to overwhelm Goodman's professional and personal life. Sweigert is so dedicated to this disruption, that even while facing a sanctions motion, he chooses counterproductive opposition rather than attempting to cure defects to avoid Rule 11 sanctions.

## ARGUMENT

### I.      Denying Amendment Has No Legitimate Purpose

2.      Sweigert's opposition has no legitimate purpose and will only cause delay, increase cost, and perpetuate his desire to overwhelm the Court with idiotic pseudo-litigation having no regard for the Court's finite resources or other citizens' rights to access the courts.

3.      Sweigert's claims are already being litigated against Goodman. There is no benefit to adding false corporate defendants and no need to argue over disputed entities. Adding them would not advance this matter and would only impede progress. Goodman has appeared and is mounting his defense. Goodman has resources and is able to pay court costs and fees and

could satisfy potential judgements.  Sweigert proposes arguing over disputed, fake corporate entities he knows to be contrived for the malicious purpose of delaying this and other litigation, deceiving courts, and wrongfully compelling Goodman to retain counsel.  Amendment would increase efficiency and avoid delay, confusion, and added expense.  Because Sweigert seeks only to create delay, confusion, and added expense he opposes amendment of the caption.

## II.     Denying Amendment Would Needlessly Increase Costs

4. Even if the Court chooses to deny this response and compels Goodman to retain counsel for a false corporate entity, that entity has no assets or funds to hire counsel or satisfy money judgements should Sweigert prevail.  Opposition proposes a scenario that would lead to default judgement and additional litigation to pierce a non-existent corporate veil of a fake entity.  This would only produce more confounding, unproductive litigation.  No serious litigant interested in curing a legitimate injury would pursue this route.  The mere filing of his motion is proof that Sweigert intends only to harass and delay, the most likely outcome of opposition.  If Goodman did retain counsel, that counsel would make the same arguments, challenging the false entity and moving to substitute Goodman as the only proper defendant of Goodman's interests.

## III.    The Court Has Already Identified Goodman as the Proper Defendant

5. On October 5, 2023, the Court granted Plaintiff's motion to consolidate a Michigan action brought against the fictitious corporate entity.  Sweigert has attempted this tactic repeatedly across multiple District Courts for years in an effort to deprive Goodman of the right to a fair trial.  Goodman's growing ability as a pro se defendant has prevented him from falling into utter bankruptcy, something Sweigert endeavors to provoke one retainer fee at a time.

6. Judge Koeltl's order makes it clear that he already views Goodman as the proper defendant, having cited both cases as "Sweigert v Goodman" in the order and having already amended the caption to reflect Goodman as the primary defendant in the consolidated case.

7. Sweigert has alleged, on the basis of no evidence, that Goodman engaged in ex parte communications with the Court prior to appearing and that this alleged communication somehow provoked dismissal of the false entities. Goodman has no recollection of any such communication and no record of it appears on the docket. Goodman can only conclude that the Court dismissed the entities sua sponte or otherwise by error. This dispute only further illustrates the need for amendment and a definitive ruling as to the proper defendant once and for all.

### IV. Sweigert is a Repeat Offender and Serial Malicious Litigant

8. Sweigert's devious tactics have succeeded previously in the Eastern District of Michigan ("MIED"). In March 2022, he sued Goodman after Goodman accused MIED clerk Richard Loury, ("Loury") of assisting Sweigert in the filing of a forged document. **(EXHIBIT A)**

9. FBI Special Agent Kenneth Engberg, ("Engberg") agreed, the evidence proved the filing was forged, Loury was the only suspect, and judge Gershwin Drain appeared aware. Goodman made numerous attempts to encourage Engberg and the FBI to enforce the law by arresting or at least investigating Loury, but to Goodman's knowledge no investigation occurred.

10. The forged filing altered the trajectory of that Sweigert sham litigation, narrowly avoiding dismissal for failure to prosecute. The case was allegedly filed by Sweigert's brother George Webb Sweigert, ("Webb"), and captioned as Sweigert v Cable News Network, ("Webb v CNN"). Six days after Webb filed, Sweigert attempted to intervene to transfer the case to SDNY and involve Goodman, (*See* 2:20-cv-12933-GAD-KGA ECF No. 3). Goodman alleges this case was filed exclusively to harass him with filings made by Sweigert and falsely attributed to Webb.

