D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

November 22, 2023

*Sweigert v. Goodman,* **23-cv-05875-JGK**
**Associated action: 23-cv-06881-JGK**

U.S. District Judge Honorable John G. Koeltl
U.S. District Court
for the Southern District of New York
500 Pearl Street, New York, N.Y. 10007
Via ECF filing

SUBJ:   Plaintiff's OBJECTION to Defendant's motion papers ECF no. 77

Dear Judge Koeltl,

1.   Yesterday Defendant Jason Goodman docketed his motion papers as ECF no. 77 known as "NOTICE OF MOTION TO CONSOLIDATE RELATED LITIGATION". Without filing papers in the U.S. District Court for the Southern District of Indiana, Mr. Goodman seeks consolidation of the Indiana legal action 23-cv-01228-JRS-MG into the S.D.N.Y. forum. The Plaintiff OBJECTS.

2.   Although Mr. Goodman cites Fed. R. Civ. Proc. Rule 42(a) in his ECF no. 77 papers, the S.D.N.Y. has no jurisdiction in this matter and can not transfer an Indiana legal action. The Court only has powers to consolidation legal actions in the same district.

3.   It is instructive to note, "[u]nder Federal Rule of Civil Procedure 42(a), the Court only has the power to consolidate actions before the same federal district court. *Facen v. Royal Rotterdam Lloyd S S Co.,* 12 F.R.D. 443 (S.D.N.Y. 1952). The motion to consolidate is denied because the related action is now pending in Vermont state court," *Marathon Search Partners of Burlington, Inc. v. Axelrod,* 16 Civ. 7452 (RWS) (S.D.N.Y. Oct. 21, 2016).

4.   Again, "[b]ut the application must be made in the district in which the case is pending and not in the district to which it is to be removed." *Facen v. Royal Rotterdam Lloyd S.S. Co., et. al. v. Royal Rotterdam Lloyd S.S. Co.*, 12 F.R.D. 443 (S.D.N.Y. 1952); see *National Equipment Rental, Ltd. v. A.L. Fowler, D.O.,* 287 F.2d 43 (2nd Cir. 1961)," *Robeson v. Howard University,* 00 Civ. 7389 (GBD) (S.D.N.Y. Jan. 28, 2002).

5.   Contrary to Mr. Goodman's motion papers the Indiana legal action is not similar in nature or fact pattern to the litigation before this Court. The Indiana action addresses the on-going slander, smear, libel and misappropriation related to George H. Sweigert, (Plaintiff's father) a disabled veteran who served honorably for five (5) years as a U.S. Army Staff Sergeant (with the Combat Infantry Badge) in World War II South Pacific campaigns. This includes action at Guadalcanal, the Fiji Islands, Philippines, the Solomons Islands, and other bloody conflicts.

6.     The Indiana legal action is based upon Indiana Crime Victims Act (ICVA), theft, Ind. Code § 35-43-4-2, deception, Ind. Code § 35-43-5-3. and the Plaintiff's rights (as his father's heir) under Indiana's statutory protection for the right of publicity, Ind. Code § 32-36-1-8(a).  Additionally, there is a co-defendant known as PATREON, INC.

7.     Below is a sample artifact (Mr. Goodman's Twitter account) from the Indiana action.



8.     Indiana allows actions to protect the reputation and legacy of deceased individuals. Plaintiff's father lived in Indiana for thirty (30) years and served as an instructor of electronics technology at an Indiana state university.  Anticipated witnesses include son Robert A. Sweigert and grandson Andrew G. Sweigert (cited by Mr. Goodman in his ECF no. 77 papers), both residents of Fort Wayne, Indiana.

                                        Respectfully,    Signed 11/22/2023

                                        D.G. SWEIGERT, PRO SE PLAINTIFF

### CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, truth@crowdsourcethetruth.org

Certified under penalties of perjury.

Respectfully,    Signed this November 22nd, 2023 (11/22/2023)

                                        D.G. SWEIGERT, PRO SE PLAINTIFF