UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert,<br><br>Plaintiff<br><br>-against-<br><br>Jason Goodman,<br><br>21st Century 3D<br><br>CrowdSource The Truth<br><br>Defendants | PRO SE<br><br>23-cv-05875-JGK-VF<br><br>Assigned to: Judge John G. Koeltl<br><br>Referred to: Magistrate Judge Valerie Figueredo<br><br>Related Case: 1:23-cv-06881-JGK-VF |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
REQUEST FOR JUDICIAL NOTICE ECF NO. 90**

Pursuant to Federal Rule of Evidence 201(e) the undersigned *pro se* Plaintiff hereby objects and contests so-called evidence contained in the Defendant's pleading papers at ECF no. 90, 12/04/2023, styled as a "Request for Judicial Notice".

The Plaintiff does not contest the Court's recognition of Exhibit A[1] (ECF no. 90), but any recognition of other materials contained in those pleading papers (ECF no. 90) is hereby opposed.

Defendant seeks relief in the form of judicial recognition of non-adjudicative facts contained in poorly labeled exhibits: (1) Twitter manifesto (The Twitter Coup published

---

[1] Case 1:23-cv-05875-JGK-VF Document 90 Filed 12/04/23 Page 1 of 81

1

12/22/2022 on the Defendant's web-site (Exhibit C[2])) and (2) Mr. Goodman's motion (Exhibit B[3]) filed in another court, which that presiding judge labeled as "frivolous", that contains dozens of motions attached as exhibits with no clear label for exhibits of the Request for Judicial Notice itself.  The end result is a jumbled patch-work of speculative pleadings – not court decisions -- which is extremely confusing to follow.

*DEFENDANT DOES NOT DEMONSTRATE RELEVANCE REQUIRED BY FRE 401*

Defendant does not explain the purposes of these so-called exhibits.  As explained by Federal Rule of Evidence (F.R.E.) 401(a) absent exceptional circumstances documents are only appropriate for judicial notice if "the fact is of consequence in determining the action."  No explanation of relevancy is provided with these documents and therefore the Defendant's submissions at ECF no. 90 are incomplete and lacking.  Thus, these Exhibits (except A) are opposed and contested by the Plaintiff.

Facts contained in all the exhibits (except Exhibit A) are in dispute and are generally not known in this district and cannot be readily validated from sources whose accuracy cannot be questioned.

None of the Exhibits presented (except Exhibit A) contain facts that can be independently validated, as they are subjective editorials, such as the "Twitter Coup[4]" (in which Mr. Goodman alleges a conspiracy between the undersigned and Judge Valerie E. Caproni) and the

---

[2] Case 1:23-cv-05875-JGK-VF Document 90 Filed 12/04/23 Page 65 of 81
[3] NOTICE OF MOTION TO VACATE VOID JUDGEMENTS
Case 1:23-cv-05875-JGK-VF Document 90 Filed 12/04/23 Page 9 of 81
[4] "On or around December 22, 2022, Goodman published an investigative exposé titled The Twitter Coup, which revealed evidence that gave rise to allegations that Judge Caproni conspired with the plaintiffs in NATAS v MSDI and non-party in that case, David George Sweigert, ("Sweigert") to violate Goodman's rights to a fair trial and equal protection under the law."  Case 1:23-cv-05875-JGK-VF Document 90 Filed 12/04/23 Page 1 of 83

accompanying speculative motion[5] (MOTION TO VACATE VOID JUDGEMENTS pursuant to FRCP Rule 60(b)(4) in NATAS v MSDI.) [**Exhibit B** of ECF no. 90[6] "The motion provided evidence in support of specific claims that would, pursuant to Rule 60(b)(4), render all of judge Caproni's rulings in the case unenforceable and void[7]."].

Court pleadings and motions such as Mr. Goodman's ECF no. 90 submissions are not evidence of adjudicated facts which would also encompass the manifesto of Mr. Goodman's on-line YouTube conspiracy theories catalogued in the "Twitter Coup".

See *Oakley v. Dolan* , No. 17-CV-6903 (RJS), 2020 WL 818920, at *6 (S.D.N.Y. Feb. 19, 2020) (declining to take judicial notice of tweets because the defendants do not explain why this is "competent evidence that must be considered at the motion to dismiss stage instead of on a motion for summary judgment or at trial").  Relied upon in *Ganske v. Mensch*, 480 F. Supp. 3d 542 (S.D.N.Y. 2020) and *Azzarmi v. Neubauer*, 7:20-cv-09155- KMK (S.D.N.Y. Nov. 18, 2022).

