UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **D. G. Sweigert,** <br> **Plaintiff** <br><br> -against- <br><br> **Jason Goodman,** <br> **dba** <br> **21st Century 3D** <br> **dba** <br> **CrowdSource The Truth** | **PRO SE** <br><br> **23-cv-05875-JGK-VF** <br><br> Assigned to: Judge John G. Koeltl <br><br> Referred to: Magistrate Judge Valerie Figueredo <br><br> Related Case:  1:23-cv-06881-JGK-VF |

**FIRST SWORN DECLARATION OF PLAINTIFF**

**THE PRO SE PLAINTIFF herein** provides this declaration to conserve judicial resources and to refute untruthful statements made in court by the Defendant Jason Goodman, a YouTuber that operates several social media channels.

A copy of this document was mailed via the U.S. Post Office to: Jason Goodman, 252 7th Avenue, Suite 6-S, New York, N.Y. 10001.  Sworn under penalties of perjury.

Signed January 28, 2024 (1/28/2024)

*/s/ D. Sgt/*

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

**FIRST SWORN DECLARATION OF PLAINTIFF**

Attached as an exhibit to this declaration is a so-called "Request for Judicial Notice" that Mr. Goodman caused to be filed in a federal lawsuit in the District serving Southern Indiana, Case 1:23-cv-01228-JRS-MG Document 51 Filed 01/26/24.

At para. 9  Mr. Goodman states, "*9. On or around October 2023, Goodman learned Sweigert has been employed as a contractor to the National Institutes of Health, ("NIH") since September 2022. (EXHIBIT B)*".

The undersigned has never worked in any capacity for the U.S. National Institute of Health.

At para 12 Mr. Goodman states, "*12. Sweigert offered to remove Google from the frivolous action if they agreed to terminate various accounts controlled by Goodman including YouTube channels that Sweigert was aware Goodman relied upon to legally exercise the first amendment, to promote his business, and to earn a living. (See Sweigert v Goodman 1:23-cv-06881-JGK-VF Dkt. 62).*"

The YouTube channels Mr. Goodman refers to were removed shortly after ALPHABET, INC. was served with process.  The undersigned did not speak to counsel representing ALPHABET until a week after these channels were removed.  The undersigned can contact that counsel and obtain a sworn statement if the Court desires such a statement.  No *quid pro quo* agreement or arrangement was ever discussed as the channels had already been removed.

At para 1 Mr. Goodman states, "*1. As the Court is aware, David George Sweigert ("Sweigert") has announced plans to sue Goodman for the rest of his life and has been doing that in an ongoing manner since 2017.*"

The undersigned does not recall ever making such a statement.

Concerning para 5 and 6, "*5. On November 20, 2023, pro se non-attorney Goodman filed a defective motion to consolidate this instant action with another vexatious action filed by Sweigert in the Southern District of New York ("SDNY") on July 4, 2023 [emphasis added], (See Sweigert v Goodman 1:23-cv-05875-JGK-VF Dkt. 77 (SDNY))."*

*"6. Goodman misunderstood the consolidation process. He intended to preserve this Honorable Court's judicial resources by consolidating this action into the SDNY case because Goodman had filed a motion seeking sanctions pursuant to FRCP Rule 11 on November 7, 2023, (See Sweigert v Goodman 1:23-cv-06881-JGK-VF Dkt. 53) which he expected would be granted."*

Mr. Goodman omits that this Court issued ORDER ECF no. 88 explaining the consolidation process on 12/05/2023 and the need to file a motion in the District for Southern Indiana.

Mr. Goodman never filed such a motion for transfer or consolidation in the federal lawsuit in the District serving Southern Indiana, Case 1:23-cv-01228-JRS-MG.

Sworn under penalties of perjury.

Signed January 28, 2024 (1/28/2024)

*D. Sgt*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719**

3