UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| D. G. Sweigert, | PRO SE |
|---|---|
| -against- | 23-cv-05875-JGK-VF |
| Jason Goodman, | Judge John G. Koeltl |
| | Related Case: 23-cv-06881-JGK-VF |

DECLARATION OF THE PLAINTIFF
PART OF RESPONSE TO DEFENDANT'S
MOTION FOR RECONSIDERATION

The *pro se* Plaintiff now complies with the 3/25/2024 Memo Endorsement, ECF no. 125. On 3/08/2024, the Defendant filed his motion papers at ECF no. 120 and 121, to which this document responds.

Signed April 4, 2024 (4/04/2024)

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

**CERTIFICATE OF SERVICE**

Copy of this pleading has been placed in the U.S. MAIL addressed to Jason Goodman, 252 7th Avenue, New York, N.Y. 10001 on April 4, 2024 (4/04/2024). Signed April 4, 2024 (4/04/2024)

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,
514 Americas Way, Box Elder, SD 57719**

## DECLARATION OF THE PLAINTIFF
## PART OF RESPONSE TO DEFENDANT'S
## MOTION FOR RECONSIDERATION

The *pro se* Plaintiff now complies with the 3/25/2024 Memo Endorsement, ECF no. 125. On 3/08/2024, the Defendant filed his motion papers at ECF no. 120 and 121, to which this document responds.

**NOW COMES THE PRO SE PLAINTIFF** to provide this sworn statement to accompany the undersigned's motion papers docketed in response to defendant's motion for reconsideration as described above.

1.      In 1992 the undersigned docketed a qui tam False Claims Act (31 U.S.C. Sec. 3730) lawsuit in Dayton, Ohio, which was incorrectly placed on the public docket by the Clerk. Nevertheless, in 1992 the undersigned personally met with of Natalia M. Combs Greene, Senior Counsel, Trial Attorney for the U. S. Department of Justice, Fraud Section, Criminal Division, at the Kennedy Space Center, Florida. The purpose of this meeting was to discuss the *qui tam* lawsuit against Lemual Kinney pending in the Southern District of Ohio. This action was known as *United States ex. rel. Sweigert v. Electronic Systems Associates*.

2.      The undersigned is not, and never has been, a NIH (National Institute of Health) employee, contractor or agent. The undersigned has never received pecuniary benefits from NIH of any kind.

3.      The undersigned as never violated any orders of the court related to an action in the U.S. District Court for the Western District of Louisiana and the Fifth Circuit Appellate Court. (See *Missouri v. Biden*, 83 F.4th 350 (5th Cir. 2023). To this end the undersigned has carefully reviewed the July 4, 2023 injunction issued by Hon. Terry A. Doughty of Louisiana at Case 3:22-cv-01213-TAD-KDM Document 294 Filed 07/04/23.

4.  The undersigned has never coordinated a group of individuals in New York City to harass Jason Goodman in public. The undersigned is aware that Mr. Goodman has conducted extensive phone calls and e-mail message exchanges with YouTuber Manuel Chavez, III of Carson City, Nevada who apparently did publish a video recording while standing outside of Mr. Goodman apartment complex in 2018. The undersigned has no personal connection with Manuel Chavez, III, aka "DEFANGO" as he is known in social media circles. The undersigned has never spoken to Manuel Chavez, III on the phone neither has the undersigned written to "DEFANGO" in e-mail messages.

5.  The undersigned has read the following from **EXHIBIT B** in the **EXHIBTS ANNEX** that accompanies this pleading that:

6.  "The YouTube channels Mr. Goodman refers to were removed shortly after ALPHABET, INC. was served with process. The undersigned did not speak to counsel representing ALPHABET until a week after these channels were removed. The undersigned can contact that counsel and obtain a sworn statement if the Court desires such a statement. No quid pro quo agreement or arrangement was ever discussed as the channels had already been removed." There is a court docket displayed on that exhibit page that states "Case 1:24-cv-02203-JGK Document 56 Filed 01/29/24 Page 2 of 3".

7.  The undersigned was contacted by e-mail message by an attorney representing ALPHABET, INC, aka YouTube, aka Google, approximately one week after the YouTube channels of Mr. Goodman were de-commissioned. The undersigned made no request of YouTube, aka Google, in this regard.

8.  The undersigned had no communications with Google in this regard at the time the channels were decommissioned. When a voice call was arranged (at least a week after the

channels were decommissioned) the undersigned asked the attorney representing Google, aka YouTube, why the channels were decommissioned and the attorney responded that he did not know and assumed it was because of a policy to remove questionable non-monetized channels to reduce costly storage of the video content.

9. The undersigned is aware that Mr. Goodman's current channel is known as Crowdsource The Truth 10, which represents the number of channels Google, aka YouTube, have previously decommissioned. That number is at least nine (9).

10. With regards to the legal action known as 23-cv-06881-JGK, which originated in the U.S. District Court serving the Eastern District of Michigan (M.I.E.D.) on 11/08/2022. That case was docketed after several months of non-stop podcasts and tweets about the undersigned, the undersigned's brother and the *pro se* Clerk for the M.I.E.D. Richard Loury. Goodman filed an amended complaint on 1/19/2023 in *Goodman v. Bouzy*, 21-cv-10878-AT-JLC (SDNY), in which he articulated these claims. An amended complaint was filed in Michigan on 1/23/2023. These social media podcasts distributed by Goodman including reports on his visits to the Detroit Police Department and the Detroit field office of the Federal Burau of Investigation for the purposes of having the undersigned, undersigned's brother and Richard Loury arrest for a conspiracy to submit forged documents in the district court. The undersigned has read this information appearing at Case 1:23-cv-06881-JGK-VF Document 12 Filed 01/23/23 Page 6 to Page 8 of 72.

11. An amended complaint was filed in by the undersigned in Michigan on 1/23/2023 which incorporated much of the claims Goodman presented in his *Goodman v. Bouzy* amended complaint.

12.     The undersigned found service upon Goodman and his company, Multimedia Systems Design, Inc., difficult and received a 30-day extension to serve Goodman (issued 2/07/2023). Extraordinary service attempts were made, which the undersigned reported to the M.I.E.D. court with the hopes of extending the time of service as shown in docket entries 25 to 30.  The undersigned had received no positive indications from the judge about extending the 120-day service of process rule, as stated in Rule 4, by June 2023 and gave up hope that Goodman would ever be served and that the litigation would progress.  It was a complete surprise to the Plaintiff when this M.I.E.D. action was transferred to the S.D.N.Y. by order of docket number 31 on 8/02/2024.

13.     The understand made sure that all allegations raised in the M.I.E.D. amended complaint, filed 1/23/2023, had a factual basis.  In fact, much of that pleading includes actual screen shots of Goodman's amended complaint filed in *Goodman v. Bouzy*.

Sworn under penalties of perjury to be truthful.  Signed April 4, 2024 (4/04/2024)

*D. Swt*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**