UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| D. G. Sweigert, | PRO SE |
|---|---|
| -against- | 23-cv-05875-JGK-VF |
| Jason Goodman, | Judge John G. Koeltl |
| | Related Case: 23-cv-06881-JGK-VF |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR CHANGE OF VENUE

The *pro se* Plaintiff now complies with the 2/26/2024 Memo Endorsement, ECF no. 118.  On 2/13/2024, the Defendant filed his motion papers at ECF no. 111 and 112, to which this document responds.

Signed March 11, 2024 (3/11/2024)

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

CERTIFICATE OF SERVICE

Copy of this pleading has been placed in the U.S. MAIL addressed to Jason Goodman, 252 7th Avenue, New York, N.Y. 10001 on March 11, 2024 (3/11/2024).  Signed March 11, 2024 (3/11/2024)

D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339, 514 Americas Way, Box Elder, SD 57719

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR CHANGE OF VENUE**

The *pro se* Plaintiff now complies with the 2/26/2024 Memo Endorsement, ECF no. 118. On 2/13/2024, the Defendant filed his motion papers at ECF no. 111 and 112, to which this document responds.

## BACKGROUND

1.  On 11/20/23 Defendant Jason Goodman filed ECF no. 77, a 31 page *Motion to Consolidate Related Litigation*. In his papers, Mr. Goodman sought relief of this S.D.N.Y. court to transfer a legal action in Indiana to the S.D.N.Y. Much of the content in the motion papers (ECF no. 77) present a conclusory rehash of Mr. Goodman's perceived persecution. Cited in relevant part at para. 13:

    > "The Court risks undermining its own inherent authority when it allows criminal or otherwise fraudulent acts to intercede and affect the outcome of any mater. The Court's Laissezfaire approach allows Sweigert's authority to supersede its own and this cannot be allowed. No Court could claim to be serving justice while allowing Sweigert to continue his aggressive and ever-expanding campaign of criminal harassment, mail fraud and Lawfare. [no corrections made]"

2.  The Court issued its ORDER at ECF no. 88, 12/05/23, which denied Mr. Goodman's ECF no. 77 request and provided instructions on the mechanics of transferring an Indiana legal action to the S.D.N.Y., advising Mr. Goodman to file his motion papers in Indiana and not New York.

3.  In an inconsistent flip-flop, on 2/13/2024, Mr. Goodman filed his motion papers at ECF no. 111 and 112, to transfer this action to Indiana. This is a new and completely opposite

position (S.D.N.Y. to Indiana) from only three (3) months ago (Indiana to S.D.N.Y., ECF no. 77).

4.   In both sets of motion papers, ECF. No. 77 and 111/112, Mr. Goodman recounts some of his litigation history in the S.D.N.Y., such as:

**Goodman v. Sharp et al**      1:21-cv-10627-VEC      ORDER ECF 76 on 9/06/2022

> "Rather, Plaintiff has reasserted the same meritless arguments of fraud and attorney misconduct against Defendants that this Court has already dismissed. Accordingly, Plaintiff's motion for reconsideration is DENIED."

**Goodman v. Bouzy et al**      1:21-cv-10878-AT-JLC      ORDER ECF 278 on 2/21/2024

> "Goodman's objections, ECF No. 272, are general, conclusory, and merely reiterate arguments he has made in previous objections and filings submitted to both the Court and Judge Cott."

**NATAS v. MSDI**      1:20-cv-07269-VEC      ORDER ECF 193, 12/06/2023

(The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc.)

> "IT IS FURTHER ORDERED that, absent an Order authorizing him to do so, Mr. Goodman may not file anything further in this matter. By way of clarification, the Court's Endorsement at Dkt. 186 was not intended to indicate that Mr. Goodman, a principal of the Defendant in this case, is a real party in interest in that case. That motion was denied as frivolous because it had no bearing on the underlying issues in this case, as to which a final judgment was entered on February 22, 2022."

