```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------

D. G. SWEIGERT,

                Plaintiff,

    - against -

JASON GOODMAN, ET AL.,

                Defendants.

23-cv-5875 (JGK)
23-cv-6881 (JGK)

**MEMORANDUM OPINION AND ORDER**

-----------------------------------------

**JOHN G. KOELTL**, District Judge:

    This is one of many actions involving the plaintiff, D. G. Sweigert, and the defendant, Jason Goodman. See, e.g., Sweigert v. Goodman, No. 18-cv-8653, 2021 WL 2678621, at *1 (S.D.N.Y. June 30, 2021) ("[T]his action involves two pro se litigants whose occupations appear to consist chiefly of concocting outlandish conspiracy theories and accusing one another of criminal conduct and other misbehavior on the internet.").[1]

    On April 15, 2024, the pro se plaintiff filed a "motion for temporary and permanent injunction . . . pursuant to Section 1127 of the Lanham Act to restrain Defendant Jason Goodman's continual social media broadcasts that the Plaintiff is a criminal, has violated criminal statutes, has filed forged documents in sister courts, etc." No. 23-cv-5875, ECF No. 130. On April 21, 2024, the plaintiff filed an amended motion. Pl.'s Mot., ECF No. 134.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

The Court construes the plaintiff's motion as an application for a temporary restraining order and a preliminary injunction. See Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (Courts must read the papers of pro se litigants "liberally and interpret them to raise the strongest arguments that they suggest."). The time for the defendant to respond has passed, and no response has been filed.

For the following reasons, the plaintiff's application for a temporary restraining order and a preliminary injunction is **denied**.

## I.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To succeed on a motion for a preliminary injunction, the plaintiff must show: "(1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015).

In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction. See Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, 985 F. Supp. 2d 262, 270 (D. Conn. 2013), aff'd as modified sub nom. Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, Inc., 557 F. App'x 53 (2d Cir. 2014).

**A.**

The plaintiff in this case has failed to show a likelihood of success on the merits of the claim or even serious questions going to the merits.

It is unclear how, as the plaintiff argues, see Pl.'s Mot. at 1 (citing 15 U.S.C. §§ 1125(a), 1127), the plaintiff would have a claim against the defendant under the Lanham Act, which provides for liability against an individual for trademark infringement and unfair competition. See, e.g., NSI Int'l, Inc. v. Horizon Grp. USA, Inc., No. 20-cv-8389, 2022 WL 2110551, at *2 (S.D.N.Y. June 10, 2022) (quoting 15 U.S.C. § 1125(a)(1)(A)). This case does not involve any allegations of trademark infringement or related claims.

Moreover, the plaintiff's Lanham Act arguments appear to be simply a different way to bring the same, unsuccessful claims that he has brought against the defendant for years. In another case that was before Judge Caproni, the plaintiff also filed a

preliminary injunction -- in that case, pursuant to Sections 50 and 51 of the New York Civil Rights Law, rather than the Lanham Act -- seeking to enjoin the same conduct carried out by the same defendant in this case. Compare Sweigert, 2021 WL 2678621, at *1, 4 (noting that Sweigert and Goodman concocted outlandish conspiracy theories about each other and accused one another of criminal conduct and other misbehavior on the internet, and Sweigert pleaded reputational harm), with Pl.'s Mot. 9-10 ("Goodman continually identifies the Plaintiff as a . . . criminal coconspirator . . . . [The defendant's] intent is to discredit, injure and harm [the plaintiff]."). Judge Caproni denied the plaintiff's preliminary injunction. See Sweigert, 2021 WL 2678621, at *1. The plaintiff appealed, and the Court of Appeals for the Second Circuit dismissed the plaintiff's appeal because the plaintiff failed to pay the filing fee. See Sweigert v. Goodman, No. 22-682 (2d Cir. 2022).

In summary, the plaintiff has failed to demonstrate a likelihood of success on the merits or serious questions going to the merits.

**B.**

The plaintiff has also failed to make a sufficient showing of irreparable injury. Irreparable harm is the "single most important prerequisite" for a preliminary injunction. See Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 118

4

(2d Cir. 2009). "Irreparable injury is a sine qua non—if there is no irreparable injury, there can be no preliminary injunction." Markowitz Jewelry Co., Inc. v. Chapal/Zenray, Inc., 988 F. Supp. 404, 406 (S.D.N.Y. 1997). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent." Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007).

Irreparable harm is harm that cannot be compensated with money damages. See CRP/Extell Parcel I, L.P. v. Cuomo, 394 F. App'x 779, 781 (2d Cir. 2010) ("[The Court of Appeals for the Second Circuit] ha[s] long held that an injury compensable by money damages is insufficient to establish irreparable harm."). In this case, as in the case before Judge Caproni, there is no showing that the career-related, reputational harms alleged by the plaintiff cannot be addressed with money damages. See Sweigert, 2021 WL 2678621, at *5.

Moreover, the plaintiff has delayed in seeking injunctive relief, and such a delay undermines the plaintiff's claim of irreparable harm. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985). The plaintiff filed this application for a temporary restraining order and a preliminary injunction more than nine months after filing this action. Furthermore, the

5

defendant's allegedly offending conduct goes back five years to 2019, and the plaintiff's prior motion for a preliminary injunction was denied almost three years ago. See Sweigert, 2021 WL 2678621, at *4.

Accordingly, the plaintiff has also failed to make a sufficient showing of irreparable injury.

The plaintiff has also failed to show that the balance of the equities tips in his favor and that the public interest would be served by grating injunctive relief.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the plaintiff has not met the high burden to show an entitlement to the extraordinary remedy of a temporary restraining order and a preliminary injunction. Accordingly, the plaintiff's application for a temporary restraining order and a preliminary injunction is **denied.**

**SO ORDERED.**

Dated:   New York, New York
         May 21, 2024

_____
John G. Koeltl
United States District Judge

6