*D. G. SWEIGERT PRO SE PLAINTIFF,*
*C/O PMB 13339,*
*514 Americas Way, Box Elder, SD 57719*

**June 24, 2024**

District Judge Hon. John G. Koeltl
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Via pro se electronic filing Re: Case No.: **23-cv-05875-JGK-VF, Sweigert v. Goodman**

Dear Judge Koeltl,

1. The undersigned *pro se* plaintiff writes on behalf of himself to OPPOSE the papers filed by defendant Jason Goodman, at:

    ECF no. 145 Filed 06/17/24 (appearing on the docket 06/24/2024)

2. On May 22, 2024 the plaintiff docketed ECF no. 141, a motion seeking a default notation from the Court pursuant to Fed. R. Civ. Proc. Rule 55 (attached).  The justification presented in ECF no. 141 summarized that Mr. Goodman had done nothing to actively defend this action after seeking, and obtaining three (3) extensions to purportedly file an ANSWER to the Amended Complaint.

3. Then, Mr. Goodman failed to file a responsive pleading to ECF no. 141 within the 14 days allowed by the Fed. R. Civ. Proc. (plus three (3) days service), creating deadline for such response of June 10, 2024.  He still has not filed such a response.

4. In *Broad. Music, Inc. v. Buffalo Wing Joint & Pub, LLC*, 431 F. Supp. 3d 147 (W.D.N.Y. 2019) the court determined that (1) failure to file an ANSWER and (2) failure to respond to a Motion for Default requires the district court to undertake a three-step analysis, quoted in relevant part below:

5. "As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001) ). The three factors include: (1) "whether the defendant's default was willful; (2) "whether the defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). *Broad. Music, Inc. v. Buffalo Wing Joint & Pub, LLC*.

6. Therefore, the *pro se* plaintiff requests that his obligation to respond to the defendant's Motion to Dismiss, ECF no. 145, be tolled pending the resolution of the plaintiff's motion at ECF no. 141.

7. The *pro se* plaintiff will respectfully await a direction from this Court on how to proceed.

Respectfully,

*/s/ D. Swt*

D. G. SWEIGERT PRO SE PLAINTIFF,
C/O PMB 13339,
514 Americas Way, Box Elder, SD 57719

## CERTIFICATE OF SERVICE

It is hereby certified that *pro se* plaintiff, D.G. Sweigert, served the defendant via email to the e-mail address below:

truth@crowdsourcethetruth.org

*/s/ D. Swt*

Certified on June 24, 2024 (6/24/2024).  Signed June 24, 2024 (6/24/2024).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert<br>Plaintiff,<br><br>    -against-<br><br>Jason Goodman,<br>Defendant | PRO SE<br><br>23-cv-05875-JGK-VF<br><br>Assigned to: Judge John G. Koeltl<br><br>Referred to: Magistrate Judge Valerie Figueredo<br><br>Related Case:  23-cv-06881-JGK-VF |

**MOTION FOR A DEFAULT NOTATION AGAINST JASON GOODMAN**

The *pro se* Plaintiff seeks relief from this Court as a consequence of the Defendant's failure to answer the Amended Complaint ECF 13, filed 9/23/2023 in 23-cv-05875-JGK-VF.

May 21, 2024 (5/21/2024)

                   **D. G. SWEIGERT PRO SE PLAINTIFF, C/O**
                         PMB 13339, 514 Americas Way,
                             Box Elder, SD 57719

**CERTIFICATE OF SERVICE**

Under the penalties of perjury undersigned certifies that a true copy of this pleading has been mailed to: Jason Goodman, 252 7th Avenue, New York, New York 10001.

May 21, 2024 (5/21/2024)    D. G. SWEIGERT PRO SE PLAINTIFF, C/O, PMB 13339, 514 Americas Way, Box Elder, SD 57719

1

## SUMMARY

**PRO SE PLAINTIFF D.G. Sweigert re-**motions this Court for a default notation. This motion was originally filed as ECF no. 95**,** 12/15/2023. Since that time Defendant Goodman has been granted three (3) extensions to answer the Amended Complaint (AC) and has filed several motions which are no longer under adjudication before this Court. Therefore, pursuant to Fed. R. Civ. Proc. Rule 55 and Local Rule 55.1, the Plaintiff seeks a DEFAULT notation.

## HISTORY

ECF no. 97, 12/21/2023, denied the original motion for default notation relying primarily on the fact that the Court had granted Goodman an extension to answer the AC. A second extension was granted to Goodman to answer the AC, issued at ECF 101, 1/10/2024. Another extension was granted at ECF 104, 1/17/2024, that ordered Goodman to answer to the AC by 2/16/2024, and added "Absent extraordinary circumstances, no further extensions of time to respond to the Amended Complaint will be granted." The Court amplified its decision at ECF 109, 1/23/2024, stating "Plaintiff's request for the court to take judicial notice of "relevant judicial orders" is premature. Defendant has not yet answered the complaint and there is no pending motion for the court to adjudicate." Then by ORDERS at ECF 138, 139 and 140 (5/21/2024) all pending motions were adjudicated.

## RELIEF REQUESTED

The motion for a default notation is now ripe and should be granted. Goodman has failed to answer the AC as directed by this Court on several occasions.

May 21, 2024 (5/21/2024)   *D. Swt*   **D. G. SWEIGERT PRO SE PLAINTIFF,**

**C/O PMB 13339, 514 Americas Way, Box Elder, SD 57719**