UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert, <br><br> -against- <br><br> Jason Goodman, | PRO SE <br><br> 23-cv-05875-JGK-VF <br><br> Judge John G. Koeltl <br><br> Related Case: 23-cv-06881-JGK-VF |

**DECLARATION OF THE PLAINTIFF -
PART OF RESPONSE TO DEFENDANT'S
MOTION TO DISMISS (ECF NO. 145)**

The *pro se* Plaintiff now corrects his error of failing to jointly docket the attached sworn statement to support the Plaintiff's RESPONSE TO THE FEFENDANT'S MOTION TO DISMISS, located at ECF no. 150 and duplicate document at ECF no. 152, when the motion was filed. Please see paragraph 40 in ECF no. 150/152 for the reference to this declaration.

Signed July 19, 2024 (7/19/2024)

*/s/ D. Swgt*

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

**CERTIFICATE OF SERVICE**

Copy of this pleading has been placed in the U.S. MAIL addressed to Jason Goodman, 252 7th Avenue, New York, N.Y. 10001 on July 19, 2024 (7/19/2024). Signed July 19, 2024 (7/19/2024)

*/s/ D. Swgt*

D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,
514 Americas Way, Box Elder, SD 57719

## DECLARATION OF THE PLAINTIFF
## PART OF RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS (ECF NO. 145)

**NOW COMES THE PRO SE PLAINTIFF** to provide this sworn statement to accompany the undersigned's motion papers (ECF no. 150 with duplicate mistakenly filed at 152) docketed in response to defendant's motion for reconsideration as described above.

1. In 1992 the undersigned docketed a qui tam False Claims Act (31 U.S.C. Sec. 3730) lawsuit in Dayton, Ohio, which was incorrectly placed on the public docket by the Clerk. Nevertheless, in 1992 the undersigned personally met with of Natalia M. Combs Greene, Senior Counsel, Trial Attorney for the U. S. Department of Justice, Fraud Section, Criminal Division, at the Kennedy Space Center, Florida. The purpose of this meeting was to discuss the *qui tam* lawsuit against Lemual Kinney pending in the Southern District of Ohio. This action was known as *United States ex. rel. Sweigert v. Electronic Systems Associates.*

2. The undersigned is not, and never has been, a N.I.H. (National Institute of Health) employee, contractor or agent. The undersigned has never received pecuniary benefits from N.I.H. of any kind.

3. The undersigned is not involved in any collaboration or communications with George Webb Sweigert. The undersigned has not spoken with George Webb Sweigert for years.

4. The undersigned has never spoken or communicated with Adam Sharp, President and C.E.O. of the Television EMMY Awards.

5. The undersigned has never coordinated a group of individuals in New York City to harass Jason Goodman in public. The undersigned is aware that Mr. Goodman has conducted extensive phone calls and e-mail message exchanges with YouTuber Manuel Chavez, III of Carson City, Nevada who apparently did publish a video recording while standing outside of Mr. Goodman

apartment complex in 2018. The undersigned has no personal connection with Manuel Chavez, III, aka "DEFANGO" as he is known in social media circles. The undersigned has never spoken to Manuel Chavez, III on the phone neither has the undersigned written to "DEFANGO" in e-mail messages.

6. The undersigned certifies that to the best his knowledge, information, and belief, and after he formed a claim and allegations after a reasonable inquiry under the circumstances, that (a) the claims and allegations are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (b) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (c) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (d) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

7. The undersigned has suffered severe damage to his personal reputation to the technical field of certified ethical hacking and the undersigned's reputation as a technical security infrastructure consultant.

8. The undersigned fears for his personal safety from "cyber mob" attacks that have been implied and pose a real legitimate threat in this era of pollical violence and assassination attempts.

9. The undersigned has tracked the language used by the Defendant that indicates a purposeful objective to associate the Plaintiff with a group of traitors that should be assassinated.

10. To this end, the undersigned has viewed video contact on YouTube.COM and Twitter.COM produced by Jason Goodman in joint podcasts with Internet sidekick John "Warren" Cullen and Longwood, Florida chiropractor Dr. Jason Dean, DC.

11. The undersigned has watched videos in which both Dean and Cullen (separately in joint broadcasts with Goodman) display an AR-15 assault rifle, which is the same weapon used by the alleged shooter of ex-President Donald John Trump in Pennsylvania.

12. Attached as an Exhibit is an accurate screen shot of both Dean and Cullen displaying AR-15 assault rifles on podcasts.

13. Also attached is a true copy of a Twitter (X) message by Jason Goodman announcing that he is fully aware of the ORDER issued at ECF no. 151 with the published deadline of July 30th, 2024 concerning the REPLY of the Defendant.

Sworn under penalties of perjury to be truthful. Signed July 19, 2024 (7/19/2024).

*D. Sgt*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719**

# EXHIBIT ONE

# JASON GOODMAN AND JOHN CULLEN



# EXHIBIT TWO

## JOHN CULLEN AND DR. JASON DEAN, DC OF LONGWOOD, FLORIDA





**EXHIBIT THREE**

**JASON GOODMAN AND DR. JASON DEAN, DC OF LONGWEOOD, FLORIDA**



# EXHIBIT FOUR

## JASON GOODMAN'S TWEET CONCERNING ORDER AT ECF. NO. 151



Case 1:23-cv-06881-JGK-VF   Document 128   Filed 07/16/24   Page 2 of 2

In this case, the defendant has consistently indicated a desire to litigate. The defendant filed a letter on October 18, 2023, ECF No. 28, just days after the amended complaint was served on the defendant on October 9 and 13, ECF Nos. 22, 24. Moreover, the defendant has indicated a desire to respond to the case on the merits by filing a motion to dismiss. ECF No. 145. The plaintiff, in turn, has sought an extension of time to respond to the motion to dismiss, ECF No. 147, and subsequently filed a corrected opposition to the motion to dismiss, ECF No. 150. Finally, the plaintiff has failed to demonstrate any prejudice. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) ("Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.")

For the foregoing reasons, the motion for a default judgment is **denied**. The time for the defendant to submit a reply in support of his motion to dismiss is **July 30, 2024**.

SO ORDERED.

Dated:  New York, New York
        July 16, 2024

                            John G. Koeltl
                            United States District Judge

---

**Crowdsource The Truth** ✓
@JG_CSTT

With all this huge news going on I forgot to tell everyone that @realGeorgeWebb1 's mentally ill, wife swapping, paperclip Nazi brother recently got a high and hearty **F#€KHUGH** from the SDNY. This is @FelixSater's judge. I like him so far. #Counterlawfare

Case 1:23-cv-06881-JGK-VF   Document 128   Filed 07/16/24   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. G. SWEIGERT,
                    Plaintiff,        23-cv-5875 (JGK)
                                      23-cv-6881 (JGK)
        - against -
                                      MEMORANDUM OPINION AND
JASON GOODMAN, ET AL.,                ORDER
                    Defendants.

JOHN G. KOELTL, District Judge:

The plaintiff moved for a default against the defendant for having failed to respond to the complaint despite several extensions of time to respond. ECF No. 141. For the following reasons, the motion for a default judgment is **denied**.

A prerequisite for a default judgment is a certificate of default from the Clerk that the plaintiff failed to obtain. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); see also Local Civ. R. 55.1.

"The circumscribed scope of the district court's discretion in the context of a default is a reflection of [the] oft-stated preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Furthermore, "as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." Id. at 96.

Case 1:23-cv-06881-JGK-VF   Document 128   Filed 07/16/24   Page 2 of 2