UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| D. G. Sweigert, | PRO SE |
|---|---|
| -against- | 23-cv-06881-JGK-VF |
| Jason Goodman, | Judge John G. Koeltl |
| | Related Case: 23-cv-05875-JGK-VF |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

In light of Defendant Goodman's recent affirmations about the operations of his "defunct" company, Multimedia System Design, Inc, the attached is provided for the Court's consideration as it contemplates the Defendant's motion to dismiss.

Signed August 17, 2024 (8/17/2024)   D. G. SWEIGERT PRO SE
PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

CERTIFICATE OF SERVICE

The undersigned's REQUEST FOR JUDICIAL NOTICE has been placed with the U.S. Postal Service and sent to: Jason Goodma, 252 7th Avenue, New York, N.Y. 10001

Signed August 17, 2024 (8/17/2024)   D. G. SWEIGERT PRO SE
PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>   *Plaintiff*,<br><br> v.<br><br>ADAM SHARP, TERRANCE O'REILLY, MARGARET ESQUENET, THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, AND ACADEMY OF TELEVISION ARTS & SCIENCES,<br><br>   *Defendants*. | 21-cv-10627 (VEC) |

**DECLARATION OF MARY KATE BRENNAN IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS**

I, Mary Kate Brennan, declare as follows:

  1.  I am an associate at Finnegan, Henderson, Farabow, Garrett & Dunner, LLP and am counsel for Defendants Margaret Esquenet and Academy of Academy of Television Arts & Sciences ("ATAS") in this action. The facts in this declaration are based on my personal knowledge. If called upon to do so, I would testify competently to the facts contained in this declaration.

  2.  A true and correct copy of a letter sent by Plaintiff Jason Goodman ("Goodman") to Defendant Terrance O'Reilly via email on December 5, 2021 is attached as Exhibit A.

  3.  A true and correct copy of a December 9, 2021 email from Goodman to Defendant Esquenet is attached as Exhibit B.

1

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct pursuant to 28 U.S.C. § 1746. This declaration was executed on February 18, 2022 in Washington, D.C.

*/s/ Mary Kate Brennan*

Mary Kate Brennan

# Exhibit A

Case 1:21-cv-05807-JGK-VF Document 241-65 Filed 02/8/24 Page 4 of 6

Dear Mr. O'Rielly,

On September 4, 2020, NATAS initiated a civil lawsuit against Multimedia System Design, Inc. for alleged trademark infringement and other things.

I am contacting you directly because I have no indication that you are personally represented by counsel, and because the I have information that raises the question of legal malpractice on the part of the Academy's counsel FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP ("Finnegan") and could implicate you personally as well as other board members in future civil and criminal action. If you are represented personally, please have your attorney contact me immediately so we may avoid involving you in any further legal action.

During my initial conversation with Margaret Esquenet in August 2020, I offered to remove the alleged infringement immediately at no cost. Despite this, the decision was made to sue anyway. In September 2021, the alleged infringement was removed by me. Only reproductions related to this action survive. https://www.hollywoodreporter.com/business/business-news/television-academy-sues-after-emmy-statuette-given-coronavirus-4055811/

Irrespective of any final judgement, there is no way MSD will be remunerating legal fees sought on behalf of the Academy. Even in the event of a default judgment, on appeal the Academy will fail to demonstrate that bringing this suit was in the financial best interest of the 501(c)(6). The lawsuit is little more than a campaign of personal destruction brought by Adam Sharp, an attempted cash grab by Finnegan or perhaps some combination of both of those things.

Laws that govern the actions of tax-exempt organizations differ from those of traditional for-profit corporations. Because the Academy is a 501(c)(6) tax exempt business association, its trustees and employees are legally bound to act only in accordance with its authorized purpose of furthering the technological and business development of the television broadcasting industry.

Pursuant to IRS Code and other applicable state and Federal laws, each trustee and all employees including CEO Adam Sharp are bound by the duty of care, the duty of obedience and the duty of loyalty to act only in the financial best interest of the 501(c)(6) and in furtherance of its organizational purposes as outlined in the articles of incorporation. Engagement in any actions outside this purpose is considered prohibited activity and put the tax-exempt status of the Academy at risk as well as exposing each of the trustees personally to civil and criminal liability.

It is my sincere hope that we can work together to mitigate any further damage and avoid new legal entanglements. This letter is intended to inform you as the Chairman of the Board that you must discontinue the lawsuit against MSD immediately to avoid new legal action that would

personally implicate you and the other trustees for failure to uphold your fiduciary obligations and gross negligence in ignoring the offer to remove the alleged infringement at no cost.

Finally, you may not be aware that Margaret Esquanet of Finnegan has deliberately misrepresented facts in the course of litigation, giving rise to a claim under New York Consolidated Laws, Judiciary Law - JUD § 487 which could enable the Academy to recover legal fees already paid.  Esquenet has claimed that Adam Sharp's in no longer a Democrat political operative as he has previously publicly stated, and his personal for-profit political constancy Sharp Things, LLC is inactive.  This is false.  In the attached amicus brief filed with the court, it is alleged that Sharp may have used his position as CEO of the Academy to inure himself and wrongfully enrich his privately-owned for-profit company.  The brief contains evidence from the Connecticut Secretary of State's office indicating the active status of Sharp's LLC.  JUD § 487 makes it a misdemeanor for an attorney to deliberately mislead the court and provides the injured party with a cause of action to recover treble damages.

I urge you to discontinue NATAS v MSD no later than Friday December 10, 2021.  I have no desire for further legal action but failure to withdraw the current suit would leave me no option.

Thank you for your kind attention.

Sincerely,

*[signature]*

Jason Goodman
CEO
Multimedia System Design, Inc.
truth@crowdsourcethetruth.org
(323) 744-7594