**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

D.G. SWEIGERT,

                    Plaintiff,                    23-cv-5875 (JGK)
                                                  23-cv-6881 (JGK)

        - against –

                                                  <u>MEMORANDUM OPINION AND</u>
JASON GOODMAN, ET AL.,                            <u>ORDER</u>

                    Defendants.

---

**JOHN G. KOELTL, District Judge:**

    This is one of many actions involving the plaintiff, David
George Sweigert, and the defendant, Jason Goodman. <u>See, e.g.,</u>
<u>Sweigert v. Goodman</u>, No. 18-cv-8653, 2021 WL 2678621, at *1
(S.D.N.Y. Jun. 30, 2021) ("[T]his action involves two pro se
litigants whose occupations appear to consist chiefly of
concocting outlandish conspiracy theories and accusing one
another of criminal conduct and other misbehavior on the
internet.").[1]

    In the two complaints presently before the Court, the
plaintiff alleges that Goodman published various uncharitable
statements about the plaintiff on the internet in violation of
various state and federal laws. <u>See generally</u> Am. Compl., Case
No. 23-cv-5875, ECF No. 13 ("5875 Amended Complaint" or "5875

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal
alterations, citations, footnotes, and quotation marks in quoted text.

1

Am. Compl."); Am. Compl., Case No. 23-cv-6881, ECF No. 12 ("6881 Amended Complaint" or "6881 Am. Compl.").

The defendant Goodman moves to dismiss the 5875 Amended Complaint and the 6881 Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Goodman further requests that the Court declare the plaintiff a vexatious litigant and impose a nationwide filing injunction on the plaintiff.[3]

For the following reasons, the motion to dismiss is **granted in part** and **denied in part,** and the motion for a nationwide filing injunction is **denied.**

### I.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is

---

[2] Goodman also invokes Rule 11, but there is no indication that the prerequisites of Rule 11 have been satisfied. See Fed. R. Civ. P. 11(c)(2).
[3] Goodman also moves the Court to consolidate case number 24-cv-2203 with case numbers 23-cv-5875 and 23-cv-6881 and consider the present motion to dismiss as brought against the complaints in all three consolidated cases. There is no operative complaint in case number 24-cv-2203, however, because the District Court for the Southern District of Indiana dismissed the complaint in that case before it transferred the case to this Court. See Case No. 24-cv-2203, ECF No. 45. Goodman's motion to consolidate is therefore **denied.**

legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

The Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (emphasis in original). However, the

3

"special solicitude in <u>pro se</u> cases has its limits," <u>Liverpool</u> <u>v. City of New York</u>, No. 19-cv-5527, 2020 WL 5995028, at *1 (S.D.N.Y. Oct. 9, 2020), and a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983). To state a claim that complies with Rule 8 of the Federal Rule of Civil Procedure, <u>pro se</u> pleadings must "make a short and plain statement showing that the pleader is entitled to relief," <u>Liverpool</u>, 2020 WL 5995028, at *1.

## II.

The plaintiff, acting <u>pro se</u>, brought case number 23-cv-5875 in this Court (the "5875 Action"). 5875 Action, ECF No. 1. The plaintiff then moved to consolidate the 5875 Action with case number 23-cv-6881 (the "6881 Action"), which was brought in the United States District Court for the Eastern District of Michigan, 6881 Action, ECF No. 1, and transferred to this Court, <u>id.</u> at ECF No. 32. The Court granted the plaintiff's motion to consolidate the two cases. 5875 Action, ECF No. 20; 6881 Action, ECF No. 34.

In the two amended complaints, the plaintiff rehashes a convoluted history of the defendant, an operator of a YouTube channel and other social media accounts, who in various online fora has name-called the plaintiff and accused him of committing wildly implausible acts. <u>See generally</u> 5875 Am. Compl.; 6881 Am.

4

Compl. On the basis of the defendant's facially ridiculous statements and uncharitable name-calling in online fora, the plaintiff seeks to impose civil liability on the defendant.

