**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**D. G. Sweigert,**

**Plaintiff**                                                           **PRO SE**

         **Versus**                                                 **23-cv-5875-JGK**

**Jason Goodman,**                                        **John G. Koeltl, presiding**

**Defendants**

### NOTICE OF MOTION AND MEMORANDUM OF LAW PURSUANT TO FRCP RULE 59(e) TO AMEND ORDER ECF 170

### NOTICE OF MOTION

This pleading is responsive to this Court's Order docketed as ECF no. 170 pursuant to Federal

Rule of Civil Procedure 59(e).

**D. G. SWEIGERT, C/O, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**
Spoliation-notice@mailbox.org
**11/10/2024**

### CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been mailed to
YouTuber Jason Goodman at 252 7th Avenue, Apt S6, New York, NY 10001.

Respectfully,        Signed this November 10th, 2024 (11/10/2024).

                        **D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,**
                        **514 Americas Way, Box Elder, SD 57719**

1

**TABLE OF CONTENTS**

LIST OF AUTHORITIES..................................................................................................3

NOTICE OF MOTION TO AMEND.............................................................................5

MEMORANDUM OF LAW ...........................................................................................5

LEGAL JUSTIFICATION FOR THIS MOTION ......................................................5

**NEW EVIDENCE**........................................................................................................7

**MANIFEST INJUSTICE** ..........................................................................................14

PRAYER AND SUMMARY.........................................................................................15

# LIST OF AUTHORITIES

## Cases

21-cv-10878-AT-JLC Document 159 Filed 03/14/23 Page 6 of 20............................................8

*Atkinson v. Middlesex Cnty., 610 Fed.Appx.* 109, 112 (3d Cir 2015) ..........................................4

*Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)....................................................................11

*Erdman v. Victor*, No. 20 Civ. 4162, 2021 WL 5359660, at *3 (S.D.N.Y. Nov. 17, 2021).........14

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) ............................................................................4

*Goodman v. Bouzy et al*, 21-cv-10878-AT-JLC, filed 12/19/21 ....................................................8

*Goodman v. Sharp et al*, 21-cv-10627-VEC, filed 12/13/21 .........................................................8

*Goodman v. The City of New York et al*, 23-cv-09648-JGLC-GWG, filed 10/31/23 ..................8

*Greene v. Virgin Islands Water & Power Auth., Civ.* Action No. 06-11, 2012 WL4755061, at *2
   (D.VL Oct. 5, 2012) ...................................................................................................................5

*Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) .......................11

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980).........................................................................................11

*Katz v. Berisford Int's PLC*, 2000 WL 1760965 at *5 (S.D.NY Nov. 30, 2000).........................5

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir.
   2013) ..........................................................................................................................................5

*McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)..........................................................11

*Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008)............11

*Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir. 1989)...................................................................11

*Rose v. Alternative Ins. Works, LLC*, Civ. Action No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007) ................................................................................................5

*Rupert v. Krautheimer (In re Krautheimer),* 210 B.R. 37, 41-42 (Bankr. S.D.N.Y. 1997)........11

*Sweigert v. Goodman*, 23-cv-5875 (JGK), 14 (S.D.N.Y. Oct. 11, 2024) ...................................14

*Sweigert v. Goodman,* No. 18-CV-8653 (VEC) ..........................................................................6

*Tenn. Prot. & Advocacy, Inc. v. Wells,* 371 F.3d 342, 348 (6th Cir.2004)...................................5

*Tsipouras v. W&M Props., Inc.*, 9 F.Supp.2d 365, 368 (S.D.N.Y. 1998 ......................................9

*Wells Fargo Fin. Inc. v. Fernandez,* 2001 WL 345226, *1 (S.D.N.Y. Apr. 9. 2001)...................5

*Wells Fargo*, 2001 WL 345226 at *1 .............................................................................................5

**Rules**

Rule 59(e).......................................................................................................................................5

## NOTICE OF MOTION TO AMEND

### Pursuant to Federal Rule of Civil Procedure 59(e) the *Pro Se* Plaintiff files this

## MEMORANDUM OF LAW

### LEGAL JUSTIFICATION FOR THIS MOTION

1.      There is an alleged discrepancy in the procedural history of this legal action (cv-6881) when compared with its twin (cv-5875).  To justify judicial review the Court should consider the docket entries for case no. 23-cv-5875 shown below.

