D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

November 7, 2024

*Sweigert v. Goodman,* **23-cv-05875-JGK**

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:       Status update and request for mediation and/or ADR

REF: (a)    Report of Rule 26(f) Conference and Proposed Case Management Plan - April 25th,
            2022

Dear Judge Figueredo,

1.      In light of the defendant's pleading at ECF no. 177 the plaintiff wishes to present to the

Court the attached exhibit, which has been served on the defendant.

2.      To clear up any misunderstanding the plaintiff requests a withdrawal of ECF no. 176.  May

it please the Court that both *pro se* parties are being held to the same time standard (14 days) given

to professional attorneys that are members of the S.D.N.Y.  It is understandable that this can be a

daunting task.  The plaintiff (a U.S.A.F. veteran) prays for the Court's indulgence concerning any

missteps or lack of knowledge in complying with this challenging order (14 days).

3.      It is still the undersigned's good faith belief that both parties could make progress in

resolving this legal action with the help of an experienced mediator to guide the discussion.

4.      If such an Alternative Dispute Resolution program is available, and should it please the

Court, both parties should engage in mediation to resolve this action.

**D.G. SWEIGERT, PRO SE PLAINTIFF**

1

## CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been mailed via the U.S. Postal Service to Jason Goodman at 252 7th Avenue, Apt. 6-S, New York City, N.Y. 10001 in an envelope with First Class postage on November 7, 2024.


Respectfully,     Signed this November 7, 2024 (11/07/2024).

**D.G. SWEIGERT, PRO SE PLAINTIFF**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**D. G. Sweigert,**

**Plaintiff**

            **PRO SE**

   **Versus**

            **23-cv-5875-JGK**

**Jason Goodman,**

          **John G. Koeltl, presiding**

**Defendants**

          **PROPOSED**
      **RULE 26(f) CONFERENCE AND**
    **PROPOSED CASE MANAGEMENT PLAN**

To the Magistrate. This pleading is responsive to this Court's Order docketed as ECF no. 147

pursuant to Federal Rule of Civil Procedure 26(f).

              **D. G. SWEIGERT, C/O, PMB 13339**
            **514 Americas Way, Box Elder, SD 57719**
               **Spoliation-notice@mailbox.org**
                 **11/06/2024**

**CERTIFICATE OF SERVICE**

Hereby certified under penalties of perjury that a true copy of this pleading has been mailed to YouTuber Jason Goodman at 252 7th Avenue, Apt S6, New York, NY 10001 and sent to email address <jason@21stcentury3d.com>.

Respectfully,  Signed this November 06, 2024 (11/06/2024).

        **D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,**
        **514 Americas Way, Box Elder, SD 57719**

1

**In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on ___4 NOV 2024_____ and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:**

**Plaintiff(s):** D. George Sweigert

**Defendant(s):** Jason Goodman

**Basis of Subject Matter Jurisdiction**

Jurisdiction is outlined in Order, No. 147 (emphasis added) for case no. 23-cv-6881

| 10/31/2024 145 | ORDER: … with the exception of the plaintiff's claims brought pursuant to **New York State Civil Rights Law§§ 50 & 51,** … (Entered: 10/31/2024) |
|---|---|

**Summary of Claims and defenses:**

**Plaintiff:**

Over the years there has been much litigation over what constitutes a person's "portrait" or "picture" for purposes of sections 50 and 51. It is settled that "any recognizable likeness, not just an actual photograph, may qualify as a 'portrait or picture.'" Allen, 610 F. Supp. at 622 (citing Ali v. Playgirl, Inc., 447 F. Supp. 723, 726 (S.D.N.Y. 1978)).

Similarly, in Young v. Greneker Studios, Inc., 175 Misc. 1027 (N.Y. Sup. Ct. 1941), the court held that a manikin that was modeled on the plaintiff was a portrait or picture of her. Id. at 1027-28. The court explained that "[t]he words 'picture' and 'portrait' are broad enough to include any representation [of a living person], whether by photograph, painting or sculpture." Id. at 1028.

**Subjects on Which Discovery May Be Needed:**

**PATREON**

**Tyler Mitchell Layton**, Patreon, Inc., 600 Townsend St., Ste 500, San Francisco, CA, 94103, 415-539-5886**.**  Defendant's relationship with platform provider PATREON, INC.  Defendant receives money from "patron" revenue for video livestreaming content featuring the plaintiff.  This livestreaming is an interactive audience participation video broadcast.  The discovery includes investigation into the business relationship between the defendant and PATREON, to include business records, viewership records, inventory of videos displayed, summaries of compensation in the terms of payment records and IRS 1099 forms.  Discovery also requires all records of video content posted by the defendant on PATREON affiliated platforms.  Discovery also requires copies of all livestreaming content that mentions the plaintiff, "George Webb's mentally ill brother", "George Webb's wife swapping Nazi Operation Paperclip brother", "David Sweigert", etc.  This includes all content in which defendant refers to himself as a "Nazi hunter" or "investigator of Nazi war crimes" and "investigator of the children of Nazi war criminals".

**YOUTUBE**

Benjamin Margo, Associate, Wilson Sonsini Goodrich & Rosati, 1301 Sixth Avenue | 40th Floor, New York, NY 10019-6022.  ALPHABET, INC. 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.  Parent company of YouTube, LLC that provides the YouTube platform.

Defendant's relationship with platform provider YOUTUBE.COM. Defendant receives publicity and social media recognition for video livestreaming content featuring the plaintiff.  This livestreaming is an interactive audience participation video broadcast.  The discovery includes investigation into the business relationship between the defendant and ALPHABET, to include business records, viewership, inventory of videos displayed, account strikes, account warnings, etc. for CrowdSource The Truth 9, 10, 11 and 12.  Discovery also requires all records of video content posted by the defendant on YOUTUBE affiliated platforms.  Discovery also requires copies of all livestreaming content that mentions the plaintiff, "George Webb's mentally ill brother", "George Webb's wife swapping Nazi Operation Paperclip brother", "David Sweigert", etc.  This includes all content in which defendant refers to himself as a "Nazi hunter" or "investigator of Nazi war crimes" and "investigator of the children of Nazi war criminals".

**Formal Discovery:**

    **Parties should complete discovery by 1 MAY 2025**

    i.    **Depositions: Depositions shall be completed by _1 APR 25_ and limited to no more than __4___ depositions per party. Absent an agreement between the parties or an order from the Court, nonparty depositions shall follow initial party depositions.**

    ii.    **Interrogatories: Initial sets of interrogatories shall be served on or before __1 FEB 25__. All subsequent interrogatories must be served no later than 30 days from the discovery deadline.**

    iii.    **Requests for Admission: Requests for admission must be served on or before __1 JAN 25_____.**

    iv.    **iv. Requests for Production: Initial requests for production were/will be exchanged on __25 DEC 24_____, and responses shall be due on __ 2 FEB 25_____. All subsequent requests for production must be served no later than 30 days before the discovery deadline.**

    v.    **Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information**

**. Anticipated Discovery Disputes:**

    **It appears all discovery to be made on defendant will be disputed.**

Respectfully,      Signed this November 06, 2024 (11/06/2024).

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,**
**514 Americas Way, Box Elder, SD 57719**