| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>Plaintiff,<br>-against-<br><br>JASON GOODMAN<br>Defendant.<br>-----------------------------------------------------------------------X | Case 1: 23-cv-5875-JGK<br><br>**MOTION TO DISMISS<br>FOR FAILURE TO<br>COMPLY WITH<br>COURT ORDERS** |

Defendant Jason Goodman by and for himself pro se, respectfully moves this Court to dismiss Plaintiff David George Sweigert's remaining claims under New York Civil Rights Law sections 50 and 51 pursuant to FRCP Rule 41(b). Plaintiff has not complied with the Court's directive to engage in a conference in good faith and to prepare a mutual report pursuant to FRCP Rule 26(f) as ordered, (Dkt. No. 170). This, along with Plaintiff's repeated refusal to comply with the rules and this Court's orders, warrants dismissal with prejudice at long last.

## INTRODUCTION

Plaintiff has obstructed the orderly progress of this case by refusing to comply with Court orders and failing to participate in a meaningful Rule 26(f) conference. Plaintiff attempted to use the Court's order inappropriately to obtain information he has no right to access, from third parties he knows Defendant relies upon to earn a living. Plaintiff has no concern for the proper adjudication of his claims or the outcome of this case, he merely seeks to abuse the legal process and harass the Defendant with costly, time-wasting litigation.

Plaintiff's remaining claims under New York Civil Rights Law Sections 50 and 51 are legally deficient as a matter of law and do not warrant further litigation. Allowing this case to proceed would only continue to unduly burden the Court, waste even more judicial resources, and represents ongoing and extreme prejudice against Defendant for the reasons stated below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes dismissal of a case where the plaintiff fails to prosecute or comply with court orders. Courts in this District consider the following factors in determining whether dismissal is appropriate:

a. The duration of the plaintiff's failure to comply with court orders;

b. Whether the plaintiff received notice that noncompliance could result in dismissal;

c. The degree of prejudice to the defendant;

d. Whether the court has balanced the need to alleviate docket congestion against the plaintiff's right to a fair chance to be heard; and

e. Whether lesser sanctions would be effective.

*See LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001); *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001).

Dismissal with prejudice is appropriate where noncompliance is willful or where continued litigation would prejudice the defendant. *See Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (per curiam).

## ARGUMENT

**1. Plaintiff Has Failed to Comply with Court Orders**

Plaintiff has failed to comply with orders from this and other courts since 2017. When ordered to engage in a Rule 26(f) conference, (Dkt No. 170) Plaintiff once again, failed to comply. Rather than arranging a call with Defendant, Plaintiff made unilateral discovery demands of nonparties he knew Defendant relied upon to conduct business and earn a living. Given Plaintiff's extensive vexatious history, this can only be construed as deliberate intent to harm Defendant's relationship with YouTube and Patreon.

Plaintiff only initiated the scheduling of a teleconference after Goodman filed a motion altering the Court to his inappropriate actions, (Dkt No. 177). During that call, Plaintiff insisted on discussing his personal family concerns pertaining to his ex-wife, his brother, and their deceased father. In addition to raising other matters unrelated to this case, Plaintiff threatened further legal action from his ex-wife even though he is not an attorney and does not represent her.

After the unproductive telephone conference, Plaintiff failed to provide Defendant any draft or proposed discovery schedule or any opportunity to approve or comment before he filed a unilaterally derived 26(f) report in violation of FRCP rule 26(f) and the Court's order.

Plaintiff has been given ample time to be heard over the past eight years, yet he still cannot form legitimate, cognizable claims. The Court must now balance Plaintiff's "right" to continue this abuse of the system against the growing burden on its own judicial resources and the extreme prejudice imposed upon Defendant.

Courts routinely dismiss cases where refusal to participate in pretrial conferences or other procedural steps demonstrate a party's bad faith. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (affirming dismissal for failure to comply with discovery orders).

2. **Plaintiff Has Failed to Prosecute This Action Expeditiously**

Plaintiff's refusal to comply with procedural requirements should be construed as deliberate delay and a failure to prosecute. Courts have held that failure to diligently pursue claims is sufficient grounds for dismissal under Rule 41(b). *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982).

3. **Plaintiff's Remaining Claim Is Legally Deficient**

As previously explained, (*See Sweigert v. Goodman*, 18-CV-8653 (VEC) (S.D.N.Y. Jun. 30, 2021) Dkt No. 292 page 14) Plaintiff's remaining claims fail for the following reasons;

### a) Lack of Commercial Purpose

Under New York Civil Rights Law §§ 50 and 51, claims must involve unauthorized use of a person's likeness "for advertising or trade purposes," a description that is and must be narrowly construed under this statute. In *Messenger v. Gruner + Jahr Printing & Publishing*, the New York Court of Appeals emphasized that these sections are "to be narrowly construed and strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person." (*See Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 439, 706 N.Y.S.2d 52, 53, 727 N.E.2d 549, 550 (2000))

This principle was reaffirmed in *Guerrero v. Carva*, where the court reiterated that the statutes are "to be narrowly construed and 'strictly limited to nonconsensual commercial appropriations.'" (*See Guerrero v. Carva*, 10 A.D.3d 105, 115, 779 N.Y.S.2d 12, 20 (App. Div. 1st Dept. 2004). Therefore, for a claim under these statutes to succeed, the unauthorized use must have a direct commercial purpose, such as in advertising or trade.

