| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>Plaintiff,<br>-against-<br><br>JASON GOODMAN<br>Defendant.<br>-----------------------------------------------------------------------X | Case 1: 23-cv-5875-JGK<br><br>**MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR PERMANENT RESTRAINING ORDER** |

Defendant Jason Goodman respectfully moves for the issuance of a permanent restraining order and strict filing injunction against Plaintiff David George Sweigert pursuant to FRCP Rule 65 and the Court's inherent authority to control vexatious litigation. Defendant seeks to enjoin Plaintiff from filing any additional lawsuits, contacting Defendant, his family members or associates, or engaging in any activity related to Defendant at any time, for any reason, without first seeking leave of the Court. In support of this motion, Defendant states as follows:

### INTRODUCTION

Plaintiff Sweigert has engaged in a coordinated campaign of vexatious litigation and harassment against Defendant continuously for the past eight years, ("Lawfare"). Lawfare is a term widely attributed to Ret. U.S. Air Force Major General Charles Dunlap. It is described as a mechanism of asymmetric warfare and a twenty-first century war-fighting tactic used to achieve strategic military or political objectives. (https://www.armyupress.army.mil/Journals/Military-Review/English-Edition-Archives/May-June-2017/Dunlap-Lawfare-101/)

Plaintiff's conduct mirrors the misuse of Lawfare anticipated in "*Operationalizing Lawfare: Opportunity and Risk*", (https://apps.dtic.mil/sti/tr/pdf/AD1038880.pdf). This U.S. Army publication describes weaponization of legal processes to achieve objectives unrelated to the pursuit of justice. The Court must now intervene to prevent these identified abuses, avoid

further harm, preserve judicial resources, and protect the integrity of the legal system. A motion to declare Plaintiff a vexatious litigant was filed in case 1:24-cv-02203-JGK-VF on November 8, 2024, entered on the docket on November 13, 2024, and then terminated without consideration by the Court giving rise to this instant motion. The Court cannot ignore these matters any longer.

### I. FACTUAL BACKGROUND

#### A. Pattern of Vexatious Litigation

Plaintiff is a U.S. Air Force retiree with a thirty-three-year history of excessive pro se litigation[1]. This plaintiff has filed numerous nonsensical, duplicative lawsuits against myriad defendants in multiple jurisdictions causing significant financial and other harm and burdening the courts with baseless claims. For the past eight years, Plaintiff has focused his attention on Goodman showing no indication of relenting in his promise to sue him, "for the rest of his life."

Plaintiff Sweigert has repeatedly defied Court orders and made filings that are frivolous and frequently fail to satisfy Rule 11 standards. These filings serve no legitimate purpose and are merely intended to harass Defendant rather than seek redress of any actual grievance. Courts in this district have broad discretion to curb vexatious litigants and preserve judicial efficiency by their own inherent authority. In *Safir v. U.S. Lines*, it was determined that in dealing with

---

[1] See, e.g., Sweigert v. Electronic Systems, et al, No. 1:92-cv-01066 (N.D. Ohio Jan. 10, 1992); Sweigert et al v. Electronic Systems, No. 3:92-cv-00010 (D. Md. Mar. 15, 1992); Sweigert v. CIA, et al, No. 1:94-cv-01585 (D.D.C. June 5, 1994); Sweigert v. Electronic Systems, et al, No. 0:95-cv-03884 (D. Md. July 11, 1995); Challenger Engr v. I-Net, Inc, et al, No. 0:97-cv-03541 (D. Md. Feb. 7, 1997); Sweigert v. Department of Army, et al, No. 1:98-cv-00654 (D.D.C. Nov. 19, 1998); Sweigert v. U.S. Department Army, et al, No. 6:98-cv-01021 (S.D. Ga. Dec. 10, 1998); Sweigert v. United States, et al, No. 1:99-cv-00375 (D. Md. Jan. 23, 1999); Sweigert v. Jackson, et al, No. 1:99-cv-01678 (D. Md. Mar. 3, 1999); Sweigert v. Jackson, et al, No. 1:99-cv-02206 (S.D.N.Y. June 2, 1999); Sweigert v. The U.S.A., et al, No. 1:99-cv-09924 (N.D. Ohio Oct. 11, 1999); Sweigert v. US, et al, No. 0:00-cv-01039 (D. Minn. Jan. 10, 2000); Sweigert v. Control Data Systems, et al, No. 0:01-cv-06345 (D. Minn. Feb. 8, 2001); Steele v. Goodman, No. 3:17-cv-00601 (E.D. Va. June 14, 2017); Sweigert v. Goodman, No. 1:18-cv-08653 (S.D.N.Y. Sept. 21, 2018); Sweigert v. Multimedia System Design, Inc., No. 2:22-cv-10642 (E.D. Mich. Mar. 21, 2022); Sweigert v. U.S. National Institute of Health, et al, No. 1:23-cv-09542 (D.D.C. Nov. 15, 2023).

vexatious pro se litigants, as in this case, "the district court possessed the authority to enjoin [plaintiffs] from further vexatious litigation."

*Safir v. United States Lines*, Inc., 792 F.2d 19, 23 (2d Cir. 1986)

Similarly, *In re Martin-Trigona* upheld the court's authority to enjoin vexatious litigants, finding, "The district court is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system."

*In re Martin-Trigona,* 737 F.2d 1254, 1256 (2d Cir. 1984)

Lastly, the All Writs Act, 28 U.S.C. § 1651(a) empowers courts to restrict vexatious individuals' access to federal courts when required to prevent abuse. There is a substantial record of such abuse in this case, leaving no question that the Court is now required to act. This Court has the authority to issue orders necessary to prevent abuse of the judicial system and protect its jurisdiction. Plaintiff's persistent litigation tactics, including duplicative lawsuits and extrajudicial harassment, directly interfere with the Court's ability to administer justice efficiently and undermine its inherent authority. A permanent restraining order is an appropriate remedy to safeguard the Court's jurisdiction and protect Defendant from ongoing harm.

