```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

D.G. SWEIGERT,

                      Plaintiff,

        - against -

JASON GOODMAN, ET AL.,

                      Defendants.

23-cv-5875 (JGK)
23-cv-6881 (JGK)

ORDER

─────────────────────────────────────

JOHN G. KOELTL, District Judge:

    Jason Goodman ("the defendant") has filed a motion for reconsideration under Fed. R. Civ. P. 59(e), ECF No. 172, of the Memorandum Opinion and Order dismissing most the plaintiff's claims without prejudice, ECF No. 169.[1] The defendant's motion also requests an evidentiary hearing and for Rule 11 sanctions to be imposed on the plaintiff. ECF No. 172. Because a filing by a pro se party must be construed liberally and interpreted "to raise the strongest arguments that it suggests," see Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010),[2] the defendant's motion is construed as a motion for reconsideration brought pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York.

    "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 3-cv-2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011). "Reconsideration of a previous order by the Court

───

[1] All ECF numbers refer to case no. 23-cv-5875. The defendant's motion for reconsideration was also filed in case no. 23-cv-6881 at ECF No. 148.
[2] Unless otherwise noted, this Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

is an extraordinary remedy to be employed sparingly." <u>Anwar v. Fairfield Greenwich Ltd.</u>, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992); <u>see also</u> <u>Ortega v. Mutt</u>, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017).

The defendant presents no proper basis for reconsidering the Memorandum Opinion and Order, ECF No. 169. The defendant fails to identify any intervening change of controlling law, new evidence properly considered at the motion-to-dismiss stage, or clear error. Therefore, the defendant's request for an evidentiary hearing is also improper.

At this time, Rule 11 sanctions are also inappropriate. It is not clear that the plaintiff's "claims [a]re . . . so obviously foreclosed by precedent as to make them legally indefensible." <u>Kim v. Kimm</u>, 884 F.3d 98, 106 (2d Cir. 2018).

Accordingly, the defendant's motion for reconsideration is **denied**. The Clerk is directed to close ECF No. 172 in case no. 23-cv-5875 and ECF No. 148 in case no. 6881.

SO ORDERED.

Dated:   New York, New York
         December 9, 2024

_____
John G. Koeltl
United States District Judge

2