> **MEMO ENDORSED**
>
> [signature]
> **HON. VALERIE FIGUEREDO**
> **UNITED STATES MAGISTRATE JUDGE**
> Dated: 12/9/24
>
> The Court is aware of Defendant's motion and will address it in due course.

The Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007
Via Pro Se Electronic Filing

Re: Case No.:  Case No.: 1:23-cv-05875-JGK
Sweigert v Goodman et al

December 4, 2024

Dear Judge Figueredo,

I write to inform the Court of recent developments that underscore the urgency of my motion to declare Plaintiff Sweigert a vexatious litigant and to seek a permanent restraining order with a stringent filing injunction.  On December 4, 2024, I received a letter from Mr. Sweigert, dated November 26, 2024, and attached to this letter as Exhibit A, in which he purports to be conducting an ad hoc, amateur counterintelligence investigation targeting me personally.

Mr. Sweigert's letter alleges unfounded connections between myself and various foreign entities, including NATO, Ukraine, and Russia, as well as references to a former spouse from whom I have been divorced since 2007 and with whom I have had no contact for years.  These baseless allegations are not only false but also serve no purpose other than to harass and intimidate me.  Notably, Sweigert has been engaging in such intrusive "research" for over eight years, continually using any information he gathers to launch new vexatious assaults against me.

The act of sending this letter via the United States Postal Service, especially after numerous explicit cease and desist demands, constitutes harassment.  Sweigert's unauthorized "investigation" into absurd irrelevancies and his communication of its purported findings are clear attempts to intimidate, harass and disrupt my personal and professional life.

Given the severity and persistence of Mr. Sweigert's actions, I respectfully request that the Court consider referring this matter to the Department of Justice and the U.S. Postal Police

for criminal investigation. In *Clinton v. Jones*, 520 U.S. 681 (1997), the Supreme Court acknowledged that conduct arising in civil litigation could lead to criminal proceedings, as seen when false testimony under oath resulted in charges of perjury and obstruction of justice. Similarly, Mr. Sweigert's actions should be construed as criminal harassment, obstruction of justice, and mail fraud.

In addition to a referral to the Department of Justice, I respectfully request that the Court consider referring Mr. Sweigert's actions to the New York City Department of Investigation (DOI). Given that his persistent harassment and misuse of extrajudicial tactics also include interference with Goodman v The City of New York wherein he has sent even worse communications to Corporate Counsel for NYC and the NYPD disrupting the adjudication of that case, (Case 1:23-cv-09648-JGLC-GWG Document 68-1). Because the defendant in that case is New York City and Sweigert's harassment intersects with city concerns, the DOI's mandate to investigate abuse and misconduct could provide additional oversight and accountability, particularly since NYPD has repeatedly refused. Sweigert's calculated attempts to disrupt my life and my journalism warrant thorough scrutiny by appropriate investigative bodies.

This letter provides critical new evidence that highlights the urgent need for intervention by the Court. Sweigert's abuse of the legal system and extrajudicial channels to target me necessitates decisive action to prevent further harm. The Court's prompt attention would be greatly appreciated.

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998