IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                        D. G. SWEIGERT

                                Plaintiff,

-against-

                     JASON GOODMAN
                         Defendant.
-----------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF EXISTING MOTIONS**

Jason Goodman, Pro Se Defendant, respectfully submits this notice of supplemental evidence to the Court regarding Plaintiff David George Sweigert's ongoing misconduct, and further supporting Defendant's pending motions for sanctions and injunctive relief.

    **1.   Harassing Call to Goodman at a Time Plaintiff Knew He Was Not Home**

On December 7, 2024, well after the Court's deadline for a 26(f) conference, the Plaintiff placed a bad faith, unscheduled phone call to Defendant from an "Anonymous" phone number. This was not an "unknown caller" as may normally occur. In Defendant's experience, only return phone calls from NYPD or the FBI display as "Anonymous" when received on an iPhone. Plaintiff disguised his voice to sound like a juvenile, cartoon villain, and stated the following:

    Goodman – Hello? (Long pause) Who is that?

    Sweigert – Jason Goodman, hiya doing today?

    Goodman – Who is it?

    Sweigert – Hey Jason so, uh we're trying to setup the rule 26(f) conference. Are you ready for that kind of stuff?

    Goodman – Ah, Mr. Sweigert, I'm so delighted you called.

    Sweigert – Oh, uh Jason, when can we talk about this 26(f) conference?

Goodman - I don't have a very good signal right now. I'm driving, but, we can talk for as long as you'd like.

Sweigert – Ok, I'll let the record show that I did call you. Thanks a lot. Have a great day, buddy.

Sweigert terminated the call, hanging up immediately after the Defendant told him explicitly that the call could proceed for as long as Sweigert desired and implicitly, so long as the connection to the mobile data network held.  Goodman was on a road trip, and this was known to Sweigert because he monitors Goodman's activity obsessively and the knowledge was public information to viewers of Goodman's social media broadcasts.

Goodman was driving in South Carolina, a single party consent state, at the time of the call.  The audio from Sweigert's phone call was automatically recorded on the internal security camera in Goodman's car.  Defendant Goodman is aware from prior litigation that the SDNY Court maintains an evidence upload server and may allow certain litigants to submit evidence for consideration at the Court's discretion.

Goodman respectfully requests permission to submit the recorded phone call as evidence of Sweigert's abuse, harassment and bold defiance of Your Honor's orders.  If that is not convenient, in the alternate, Goodman has published the phone call on X.com (formerly Twitter) and the Court may evaluate it there, (https://x.com/JG_CSTT/status/1865467380446478576).

On the same day he placed the call to Goodman, Sweigert submitted a letter to the Court (ECF No. 190) falsely claiming that it was Goodman who terminated a Rule 26(f) conference. The audio of the call proves Goodman invited Sweigert to continue the conversation but instead he chose to end the call. Sweigert's statements to the Court, made under penalty of perjury, were

materially misleading and demonstrably false. This entire exercise appears to have been a preconceived scheme to deceive the Court and cannot go unpunished.

2.   **Relevance to Pending Motions**

This incident demonstrates Plaintiff's continued misuse of judicial processes and supports Defendant's pending requests for sanctions and injunctive relief.  The Court has allowed Sweigert to continually undermine its inherent authority by taking no meaningful action in the face of such brazen, unacceptable abuse.  Plaintiff's deliberate pattern of harassment, perjury, and abuse of judicial process demonstrates contempt for the Court's authority.  Defendant respectfully requests that the Court refer Plaintiff's conduct to the Department of Justice for criminal investigation under statutes governing harassment, perjury and forgery in the U.S. District Court for the Eastern District of Michigan.  Defendant further requests that Plaintiff be permanently enjoined from initiating any form of contact or interaction with Defendant, his family members, business associates or friends, directly or indirectly, through any means, now or in the future, in perpetuity, and across any jurisdiction, venue, or platform, including those yet to be conceived.

Defendant respectfully requests that the Court consider this supplemental evidence at the hearing scheduled for December 18, 2024.

Dated: New York, New York December 11, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF EXISTING MOTIONS      3