IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

D. G. SWEIGERT

Plaintiff,

-against-

JASON GOODMAN
Defendant.
-----------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**DEFENDANT'S MOTION FOR LEAVE TO FILE OBJECTIONS OUT OF TIME PURSUANT TO RULE 6(b)(1)(B)**

Jason Goodman ("Defendant"), proceeding pro se, respectfully submits this Motion for Leave to File Objections to the Magistrate's Order out of time pursuant to FRCP Rule 6(b)(1)(B). Defendant requests the Court grant leave to file objections under Rule 72(a) to address significant issues arising from Magistrate Judge Valerie Figueredo's Order dated December 18, 2024, (ECF No. 194) and entered on the docket December 19, 2024, incorrectly as an "Order on Motion for Leave to File Document." Defendant believes the order constitutes clear error and substantial oversights, resulting in prejudice against Defendant in part because it fails to address the motion seeking leave, and in part due to actions during the December 18, 2024 hearing.

I.   INTRODUCTION

Defendant acknowledges that Rule 72(a) requires objections to a magistrate judge's order to be filed within 14 days of service. However, Defendant seeks relief under Rule 6(b)(1)(B), which allows for an extension of time upon a showing of excusable neglect.

The pro se Defendant only became aware of the applicability of Rule 72(a) to this matter yesterday during the course of continuous ongoing research prompted by the need to respond to Plaintiff Sweigert's relentless harassment. This specific post hearing harassment continues from December 18, up to and including today. Goodman had been preparing motions pursuant to FRCP rule 59(e) and 65 intended to address these concerns without knowledge of rule 72(a).

Defendant acknowledges that ignorance of procedural rules does not exempt compliance with their mandates, but at the same time, notes that it is well established that courts generally construe filings by pro se litigants liberally to ensure fair access to justice. As stated in *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[a]llegations of a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers." Defendant respectfully requests the Court apply this principle in considering the arguments presented. Goodman further hopes the Court will agree that Sweigert's deliberate refusal to comply with numerous rules has given rise to these unnecessary complications that consume significant time and resources while sowing needless confusion.

The failure to timely file objections was exacerbated by the Court's failure to address Defendant's motion at ECF 177, despite multiple memorandum endorsements indicating the intention to do so, (ECF Nos. 178, 189, and 191). The Court's failure to act prejudiced Defendant and created procedural confusion. Defendant's filing of ECF No. 177 included a motion for leave to file other documents which themselves were docketed but not substantively addressed. This inconsistency highlights an unequal application of procedural rules to the detriment of Defendant and weighs in favor of granting this motion seeking leave to file objections.

Furthermore, the Magistrate's conduct during the hearing prejudiced Defendant as detailed in the motion seeking reconsideration pursuant to FRCP Rule 59(e), filed concurrently with this instant motion. Plaintiff was granted undue latitude to disrupt the hearing, interfering with the orderly administration of justice and depriving Defendant of an opportunity to be heard.

The Magistrate's deference to Plaintiff, specifically her failure to intervene when Plaintiff forcefully interrupted Defendant and asserted command control over the hearing, constituted substantial procedural error and should be, in and of itself, grounds for reconsideration.

Defendant further contends that the Magistrate's Order permitting discovery to proceed under New York Civil Rights Law §§ 50 and 51 is legally erroneous. The claims at issue concern original cartoon drawings that are objectively works of parody, which cannot be construed as Plaintiff's likeness for commercial purposes and are protected under the First Amendment. These legal deficiencies should have precluded this case from advancing to discovery.

Concurrent with this motion, Defendant has submitted motions pursuant to Rules 59(e) and 65, which further detail the necessity for judicial intervention and require prompt review to prevent further manifest injustice and to address ongoing harm. Copies of these motions are attached as **(EXHIBIT A)** and their content is reasserted and incorporated herein by reference.

Ceaseless and grossly inappropriate extrajudicial harassment, falsely qualified by Plaintiff as privileged conduct, continues to substantially burden Defendant and delayed this motion further amplifying the prejudice caused by Plaintiff Sweigert's actions.

## II.  LEGAL STANDARD

Under Rule 6(b)(1)(B), the Court may extend the time to act upon a showing of excusable neglect. The Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), established that courts should consider the following factors in determining excusable neglect:

The danger of prejudice to the non-moving party;

The length of delay and its potential impact on judicial proceedings;

The reason for the delay, including whether it was within the reasonable control of the movant; and

Whether the movant acted in good faith.

Rule 72(a) provides that a party may object to a magistrate judge's ruling on nondispositive matters within 14 days. However, failure to timely object does not preclude relief where exceptional circumstances justify consideration of untimely objections.

