| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>Plaintiff,<br>-against-<br><br>JASON GOODMAN<br>Defendant.<br>-----------------------------------------------------------------X | Case 1: 23-cv-5875-JGK<br><br>**DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e)** |

Pro se defendant Jason Goodman respectfully submits this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Defendant contends that Magistrate Judge Valerie Figueredo's conduct during the December 18, 2024 hearing and subsequent orders raise legitimate concerns about procedural fairness and manifest injustice, warranting reconsideration of the order that permitted discovery to proceed.

## I.     INTRODUCTION

Defendant seeks reconsideration of the Court's order allowing discovery to proceed while significant procedural issues remain unresolved, including Defendant's Motion for Leave to File Additional Motions (ECF No. 177). Since the hearing, Plaintiff D. G. Sweigert has sent no fewer than three dozen harassing and frivolous emails to Defendant, underscoring a pattern of abuse that disrupts the orderly administration of justice and prejudices Defendant's ability to prepare for litigation. These actions necessitate immediate judicial intervention to prevent further harm.

## II.    LEGAL STANDARD

Under Rule 59(e), reconsideration is appropriate to:

  a) Correct a clear error of law or fact;

  b) Prevent manifest injustice; or

  c) Address newly discovered evidence.

*See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992). Moreover, courts have inherent authority to dismiss cases where a plaintiff's bad-faith conduct undermines the judicial process. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991).

### III.     BASIS FOR RECONSIDERATION

#### A. Procedural Irregularities and Denial of Due Process

The Court's decision to permit discovery without addressing ECF No. 177 prejudices Defendant's ability to mount an effective defense. Throughout these proceedings, the Court has refused to take action against Plaintiff, despite his numerous clear violations of the rules. Failure to address Defendant's motions continues this pattern of unjust bias favoring the plaintiff.

During the December 18, 2024 hearing, Defendant's attempts to speak were improperly curtailed. Defendant requested permission stating, "May I speak, Your Honor?" Before the Magistrate could respond, Sweigert improperly interrupted, shouting, "No! We are at a closure point." Magistrate Figuredo's failure to retain control over the hearing allowed Plaintiff to direct the proceedings, depriving Defendant of the opportunity to present critical arguments. The Court relinquished its authority to the Plaintiff and improperly allowed Sweigert to dominate and even direct the outcome of the hearing by blocking Defendant from responding. These procedural irregularities amount to a denial of due process and a clear error. Courts have held that a failure to ensure procedural fairness can warrant reconsideration and there can be no clearer example than this. *See Greene v. WCI Holdings Corp*., 956 F. Supp. 509, 518 (S.D.N.Y. 1997).

#### B. Sweigert's Ongoing Harassment and Abuse of Process

On December 22, only days after the hearing, Plaintiff Sweigert escalated his campaign of harassment by sending an inappropriate and antagonistic email to Defendant and several attorneys in an unrelated legal matter, Goodman v Bouzy et al. **(EXHIBIT A)**

DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e)          2

Sweigert sent this communication to the Defendant at his octogenarian parents' home while he visited them over the Christmas holiday and entered the irrelevant letter on the public docket including that improper address. Goodman does not reside at this address and his parents have no role in this litigation. Sweigert had no legitimate purpose to publish Goodman's family members' private home address. This can only be construed as harassment and intimidation. Sweigert's gross abuse of this legal process allows him to hide his sinister methods in pseudo litigation procedures. Recently, a well-known and highly controversial social media influencer had his private home address maliciously published. Shortly thereafter an individual proceeded to that address to attempt his murder. Local police intervened, killing the would be assassin, (https://chicago.suntimes.com/crime/2025/01/09/nick-fuentes-nicholas-gunman-shooter-shooting-homicide-murder-berwyn-mahomet-downstate-illinois).

Defendant alleges on information and belief that Sweigert knows such deliberate publication of private information exposes Goodman and his family to imminent harm or death and he did so deliberately. This wanton publication of private information was just one of the dozens of harassing communications from Sweigert since he inappropriately commandeered the December 18 hearing. Sweigert's ongoing abuse of process includes baseless accusations, threats of new litigation, and additional publication of known falsehoods designed to provoke, harass, annoy and distract. Plaintiff has also engaged in inappropriate contact with attorneys representing Alphabet, Patreon, and X Corp in a manner that appears calculated to interfere with Defendant's professional relationships irrespective of the outcome of this case. **(EXHIBIT B)**

These inappropriate and irrelevant communications from the Plaintiff illustrate;

i.   Persistent harassment unrelated to the litigation;

ii.  Baseless threats of legal action in other jurisdictions;

      iii.      Demands for irrelevant materials outside the scope of discovery;

      iv.      Personal attacks and inflammatory language meant to antagonize;

      v.      Efforts to improperly seek discovery from non-parties, such as Patreon and Alphabet, by contacting their counsel and demanding confidential records;

      vi.      Filing a frivolous human rights complaint with the San Francisco Human Rights Commission, targeting Defendant's business relationships with Patreon.

