IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

D. G. SWEIGERT

Plaintiff,

-against-

JASON GOODMAN
Defendant.

------------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**SUPPLEMENTAL MOTION REQUESTING AN IN-PERSON HEARING TO ADDRESS PLAINTIFF'S CONTINUED HARASSMENT**

Jason Goodman ("Defendant"), proceeding pro se, respectfully submits this supplemental motion and accompanying demand for an in-person hearing with Judge Koeltl to address Plaintiff's outrageous, continuous pattern of harassment, defiance of court rules, and abuse of process. Defendant further requests immediate judicial action, including the issuance of an injunction, to enforce the rules of this Court and to curtail Plaintiff's escalating misconduct.

## I.    INTRODUCTION

Since the December 18, 2024 hearing and order allowing discovery to proceed, Plaintiff D.G. Sweigert has acutely intensified his harassment and intimidation campaign against Defendant and his family members. On January 15, 2025, one day after Defendant made multiple filings, and prior to those filings being entered on the docket, Plaintiff has increased his effort to harass Defendant now threatening Defendant's elderly, retired father, Dr. Mark Goodman, ("Dr. Goodman") with baseless allegations of Medicare fraud and frivolous litigation in Florida. Plaintiff's harassing email threats demonstrate an utter disregard for the authority of this Court and an overt use of the judicial system as a weapon of intimidation.

Plaintiff's obsessive conduct further reveals a seemingly psychotic and potentially dangerous fixation on Defendant, raising serious concerns about Plaintiff's mental fitness and capacity to engage responsibly in any legal proceeding. The Court must act now to prevent further harm to

SUPPLEMENTAL MOTION REQUESTING AN IN-PERSON HEARING TO ADDRESS
PLAINTIFF'S CONTINUED HARASSMENT

Defendant and his innocent, non-party family members, and to preserve the integrity of the judicial process.  If the Court cannot compel Plaintiff to adhere to the rules or prevent him from engaging in such alarming misconduct, it undermines its own authority to enforce compliance with lawful orders aimed at any litigant.

Defendant also reminds this Court of its previous failures to act on motions for sanctions, which has emboldened Plaintiff to continue this escalating abuse.  The Court must demonstrate its authority by intervening decisively in this matter without further delay. This continually escalating abuse demands immediate, stern intervention, including an injunction, to preserve the integrity of the judicial process not only for the Defendant, but for the good of the general public.

## II.    RECENT INCIDENTS OF HARASSMENT

On January 15, 2025, Plaintiff sent an email to Defendant, stating:

"Your father will be named as a co-defendant in a federal lawsuit to be filed in West Palm Beach, Florida. He should seek legal counsel. He may go to jail for Medicare fraud." **(EXHIBIT A)**

The email closes with Plaintiff invoking "litigation privilege," a clear indication that he is fully aware he is abusing the judicial process to harass Defendant and his family. This admission underscores the Plaintiff's malicious intent and demonstrates his flagrant disregard for the rules.

In *Durham v. Guest*, 204 P.3d 19 (N.M. 2009), the New Mexico Supreme Court addressed the misuse of litigation privilege in the context of a malicious abuse of process claim. The court held that the litigation privilege does not protect a party who uses the judicial process for an improper purpose, such as harassment or intimidation. Specifically, the court stated that an improper use of legal process may be shown by either a filing without probable cause or an irregularity or impropriety suggesting extortion, delay, or harassment.

SUPPLEMENTAL MOTION REQUESTING AN IN-PERSON HEARING TO ADDRESS
PLAINTIFF'S CONTINUED HARASSMENT

Sweigert has never been a patient of Dr. Goodman and has no basis to interact with Dr.

Goodman.  Sweigert has never met Dr. Goodman and has no grounds for any civil complaint

against him. Dr. Goodman has never engaged in Medicare fraud, has never been accused of

Medicare fraud, and there is no evidence of Medicare fraud. Dr. Goodman is retired and no

longer practicing medicine, and contrary to Sweigert's false assertions, is not a public figure.

