IN THE UNITED STATES DISTRICT COURT  
FOR THE SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------------X  
                        D. G. SWEIGERT  

                              Plaintiff,  
-against-  

                      JASON GOODMAN  
                         Defendant.  
-------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**SECOND SUPPLEMENTAL FILING IN SUPPORT OF PENDING MOTIONS AND REQUEST FOR IMMEDIATE ACTION**

Jason Goodman ("Defendant"), proceeding pro se, respectfully submits this second supplemental filing to inform the Court of Plaintiff David G. Sweigert's relentless, cruel and escalating extrajudicial harassment, including a letter sent today to Defendant's elderly father, Dr. Mark Goodman, a non-party to this case. This letter is further evidence of Plaintiff's manipulation of the judicial system as a means to intimidate, harass, and cause irreparable harm to Defendant and his family irrespective of the outcome of this case. Defendant reiterates the urgent need for this Court's immediate intervention to halt Plaintiff's abusive conduct now before additional irreparable harm is done.

**I.    RECENT INCIDENT OF HARASSMENT**

In the early hours of January 15, 2025, Plaintiff sent a threatening email to Defendant falsely accusing his elderly father of Medicare fraud and threatening imminent legal action in Florida. Plaintiff has no legitimate basis for involving Dr. Goodman in this litigation or any other legal matter. This letter is a transparent attempt to cause distress to Defendant by targeting his family.

Harassment Through Pseudo-Legal Tactics:

The letter is intended to hide Sweigert's true purpose, pure harassment. By fashioning his harassment in the form of a litigation notice, Sweigert attempts to avoid criminal prosecution.

Additionally, by invoking the specter of costly legal action, he seeks to amplify the distress caused while shielding his conduct under the guise of litigation privilege.

Irreparable Harm to an Elderly Non-Party:

Dr. Goodman's advanced age makes him particularly vulnerable to the stress and emotional toll of such harassment. The distress caused by this baseless threat could have severe physical consequences, underscoring the urgency of this matter. Plaintiff's actions demonstrate a flagrant disregard for the well-being of non-parties and an escalating abuse of process.

## II.    PATTERN OF ABUSIVE CONDUCT

This recent act is part of a broader pattern of bad-faith litigation tactics employed by Plaintiff. Over the past eight years, Plaintiff has consistently weaponized the judicial process to harass Defendant, defame him, and disrupt his personal and professional life. Plaintiff's conduct includes:

Repeatedly filing frivolous lawsuits without merit.

Publicly disseminating false or private information to embarrass and harm Defendant.

Misusing litigation privilege as a shield for extrajudicial harassment.

Plaintiff's behavior demonstrates not only an intent to harass but also an understanding that his actions fall outside the scope of lawful litigation. This latest tactic of targeting Goodman's elderly father is beyond the pale and cannot be allowed. By explicitly invoking "litigation privilege" in the letter to Dr. Goodman, Plaintiff reveals his awareness of the improper and malicious nature of his conduct. He must be stopped immediately and punished harshly.

## III.    LEGAL BASIS FOR RELIEF

Abuse of Process:

Plaintiff's conduct constitutes a clear abuse of process. Courts have inherent authority to sanction bad-faith conduct and prevent misuse of the judicial system. See *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991).

Injunctive Relief:

Immediate injunctive relief is warranted to prevent further irreparable harm to Defendant and his family. *See Doe v. Town of Plainville,* 211 F.R.D. 85 (D. Conn. 2002).

Misuse of Litigation Privilege:

Litigation privilege cannot be invoked to shield harassing or improper conduct. *See Durham v. Guest,* 204 P.3d 19 (N.M. 2009).

### IV. URGENT NEED FOR COURT INTERVENTION

Defendant respectfully urges this Court to act immediately, without further delay. Plaintiff's harassment, particularly through pseudo-legal threats targeting an elderly non-party, poses a significant risk of irreparable harm. Plaintiff's actions also highlight the limitations of law enforcement in addressing such conduct, as the legal framing of these threats prevents police intervention. The Court must act now, today.

The Court's failure to act decisively risks emboldening Plaintiff further, undermining the integrity of these proceedings, and setting a dangerous precedent for unchecked and obvious abuse of the judicial process.

### V. RELIEF REQUESTED

Wherefore, Defendant respectfully requests that this Court:

    i.    Schedule an Emergency Hearing to address Plaintiff's continued harassment and abusive conduct.

    ii. Issue an Immediate Injunction restraining Plaintiff from contacting Defendant, Defendant's family members, or any third parties unrelated to this litigation.

    iii. Impose Sanctions against Plaintiff for his ongoing bad-faith conduct and abuse of process.

    iv. Dismiss This Action with Prejudice due to Plaintiff's flagrant disregard for the rules of this Court.

    v. Grant Any Further Relief this Court deems just and proper..

## VI. CONCLUSION

Plaintiff's persistent misuse of the judicial system and his continued harassment of Defendant and his family have created an untenable situation that this Court must address without further delay. The escalating pattern of extrajudicial intimidation, including baseless threats and exploitation of litigation privilege, demonstrates Plaintiff's flagrant disregard for the rules and the rights of others.  Defendant respectfully submits that the relief requested herein is not only warranted but essential to restore the integrity of these proceedings, protect non-parties from further harm, and ensure that the judicial process is not weaponized for improper purposes. Immediate action is necessary to prevent further abuse and irreparable harm.

Dated: New York, New York January 15, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**(EXHIBIT A)**

**January 15th, 2025**

**To:**

**Mark A. Goodman**



**Dear Sir,**

**In the interest of providing you with the earliest possible warning as to forthcoming litigation directed at you this letter is herein transmitted.**

**As you are well aware, it is believed that you have financed a wire and mail fraud ring operated by your son under the commercial enterprise known as CrowdSource The Truth.**

**You may wish to obtain legal counsel to help you in this matter.**

Respectfully,    Signed 01/15/2025

*D. Sgt*

**D.G. SWEIGERT**

**Copy to:**
**Jason Goodman**
**252 7th Avenue, Apt 6-S**
**New York, NY 10001**