11. When Goodman attempted to respond to Sweigert's nonsense in MIED via the court's Pro Se Electronic Filing website, the clerks manipulated new filings uploaded by Goodman to eliminate entire pages of incriminating exhibits and remove all traces of forgery. Astonishingly, Judge Drain allowed Sweigert to amend his complaint making MULTIMEDIA SYSTEM DESIGN, INC. d/b/a CROWDSOURCE THE TRUTH ("MSDI") the defendant and removing Goodman from the caption entirely. In an even more outrageous abuse, judge Drain followed up with an "ORDER STRIKING FILINGS [ECF NOS. 25, 28, 31, 34-39, 40, 42, 43, 45] FROM NON-PARTY JASON GOODMAN, REQUIRING DEFENDANT MULTIMEDIA SYSTEM DESIGN, INC. TO OBTAIN COUNSEL, PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL IN THESE PROCEEDINGS AND SCHEDULING STATUS CONFERENCE FOR AUGUST 4, 2022 AT 2:00 P.M."

12. Goodman retained Detroit attorney Michael Norman ("Norman") who filed a notice of appearance in the case on August 1, 2022 (*See* 2:22-cv-10642-GAD-EAS ECF No. 60). Later that same day, apparently in response to attorney Norman's appearance, Sweigert voluntarily dismissed the case. Having learned from his previous mistakes (*See* 1:18-cv-08653-VEC-SDA Dkt. 383 page 4), he sought to dismiss without prejudice and Judge Drain granted the motion, paving the way for the frivolous action that is now consolidated in this instant action.

13. Sweigert's Lawfare process is iterative in nature. He is a professional Certified Hacker conducting a penetration test by probing areas of weakness with each filing. Like any hacker, when he finds an opening, he exploits it. That is the only reason Sweigert has moved to oppose amendment of the caption. Deliberate confounding of "misnomer" and "mistaken identity" is the loophole Sweigert has successfully exploited in the past. He will continue indefinitely unless compelled to stop. Amendment would patch the hole this "zero day" exploit

DEFENDANT RESPONSE TO MOTION IN OPPOSITION TO AMENDING CAPTION      4

has allowed Sweigert to previously take advantage of. The longer he persists and the more attempts he is allowed, the more U.S. District Courts around the country he will disrupt.

### V. Sweigert's Ongoing Actions Serve to Prove Goodman's Allegations

14. Goodman's claims are so explicitly proven by Sweigert's documented pattern and practice; it has become nearly impossible to consider them mere allegations. We are presently on the "back nine" of a decade of wasteful and abusive litigation against Goodman. Evidence of this activity liters Pacer.gov and clogs the dockets of U.S. District Courts with nonsense. It is astonishing that any court would allow this to continue with even one more filing after so many brazen bad faith actions. Failure to punish Sweigert risks undermining the Court's authority.

### VI. Judge Valerie Caproni Has Aided and Protected Sweigert Since 2018

15. Sweigert initially deceived Goodman and the Court when he provoked action from the National Academy of Television Arts and Sciences, ("NATAS") by sending an allegedly anonymous email. Goodman believes Judge Caproni, who served as FBI General Counsel from 2003 to 2011, is aware that Sweigert was the sender. The judge was forced out of the FBI after members of congress accused her of breaking the law repeatedly as a matter of course and violating U.S. Citizens' rights. Goodman alleges this continues vicariously through Sweigert.

16. After fomenting litigation by sending the deceptive email that became the subject of an unconstitutional sanction against Goodman, Sweigert made multiple improper attempts to intervene in the case. Judge Caproni issued her first order addressing Sweigert on September 8, 2021, stating, "Because Mr. Sweigert is not a party in this action, the Court will not consider the documents filed at docket entries 115 or 116" (*See* 1:20-cv-07269-VEC-OTW Dkt. 119 Page 2).

17. On November 2, 2021, Judge Caproni issued another order wherein she reiterated, "As Mr. Sweigert is not a party to this case, the Clerk of Court is respectfully directed to strike

docket entry 125 from the record." (See 1:20-cv-07269-VEC-OTW Dkt. 127 Page 2). In yet another order, Judge Caproni stated, "As Mr. Sweigert is not a party to this case, the Clerk of Court is respectfully directed to strike docket entry 133 from the record. **Mr. Sweigert is directed not to file anything further in this matter** [emphasis added]." Goodman has less than seven years of experience in court but has never seen another judge tolerate such repeated defiance without communicating explicit and increasingly stern warnings to the problem litigant.