<u>DEFENDANT'S EXHIBITS (EXCEPT FOR "A") DO NOT MEET FRE 403</u>

The Plaintiff contends that Mr. Goodman's "evidence" violates F.R.E. 403 as it lacks any probative value concerning the core issues of the complaint.  For example, in *Zubulake v. UBS Warburg,* 382 F. Supp. 2d 536, 548 (S.D.N.Y. 2005), the court excluded references to the 9/11 attacks due to "the danger of unfair prejudice given the emotions associated with the attacks." See also *United States v. Royer,* 549 F.3d 886, 903 (2d Cir. 2008) (affirming the district court's exclusion of 9/11-related, including excluding evidence under Rule 403 including "references to Al Qaeda," and holding that "evidence linking a [party] to terrorism in a trial in which he is not

---

[5] Case 1:23-cv-05875-JGK-VF Document 90 Filed 12/04/23 Page 10 of 81
[6] Case 1:23-cv-05875-JGK-VF Document 90 Filed 12/04/23 Page 11 of 83
[7] Case 1:23-cv-05875-JGK-VF Document 90 Filed 12/04/23 Page 2 of 83

charged with terrorism is likely to cause undue prejudice" (citing *United States v. Elfgeeh*, 5151 F.3d 100, 127 (2d Cir,. 2008)); cf. *United States v. Moore,* 375 F.3d 259, 264 (3d Cir, 2004) (reversing conviction, where "on the eve of the one-year anniversary of the September 11th terrorist attacks, the prosecutor called [the defendant] a terrorist")[8].

Mr. Goodman seeks the Court's judicial notice of his subjective, speculative conclusory statements in his Exhibits, containing nothing more than motions from other legal actions that paint Plaintiff as a "professional hacker" amongst other outrageous Goodman falsehoods.  This lacks probative value as required by F.R.E. 403.

*IMPROPER TO NOTICE COURT PLEADINGS FROM OTHER ACTIONS*

The Court may take notice that a particular document exists, (although Mr. Goodman has squeezed in almost 13 different "documents") but may not draw any conclusions concerning the truth of the information contained in the document.  To illustrate:

"*In re: Lisse* specifically holds that a power of attorney and a motion filed in a state court record were not appropriate subjects of judicial notice in an appeal. Judge Easterbrook noted that if the documents were offered simply to show that they had been filed, judicial notice might be appropriate in that limited context; however, otherwise, judicial notice was inappropriate.[9]" *In re Lisse,* 905 F.3d 495, 496 (7th Cir. 2018) the court did not take notice.

---

[8] https://www.aclu.org/wp-content/uploads/legal-documents/184._Memorandum_in_Opposition_re_Motion_to_Take_Judicial_Notice_5.24.17.pdf

[9]  Use of Judicial Notice for Parts of Court Records in Other Cases, in Florida Litigation
On Behalf of Jeffrey Law, PA | Mar 5, 2019 | Firm News
  https://www.rsjlegal.com/blog/2019/03/use-of-judicial-notice-for-parts-of-court-records-in-other-cases-in-florida-litigation/#:~:text=In%20re%3A%20Lisse%20specifically%20holds,judicial%20notice%20in%20an%20appeal.

"As Judge Easterbrook noted, misuse of judicial notice requests have become far too common. Practitioners who do not understand the proper use of judicial notice requests can cause unnecessary resources to be expended in litigation, or worse, severely prejudice their clients' cases by placing undue reliance on the availability of judicial notice of evidentiary facts at trial. It is important to combat any inappropriate judicial notice requests in litigation, as such requests can be utilized by parties in an effort to evade the formal rules of evidence.[10]"

## CONCLUSION

Plaintiff prays this Court will not take notice of any so-called "facts" in the Defendant's pleading papers (ECF no. 90), save for Exhibit A.  These subjective conclusory statements do not represent adjudicated facts, but Internet ramblings.


Signed December 7, 2023 (12/7/2023)

*D. Swt*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**

---

[10] https://www.rsjlegal.com/blog/2019/03/use-of-judicial-notice-for-parts-of-court-records-in-other-cases-in-florida-litigation/#:~:text=In%20re%3A%20Lisse%20specifically%20holds,judicial%20notice%20in%20an%20appeal.