**Goodman v. NYC**      1:23-cv-09648-JGLC      ORDER ECF 64, 3/01/2024

(Goodman v. The City of New York et al)

> "The Court also DENIES Goodman's motion for contempt and no response is necessary."

5.   Mr. Goodman has several actions pending in the U.S. Court of Appeals for the Second Circuit (several older actions omitted).

| | | |
|---|---|---|
| *NATAS v. MSDI* | 23-7952 | ORDER ECF 30, 2/14/2024 |

(The National Academy of Television Arts and Sciences, Inc. v. Multimedia System Design, Inc.)

ORDER, dated 02/14/2024, setting 03/18/2024 as Appellant Jason Goodman brief/appendix due date, FILED. [Entered: 02/14/2024 04:28 PM]

| | | |
|---|---|---|
| *Goodman v. Bouzy* | 23-1100 | ORDER ECF 27, 2/26/2024 |

On November 9, 2023, the Court issued a notice pursuant to Federal Rule of Appellate Procedure 4(a)(4), staying this appeal due to pending motions in the district court. The district court having denied the motions in orders dated February 21, 2024, IT IS ORDERED that the stay of this appeal is hereby lifted.

6. At ECF 116 (2/23/2024) Mr. Goodman reiterated his demand for a transfer of this action to Indiana.

7. 02/24/2024 6:45 PM PST the pro se Plaintiff sent an e-mail message to temporary_pro_se_filing@nysd.uscourts.gov with an attached "PROPOSED WITNESS LIST". A paper copy was certified as sent to Mr. Goodman (attached as **EXHIBIT A**). That document names the following witnesses: CHRISTOPHER ELLIS BOUZY, New Jersey, BENJAMIN WITTES, Washington, D.C., NINA JANKOWICZ, Washington, D.C., ADAM SHARP, New York, New York, SETH BERLIN, New Jersey, MAXWELL MISHKIN, New Jersey (all co-defendants with the Plaintiff in *Goodman v. Bouzy*).

### LAW AND ARGUMENT

*Defendant does not meet the factors for transfer*

8. This instant case has no connection to the State of Indiana. By contrast, this case is enmeshed into the S.D.N.Y. The original complaint in this action was the proposed counterclaim submitted to the Court in the *Goodman v. Bouzy* action. The proposed

counterclaim motion was most likely overlooked by Judge Analisa Torres due to the volume of motions filed by Mr. Goodman at the time.

9. Section 1404 (a) of Title 28 provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought."

10. On this issue, the Supreme Court's jurisprudence indicates, "§ 1404(a) accords broad discretion to district court[s]" and "directs [such courts] to take account of factors other than those that bear solely on the parties' private ordering of their affairs. [A] district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the 'interest of justice.' " *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

11. *Public-interest factors of systemic integrity and fairness* indicate that this legal action should not be disturbed by uprooting it for a transfer to Indiana to satisfy Mr. Goodman's capricious flip-flopping whims.

12. All alleged misconduct occurred in the jurisdiction of the S.D.N.Y.  To illustrate, Mr. Goodman's non-stop Twitter (X Corp) slander and defamation broadcasts that the Plaintiff made a fake 911 Emergency Services call to N.Y.P.D. dispatch that summoned police officers to Mr. Goodman's apartment.  Twitter ("X Corp") is a co-defendant with the N.Y.P.D. in *Goodman v. NYC* (23-cv-09648-JGLC).  Twitter maintains offices in New York City and the Plaintiff intends to call the subject N.Y.P.D. police officers as witnesses.  See below:



https://twitter.com/JG_CSTT/status/1766229251898880509





https://odysee.com/@Crowdsourcethetruth:d/RememberTheTimeSomeoneMadeAFalseReporttotheNYPD-:5

13. Such venue flip-flopping creates inconsistent judgments. Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity. Dozens of S.D.N.Y. judgments are directed at Jason Goodman in various legal actions. Indiana has no such history with Mr. Goodman. *United States v. Google LLC*, 1:23-cv-108 (LMB/JFA) (E.D. Va. Mar. 14, 2023).