The plaintiff's claims against the defendant Goodman (and various companies that Goodman allegedly owns and operates) are as follows: (1) false advertising in violation of the Lanham Act, 11 U.S.C. § 1125(a), and the New York General Business Law § 350; (2) deceptive acts or practices in violation of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45(a); (3) defamation by implication; (4) trade libel; (5) reckless or intentional infliction of emotional distress; (6) misappropriation of publicity rights and public disclosure of private facts in violation of New York Civil Rights Law §§ 50 & 51; and (7) vicarious liability against various corporate entities allegedly owned by Goodman. See generally 5875 Am. Compl.; 6881 Am. Compl. In the 5875 Amended Complaint, the plaintiff also alleges that Goodman posted falsehoods about the plaintiff's late father in violation of Indiana state law. 5875 Am. Compl. ¶¶ 143-45.

In his complaints, the plaintiff claims he has "suffered the dilution of his career in the emergency medical services and the emergency management field as a direct result of" Goodman's actions. 5875 Am. Compl. ¶ 41; 6881 Am. Compl. ¶ 21. The plaintiff also claims that his "professional reputation and

business opportunities in the field of cyber emergency response have all but been destroyed by Goodman's fraudulent transmission of his hoax news videos that accuse the [p]laintiff of criminal activities." 5875 Am. Compl. ¶ 41; 6881 Am. Compl. ¶ 23. The plaintiff further pleads that Goodman's privacy and intentional torts caused him unspecified harm. See 5875 Am. Compl. ¶¶ 41, 85, 146-47; 6881 Am. Compl. ¶¶ 23, 56, 64, 117-19. Both complaints allege that the plaintiff suffered "damages in excess of $75,001.00 USD." 5875 Am. Compl. at 1; 6881 Am. Compl. at 1.

### III.

### A.

Sweigert's Lanham Act and FTC Act claims are entirely implausible. The Lanham Act provides a cause of action to commercial competitors, not to consumers. POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 108 (2014). Because the plaintiff fails to "allege an injury to a commercial interest in reputation or sales" caused by trademark-based confusion, he cannot invoke the Lanham Act's private right of action. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 131-32 (2014). And "there is no private right of action under the FTC Act." Fed. Trade Comm'n v. Walmart Inc., 664 F. Supp. 3d 808, 832 (N.D. Ill. 2023) (collecting cases). Accordingly, the plaintiff's Lanham Act and FTC Act claims must be **dismissed.**

**B.**

Sweigert claims that Goodman violated section 350 of the New York General Business Law ("NYGBL"), which prohibits false advertising. 5875 Am. Compl. ¶¶ 110-19. But the plaintiff lacks standing to bring any claim against Goodman under section 350 because he has not alleged an injury in fact.

Article III standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). "The party invoking federal jurisdiction bears the burden of establishing" the elements of Article III standing. Id. at 561. "[I]n order to have Article III standing, a plaintiff must adequately establish [as the first element] an injury in fact." Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273—74 (2008). To meet the injury-in-fact requirement, a plaintiff must allege that he suffered "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560. "A concrete injury must be de facto; that is, it must actually exist." Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016).

The plaintiff alleges that Goodman is deceiving "the consuming public in New York to provide credit card donations" to Goodman's companies under the false guise that Goodman's companies are reliable fact-checking engines. See 5875 Am.

7

Compl. ¶¶ 110-19. But Sweigert does not allege that he was ever duped by Goodman's allegedly false advertising into paying any amount of money to Goodman or any of his businesses. Because Sweigert does not allege that Goodman's deceptive advertising inflicted a concrete injury on him, he has not adequately pleaded an injury in fact. See Spokeo, 578 U.S. at 340. Sweigert therefore lacks Article III standing to bring any claim under NYGBL § 350 against Goodman. See id.