| | |
|---|---|
| **10/28/2024**<br><br>**174**<br><br>**(149)** | LETTER addressed to Magistrate Judge Valerie Figueredo from D.G. Sweigert dated **10/28/2024** re: REQUEST for extension of deadline to file Motion to Amend. Document filed by D. G. Sweigert, D.G. Sweigert. (jjc) (Entered: 11/01/2024) [Attached as Exhibit] |
| **10/31/2024**<br><br>**170**<br><br>**(145)** | …  SO ORDERED (Signed by Judge John G. Koeltl on **10/31/2024**) Filed In Associated Cases: 1:23-cv-05875-JGK-VF, 1:23-cv-06881-JGK-VF (ks) Transmission to Orders and Judgments Clerk for processing. (Entered: 10/31/2024) |
| **11/08/2024**<br>**178** | ORDER with respect to 174 Letter Motion for Extension of Time to Amend ; with respect to 177 Letter Motion for Leave to File Document. A telephone conference is hereby scheduled for Wednesday, December 18, 2024 at 3 p.m. to address the issues raised at ECF Nos. 174 and 177. Counsel for the parties are directed tocall Judge Figueredo's Teams conference line at the scheduled time. Please call (646) 453-4442; access code [196458036#]. SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 11/8/2024) (sgz) (Entered: 11/08/2024) |
| **11/08/2024** | Set/Reset Hearings: Telephone Conference set for 12/18/2024 at 03:00 PM before Magistrate Judge Valerie Figueredo. (sgz) (Entered: 11/08/2024) |

2.    Docket 171 (cv-5875), Plaintiff's letter to the magistrate judge dated 10/28/2024, was not properly reviewed by the presiding judge prior to the issuance of Order ECF 170 (cv-5875) that dismissed this legal action.

3.    Therefore, in the interests of justice, plaintiff moves for reconsideration of said Order (ECF 170) based on Rule 59(e) which allows a party to seek relief from a judgment. *Atkinson v. Middlesex Cnty., 610 Fed.Appx*. 109, 112 (3d Cir 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)) and Rule 59(e). The decision whether to grant a Rule 59(e) motion is within the sound discretion of the district court. *Wells Fargo Fin. Inc. v. Fernandez,* 2001 WL 345226, *1 (S.D.N.Y. Apr. 9. 2001)."Alteration or amendment of a prior decision is warranted only where controlling law has changed, new evidence is available, and/or clear error must be corrected or manifest injustice prevented. "*Katz v. Berisford Int's PLC*, 2000 WL 1760965 at *5 (S.D.NY Nov. 30, 2000).

4.    Plaintiff is not rearguing, but rather requesting the Court to apply the proper legal standard.  "The standard for granting a Rule 59(e) motion is strict and reconsideration is generally denied as a Rule 59(e) motion is not a vehicle for re argument or asserting arguments that could and should have been made before judgment issued." *Wells Fargo*, 2001 WL 345226 at *1 .

5.    Plaintiff also moves for reconsideration under Rule 59(e) as it would prevent manifest injustice, based on "the need to correct clear or manifest error in law or fact, to prevent manifest injustice. Manifest injustice [generally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Rose v. Alternative Ins. Works, LLC*, Civ. Action No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007). Manifest injustice has also been held to occur where there is" 'an error in the trial court that is direct, obvious, and

observable, '" *Greene v. Virgin Islands Water & Power Auth., Civ*. Action No. 06-11, 2012 WL4755061, at *2 (D.VL Oct. 5, 2012) (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells,* 371 F.3d 342, 348 (6th Cir.2004). see Bradley, 416 US. at 711, 94 S.Ct. at 2016

6.      A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)

**NEW EVIDENCE**

7.      Since the time of said Order (ECF 170), the defendant has embedded the plaintiff's image as an integral part of his overall social media programming.  For several years[1] the non-revenue social media advertisements have consistently featured the likeness and description of the plaintiff with defamatory commentary.  Through years and hundreds of podcasts the plaintiff's image has become inextricably intertwined with the content of Crowdsource the Truth (CSTT) itself and its solicitations for patrons.  CSTT, as the Internet knows it, would be a fraction of its current state without the plaintiff as it's hate object.