Here again Plaintiff has failed to comply with prior court orders. Even though this Court allowed Plaintiff's claims under New York Civil Rights §§ 50 – 51 to continue after previously surviving a motion for summary judgement, Sweigert has been warned that the nearly identical claims brought in that case were nullified by the newsworthiness exception just as they are here.

Under New York Civil Rights Law §§ 50 and 51, the "newsworthiness exception" allows the use of an individual's likeness when it pertains to matters of public interest. In *Arrington v. New York Times Co.*, the New York Court of Appeals held that the publication of a photograph accompanying an article on the expanding black middle class fell within this exception, even though the plaintiff had no prior knowledge that his photograph had been taken, (*See Arrington v. N.Y. Times Co.*, 55 N.Y.2d 433, 437, 449 N.Y.S.2d 941, 942, 434 N.E.2d 1319, 1320 (1982)).

Similarly, in *Messenger v. Gruner + Jahr Printing & Publishing*, the court found that using a plaintiff's image to illustrate a newsworthy article did not violate the statute, provided there was a real relationship between the image and the article, and the article was not an advertisement in disguise, (*See Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 439, 706 N.Y.S.2d 52, 53, 727 N.E.2d 549, 550 (2000)).

There is a real relationship between the images complained about and the editorial content of the videos that describe information of public interest. This satisfies real relationship requirement of the exception. The images are not advertisements in disguise as Plaintiff claims.

Sweigert's decades of abuse of the legal system and implementation of Lawfare tactics are inherently newsworthy. Thousands of public viewers watch Goodman's video reports about Lawfare abuses and post public comments expressing interest. Just as the Plaintiff has misused the Court's 26(f) order to wrongfully attempt to discover information which is irrelevant to this case and he has no right to access, he simultaneously attempts to use this legal action to stifle news reporting about his illicit abuse of the courts.

Furthermore, it would be clear to a reasonable observer that the images in question are cartoons, visual effects and highly exaggerated digital photo manipulations intended to be humorous. Political cartoons and commentary including mockery are well established and protected methods of criticizing public figures and their bad behavior. In *Snyder v. Phelps,* 562 U.S. 443 (2011), the court reinforced that speech on matters of public concern, even if deemed offensive or outrageous, is protected under the First Amendment. This protection extends to expressive conduct in public spaces, in the interests of uninhibited debate on public issues including abuse of the courts through Lawfare.

Other courts in this District have held that expressive works, including editorial and journalistic content, do not fall within the statute's scope. *See Finger v. Omni Publ'ns Int'l, Ltd.*, 77 N.Y.2d 138, 141–42 (1990) (finding that the use of a photograph in an article addressing a matter of public concern was not for advertising or trade purposes).

   b) **First Amendment Protections**

Courts have held that works of satire and parody are protected under the First Amendment and exempt from liability under §§ 50 and 51. *See Messenger ex rel. Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 441 (2000) (noting that newsworthy content or content serving a public interest is exempt from liability).

   c) **No Clear Identification**

Plaintiff has not shown that the images in question depict his likeness or that a reasonable person could identify him from those images. Courts have dismissed claims where the use of a likeness was ambiguous or non-identifiable. For instance, in *Hampton v. Guare,* 195 A.D.2d 366, 366, 600 N.Y.S.2d 57, 58 (App. Div. 1st Dept. 1993), the court dismissed a right of publicity claim because the plaintiff was not identifiable from the alleged depiction. Similarly, in *Allen v. National Video, Inc*., 610 F. Supp. 612 (S.D.N.Y. 1985), the court held that a claim for unauthorized use of likeness requires that the depiction, even if not of the plaintiff himself, must be recognizable as the plaintiff.

4. **Prejudice to Defendant and Waste of Judicial Resources**

By failing to follow the Court's order and not complying with FRCP Rule 26(f), Plaintiff's conduct has prejudiced Defendant by causing unnecessary delays and expenses. Allowing this case to proceed would only further burden judicial resources with meritless claims.

Courts have recognized the importance of curbing litigation that lacks legal or factual basis. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's remaining claim with prejudice pursuant to Rule 41(b) for failure to comply with court orders, prosecute this case in good faith, or assert a legally cognizable claim. Plaintiff's noncompliance is willful and persistent and continued litigation would substantially prejudice the defendant making dismissal with prejudice justified. Defendant further respectfully asks the Court to reinstate Alphabet and Twitter as defendants and order them to review complaints filed against Defendant with their respective social media services in addition to any other appropriate relief as determined by the Court.

Dated: New York, New York November 29, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998