### B.  Extrajudicial Harassment

Plaintiff has contacted Defendant's business associates, family members, and service providers, intimidating them with false statements apparently intended to disrupt those relationships. Plaintiff most recently flouted the rules again abusing the discovery process and ignoring FRCP rule 26(f) to harass Alphabet (YouTube) and Patreon because he knows access to those social media platforms and business relationships is critical to Defendant's livelihood.

Plaintiff's near decade long effort is not mere annoyance, it is an assault on Defendant's ability to earn a living and an attempt to make him homeless. The Court can no longer conflate

the legitimate right to redress grievances with such obvious abuses as those perpetrated by Sweigert. Alphabet and Patreon should be reinstated as parties to this case to address the mass complaint tactics alleged by Defendant concurrent with the dismissal of remaining claims.

### C. Impact on Defendant

Plaintiff has repeatedly targeted Defendant's online social media accounts on platforms including YouTube, Patreon, X.com and others, by filing meritless complaints that disrupt Defendant's ability to earn income and deny his access to fundamental First Amendment rights.

This prong of Sweigert's Lawfare assault is intended to fulfill his secondary stated objective of getting Defendant permanently banned from the internet and all social media. Plaintiff's actions have caused significant financial loss, damage to business and personal relationships, reputational harm, loss of fundamental rights and emotional distress to Defendant.

Plaintiff's relentless behavior demonstrates clear and malicious intent to continue this ongoing harassment campaign irrespective of the Court's decisions or the outcome of this case. There is no indication that he will stop unless and until he is meaningfully restrained by this or some other Court. Even then, Defendant remains concerned that Plaintiff will continue to ignore any such injunction and carry on litigating with impunity. To wit, during the defective 26(f) conference, Sweigert threatened legal action from his ex-wife who he does not represent and cannot defend pro se. The Court must assert its authority to curb his unacceptable behavior now.

### III. LEGAL STANDARD AND ARGUMENT

### A. The Court's Authority to Issue a Permanent Restraining Order

Under Federal Rule of Civil Procedure 65, courts have the authority to issue permanent injunctions where necessary to prevent harm and safeguard their own integrity. Additionally, courts have inherent power to control vexatious litigants to preserve judicial resources and

protect litigants from abuse. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). It is crucial for the Court to control unruly litigants like Sweigert, lest it be controlled by them.

### B. Plaintiff's Conduct Warrants a Permanent Injunction

Courts have repeatedly recognized the need to restrain litigants who misuse the legal system by declaring them to be vexatious litigants and applying appropriate constraints. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (courts have discretion to restrict access to those who abuse the judicial process). Plaintiff's conduct meets all criteria for vexatious litigation, numerous frivolous filings, improper motives, and a pattern of harassment.

Concurrent with his vexatious legal actions, Plaintiff frequently resorts to egregious and unethical forms of extrajudicial harassment in attempts to interfere with Defendant's business and personal relationships. Plaintiff's depravity knows no bounds, as he harasses Defendant's uninvolved, octogenarian parents with letters and threatening communications. Courts routinely enjoin such behavior as part of restraining orders. *See* Cal. Civ. Proc. Code § 527.6(b)(3) (defining harassment to include a "course of conduct that seriously alarms, annoys, or harasses").

### C. Plaintiff's Actions Constitute Civilian Lawfare

As described in *"Operationalizing Lawfare: Opportunity and Risk"* Lawfare is a method of war-fighting that involves the misuse of legal systems for extralegal objectives, specifically political or military objectives. Plaintiff's conduct exemplifies this misuse. Sweigert leverages frivolous lawsuits and unethical extrajudicial tactics to disrupt Defendant's livelihood and life rather than to redress legitimate grievances. Retired military personnel who apply military tactics and training against civilians while receiving taxpayer funded pensions should be subject to extreme judicial scrutiny. Stringent measures must be employed to prevent undue harm.

Lawfare in its current state is not unlike dynamite. When Swedish chemist Alfred Nobel invented it in 1867, dynamite was legal to sell or buy and seen as a powerful tool for progress used in mining and construction. Fifty years later the Federal Explosives Act passed in 1917, recognizing dynamite as dangerous when weaponized and requiring statutory regulation. Lawfare, though perhaps rooted in legitimate international law and military or diplomatic interests, has become a weapon of harassment and destruction, particularly as it gains public attention through figures like Donald Trump. Just as society acted to regulate dynamite to prevent misuse, the Court must act to regulate Sweigert's misuse of the legal system, recognizing it as a weaponized form of civilian Lawfare that endangers judicial integrity and cannot continue.

## IV.  REQUESTED RELIEF

Defendant respectfully requests that the Court declare Plaintiff a vexatious litigant and an unethical Lawfare practitioner and issue a permanent restraining order that:

a. Prohibits Plaintiff from filing new lawsuits against Defendant, his family members, associates, or service providers without prior court approval;

b. Bars Plaintiff from contacting Defendant, his family members, associates, or service providers about matters related to Defendant without court approval;

c. Restrains Plaintiff from filing complaints with social media platforms concerning Defendant, his associates or any business owned by him without court approval;

d. Prevents Plaintiff from interfering with or litigating against Defendant's business interests without prior court approval.

In addition to these specific restraints, Defendant further respectfully requests the Court grant any other such relief as it deems justified, proper and necessary.

Dated: New York, New York December 4, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998