### III. ARGUMENT

#### A. Excusable Neglect Justifies Filing Objections Out of Time

Prejudice to Defendant:

The Magistrate's Order has significantly prejudiced Defendant by enabling Plaintiff's continued misuse of the judicial process, including allowing baseless claims to proceed under New York Civil Rights Law §§ 50 and 51 despite their inapplicability to the facts of this case while simultaneously failing to address documented misconduct by Plaintiff Sweigert.

Sweigert has seized upon this prejudicial opportunity to wrongfully involve outside third parties including attorneys for non-parties and Goodman's former attorney Jonathan Snyder.

Minimal Delay:

The delay in filing objections has been minimal relative to the overall timeline of the case and has not adversely affected the judicial process. To wit, the deadline to exchange initial written discovery requests, January 18, 2025, has not yet arrived.

Moreover, during the elapsed time, Sweigert has caused numerous unnecessary delays by repeatedly seeking information outside the scope of discovery through improper means, including emails to attorneys for X Corp in matters unrelated to Goodman. **(EXHBIT B)**

Reason for Delay:

Defendant, a pro se litigant, only recently became aware of Rule 72(a)'s requirements due to the need to continuously address Plaintiff Sweigert's relentless filings and other extrajudicial

harassment. It has been Defendant's intention since December 18, 2024, to make a filing expressing concern with errors and oversights in the Magistrate's ruling in ECF No. 194.

The Court's failure to substantively address Defendant's motion at ECF 177, despite multiple memorandum endorsements stating that the motion would be addressed, created procedural confusion and created the need for this filing.

Defendant's efforts have been consumed by researching and preparing motions in response to Plaintiff's ongoing misconduct, including addressing broader substantive issues under Rule 59(e) and Rule 65 as detailed in the attached motions.

Good Faith:

Defendant has acted in good faith throughout these proceedings, diligently defending against baseless claims and raising legitimate concerns about judicial fairness and procedural irregularities. New and substantial irregularities arose during the December 18 hearing that are unique in their nature and have themselves required considerable research to properly address.

### B. The Magistrate's Order Contains Clear Error and Results in Prejudice

Legal Deficiencies in Plaintiff's Claims:

The claims under New York Civil Rights Law §§ 50 and 51 fail as a matter of law because the works at issue are First Amendment protected original cartoon parodies that do not use Plaintiff's actual likeness, nor are they used for commercial purposes as statutorily defined.

Allowing discovery to proceed on these legally deficient claims imposes an undue burden on Defendant and risks chilling constitutionally protected expression. This principle was definitively addressed in *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988), where the Supreme Court upheld that parody, even when offensive, is protected under the First

Amendment. This precedent firmly establishes that the cartoons in question cannot reasonably be construed as actionable under New York Civil Rights Law §§ 50 and 51.

Procedural Irregularities During the Hearing:

The Magistrate allowed Plaintiff Sweigert to interrupt and dominate the hearing, granting him full control to say "NO" in response to Defendant's legitimate request to speak. This was a de facto relinquishment of inherent authority to the Plaintiff which denied Defendant of a fair opportunity to present legitimate arguments. Such conduct constitutes gross, virtually unheard of, procedural error and warrants reconsideration to ensure the integrity of these proceedings.

This principle is well established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), where the Supreme Court emphasized the necessity of fair procedures to ensure that all parties are given an adequate opportunity to present their arguments and evidence. The conduct observed during the hearing falls far short of this standard, warranting reconsideration and judicial correction.

Unequal Application of Procedural Rules:

The Court has failed to hold Plaintiff Sweigert to the same procedural standards applied to Defendant, allowing repeated abuses of process while disregarding valid motions filed by Defendant. This disparity necessitates judicial review to ensure fairness.

### C. Exceptional Circumstances Warrant Relief

The issues raised in this case involve allegations of significant public concern, including the misuse of judicial resources and the improper application of state law to protected speech. Failure to allow objections out of time would result in manifest injustice, as the Magistrate's Order fails to address these critical issues and perpetuates procedural and substantive errors.

### IV. RELIEF REQUESTED

Wherefore, Defendant respectfully requests that this Court:

    i.      Grant leave to file objections to the Magistrate's Order out of time pursuant to Rule 6(b)(1)(B);

    ii.     Consider Defendant's objections under Rule 72(a) as part of the record in these proceedings;

    iii.    Reconsider the Magistrate's Order permitting discovery to proceed;

    iv.    Dismiss Plaintiff's claims under New York Civil Rights Law §§ 50 and 51 as legally deficient; and

    v.     Grant any additional relief the Court deems just and proper to ensure fairness and justice in this matter.

## V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant leave to file objections out of time and review the Magistrate's Order to address the clear errors and substantial prejudice caused to Defendant.