This baseless complaint, dated December 23, 2024, accuses Defendant of "de-humanizing women" based on parody artwork clearly protected under the First Amendment. The complaint was filed in bad faith and is another example of Plaintiff's intent to disrupt and harass Defendant by any means he can muster, rather than litigate this case on its merits.

Additionally, Plaintiff sent an email to Defendant's former attorney, Jonathan Snyder, on December 23, 2024, falsely suggesting that he was "having trouble collecting discovery" and inappropriately proposing Snyder's involvement in the matter.  **(EXHIBIT C)**

The Court is familiar with Mr. Snyder but may not be aware that he previously represented Defendant in NATAS v. MSDI and also has previously interacted with Mr. Swigert to Goodman's detriment.  That case is currently under appeal and scheduled for oral argument in the Second Circuit on February 3, 2025. While representing Goodman in that case, Snyder drafted the motion for summary judgment in *Sweigert v. Goodman*, 18-CV-8653 (VEC) (S.D.N.Y. Jan. 19, 2022), which allowed Plaintiff's claims under New York Civil Rights Law Sections 50 and 51 to survive in this case. Judge Koeltl explicitly cited this as the basis for allowing the present claims to proceed here.  In the time since that case, Goodman has come to believe Snyder's filing was deliberately intended to fail.  Snyder withdrew from representing Goodman promptly after the failure and coerced Goodman to allow the withdrawal against his

DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e)      4

will. Sweigert's ongoing interaction with Snyder should cause the Court to reconsider their relationship and its own decision to allow Sweigert's New York Cicil Rights claims to survive.

Plaintiff's recent contact with Snyder provides compelling evidence that the two have been working together all along to undermine Defendant's legal efforts, both in the prior litigation and this current matter. The court is separately aware of Snyder's representation of FBI confidential human informants including Felix Sater. There is reason to believe that Sweigert is similarly situated and involved in covert government activity directed at Goodman. Goodman is not a terrorist, does not own a Kazakh bank, and has not engaged in any criminal activity. The U.S. government has no right to train its covert resources on law abiding citizens like Goodman.

This new evidence underscores the collusion between Plaintiff and Snyder, their joint intent to deceive Defendant, and their misuse of the judicial process to gain an unfair advantage. Both individuals should be sanctioned for their actions, which demonstrate bad faith, a pattern of harassment and a broader conspiracy to aimed at undermining the integrity of this Court.

Sweigert's malicious emails further underscore his misuse of legal processes to interfere with Defendant's ability to litigate. Courts have consistently dismissed cases where plaintiffs engage in abusive or disruptive tactics. *See Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992).

### C. Risk of Prejudice from Premature Discovery

Permitting discovery to proceed under these circumstances imposes an undue burden on Defendant and risks prejudicial outcomes. Plaintiff's pattern of disruptive and harassing behavior suggests he will misuse the discovery process to further his campaign of intimidation rather than advancing legitimate legal claims. To wit, Sweigert's recent request for admissions introduce claims totally unrelated to this case. He seeks to use this instant action to rehash old beefs pertaining to Adam Sharp, Valerie Caproni and others from past judicial conflicts he previously

ginned up and intended to hamper Goodman's ability to conduct business or a normal life. Staying discovery until all procedural issues are resolved is necessary to ensure fairness and prevent further abuse. *See Hachette Distrib., Inc. v. Hudson Cty. News Co.,* 136 F.R.D. 356, 357-58 (E.D.N.Y. 1991) (noting that discovery should be stayed where abuse is likely).

### D. Plaintiff's Inconsistent Challenges to Veracity

Plaintiff has selectively chosen to challenge certain statements pertaining to his ex-wife and his brother after years of public silence, raising questions about his credibility and intent. Plaintiff's recent objection to Defendant's long-standing claim, supported by statements made directly to Defendant by Plaintiff's brother, George Sweigert, regarding an intimate relationship with Plaintiff's ex-wife, contradict his past statements. Despite Defendant having publicly discussed this matter for approximately seven years, Plaintiff challenged its veracity only recently in response to filings in this case.