Even if the Court disagrees and considers Dr. Goodman a limited-purpose public figure in his

capacity as a retired physician, the malicious publication of his home address has no legitimate

purpose in this or any pending legal action. Dr. Goodman has no relevance in this case and

Sweigert's acts must be construed as pure harassment of Dr. Goodman and Defendant.

Ongoing Violations of Procedural Rules:

Plaintiff continues to engage in bad-faith litigation tactics, including frivolous threats,

public dissemination of private information, and improper use of "litigation privilege" to shield

his actions. Each of these actions underscores the urgent need to dismiss this action with

prejudice and issue a permanent filing injunction and order of protection.

Pattern of Misconduct:

Plaintiff has repeatedly initiated baseless lawsuits and made defamatory statements aimed

at damaging Defendant's reputation and disrupting his personal and professional relationships.

## III.    LEGAL SUPPORT

Harassment and Abuse of Process:

Courts have inherent authority to sanction bad-faith conduct and protect parties from

harassment. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).  Failure to do so in this

case would be a dereliction of the Court's duty to the public and would undermine and contradict

the service of justice.

SUPPLEMENTAL MOTION REQUESTING AN IN-PERSON HEARING TO ADDRESS
PLAINTIFF'S CONTINUED HARASSMENT

Irreparable Harm:

Threats to privacy, emotional well-being, and safety constitute irreparable harm

warranting immediate judicial intervention. *See Doe v. Town of Plainville*, 211 F.R.D. 85 (D.

Conn. 2002). The Court can no longer ignore these facts or this Plaintiff's unruly conduct

without forfeiting its own authority and jurisdiction over this case.

Injunctions for Harassment:

Injunctions are appropriate remedies to prevent ongoing harm caused by abusive and

harassing litigation practices. *See United States v. Raines,* 362 U.S. 17, 21 (1960).

Judicial Authority:

Failure to enforce the rules against Plaintiff undermines the Court's authority and ability

to manage its proceedings effectively. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65

(1980) (courts must act to maintain order and integrity).

Misuse of Litigation Privilege:

Litigation privilege cannot be abused to shield harassment or improper conduct under the

guise of legal process. *See Hobbs v. Smith*, 493 F.2d 1350, 1355 (5th Cir. 1974).

Despite this, it is clear to any reasonable observer that abusing litigation privilege is a

regular practice for Sweigert that he engages in persistently without fear of consequences.

Sanctions for Frivolous Litigation:

Courts must sanction parties engaging in repetitive and abusive litigation to prevent

further misuse of judicial resources. *See Hutto v. Finney,* 437 U.S. 678, 690 (1978).

In *Vargas v. Peltz,* 901 F. Supp. 1572 (S.D. Fla. 1995), the court dismissed the plaintiff's

case with prejudice due to bad-faith litigation tactics, including the fabrication of evidence and

perjury.  This case underscores the judiciary's authority to impose severe sanctions, such as

SUPPLEMENTAL MOTION REQUESTING AN IN-PERSON HEARING TO ADDRESS
PLAINTIFF'S CONTINUED HARASSMENT

dismissal with prejudice, when a party engages in egregious misconduct that undermines the integrity of the judicial process. Additionally, in *State ex rel. Bardacke v. Welsh*, 102 N.M. 592, 698 P.2d 462 (Ct. App. 1985), the court issued a permanent injunction to prevent the defendant from filing vexatious, harassing, and oppressive lawsuits.

This case illustrates the court's willingness to enjoin individuals from engaging in abusive litigation practices that harass others, even non-parties. These precedents support the argument that Plaintiff's bad-faith litigation tactics, including harassment of non-parties like Dr. Goodman, warrant dismissal of the current action with prejudice and the issuance of a permanent filing injunction to prevent further abuse of the judicial system.

## IV.     DEMAND FOR AN IN-PERSON HEARING AND INJUNCTION

Defendant respectfully requests that this Court schedule an in-person hearing to:

      i.      Address the pending motions filed by Defendant, including those seeking injunctive relief and sanctions against Plaintiff.

      ii.      Directly confront Plaintiff's pattern of misconduct, which appears driven by personal animus and an unhealthy fixation on Defendant.

      iii.      Establish clear rules and consequences for further violations of court orders.