18. Even after the order instructing Sweigert to cease filing as a non-party, and in what can only be described as a truly extraordinary action, Sweigert emailed Judge Caproni's chambers on Christmas Eve, attaching a letter replete with irrelevant and false claims intended to grant Sweigert leave to make additional vexatious filings. **(EXHIBIT B)**

19. The outrageously inappropriate email got no response as far as Goodman knows, but it included a photo of the facially defective, now dismissed citation given to Goodman by NYPD officer Jennifer Caruso ("Caruso") after Goodman called 911 when he was assaulted outside 249 West 17th Street on November 1, 2022. Goodman was on a public sidewalk, minding his own business after asking and being granted permission to wait there to offer a letter to Elon Musk. The letter described alleged activity at the former Twitter and Judge Caproni's role in it, (the "Twitter Coup" report) (https://crowdsourcethetruth.substack.com/p/the-twitter-coup).

20. It is noteworthy to observe that Goodman attached the Twitter Coup as an exhibit in a motion for relief from judgment filed in NATAS v MSDI, (*See* 1:20-cv-07269-VEC-OTW Dkt 167 EXHIBIT F Page 95). If the report were false, Judge Caproni could strike the filing. If she concluded Goodman falsified claims specifically to undermine the Court, it would be within her discretion to issue a show cause order and explore sanctions or contempt. None of these things occurred because Goodman's claims are true and backed by irrefutable evidence.

21. In what can only be described as Sweigert's most outrageous act so far, he forced withdrawal of the very counsel his deception compelled Goodman to hire. By suing a false entity instead of Goodman in The National Academy of Television Arts and Sciences v Multimedia System Design Inc D/B/A/ Crowdsource the Truth ("NATAS v MSDI"), plaintiffs and Judge Caproni prevented Goodman responding pro se. Goodman retained Jonathan Snyder ("Snyder") who refused to convey concerns about the false entity, saying only, "it didn't matter".

22. Goodman understands now, that Sweigert conflated the notion of misnomer with that of mistaken identity or improper defendant. Snyder failed to explain this and Goodman understood it only after it was too late. With tacit approval and apparent protection of the judge, Sweigert harassed Snyder, filing a series of baseless bar complaints, and posting pictures of his infant daughter alongside disconcerting threats. Snyder withdrew citing the harassment but there was conspicuously no action taken against Sweigert. (*See* 1:20-cv-07269-VEC-OTW Dkt 102-2)

23. In a truly stunning, "dog that didn't bark" moment, Judge Caproni not only failed to admonish Sweigert for repeatedly disobeying orders or harassing Goodman's attorney, but she recently issued an order directed at Goodman concerning his lawsuit with NYPD regarding the November 1, 2022 assault at X Corp headquarters. (*See* 1:20-cv-07269-VEC-OTW Dkt. 181)

24. Both Sweigert and Judge Caproni exhibit a suspiciously high level of interest in the NYPD and X Corp assault incident. In her November 8, 2023 show cause order, Judge Caproni acknowledges Goodman's compliance by asking why the order should not be altered to further restrict his rights to freely access the courts. This is the behavior of a tyrant attempting to wrongly restrict Goodman's access to the courts, not a District Court judge in service of justice.

25. The notion that a judge would admonish a compliant party, while ignoring the repeated, deliberate, and outrageous disobedience of a vexatious non-party is perhaps the clearest

demonstration of judge Caproni's undeniable bias against Goodman, illegal protection of Sweigert, and illicit cooperation with the plaintiffs in NATAS v MSDI.

26. Judge Caproni's oversight of Sweigert's scheme allowed NATAS to successfully sue a non-existent entity and block Goodman's efforts to articulate the complex charade. The plaintiffs in NATAS v MSDI could only succeed by cheating with the assistance of the judge.

27. Goodman has alleged Sweigert sent an anonymous email to instigate NATAS v MSDI. The email became the subject of the stipulated order of protection ("SOP"). Goodman was accused of violating the SOP at a show cause hearing where Judge Caproni called for surprise cross examination, despite Goodman being unrepresented. Without preparation or guidance, he testified pro se but mistakenly cited information as coming from a deposition. The judge determined that a deposition was also confidential, and so Goodman was in violation.