14. The public interest factor that is applicable here is the local interest in deciding local controversies at home. *Drake v. FedEx Ground Package Sys.*, 2:21-cv-02636-JTF-atc (W.D. Tenn. Mar. 5, 2024).

***Defendant Goodman's New York State chartered corporation***

15. Multimedia Systems Design, Inc. (Mr. Goodman's company) is a New York State charted corporation. A defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.' " *Norwood v. Kirkpatrick,* 349 U.S. 29, 31, 75 S.Ct. 544, 99 L.Ed. 789 (1955)).

16. In the legal action *D. G. Sweigert v. Multimedia System Design, Inc*., Case No. 22-12696, District Judge Gershwin Drain of the U.S. District Court of the Eastern District of Michigan (MIED) transferred an action involving M.S.D.I. to the S.D.N.Y., as reported in Plaintiff's pleading papers at ECF 114 Filed 02/16/24, "Further, the complaint demonstrates that this case is related to a matter previously before the Court that was transferred to the United States District Court for the Southern District of New York (S.D.N.Y)."

***Plaintiff's choice of forum***

17. The Supreme Court has indicated that a plaintiff's choice of forum corresponds to the burden that a moving party must meet: "A defendant invoking forum *non conveniens* ordinarily

bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15 (2007) (emphasis added); see also *Gilbert,* 330 U.S. at 507, 67 S.Ct. 839 (indicating the convenience factors and then noting "[b]ut unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

18.     The Plaintiff's choice of venue is not a separate factor in a venue transfer analysis. Rather, the plaintiff's choice of forum contributes to the defendant's burden in showing good cause for the transfer.

## SUMMARY

The court also may grant a § 1404(a) motion by a defendant if the court believes that it would be in the interests of justice to do so.  However, Defendant Goodman has not overcome his burden of demonstrating a need to transfer this action to Indiana.

Therefore, The Defendant's motion to transfer (ECF no. 111/112) should be denied.

*D. Sgt*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert,<br>Plaintiff<br><br>-against-<br><br>Jason Goodman,<br>Defendant | 1:23-cv-06881-JGK-VF<br><br>Judge Koeltl<br>Magistrate Figueredo<br><br>Related Case:  23-cv-05875-JGK-VF |

**PLAINTIFF'S PROPOSED WITNESS LIST**

In light of Defendant Goodman's docketing of his motion letter at **ECF no. 116**, 2/23/2024, the *pro se* Plaintiff is compelled to advise this Court of the anticipated witness that will be submitted, when formally requested, by the Plaintiff.  It appears below:

CHRISTOPHER ELLIS BOUZY, New Jersey, BENJAMIN WITTES, Washington, D.C., NINA JANKOWICZ, Washington, D.C., ADAM SHARP, New York, New York, SETH BERLIN, New Jersey, MAXWELL MISHKIN, New Jersey.

These individuals appear as co-defendants in the attached.   Signed February 24, 2024.

D. G. SWEIGERT PRO SE PLAINTIFF

**CERTIFICATE OF SERVICE**

On this date the undersigned's PROPOSED WITNESS LIST has been placed in the U.S. Postal Service and sent to: Youtuber Jason Goodman, 252 7th Avenue, Apt. 6-S New York, N.Y. 10001

Signed February 24, 2024 (2/24/2024)

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/21/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JASON GOODMAN,

                Plaintiff,

-against-

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC., GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN,

                Defendants.

21 Civ. 10878 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Jason Goodman, brings this action against Defendants Christopher Ellis Bouzy, Bot Sentinel, Inc., George Webb Sweigert, David George Sweigert, Benjamin Wittes, Nina Jankowicz, Adam Sharp, Margaret Esquenet, the Academy of Television Arts and Sciences, Seth Berlin, and Maxwell Mishkin, alleging fraud, defamation, abuse of process, and civil conspiracy. Am. Compl. ¶¶ 52–92, ECF No. 100. As discussed below, the Court has referred several motions to the Honorable James L. Cott for a report and recommendation. *See* ECF No. 268.