Similarly, Sweigert alleges that Goodman has violated NYGBL § 349, which prohibits deceptive acts and practices. 5875 Am. Compl. ¶¶ 120-123. Sweigert alleges that Goodman has operated social media accounts to process fraudulent and unauthorized transactions to consumers' credit card accounts. Id. But Sweigert never alleges that he has been duped by any of these activities. Therefore, Sweigert lacks standing to bring any claim against Goodman for an alleged violation of NYGBL § 349. See Spokeo, 578 U.S. at 340.

### c.

Sweigert attempts to allege defamation and trade-libel claims against Goodman under New York law. See, e.g., 5875 Am. Compl. ¶¶ 48, 105-09, 124-34; 6881 Am. Compl. ¶¶ 84-88; 103-13. The alleged defamatory statements about the plaintiff concern three main topics. The plaintiff alleges that Goodman: (1) called the plaintiff "Stupid Mario Luigi" and similar names,

8

see, e.g., id. ¶ 48; (2) accused the plaintiff of being engaged
in a criminal conspiracy or other general "criminal conduct,"
see, e.g., id. ¶¶ 33, 106; and (3) accused the plaintiff of
conspiring with various federal-government officials and
employees to hack federal court servers and upload forged court
documents, see, e.g., 6881 Am. Compl. ¶ 58. The plaintiff's
trade-libel claims rely on the same alleged statements. See 5875
Am. Compl. ¶¶ 105-09; 6881 Am. Compl. ¶¶ 84-88.

1.

As a threshold matter, the plaintiff's complaints do not
set forth "a short and plain statement" of his defamation and
trade-libel claims. See Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) of
the Federal Rules of Civil Procedure provides that a complaint
"shall contain . . . a short and plain statement of the claim
showing that the pleader is entitled to relief." Fed. R. Civ. P.
8(a)(2). "The statement should be plain because the principal
function of pleadings under the Federal Rules is to give the
adverse party fair notice of the claim asserted so as to enable
him to answer and prepare for trial." Salahuddin v. Cuomo, 861
F.2d 40, 42 (2d Cir. 1988). "The statement should be short
because unnecessary prolixity in a pleading places an
unjustified burden on the court and the party who must respond
to it because they are forced to select the relevant material
from a mass of verbiage." Id. "When a complaint does not comply

9

with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, see Fed. R. Civ. P. 12(f), or to dismiss the complaint." Id.

The plaintiff's defamation and trade-libel claims are "confused, ambiguous, vague, or otherwise unintelligible." See Salahuddin, 861 F.2d at 42. Because the plaintiff's allegations are sprawling, ill-defined as to time and place, and vague as to defamatory meaning, their "true substance, if any, is well disguised." See id. Accordingly, the plaintiff's defamation and trade-libel claims must be **dismissed** for failure to comply with Rule 8(a)(2). See id.

**2.**

Moreover, the defamatory statements alleged by the plaintiff do not state any plausible claim to relief under Rules 8(a)(2) and 12(b)(6). "Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." Idema v. Wager, 120 F. Supp. 2d 361, 365 (S.D.N.Y.2000). "Under New York law, a plaintiff must establish five elements to recover in libel: (1) a written defamatory statement of fact concerning the plaintiff; (2) publication to a third party; (3) fault (either negligence or actual malice depending on the status of the libeled party); (4)

10

falsity of the defamatory statement; and (5) special damages or
per se actionability (defamatory on its face)." Celle v.
Filipino Reporter Enters. Inc., 209 F.3d 163, 176 (2d Cir.
2000). A defamatory statement is one that exposes the plaintiff
"to public hatred, shame, obloquy, contumely, odium, contempt,
ridicule, aversion, ostracism, degradation, or disgrace, or . .
. induces an evil opinion of one in the minds of right-thinking
persons, and . . . deprives one of . . . confidence and friendly
intercourse in society.'" Karedes v. Ackerley Group, Inc., 423
F.3d 107, 113 (2d Cir.2005). "Whether particular words are
defamatory presents a legal question to be resolved by the
court[s] in the first instance." Celle, 209 F.3d at 177.