---

[1] *Sweigert v. Goodman,* No. 18-CV-8653 (VEC)











8.      The defendant thrives on using the plaintiff as a hate figure for his group of sycophants, just like his political opposition colleagues.  The defendant does not hide his relationships with political extremists like Roger Stone, Dr Jerome Corsi (PhD) and disbarred attorney Larry Klayman, etc.  The defendant has been well educated by this Army of social media guerrilla warfare agents.  Creating hate figures that will receive constant, never ending, open-ended smear campaigns that attempt to destroy every aspect of the target's life is their specialty.  The defendant included.

9.      The defendant, an avowed "NAZI hunter", has broadcasted between 40 and 60 explicit

social media (SM) statements that the plaintiff is a (1) "mentally ill wife swapping Operation

Paperclip NAZI" (2) "the son of a NAZI war criminal (Operation Paperclip NAZI)" that has (3)

conspired with the clerk of the court[2] in the Eastern District of Michigan to docket forged legal

pleadings (as defendant reported to the Detroit Police Department and local office of the Federal

Bureau of Investigation[3], etc.).

10.     The courts provide decent people protection from such thug[4] "self-described

professional journalists[5]".  These brutes (defendant and "close" friend (rumored lover) John

Collen aka John E. Hoover)) moan about religious persecution by an organization of NAZI

Operation Paperclip U.S. Government agents[6], which makes a mockery out of real antisemitic

---

[2]2 "His proposed Third Amended Complaint – which, remarkably, now names as a co-defendant
the pro se case administrator for the Clerk of the U.S. District Court for the Eastern District of
Michigan" Case 1:21-cv-10878-AT-JLC Document 159 Filed 03/14/23 Page 6 of 20
[3] SDNY actions: *Goodman v. Sharp et al*, 21-cv-10627-VEC, filed 12/13/21; *Goodman v.
Bouzy et al*, 21-cv-10878-AT-JLC, filed 12/19/21, *Goodman v. The City of New York et al*, 23-
cv-09648-JGLC-GWG, filed 10/31/23.
[4] Defendant admits relationship Sean Combs "P DIDDY" held in custody in Hollywood,
California.
[5] "Professional journalist" as defined in New York State Civil Rights Law sec. 79-h(a)(6) (
https://codes.findlaw.com/ny/civil-rights-law/cvr-sect-79-h.html ) See: "Professional journalist"
shall mean one who, for gain or livelihood, is engaged in gathering, preparing, collecting,
writing, editing, filming, taping or photographing of news intended for a newspaper, magazine,
news agency, press association or wire service or other professional medium or agency which
has as one of its regular functions the processing and researching of news intended for
dissemination to the public;  such person shall be someone performing said function either as a
regular employee or as one otherwise professionally affiliated for gain or livelihood with such
medium of communication." See *Tsipouras v. W&M Props., Inc.*, 9 F.Supp.2d 365, 368
(S.D.N.Y. 1998)
[6] "Operation Paperclip was a secret United States intelligence program in which more than 1,600
German scientists, engineers, and technicians were taken from former Nazi Germany to the U.S.
for government employment after the end of World War II in Europe, between 1945 and 1959.
Most were former members and leaders of the Nazi Party."
https://en.wikipedia.org/wiki/Operation_Paperclip

attacks.  This mythical James Bond type of SPECTRE group has a hierarchy, paid agents,

planning sessions, etc. which persecutes NAZI hunters like the defendant.

11.     Accusing the plaintiff, and his father, of being members of the organized Nazi Operation

Paperclip group is akin to stating the plaintiff is a member of the Ku Klux Klan.  This is exactly

what the defendant has done by re-purposing the narrative of the real Nazi Paperclip Operation

for his purposes.  As the email below clearly demonstrates, the defendant has not one shred of

evidence that the plaintiff, or his father, had any associations with the organized group of

participants in the Operation Paperclip Nazi technology transfer program.


> > On 11/20/2023 5:08 PM PST Jason Goodman **<jason@21stcentury3d.com>** wrote:

> >

> >

> > How do you get away with committing mail fraud and forging documents in court if you
aren't working for the federal government? Who do you think you are? You are pathetic
occupying your worthless life in your quest to fuck up mine. What kind of noble mission do
you believe you are on destroying the constitution and the country? Only a nazi or a
psychopath would want to do that. That's why I'm convinced your schizophrenic father who
so enjoyed punching you the face was part of operation paperclip. No Sweigert was ever any
hero of any kind. Each of you are despicable, vile traitors who deserve to be in prison or
better yet at the gallows.