Dated: New York, New York January 14, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**(EXHIBIT A)**

DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e)

MOTION FOR INJUNCTION AND RESTRAINING ORDER PURSUANT TO RULE 65

**(EXHIBIT B)**

**From:** Spoliation Notice spoliation-notice@mailbox.org
**Subject:** RE: [EXTERNAL] 23-cv-05875-JGK-VF
**Date:** December 31, 2024 at 8:58 PM
**To:** Kenneth Trujillo-Jamison ktrujillo-jamison@willenken.com, truth@crowdsourcethetruth.org, Peter Shimamoto PShimamoto@willenken.com, spoliation@posteo.net, Spoliation Notice spoliation-notice@mailbox.org, jason@21stcentury3d.com

Counsels,

Kindly see the attached.

Best,

> On 11/07/2023 10:30 AM PST Kenneth Trujillo-Jamison <ktrujillo-jamison@willenken.com> wrote:
>
> Mr. Sweigert,
>
> Thanks for this email. To confirm, you have submitted this to the Court for filing? I assume so, but your email didn't confirm you had submitted it.
>
> Regards,
>
> Kenneth M. Trujillo-Jamison
> WILLENKEN LLP
> 707 Wilshire Blvd., Suite 3850
> Los Angeles, CA 90017
> Direct: 213.955.8031
> Fax: 213.955.9250
> ktrujillo-jamison@willenken.com
> https://www.willenken.com
>
> The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Willenken LLP. Unauthorized use, disclosure, or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments.
>
>
> -----Original Message-----
> From: Spoliation Notice <spoliation-notice@mailbox.org>
> Sent: Monday, November 6, 2023 7:11 PM
> To: truth@crowdsourcethetruth.org; Peter Shimamoto <PShimamoto@willenken.com>; Kenneth Trujillo-Jamison <ktrujillo-jamison@willenken.com>; Spoliation Notice <spoliation-notice@mailbox.org>; spoliation@posteo.net
> Subject: [EXTERNAL] 23-cv-05875-JGK-VF
>
> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
>
> 23-cv-05875-JGK-VF
>
> Please see attached

**XCORP Rule 36 third party - Copy (2).pdf**
615 KB

D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

December 30, 2024

*Sweigert v. Goodman,* 23-cv-05875-JGK (S.D.N.Y.)

Elisa Egonu
Morgan, Lewis & Bockius
101 Park Ave
New York, NY 10178
212-309-6043
elisa.egonu@morganlewis.com

Eric Meckley
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1013
415-442-1001 (fax)
emeckley@morganlewis.com

Dear Counsels,

This concerns the Twitter, X CORP account:      @ JGoodman_CSTT

The issuance of a subpoena in the federal court serving Manhattan (S.D.N.Y.) for artwork and images presently in the possession of Twitter, X CORP, and/or Elon Musk will soon be issued.

As you may be aware Jason Goodman of 252 7th Avenue, New York, N.Y. 10001 filed a legal action against Twitter, X CORP and Elon Musk in the S.D.N.Y. last year.  Twitter, X CORP, and Elon Musk all made appearances in that legal action.

The subject of this letter is the cited action known as *Sweigert v. Goodman*, which has moved to the discovery phase.  Consequently, electronic documents will be sought from Twitter / X CORP., originally a co-defendant in that action.

As part of your duties owed to the California and New York State Bar Associations, as well as the S.D.N.Y., you are obligated to help reduce unnecessary costs and burdens associated with obtaining the discovery artwork and "media" images posted by the above-named account.

Jason Goodman has flatly refused to provide the media artwork posts that depicts the plaintiff in the following categories:

- Operation Paperclip NAZI member
- Mentally ill wife swapping psychopath
- Professional pimp of his ex-wife in wife swapping arrangements
- Participation in a trafficking conspiracy with S.D.N.Y. District Judge Valerie E. Caproni
- Has political ties to Middle Eastern terrorism organizations
- Etc.

1

Page two-Sweigert

This letter places you on notice that these discovery materials will be sought in a militant manner as Mr. Goodman uses a wealth of Twitter / X CORP. accounts for the sole purpose of distributing materials ripe with slander, defamation, linked with invasions of privacy.

As a courtesy to you, this letter will accompany the subpoena request against Twitter / X CORP. Should your client decide to voluntarily cooperate by providing the public artwork associated with this now terminated account such a subpoena would not be necessary.

The discovery request includes all media artwork distributed on account: @ **JGoodman_CSTT**

Best.

D. G. Sweigert

P.S.:  Other accounts held by Mr. Goodman:  **@GHenryDickface , @csthetruth and @jg_cstt**


Copy provided to Jason Goodman