Sweigert's sudden change of position appears to be a strategic attempt to complicate discovery by creating a pretext for depositions or to distract from the substantive issues in this litigation. Defendant has no interest in airing Plaintiff's personal matters in court but must preserve the right to address these claims if Plaintiff continues to raise them as part of this case.

Plaintiff's inconsistent behavior and this belated objection further illustrate his bad faith and misuse of the legal process, as he seeks to weaponize personal grievances, delay proceedings and harass Defendant. Courts have dismissed claims where plaintiffs acted inconsistently or without credible justification. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

### IV. RELIEF SOUGHT

Wherefore, Defendant respectfully requests that the Court:

a) Reconsider its order permitting discovery to proceed;

b) Impose sanctions on Plaintiff D. G. Sweigert and John Snyder for their collusion, bad-faith conduct, and misuse of the judicial process as evidenced by Plaintiff's communications and actions;

c) Stay discovery until all pending motions, including ECF No. 177, are resolved;

d) Issue an order prohibiting Plaintiff from directly contacting Defendant outside court-authorized channels;

e) Dismiss the case with prejudice due to Plaintiff's continued bad-faith conduct and failure to respect court orders.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant the Motion for Reconsideration under Rule 59(e), reconsider the order permitting discovery to proceed, and take all necessary measures to protect Defendant from further harassment by Plaintiff.

Dated: New York, New York January 14, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**(EXHIBIT A)**

**From:** Spoliation Notice spoliation-notice@mailbox.org 
**Subject:** Court update
**Date:** December 22, 2024 at 12:42 PM
**To:** truth@crowdsourcethetruth.org, berlins@ballardspahr.com, heavnerb@finnegan.com, naresh.kilaru@finnegan.com, liz.lockwood@alilockwood.com, bmiddlebrook@grsm.com, jtmills@grsm.com, mishkinm@ballardspahr.com, Spoliation Notice spoliation-notice@mailbox.org

21-cv-10878-AT-JLC.pdf

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Jason Goodman,
D/B/A CrowdSource The Truth
                      Plaintiff,    CASE: 1: 21-cv-10878-AT-JLC

      -against-
                                       JUDGE TORRES

Christopher Bouzy,

Ben Wittes,

Adam Sharp,

George Webb Sweigert,
                      Defendant.

### DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
### PURSUANT TO F.R.E. 201 (b)

The Defendant requests that this Court take notice of the attached information pursuant to Federal Rules of Evidence (F.R.E.) Rule 201 (b)(1) – (2). December 22, 2024.

D. G. SWEIGERT, C/O, PMB 13339
514 Americas Way, Box Elder, SD 57719

### CERTIFICATE OF SERVICE

A copy of this pleading has been sent via e-mail message to truth@crowdsourcethetruth.org ,

berlins@ballardspahr.com , heavnerb@finnegan.com , naresh.kilaru@finnegan.com ,

liz.lockwood@alilockwood.com , bmiddlebrook@grsm.com , jtmills@grsm.com ,

mishkinm@ballardspahr.com , on December 22, 2024.

          D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,
          514 Americas Way, Box Elder, SD 57719

1

December 21, 2024

To:

**Jason Goodman, c/o**
**12223 Bear River Road**
**BOYNTON BEACH, FL 33473**

Dear Sir,

In the interest of providing you the earliest possible warning as to discovery requests for the Court, please see copies of the e-mail messages sent to you.

> **From: Spoliation Notice <spoliation-notice@mailbox.org>**
> **To: Jason Goodman <jason@21stcentury3d.com>, "truth@crowdsourcethetruth.org" <truth@crowdsourcethetruth.org>, Spoliation Notice <spoliation-notice@mailbox.org>**
> **Date: 12/19/2024 6:36 AM PST**
> **Subject: Re: Discovery Request,**
>
> **Mr. Goodman,**
>
> **As you know the Magistrate judge has ruled on this matter in my favor.**
>
> **Please immediately send the discovery artifacts that have already been requested.**
>
> **This will prevent my motion to obtain a court issued order to compel you to provide the documents that are in your possession.**
>
> **As a reminder, this includes any image that has been created, possibly in the form of a thumbnail, that has any likeness to the persona of George Webb's mentally ill, wife swapping, Nazi paperclip brother, that sleeps on newspapers or is in the jungle with Nazi arm bands.**
>
> **Best,**