Defendant further requests that Plaintiff be compelled to attend this hearing in person. Failure to appear should result in immediate sanctions, including dismissal of claims and issuance of a permanent injunction preventing further litigation without prior court approval.

Given the Plaintiff's escalating behavior, apparent mental instability, and the irreparable harm caused to Defendant and his family, this Court must act decisively to issue an immediate injunction restraining Plaintiff from further contact with Defendant, his family members, or third

parties unrelated to this litigation. Without this relief, Plaintiff's behavior will continue to disrupt these proceedings and erode public confidence in the Court's ability to enforce its own rules.

## V.    RELIEF REQUESTED

Wherefore, Defendant respectfully requests that this Court:

i.    Schedule an in-person hearing with Judge Koeltl to address Plaintiff's misconduct, pending motions, and procedural irregularities.

ii.    Compel Plaintiff David G. Sweigert to attend the hearing in person, with the understanding that failure to appear will result in dismissal of his claims.

iii.    Issue an immediate injunction restraining Plaintiff from contacting Defendant, Defendant's family members, or third parties unrelated to this litigation.

iv.    Impose sanctions against Plaintiff for continued harassment and abuse of process.

v.    Grant any other relief this Court deems just and proper.

## VI.    CONCLUSION

Plaintiff's harassment has reached an untenable level, demonstrating a pattern of bad faith, abuse of process, and an unwillingness to adhere to the rules of litigation. Failure to intervene thus far has emboldened Plaintiff and ultimately undermined public confidence in the justice system.  The Court must take decisive action to prevent further harm and uphold its authority.

Dated: New York, New York January 15, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

SUPPLEMENTAL MOTION REQUESTING AN IN-PERSON HEARING TO ADDRESS
PLAINTIFF'S CONTINUED HARASSMENT

**(EXHIBIT A)**

**From:** **Spoliation Notice** spoliation-notice@mailbox.org
**Subject:** Re: Discovery Request to X.CORP
**Date:** January 15, 2025 at 12:33 AM
**To:** Jason Goodman  truth@crowdsourcethetruth.org,  jason@21stcentury3d.com,  Spoliation Notice  spoliation-notice@mailbox.org, georg.webb@gmail.com

Your father is a public figure with a public address.

His address is public.  See attached.

Public figure and the public needs to be warned about his activities.

Additionally, your father will be named as a co-defendant in a federal lawsuit to be filed in West Palm Beach, Florida.

He should seek legal counsel.

He may go to jail for Medicare fraud.

Be advised.

Litigation privilege.

Best,


> On 01/14/2025 7:54 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:
>
> You are engaged in criminal harassment and you have no litigation privilege to do that. I demand that you discontinue the publication of my family members' private home address and further that you discontinue communicating with non-parties in this case. You will go to jail, Mr. Sweigert if it takes the rest of my life to make that happen.
>
>> On Jan 14, 2025, at 10:29 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>>
>> Attached is the supplemental discovery request we have spoken about.
>>
>> Best,
>>
>>
>>> On 01/13/2025 7:56 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:
>>>
>>> You have no litigation privilege you are a psychopath harassing me. You should be in jail.
>>>
>>>> On Jan 13, 2025, at 10:37 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>>>>
>>>> Litigation privilege
>>>>
>>>> Attached is a screen shot of the latest absolute falsehood published regarding your parents.
>>>>
>>>> Provide proof please.
>>>>
>>>> Best,
>>>> <Untitled---.jpg>
>> <discovery-demand-1-14-2025 - Copy.pdf><discovery-demand-1-14-2025 - Copy.pdf>

## MARK ALAN GOODMAN MD

## License Number: ME119838

Data As Of 1/14/2025

| License Information | Secondary Locations | Discipline/Admin Action | Practitioner Profile |

| | |
|---|---|
| Profession | Medical Doctor |
| License | ME119838 |
| License Status | CLEAR/Active |

License Expiration Date    1/31/2026

License Original Issue Date    05/01/2014

Address of Record    ███████████████

████████████

██████████████

❷ Controlled Substance Prescriber    Yes
(for the Treatment of Chronic Non-
malignant Pain)

Discipline on File    No

❷ Public Complaint    No