28. After returning home and reviewing the transcript, Goodman was remined it was not a deposition but rather a public hearing at which attorney for plaintiffs Samuel Eichner, ("Eichner") uttered the email address aloud causing it to be recorded in the transcript and published to the docket. (*See* 1:20-cv-07269-VEC-OTW Dkt 69 Page 42 Line 23)

29. When Eichner caused the previously confidential email address to be published on the docket, he made it public and removed its confidential status. It is inarguable that something cannot be at once confidential and simultaneously freely available and known in the public domain. Once Eichner rendered the information public it was no longer confidential. The SOP exclusively controls "confidential, non-public" information and cannot be interpreted to apply to public information like the email address after Eichner violated the SOP, not Goodman.

30. The email address was public domain information when Goodman published it and it had been since May 15, 2021. Despite this undeniable, immutable, empirical fact, Judge

Caproni attempts to stipulate reality as she must deny the existence of the transcript so she may punish Goodman for her own benefit. This violated Goodman's first amendment rights and prevented his journalism from being published to the benefit of the accused including the judge.

31. Sweigert's zeal to present Judge Caproni's corrupt order to this Court in a false light, buttressed with scurrilous statements is only more evidence supporting Goodman's claim that Sweigert is a lackey carrying water for the corrupt activities of a vindictive judge. Sweigert seems protected as he does Judge Caproni's bidding, preventing Goodman from publishing his journalism or earning a living by tormenting him and terminating his social media accounts.

### VI.    MSDI Could Not Be Served in this Action Because it Does Not Exist

32. MSDI could not be served because it does not exist and has no place of business. No entity by that name has ever been legally associated with Goodman. This is Sweigert's name game, devised to gum up the legal works and foster debate about false entities with no assets, employees, or ability to pay attorneys. Although Sweigert could sue an inactive corporation, he cannot sue a fake one and he offers no cognizable theory as to why he should be allowed to here.

33. Even if the Court determines a non-existent, fictitious entity invented by Sweigert to delay proceedings and burden Goodman with litigation could be sued, it would still be appropriate amend the caption. A victory over a corporate defendant with no assets would give rise to more litigation to pierce the veil of the entity. Sweigert's actions make no logical sense apart from being calculated to harass Goodman. Reasonable litigants seeking to cure injuries would not ignore an entity with assets that has appeared to pursue a non-existent one that has no representatives, employees, or assets to pay counsel, negotiate settlement or satisfy judgments.

34. Sweigert already knows or reasonably should know that he is fighting to keep non-entities in this lawsuit rather than working toward resolution with Goodman, an authentic

legal entity that could be liable for legitimate claims and has assets sufficient to pay fees, costs or judgments if required. The very act of filing his motion to oppose counteracts good faith efforts to increase efficiency in pursuit of resolution. This time-wasting opposition is another violation of Rule 11 and only more evidence that Sweigert must be permanently enjoined from continuing.

35. Sweigert is aware that Multimedia System Design, INC D/B/A/ Crowdsource the Truth, Jason Goodman D/B/A/ 21st Century 3D and other false combinations of tradenames, defunct corporations and natural persons are not legal entities. He engages in this confounding game to conflate the concept of a corporate misnomer with mistaken identity so he can sue a wrongful defendant and cause damage before the deliberately confusing arrangement is revealed.

36. Sweigert knew, or reasonably should have known when he filed that the real inactive corporate entity own by Goodman was dissolved and the fake entity he concocted could not be properly served because it did not exist and did not have a regular place of business.

## CONCLUSION

37. In the interest of curtailing judicial gamesmanship and Lawfare, the Court should issue an order amending the caption to reflect Goodman as the proper defendant and enjoining Sweigert from suing fictitious entities along with any other relief as determined by the Court.

Dated: New York, New York November 17, 2023

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

DEFENDANT RESPONSE TO MOTION IN OPPOSITION TO AMENDING CAPTION        10

**(EXHIBIT A)**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
# AT DETROIT

George Webb Sweigert,          : CASE
                               :
    Plaintiff,             : NO - 2:20-cv-12933-GAD-KGA
                               :
V.                             : US DISTRICT COURT JUDGE
                               :
                               : Judge Gershwin A. Drain
                               :
CABLE NEWS NETWORK, INC        : RESPONSE TO ORDER
                               :
                               : TO SHOW CAUSE

## PLAINTIFF'S RESP[ONSE]

Plaintiff hereby files this Res[ponse]
and, for the reasons stated

The Plaintiff, George Webb
lawsuit in District of Columb[ia]
transactions were conducte[d]
added to some of the admi[nistrative]
the Court.