On November 28, 2023, Judge Cott issued a Report and Recommendation ("R&R"), ECF No. 269, recommending, *inter alia*, that the Court (1) grant the motion of the Academy, Sharp, and Esquenet (the "ATAS Defendants") at ECF No. 241 to amend the judgment entered in this case to include a filing injunction prohibiting Goodman from filing any additional suits or claims against them without first obtaining leave of court; (2) grant the application of Bouzy, Bot Sentinel, Inc., Berlin, and Mishkin (the "Bouzy Defendants") at ECF No. 243, seeking the same relief; (3) deny the ATAS Defendants' motion for attorney's

fees at ECF No. 248; and (4) deny Defendant David Sweigert's motion at ECF No. 255 for a filing injunction and other relief against Goodman. R&R at 3–5.

Having reviewed the R&R, and the objections and responses submitted by the parties, ECF Nos. 271–75, for the reasons stated below, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in Judge Cott's previous R&Rs, *see* ECF Nos. 59, 203, and, therefore, does not summarize them here.

2

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. Goodman's Objections

Goodman's objections, ECF No. 272, are general, conclusory, and merely reiterate arguments he has made in previous objections and filings submitted to both the Court and Judge Cott. *See Wallace*, 2014 WL 2854631, at *1. The Court has reviewed Judge Cott's thorough and well-reasoned R&R for clear error and finds none. Accordingly, Goodman's objections to the R&R are OVERRULED.

III. Sweigert's Objections

Sweigert objects to Judge Cott's recommendation that this Court deny his request, contending that Judge Cott erroneously placed his motion "on the identical course of other defendants that have sought individualized" filing injunctions, thus failing to address his specific request for a show cause hearing. ECF No. 274 at 5.

3

However, Sweigert requested an order directing Goodman "to show cause in writing" why Goodman should not be required to "seek [court] permission to file any new action" that is "based [on], relies upon, or promotes a conspiracy theory." See ECF No. 255 at 1, 3. Although Sweigert's motion was titled a "motion for show cause hearing," the ultimate relief sought was, in essence, a filing injunction. Judge Cott acted well within his discretion in construing Sweigert's request for a written order or hearing as a motion for an injunction requesting the same ultimate relief. E.g., Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A., No. 12 Civ. 2827, 2014 WL 6686600, at *3 (S.D.N.Y. Nov. 21, 2014) (where the parties' letters "adequately present [their] views of a straightforward request, it is [] appropriate . . . to treat the letters themselves as motion papers and to rule on the merits"); In re Best Payphones, Inc., 450 F. App'x 8, 15 (2d Cir. 2011) (holding that "district court did not abuse its discretion in construing the letter as a motion and denying the motion"); cf. Fed. R. Civ. P. 1 (stating that the Rules "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding").

Further, Sweigert does not challenge Judge Cott's conclusion: that the relief sought is both vague and unenforceable. R&R at 4. Because Sweigert does not address this point, the Court reviews the R&R on this issue "strictly for clear error," Harris, 338 F. Supp. 3d at 174, and concludes that Judge Cott did not clearly err in his analysis.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error and finds none. For the foregoing reasons, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety. Accordingly:

1. The ATAS Defendants' motion, ECF No. 241, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the

4

ATAS Defendants in this District without first obtaining leave of court is GRANTED.

2. The Bouzy Defendants' application, ECF No. 243, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the Bouzy Defendants in this District without first obtaining leave of court is GRANTED.

3. The ATAS Defendants' motion for attorney's fees, ECF No. 248, is DENIED.

4. Defendant David Sweigert's motion for an injunction and other relief, ECF No. 255, is DENIED.

Accordingly, the Court ADOPTS Judge Cott's R&R in its entirety. The parties' objections are OVERRULED. The Clerk of Court is directed to terminate the motions at ECF Nos. 241, 243, 248, and 255, and enter judgment consistent with this order and the R&R.

SO ORDERED.

Dated: February 21, 2024
New York, New York

ANALISA TORRES
United States District Judge

5