The plaintiff fails to state a claim with respect to the
first category of statements calling the plaintiff "Stupid Mario
Luigi" and the like because "he failed to allege that the
statements at issue were defamatory." LaNasa v. Stiene, ---F.
Supp. 3d----, 2024 WL 1648001, at *7 (E.D.N.Y. 2024) (appeal
filed). Such "alleged statements are insults" that "lack
objective truth value." Id. Accordingly, the plaintiff's
allegations that "amount to no more than name-calling or general
insults"—like Stupid Mario Luigi—"are not defamation." Id.
(quoting Klepetko v. Reisman, 839 N.Y.S.2d 101, 102 (App. Div.
2007)).

The second category of alleged statements accusing Sweigert of being engaged in an unspecified criminal conspiracy or general criminal conduct also fails to state a defamation claim. "A vague suggestion of criminality cannot be a basis for a defamation claim." Rosa v. Eaton, No. 23 Civ. 6087, 2024 WL 3161853, at *3 (S.D.N.Y. June 25, 2024) (collecting cases). And the context of Goodman's alleged statements lends further support to this determination. Id. at *4. Goodman allegedly posted statements vaguely suggesting the plaintiff's criminality to various online fora, such as Twitter (now X) and Youtube. See, e.g., 6881 Am. Compl. ¶ 37. "Online fora . . . are informal, unedited, and typically regarded as fora for stating opinions," rather than facts. Rosa, 2024 WL 3161853, at *4. While the law does not immunize online statements from liability for defamation, the average reader viewing Goodman's statements would view his posts and videos as reflective of his opinions, see id., or indeed, as "illogical online conspiracy theories," see Sweigert v. Goodman, No. 18-cv-8653, 2019 WL 11662227, at *1 (S.D.N.Y. Aug. 20, 2019). Such illogical online conspiracy theories are "non-actionable opinion[s] incapable of being proven false." Sweigert v. Goodman, No. 18-cv-8653, 2022 WL 168080, at *4 (S.D.N.Y. Jan. 19, 2022).

The remainder of the plaintiff's allegations fail to state a claim for defamation because his allegations do not render

plausible special damages or defamation per se, either at all or
with sufficient particularity. Addressing each in turn, special
damages means the "loss of something having economic or
pecuniary value." Berland v. Chi, 38 N.Y.S.3d 57, 59 (App. Div.
2016). Special damages "must be fully and accurately stated,
with sufficient particularity to identify actual losses." Celle,
209 F.3d at 179. The plaintiff's general allegations that he
suffered professional and financial harm fall well short of that
bar and thus fail to allege special damages. See id. He also
alleges that he suffered "angst, anxiety, sleep disturbances and
concern," 5875 Am. Compl. ¶ 104; 6881 Am. Compl. ¶ 83, but such
a "claim of emotional distress" is "insufficient to allege
special damages." See Berland, 38 N.Y.S.3d at 59.

     As relevant here, a plaintiff alleges defamation per se if
the false statement of fact (i) "tends to injure [the plaintiff]
in his or her trade, business or profession." Fuji Photo Film
U.S.A., Inc. v. McNulty, 669 F.Supp.2d 405, 411 (S.D.N.Y. 2009),
or (ii) "charg[es] [the] plaintiff with a serious crime,"
Thorsen v. Sons of Norway, 996 F. Supp. 2d 143, 165 (E.D.N.Y.
2014). In this case, the plaintiff admits that he "is not a
professional hacker," 6881 Am. Compl. ¶ 128, and otherwise fails
to allege any plausible harm to his trade, business, or
profession caused by Goodman's statements. And many of the
alleged statements merely suggest vague criminality, which is

insufficient to allege defamation per se. See Rosa, 2024 WL
3161853, at *3. Accordingly, the plaintiff fails to allege
plausibly that such alleged statements were defamatory per se
under New York law. See LaNasa, 2024 WL 1648001, at *7.