> >


12.     There is no end in sight for this toxic thug journalism enticing the public via non-

revenue producing YouTube/Twitter channels (stage one) to the privatized "Crowdsource the

Truth (CSTT)" livestream party platforms (stage two), whose patrons are attracted by such

sensationalized sham antisemitic cries of organized NAZI persecution.  The defendant thus

owes a sizeable portion of his livelihood to the plaintiff, the featured attraction in CSTT

interactive private NAZI party livestreams.  See the Port of Charleston "dirty bomb hoax" to see the power of the livestream, which can create a fever pitch of hysteria[7].

13.      On at least 40 to 60 occasions the defendant has claimed on public social media fora that he has the juiciest dirt[8] on the NAZI plaintiff (stage one – advertising phase) for those who pay the credit card fee (stage two – cover-charge phase) for entrance to defendant's analogous exotic dancer strip club.  Worse, the defendant indicted the plaintiff in one of his sham quasi-legal sounding *Citizen Grand Jury* hearings with disbarred attorney Larry Klayman.

## FAILURE TO CONSIDER ADEQUATE NOTICE TO PRO SE PLAINTIFF
## MANIFEST INJUSTICE

14.      The plaintiff's letters to the Court (attached as exhibits) two days before the final order (10/28/2024) were note adequately considered by the Court.  At issue is the extraordinary circumstances of (1) Hurricane Milton, (2) disruption in the U.S. Mails and (3) treating a *pro se* litigant as a professional attorney, with the expectation that an expertly crafted (1) motion and (2) second amended complaint could distill a 78-page amended compliant down to 15 pages in seven (7) days (constructively).  See *Rupert v. Krautheimer (In re Krautheimer),* 210 B.R. 37, 41-42 (Bankr. S.D.N.Y. 1997) (*pro se* is held to "less stringent standards than formal pleadings drafted by lawyers").

15.      Moreover, in actions in which one of the parties appears *pro se*, the Court is faced with the additional responsibility of granting significant liberality in how *pro se* pleadings are

---

[7] How a conspiracy theory closed part of a major US seaport by Donie O'Sullivan, @CNNMoney, June 16, 2017: 5:46 PM, https://money.cnn.com/2017/06/16/media/port-of-charleston-dirty-bomb-conspiracy-theory-shutdown/index.html

[8] Defendant claims plaintiff works at the U.S. National Institute of Health and is coordinating a censorship campaign with other Nazi Operation Paperclip US government agents embedded at the Emmy awards, the Southern District of New York, the Eastern District of Michigan, and the New York Police Department.

construed. See *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (pro se pleadings held "to less stringent standards than formal pleadings drafted by lawyers"); *Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir. 1989); accord, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("we read [the pro se party's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest").

16.    Courts read the pleadings, briefs, and opposition papers of *pro se* litigants "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted); see also *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that the submissions of pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted) ); *Monterroso v. Sullivan & Cromwell, LLP,* 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) ("District courts should read the pleadings of a *pro se* plaintiff liberally[,] and [the] same principles apply to briefs and oppositions submitted by *pro se* litigants." (internal quotation marks omitted)).

## PRAYER AND SUMMARY

17.    To preserve the record for appeal, the presiding judge is requested to reevaluate the conditions of his Order (ECF 170) in light of the plaintiff's letters (attached as exhibits) requesting an extension of the deadline and the defendant's renewed smear campaign that continues to broadcast defamatory and slanderous accusations on social media fora.

The plaintiff requests the presiding judge issue and appropriate order to amend the Order at ECF 145 to allow the plaintiff to file a Second Amended Complaint.

**D. G. SWEIGERT, C/O, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**
**11/09/2024**

# EXHIBITS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D.G. SWEIGERT,

                  Plaintiff,

      - against -

JASON GOODMAN, ET AL.,

                  Defendants.

23-cv-5875 (JGK)
23-cv-6881 (JGK)

ORDER

**JOHN G. KOELTL, District Judge:**

Pursuant to the Court's Memorandum Opinion and Order dated October 11, 2024, the time for the plaintiff to move to file an amended complaint was **October 30, 2024.** To date, no such motion has been filed.