Copy to:
Jason Goodman
252 7th Avenue, Apt 6-S
New York, NY 10001

**(EXHIBIT B)**

**From:** Spoliation Notice spoliation-notice@mailbox.org
**Subject:** Jason Goodman, Crowdsource The Truth
**Date:** December 23, 2024 at 9:45 PM
**To:** disable@patreon.com, mullane.ahern@sfgov.org, legal@patreon.com, colin@patreon.com, sfcitypartnersupport@sfgov.org, sheryl.cowan@sfgov.org, ahern@sfgov.org, dosw@sfgov.org, sinead@indexventures.com, hrc.info@sfgov.org, privacy@patreon.com, copyright@patreon.com, Spoliation Notice spoliation-notice@mailbox.org, tyler@patreon.com, truth@crowdsourcethetruth.org, jason@21stcentury3d.com

To the S.F. Human Rights Commission.

This is a report concerning the de-humanizing of women.

Kindly see the attached documents.

Please create a complaint file for Jason Goodman of the PATREON website.

PATREON is located at 600 Townsend Street, Suite 500 in San Francisco.

Attached is the degrading artwork Mr. Goodman creates for PATREON.

Best,

D. G. Sweigert







restraining-order.pdf 

Jason Goodman
252 7th Avenue
Apt. 6S
New York, NY 10001
323 744 7594
PRO SE

**(EXHIBIT C)**

**From:** Spoliation Notice spoliation-notice@mailbox.org
**Subject:** Fwd: Re: Jason Goodman, Crowdsource The Truth
**Date:** December 23, 2024 at 11:59 PM
**To:** john_snyder@post.harvard.edu, john@jhsnyderlaw.com, truth@crowdsourcethetruth.org, jason@21stcentury3d.com, Spoliation Notice spoliation-notice@mailbox.org, kdenk@nycbar.org

REF: Registration #4242574

John Hoover Snyder

Hi John,

Currently Jason Goodman is a defendant in an SDNY legal action and is having trouble collecting discovery.

It is the understanding of the plaintiff that you have an "AI" machine that quickly discovers files on a hard disk.

Would you be interested in the plaintiff showcasing this remarkable device to the Magistrate judge in this matter to demonstrate how much ease Jason could locate this discovery?

Best,

D. G. Sweigert

---------- Original Message ----------
From: Jason Goodman <jason@21stcentury3d.com>
To: Spoliation Notice <spoliation-notice@mailbox.org>
Cc: Jason Goodman <truth@crowdsourcethetruth.org>, Georg.webb@gmail.com, Spoliation Notice <spoliation-notice@mailbox.org>
Date: 12/23/2024 7:01 PM PST
Subject: Re: Jason Goodman, Crowdsource The Truth

Thank you this confirms my suspicion that he was a Nazi who benefited from operation paper clip, and that makes you a descendent of an operation paperclip Nazi hence my colloquial reference to you as a mentally ill wife swapping paper clip Nazi case closed. Stop emailing me. this has nothing to do with discovery. This is pure harassment. You will be enjoined from ever communicating with me again Mr. Sweigert and then I'm going to see that you rot and spend the rest of your life in prison.

> On Dec 23, 2024, at 9:56 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>
> Mr. Goodman,
>
> The plaintiff has no knowledge of the records you seek and does not have records concerning the pre-war experiences of George H. Sweigert.
>
> Where are the requested thumbnails that you have not yet furnished.
>
> Best,
>
>> On 12/23/2024 6:52 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:
>>
>> Just collect all the evidence of your dead Nazi father and stop harassing me you psychopath. I'll need all the records of him punching you in the face and putting your brother in the hospital in support of my claims that you are mentally ill.
>>
>>> On Dec 23, 2024, at 9:45 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>>>
>>> To the S.F. Human Rights Commission.
>>>
>>> This is a report concerning the de-humanizing of women.
>>>
>>> Kindly see the attached documents.
>>>
>>> Please create a complaint file for Jason Goodman of the PATREON website.
>>>
>>> PATREON is located at 600 Townsend Street, Suite 500 in San Francisco.
>>>
>>> Attached is the degrading artwork Mr. Goodman creates for PATREON.
>>>
>>> Best,
>>>
>>> D. G. Sweigert<jason-goodman-depicts-women-as-hogs.jpg><mark-a-goodman-square---2.jpg><restraining-order.pdf><jason-goodman-phone.jpg>