The Defendant, Cable New[s]
than the CNN Headquarters
confused in person efforts t[o]

The Plaintiff requests for the
served on the Defendant. T[he]
Service.

**Document Properties**

| Description | Security | Fonts | Initial View | Custom | Advanced |

Description
File: 12.pdf
Title: Response To Order To Show Cause - Sweigert V CNN UNITED STATES DISTRICT CO
Author: RichardLoury
Subject:
Keywords:

Created: 6/21/21, 9:05:47 AM         [Additional Metadata...]
Modified: 7/9/22, 6:30:48 PM
Application: PScript5.dll Version 5.2.2

Advanced
PDF Producer: Acrobat Distiller 17.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText
PDF Version: 1.6 (Acrobat 7.x)
Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/
File Size: 89.27 KB (91,408 Bytes)
Page Size: 8.50 x 11.00 in          Number of Pages: 2
Tagged PDF: No                      Fast Web View: No

[Help]                              [Cancel] [OK]

**(EXHIBIT B)**

**From:** **Spoliation Notice** spoliation-notice@mailbox.org 
**Subject:** 18-CV-8653 (VEC)
**Date:** December 24, 2022 at 3:25 PM
**To:** CaproniNYSDChambers@nysd.uscourts.gov, temporary_pro_se_filing@nysd.uscourts.gov, jason@21stcentury3d.com, Spoliation Notice spoliation-notice@mailbox.org, spoliation@posteo.net, truth@crowdsourcethetruth.org

See attached

18-CV-8653 (VEC)    -----18-CV-8653---- - Copy.pdf

**Pro Se Plaintiff**

D. G. SWEIGERT, C/O
MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

December 24, 2022

REF:  *Sweigert v. Goodman*, No. 18-CV-8653 (VEC)

Judge Valerie E. Caproni
United States District Court
40 Foley Square, Courtroom 443
Southern District of New York
40 Foley Square
New York, NY 10007
CaproniNYSDChambers@nysd.uscourts.gov

Pre-motion letter advising the Court of a F.R.C.P. Rule 60(b)(2) or (b)(3) or (b)(6) motion

Your Honor,

Evidence has come to light in the civil trial of *Robert David Steele vs. Jason Goodman* (3:21-cv-00573-JAG Steele et al v. Goodman, John A. Gibney, Jr, presiding, ED of Virginia) that supposed spoliated video evidence is now available on a YouTube account that Mr. Goodman claimed was "destroyed by the Plaintiff" in this instant action.  Recall this video evidence was crucial to support the undersigned's allegations.  At the time, Magistrate Stewart D. Aaron could not review this video evidence as it was claimed to had been spoliated by the undersigned by Mr. Goodman, taking no responsibility.  This is a conspiracy theory pushed by Mr. Goodman on his broadcast channels.

In fact, the true status of Mr. Goodman's YouTube account is the core issue in an appeal he has filed in the U.S. Court of Appeals for the Second Circuit known as Docket 22-952, Jason Goodman, *Counter-Claimant-Counter- Defendant Appellant* v.The National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences, *Plaintiffs-Appellees.*

Mr. Goodman has now stated his intention in several YouTube videos, to have Elon Musk, as C.E.O. of Twitter, "out" Your Honor as the following:

- An enemy of the state that must be impeached
- Called out for your hatred of the 1st and 4th Amendments to the U.S. Constitution
- Investigated for your conspiratorial alliance with Adam Sharp to weaponize Twitter as a state-controlled propaganda tool

1

To this end, Mr. Goodman was "hovering" around New York Twitter headquarters for two days broadcasting his desires to make personal contact with Elon Musk and serve him documents to implicate the Court in a conspiracy to take control of Twitter by agents of the F.B.I. On 11/1/2022 the N.Y.P.D. issued a disorderly conduct citation (attached) at Twitter headquarters following Mr. Goodman's violent outbursts to security staff. According to Mr. Goodman's own broadcasts the N.Y.P.D. threatened to have emergency medical services confine Mr. Goodman on a psychiatric hold.