The third category of alleged statements requires further
discussion. The complaints allege that Goodman made statements
in online fora, in documents filed in Michigan federal court,
and to Michigan law enforcement officials, that accused the
plaintiff of hacking federal-court servers and conspiring with a
Michigan law clerk to file fraudulent documents on the Michigan
federal court's docket. See 5875 Am. Compl. ¶ 19; 6881 Am.
Compl. ¶¶ 11, 25, 26, 37, 45-50, 53, 57-58, 60-62, 106. These
alleged statements accused the plaintiff of violating federal
criminal laws, see, e.g., 18 U.S.C. § 1030, and thus may be
defamatory per se. See Erdman v. Victor, No. 20 Civ. 4162, 2021
WL 5359660, at *3 (S.D.N.Y. Nov. 17, 2021).

The third category of alleged statements nevertheless merit
dismissal. The plaintiff's prolix allegations fail to set forth
a "short and plain statement" of his claim as required under
Rule 8(a)(2). The disorganized and meandering complaints
"place[] an unjustified burden on the court and the party who
must respond to it because they are forced to select the
relevant material from a mass of verbiage." Salahuddin, 861 F.2d
at 42. If the plaintiff wishes to pursue these defamation claims

in federal court, he must comply with Rule 8(a)(2)'s pleading standard. Id. Moreover, the plaintiff's disorganized and diffuse allegations fail to plead his defamation claims with sufficient particularity for the Court to be able to determine whether they can survive a motion to dismiss. Accordingly, the defamation claims must be **dismissed without prejudice.**

**3.**

As for trade libel, the plaintiff's claims rely on the same statements and alleged harm that form the basis for his defamation claims. Therefore, his trade-libel claims must be dismissed as duplicative of his defamation claims. See Hengjun Chao v. Mount Sinai Hosp., 476 Fed. Appx. 892, 895 (2d Cir.2012) (summary order) (holding that the "district court correctly dismissed [the plaintiff's] other tort claims as duplicative of his defamation claim" where "the factual allegations underlying [those] . . . claims [were] virtually identical to the facts underlying his defamation claim" and "the harms that [the plaintiff] contend[ed] he suffered as a result of the[] other torts . . . all flow[ed] from the effect on his reputation caused by defendants' allegedly defamatory statements").

Moreover, under New York law, "[t]rade libel or product disparagement is an action to recover for words or conduct which tend to disparage or negatively reflect upon the condition, value or quality of a product or property." Angio-Med. Corp. v.

Eli Lilly & Co., 720 F. Supp. 269, 274 (S.D.N.Y. 1989). The
plaintiff does not allege that any of Goodman's allegedly false
statements (including the ones that charged the plaintiff with
an alleged crime) reflected negatively on the condition, value,
or quality of any product or property that the plaintiff owned
or offered for sale. Therefore, the complaints fail to plead a
prima facie claim for trade libel.

### D.

Sweigert's next claim is that Goodman intentionally or
recklessly inflicted emotional distress on him. 5875 Am. Compl.
¶¶ 102-104; 6881 Am. Compl. ¶¶ 81-83. Intentional or reckless
infliction of emotional distress occurs when the defendant (i)
engages in "extreme and outrageous" conduct (ii) with the intent
to cause, or with disregard of a substantial probability of
causing, the plaintiff severe emotional distress (iii) and does
in fact cause the plaintiff (iv) severe emotional distress.
Chanko v. ABC Inc., 49 N.E.3d 1171, 1178 (N.Y. 2016). This claim
is "highly disfavored" and only to be used "as a last resort."
Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 158 (2d Cir.
2014). Because the tort is so vaguely defined, New York courts
guard against its overuse by interpreting the "extreme and
outrageous" standard strictly. Howell v. N.Y. Post Co., 612
N.E.2d 699, 702 (N.Y. 1993); see Chanko, 49 N.E.3d at 1179
(noting that the New York Court of Appeals found that standard

unmet in every case up to that point in which that court had considered it).