For the reasons set forth in the Court's October 11, 2024 Memorandum Opinion and Order, with the exception of the plaintiff's claims brought pursuant to New York State Civil Rights Law §§ 50 & 51, all of the plaintiff's claims brought in case number 23-cv-5875 (the "5875 Action") and in case number 23-cv-6881 (the "6881 Action") are **dismissed with prejudice.**

In the 5875 Action, the parties are directed to submit a Rule 26(f) report to Magistrate Judge Figueredo by **November 14, 2024.** Except for any papers filed in connection with the Rule 26(f) report, no other filings are authorized in the 5875 Action until Magistrate Judge Figueredo issues a scheduling order.

Because all of the claims in the 6881 Action have been dismissed with prejudice, the Clerk ~~is directed to close the 6881~~ Action. The Clerk is directed to enter a Judgment in the 6881 Action dismissing the action with prejudice and closing that case.

**SO ORDERED.**

Dated:     New York, New York
           October 31, 2024

                                    John G. Koeltl
                          United States District Judge

D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

October 28, 2024

***Sweigert v. Goodman,*** **23-cv-05875-JGK**
**Associated action: 23-cv-06881-JGK**

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:          REQUEST for extension of deadline to file Motion to Amend

Dear Judge Figueredo,

1.       The undersigned writes to you to seek an extension of the due date for the Motion to
Amend.  This is the plaintiff's second request for extension and a copy of this request has been
sent via e-mail message to the defendant.  This is the plaintiff's second request for an extension as
contrasted to the four requests of the defendant.

2.       Pursuant to your Individual Rules of Practice the *pro se* plaintiff seeks an extension of time
to file a Motion to Amend with the accompanying Second Amended Complaint pursuant to the
Order of the presiding judge[1].  This Order was signed 10/11/2024 but was not docketed until
10/15/2024.  The Court was closed due to a federal holiday on 10/14/2024.  The Order was mailed
10/16/2024 (ECF docket).   "Normally it is assumed that a mailed document is received three days
after its mailing.  Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996).  Thus, the
*pro se* plaintiff did not have constructive notice of this Order until 10/19/2024 (Saturday).

3.       It was unforeseen that Hurricane Helene and Milton would strike the county where my ex-
wife and handicapped son are domiciled.  Hurricane Milton required the relocation of my
handicapped son from his group home to several shelters not equipped for special needs adults.

---
[1] Doc. 169, 10/11/2024, 23-CV-05875

1

4. This situation consumed the undersigned's attention for a week as arrangements had to be made to shelter the plaintiff's son at various locations as his primary home was damaged by the weather, requiring the plaintiff's authorization and consultation. This was a very nerve-wracking experience that preoccupied the plaintiff's time so as not to religiously check the Court docket.

5. To add insult to injury the defendant has released another video on Saturday, 10/26/2024, (EXHIBITS) which must be addressed in the proposed Second Amended Complaint and the Exhibits Annex. This video provides solid evidence of the actionable defamatory statements made by the defendant. Unfortunately, inserting this latest evidence into these documents will require careful reconstruction as the Exhibits Annex is interlocked with the proposed Second Amended Complaint and will require significant edits to both.

6. In light of the foregoing, the plaintiff herein requests an extension of the deadline in this action to be effective Monday, November 4, 2024. Respectfully, Signed 10/28/2024

**D.G. SWEIGERT, PRO SE PLAINTIFF**

### CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to YouTuber Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>

Respectfully, Signed this October 28, 2024 (10/28/2024).

**D.G. SWEIGERT, PRO SE PLAINTIFF**

**EXHIBITS**

> > On 11/20/2023 5:08 PM PST Jason Goodman **<jason@21stcentury3d.com>** wrote:
> >
> >
> > How do you get away with committing mail fraud and forging documents in court if you aren't working for the federal government? Who do you think you are? You are pathetic occupying your worthless life in your quest to fuck up mine. What kind of noble mission do you believe you are on destroying the constitution and the country? Only a nazi or a psychopath would want to do that. That's why I'm convinced your schizophrenic father who so enjoyed punching you the face was part of operation paperclip. No Sweigert was ever any hero of any kind. Each of you are despicable, vile traitors who deserve to be in prison or better yet at the gallows.
> >



https://www.youtube.com/watch?v=LL9AE03Dxio



# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert, | PRO SE |
| -against- | 23-cv-05875-JGK-VF |
| Jason Goodman, | Judge John G. Koeltl |
| | Related Case: 23-cv-06881-JGK-VF |

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
## PURSUANT TO F.R.E. 201 (b)

The Defendant requests that this Court take notice of the attached information pursuant to

Federal Rules of Evidence (F.R.E.) Rule 201 (b)(1) – (2).