During these YouTube tirades Mr. Goodman has brought up the subject of his YouTube channel termination, again and again – without apprising his audience of discoveries made in the *Steele v. Goodman* lawsuit. The implication is that Your Honor conspired with Adam Sharp to destroy Mr. Goodman's YouTube channel (which has recently been accessed by the Plaintiff's attorney in *Steele v. Goodman*, according to court records).

Furthermore, over two dozen videos that Mr. Goodman claimed were destroyed in this instant litigation have now suddenly resurfaced. Your Honor will recall that Mr. Goodman advised this court – several times – that this video evidence was no longer accessible via the Internet as the channel had been terminated via the actions of the undersigned and that the evidence was destroyed. This is not the case. Now, Mr. Goodman claims that Your Honor had something to do with this evidence spoliation, and broadcasts such conspiracy theories to thousands of election deniers that supported the January 6, 2021 march on the Capitol, in which Mr. Goodman was in attendance.

It is now crystal clear that Mr. Goodman has not only committed fraud upon this Court with his gross misrepresentations of the evidence spoliation; but, is creating a widespread smear campaign to destroy the Court's reputation.

Other courts have harshly criticized Goodman for his "acrimonious and vexatious litigation practices," which have extended beyond his principal antagonist to others with nominal involvement and even to Court personnel. See Order Enjoining Defendant From Contacting Court Personnel And Family at 2, *Sweigert v. Goodman*, No. 22-cv-10002 (E.D. Mich. Feb. 11, 2022), ECF No. 12 (enjoining Goodman from "obtain[ing] the personal cellular and home phone numbers of Court staff and their family members and contact[ing] them outside of Court business hours"); Order Striking Filings at 3, *Sweigert v. Multimedia Sys. Design, Inc.*, No. 2:22- cv-10642-GAD-EAS (E.D. Mich. July 20, 2022), ECF No. 46 (noting that "Goodman continues to engage in this inappropriate behavior in this case, despite the Court's command that [he] stop making harassing phone calls to Court personnel").

As Judge Analisa Torres recently observed:

2

"Goodman is a frequent litigant, and it is at least arguable whether he should continue to receive special solicitude from the Court. Id.; see also ECF No. 82 (adopting R&R, ECF No. 59); ECF No. 59 at 10 n.9; Goodman v. Sharp et al., 21 Civ. 10627 (S.D.N.Y.) (Goodman is a pro se Plaintiff); The National Academy of Television Arts and Sciences, Inc. et al. v. Multimedia System Design, Inc., 20 Civ. 7269 (S.D.N.Y.) (Goodman is a pro se intervenor); Sweigert v. Cable News Network, Inc., 20 Civ. 12933 (E.D. Mich.) (Goodman sought leave to file an amicus brief)." (Case 1:21-cv-10878-AT-JLC Document 83 Filed 12/20/22 Page 2 of 2)

In sum, the time is ripe for the Court to reconsider the issue of evidence spoliation and entertain a motion to set-aside the previous orders of this Court to dismiss this action.

Respectfully,

*D. Sgt* (signature)

**Pro Se Plaintiff**
**D. G. SWEIGERT**


I hereby attest that the foregoing was transmitted via PDF file and e-mail message to the below

party on December 24, 2022 under the penalties of perjury.

*D. Sgt* (signature)

**PRO SE PLAINTIFF**
**D. G. SWEIGERT**

**Pro Se Defendant**
**JASON GOODMAN, CROWDSOURCE THE TRUTH**
252 7th Avenue, #6
New York, New York 10001
(323) 744-7594
truth@crowdsourcethetruth.org



4



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
D. G. SWEIGERT

                Plaintiff,

-against-

JASON GOODMAN
                Defendant.
--------------------------------------------------------------------X

Case 1:23-cv-05875-JGK
Case 1:23-cv-06881-JGK

**CERTIFICATE OF SERVICE**

It is hereby certified that Defendant Pro Se, Jason Goodman, served Plaintiff and Defendant X Corp with a copy of the DEFENDANT RESPONSE TO MOTION IN OPPOSITION TO AMENDING CAPTION via USPS.

D. G. SWEIGERT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719.

Kenneth M. Trujillo-Jamison
Willenken LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017

Dated: New York, New York November 17, 2023

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

CERTIFICATE OF SERVICE     1