The plaintiff fails to state an intentional or reckless infliction of emotional distress claim because his allegations against Goodman do not describe extreme and outrageous conduct. Defamatory statements generally cannot form the basis of an emotional distress claim. Coleman v. Grand, 523 F. Supp. 3d 244, 267 (E.D.N.Y. 2021). Goodman's alleged statements about the plaintiff, though crass, fall below the "exceedingly high bar" for what constitutes "extreme and outrageous" conduct under New York law. See id. Accordingly, the plaintiff has failed to state a claim for intentional or reckless infliction of emotional distress.

**E.**

Sweigert next alleges that Goodman publicly disclosed private facts about him in violation of New York law. 5875 Am. Compl. ¶¶ 92-101; 6881 Am. Compl. ¶¶ 71-80.

But "New York does not recognize a common-law right of privacy." Messenger ex rel. Messenger v. Gruner + Jahr Printing & Pub., 727 N.E.2d 549, 551 (N.Y. 2000). Because there is no common-law privacy right under New York law, the plaintiff cannot state a claim for relief based on Goodman's alleged public disclosure of private facts.

**F.**

Sweigert also alleges that Goodman misappropriated his publicity rights in violation of New York Civil Rights Law ("NYCRL") §§ 50 & 51. 5875 Am. Compl. ¶¶ 84-91; 6881 Am. Compl. ¶¶ 63-70.

By enacting sections 50 and 51 of the NYCRL, the New York legislature sought to "provide a limited statutory right of privacy." Messenger, 727 N.E.2d at 551. To prevail on a claim pursuant to NYCRL §§ 50 and 51, a plaintiff must show that the defendant: "(1) use[d] of plaintiff's name, portrait, picture or voice (2) for advertising purposes or for the purposes of trade (3) without consent and (4) within the state of New York." Hoepker v. Kruger, 200 F. Supp. 2d 340, 348 (S.D.N.Y. 2002). "Advertising purposes has been defined as use in, or as part of, an advertisement or solicitation for patronage of a particular product or service, and trade purposes involves use which would draw trade to the firm." Mason v. Jews for Jesus, No. 06-CV-6433, 2006 WL 3230279, at *3 (S.D.N.Y. Nov. 8, 2006). Courts construe the advertising or trade purposes requirement narrowly. Finger v. Omni Publ'ns Int'l, Ltd., 566 N.E.2d 141, 143 (N.Y. 1990). "The advertising purposes prong of [NYCRL §§ 50-51] is not violated where the use of plaintiff's name is not designed primarily to solicit purchasers for [the] defendant's products."

Herink v. Harper & Row Publishers, 607 F. Supp. 657, 659
(S.D.N.Y. 1985).

The plaintiff alleges that Goodman used the plaintiff's
"name, photograph, picture, portrait and/or likeness" in order
to "advertise, solicit, and promote [his] business" and
ultimately induce viewers to pay to view Goodman's content on
various internet platforms. 5875 Am. Compl. ¶¶ 85, 87-89; 6881
Am. Compl. ¶¶ 64-68. Accordingly, the complaints state a
plausible claim under NYCRL §§ 50 and 51.

**G.**

Invoking respondeat superior liability, Sweigert also seeks
to hold various companies allegedly owned by Goodman vicariously
liable for Goodman's actions. 5875 Am. Compl. ¶¶ 135-137; 6881
Am. Compl. ¶¶ 114-16. But "[t]he doctrine of respondeat superior
renders an employer vicariously liable for torts committed by an
employee acting within the scope of the employment." Judith M.
v. Sisters of Charity Hosp., 715 N.E.2d 95, 96 (N.Y. 1999).
Because the complaints do not allege that Goodman is an employee
or agent of any of the companies that the plaintiff seeks to
hold vicariously liable, the doctrine of respondeat superior is
inapplicable in this case. See id.