**D. G. SWEIGERT, C/O, PMB 13339,**
**514 Americas Way, Box Elder, SD 57719**
Spoliation-notice@mailbox.org
**10/29/2024**

## CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to
YouTuber Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>

Respectfully,       Signed this October 29, 2024 (10/29/2024).

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,**
**514 Americas Way, Box Elder, SD 57719**

D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

October 28, 2024

***Sweigert v. Goodman,*** **23-cv-05875-JGK**
**Associated action: 23-cv-06881-JGK**

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:        REQUEST for extension of deadline to file Motion to Amend

Dear Judge Figueredo,

1.        The undersigned writes to you to seek an extension of the due date for the Motion to
Amend.  This is the plaintiff's second request for extension and a copy of this request has been
sent via e-mail message to the defendant.  This is the plaintiff's second request for an extension as
contrasted to the four requests of the defendant.

2.        Pursuant to your Individual Rules of Practice the *pro se* plaintiff seeks an extension of time
to file a Motion to Amend with the accompanying Second Amended Complaint pursuant to the
Order of the presiding judge[1].  This Order was signed 10/11/2024 but was not docketed until
10/15/2024.  The Court was closed due to a federal holiday on 10/14/2024.  The Order was mailed
10/16/2024 (ECF docket).   "Normally it is assumed that a mailed document is received three days
after its mailing.  Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996).  Thus, the
*pro se* plaintiff did not have constructive notice of this Order until 10/19/2024 (Saturday).

3.        It was unforeseen that Hurricane Helene and Milton would strike the county where my ex-
wife and handicapped son are domiciled.  Hurricane Milton required the relocation of my
handicapped son from his group home to several shelters not equipped for special needs adults.

_____

[1] Doc. 169, 10/11/2024, 23-CV-05875

1

4.      This situation consumed the undersigned's attention for a week as arrangements had to be made to shelter the plaintiff's son at various locations as his primary home was damaged by the weather, requiring the plaintiff's authorization and consultation.  This was a very nerve-wracking experience that preoccupied the plaintiff's time so as not to religiously check the Court docket.

5.      To add insult to injury the defendant has released another video on Saturday, 10/26/2024, (EXHIBITS) which must be addressed in the proposed Second Amended Complaint and the Exhibits Annex.  This video provides solid evidence of the actionable defamatory statements made by the defendant.  Unfortunately, inserting this latest evidence into these documents will require careful reconstruction as the Exhibits Annex is interlocked with the proposed Second Amended Complaint and will require significant edits to both.

6.      In light of the foregoing, the plaintiff herein requests an extension of the deadline in this action to be effective Monday, November 4, 2024.  Respectfully,     Signed 10/28/2024

**D.G. SWEIGERT, PRO SE PLAINTIFF**

**CERTIFICATE OF SERVICE**

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to YouTuber Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>

Respectfully,        Signed this October 28, 2024 (10/28/2024).

**D.G. SWEIGERT, PRO SE PLAINTIFF**

**EXHIBITS**

> > On 11/20/2023 5:08 PM PST Jason Goodman **<jason@21stcentury3d.com>** wrote:
> >
> >
> > How do you get away with committing mail fraud and forging documents in court if you aren't working for the federal government? Who do you think you are? You are pathetic occupying your worthless life in your quest to fuck up mine. What kind of noble mission do you believe you are on destroying the constitution and the country? Only a nazi or a psychopath would want to do that. That's why I'm convinced your schizophrenic father who so enjoyed punching you the face was part of operation paperclip. No Sweigert was ever any hero of any kind. Each of you are despicable, vile traitors who deserve to be in prison or better yet at the gallows.
> >



https://www.youtube.com/watch?v=LL9AE03Dxio

3