**H.**

Sweigert also fails to allege plausibly any violation of
Indiana Code § 32-36-1-8 (2019), which proscribes the use of "an

19

aspect of a personality's right of publicity for a commercial purpose during the personality's lifetime or for one hundred (100) years" thereafter without written consent. Under that section, "[i]f a personality is deceased," "a claim for a violation of a personality's right of publicity may not be asserted . . . unless the alleged act or event of violation occurs within Indiana." § 32-36-1-8(a)(3).

The plaintiff claims that Goodman created a Twitter (now X) profile in order to "disgrace the military service of George H. Sweigert," the plaintiff's father. 5875 Am. Compl. ¶¶ 143-45. But the plaintiff fails to allege how Goodman is using George H. Sweigert's publicity rights "for a commercial purpose," as required to state a claim under § 32-36-1-8. Nor does he allege any "act or event of violation [that] occur[ed] within Indiana," as required to enforce a deceased personality's rights under § 32-36-1-8(a)(3). Sweigert's Indiana state law claims must therefore be **dismissed.**

### IV.

The defendant Goodman requests further relief from the Court: a nationwide filing injunction restricting Sweigert from filing any new cases against Goodman. While Sweigert has filed numerous unsuccessful lawsuits against various defendants, Sweigert has filed relatively few against Goodman, and the two present complaints have survived a motion to dismiss, although

barely. And in another case brought by the plaintiff against
Goodman in this District, the plaintiff's defamation claims
concerning two statements made by Goodman and the plaintiff's
claims under NYCRL sections 50 and 51 survived summary judgment.
See Sweigert, 2022 WL 168080, at *9. Therefore, the motion for
an injunction against the plaintiff to prevent him from filing
other litigation is **denied without prejudice** at this time.

But it is plain that to accomplish the purpose of Rule 1—
"to secure the just, speedy, and inexpensive determination of
every action and proceeding"—the present two litigations will
require careful monitoring by this Court and the Magistrate
Judge to whom they are assigned for general pre-trial purposes.
See Fed. R. Civ. P. 1. These two litigations have only reached
the motion to dismiss stage, but the 5875 Action has generated
168 docket entries and the 6881 Action has generated 143 docket
entries.

## CONCLUSION

The Court has considered all of the arguments raised by the
parties. To the extent not specifically addressed, the arguments
are either moot or without merit.

The defendant's motion to dismiss the plaintiff's Lanham
Act and FTC Act claims is granted and those claims are **dismissed
with prejudice**.

21

The defendant Goodman's motion to dismiss the plaintiff's claims pursuant to NYCRL §§ 50 and 51 is **denied.**

The motion to dismiss the remaining claims is **granted** and those claims are **dismissed without prejudice** to the ability of the plaintiff to file an amended complaint that resolves the deficiencies in the current complaints.

If the plaintiff wishes to file a second amended complaint, the plaintiff must file a motion to amend, attaching a copy of the proposed consolidated second amended complaint for both the 5875 and 6881 Actions, and explaining how the proposed amendments solve the deficiencies noted in this opinion. The motion to amend and all accompanying materials **must not exceed fifteen double spaced pages**, excluding the attached proposed consolidated second amended complaint. The motion to amend must be filed by **October 30, 2024.** The defendants may respond in a filing **not to exceed fifteen double spaced pages** by **November 21, 2024.** The plaintiff may reply in a filing **not to exceed eight double spaced pages** by **December 6, 2024.**

No other filings are authorized until this Court or Magistrate Judge Figueredo issues a decision on the plaintiff's anticipated motion to amend, or if the plaintiff does not file such a motion, until the time for the plaintiff to file the motion has passed.

If the plaintiff does not move to file an amended complaint by **October 30, 2024,** the plaintiff's remaining claims will be dismissed with prejudice in both the 5875 Action and the 6881 Action.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated: New York, New York
October 11, 2024

John G. Koeltl
United States District Judge