| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------X<br><br>D. G. SWEIGERT<br><br>Plaintiff,<br>-against-<br><br>JASON GOODMAN<br>Defendant.<br>-----------------------------------------------------------------------X | Case 1: 23-cv-5875-JGK<br><br>**MOTION TO EXPEDITE HEARING ON PENDING MOTIONS FOR INJUNCTIVE RELIEF, SANCTIONS, AND CRIMINAL REFERRAL** |

### I. INTRODUCTION

Defendant Jason Goodman respectfully moves the Court to expedite the March 24, 2025 hearing. Plaintiff's escalating harassment now directly impacts Defendant's elderly father creating an urgent need for immediate court intervention. Waiting until March 24, 2025 only emboldens Plaintiff to continue his malicious campaign and risks irreparable harm. Additionally, the Court has not yet ruled on Defendant's prior request for an immediate injunction barring Plaintiff from further contacting Defendant's father. Plaintiff has continued his campaign of harassment unchecked, causing severe emotional distress to an elderly individual. Given this ongoing harm, Defendant respectfully urges the Court to rule on this request immediately, even before setting an expedited hearing date. Court have recognized the necessity of issuing emergency injunctions to protect elderly individuals from ongoing harassment and threats. *See Gielchinsky v. Gielchinsky*, 662 So.2d 732 (Fla. Dist. Ct. App. 1995) (holding that injunctions can be granted to protect vulnerable individuals from repeated threats and intimidation). Defendant respectfully urges the Court to issue relief without further delay.

### II. FACTUAL BACKGROUND

Defendant has already moved for injunctive relief and sanctions against Plaintiff due to his continued abuse of legal process and targeted harassment.

Since the filing of those motions, Plaintiff has escalated his misconduct by harassing Defendant's 83-year-old father, Dr. Mark Goodman, a retired Navy veteran and cardiologist.

Plaintiff falsely accuses Dr. Goodman of financing a wire fraud and mail fraud ring allegedly operated by Defendant, despite no evidence supporting these claims.

Plaintiff mailed a letter on January 15, 2025 **(EXHIBIT A)** notifying Defendant's father of "forthcoming litigation" and encouraging him to obtain legal counsel. This letter was clearly intended to intimidate and apply unlawful pressure on Defendant by harassing his elderly parent.

Plaintiff not only sent harassing letters to Defendant's father in Florida, he mailed them from Florida as revealed by the postmark, making him subject to Florida's elder abuse laws.

Defendant submits the attached affidavit from Dr. Mark Goodman **(EXHIBIT B)** in which he details the distress and intimidation caused by Plaintiff's threats. Dr. Goodman's age and declining health make this form of harassment particularly egregious. Delaying action until March 24, 2025 allows Plaintiff to continue his cruel campaign and risks irreparable harm.

Defendant's father has already suffered emotional distress, fear, and reputational damage due to Plaintiff's baseless threats. Further delay increases the likelihood of serious health consequences due to stress imposed by Plaintiff's vexatious conduct.

Given Plaintiff's persistent threats and the vulnerability of Defendant's father, immediate judicial action is necessary to prevent further psychological and emotional distress, irreparable harm which cannot be rectified through monetary damages or delayed legal proceedings.

### III.    LEGAL BASIS FOR EXPEDITED RELIEF AND CRIMINAL REFERRAL

The court has inherent authority to expedite hearings where necessary to prevent irreparable harm. *See In re Petition of Boehringer Ingelheim Pharm., Inc.*, 745 F.3d 216, 219 (7th Cir. 2014) (expedited relief warranted when delay causes undue hardship or prejudice).

Courts routinely expedite hearings in cases where a vulnerable party faces immediate harm. *See Garcia v. Google, Inc.,* 786 F.3d 733, 746 (9th Cir. 2015) (expedited proceedings justified to prevent irreparable injury).

The ongoing harassment of an elderly individual through fabricated legal threats creates an immediate and irreparable harm, which cannot be remedied by monetary damages or delayed court intervention. It is necessary for the Court to act and expedite the hearing.

Plaintiff's conduct is a clear abuse of legal process and a continuation of his pattern and practice of vexatious litigation. The court has the power to stop this misconduct now rather than allow it to persist unchecked for another two months.

Under Florida Statutes § 825.103, elder exploitation includes "intimidation, deception, or undue influence" to cause harm to an elderly individual. Plaintiff's mailed threats, sent from Florida, fall squarely within this statute and warrant referral for prosecution. *See Snow v. State*, 313 So.3d 1254 (Fla. Dist. Ct. App. 2021) (affirming conviction for elder exploitation where the defendant exerted undue influence through threats and deceptive practices).

Florida law also criminalizes mail fraud and harassment of elderly individuals through written threats, particularly when such actions are intended to manipulate or intimidate. *See Florida Statutes* § 817.034 (Florida Communications Fraud Act) and Florida Statutes § 784.048 (stalking and harassment laws). Courts have upheld convictions under these statutes where threats were used to induce fear or control over a victim. *See Davidson v. State*, 276 So.3d 847 (Fla. Dist. Ct. App. 2019) (holding that repeated written communications designed to intimidate and control an elderly victim constituted stalking and harassment).

Given that Plaintiff mailed these threats from Florida to Defendant's elderly father at his residence in Florida, Plaintiff is subject to Florida's jurisdiction for criminal prosecution under these laws. *See State v. Suggs*, 85 So.3d 1108 (Fla. Dist. Ct. App. 2012) (confirming Florida jurisdiction over crimes committed via communications sent into or from the state).

Additionally, the Court has not addressed Defendant's prior request for an immediate injunction barring Plaintiff from further contacting Defendant's father. As a result, Plaintiff continues his campaign of harassment unchecked, placing unnecessary stress on an elderly individual. Expedited consideration is essential to prevent escalation risk of irreparable harm.

IV.     **RELIEF REQUESTED**

WHEREFORE, Defendant respectfully requests that this Court:

Expedite the hearing on Defendant's pending motions for injunctive relief and sanctions, moving the date up from March 24, 2025, to a date within the next 14 days to prevent further irreparable harm to Defendant and his elderly father.

Rule on Defendant's prior request for an immediate injunction preventing Plaintiff from contacting Defendant's father.

Consider the attached harassing letter and envelope from Plaintiff to Mark Goodman **(EXHIBIT A)** as further evidence of the urgency of this request.

Consider the attached affidavit of Mark Goodman **(EXHIBIT B)** as further evidence of Plaintiff's escalating misconduct.

Refer Plaintiff to the appropriate Florida authorities for criminal investigation and prosecution under Florida Statutes § 825.103, § 817.034, and § 784.048, as supported by relevant case law.

Grant any further relief the Court deems necessary and appropriate under the circumstances.

Dated: New York, New York January 23, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**(EXHIBIT A)**

January 15th, 2025

To:

Mark A. Goodman
12223 Bear River Road
BOYNTON BEACH, FL 33473

Dear Sir,

In the interest of providing you with the earliest possible warning as to forthcoming litigation directed at you this letter is herein transmitted.

As you are well aware, it is believed that you have financed a wire and mail fraud ring operated by your son under the commercial enterprise known as CrowdSource The Truth.

You may wish to obtain legal counsel to help you in this matter.

Respectfully,   Signed 01/15/2025

*[signature]*

D.G. SWEIGERT

Copy to:
Jason Goodman
252 7th Avenue, Apt 6-S
New York, NY 10001

ORLANDO FL 328
16 JAN 2025 PM 2 L



Jason Goodman
252 7th Avenue, Apt 6-S
New York, NY 10001

10001-739489

**(EXHIBIT B)**

IN THE UNITED STATES DISTRICT COURT  
FOR THE SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------------X  

                        D. G. SWEIGERT  

                              Plaintiff,  

-against-  

                        JASON GOODMAN  
                        Defendant.  
----------------------------------------------------------------------X  

Case 1: 23-cv-5875-JGK

**AFFIDAVIT OF DR. MARK A. GOODMAN ATTESTING TO TRUE AND CORRECT INFORMATION**

I, Mark Goodman hereby affirm as follows:

1. I am over eighteen (18) years of age. I have never been convicted of a felony or any crime involving moral turpitude, and I am competent to testify to all statements made herein.

2. I have personal knowledge of each and every statement made in this Affidavit and every such statements is true and correct.

3. I reside at 12223 Bear River Road Boynton Beach, FL 33473

4. I am an 83-year-old retired cardiologist (Florida medical license number E119838) and a United States Navy veteran.

5. I have severe and serious health problems, including a previous heart attack, atrial fibrillation, a pacemaker, diabetes and hearing impairment.

6. I make and submit this Affidavit to document harassment and elder abuse by David George Sweigert and in connection with the filing of a civil legal action seeking equitable relief and an injunction against Sweigert.

7. Sweigert has been suing my son, Jason Goodman, for the past eight years, demonstrating a pattern and practice of frivolous and vexatious litigation.

8. In order to further harass my son, he has now begun threatening to sue me and has been harassing me with threatening letters sent to my home.

AFFIDAVIT OF DR. MARK A. GOODMAN

9. In his legal threats, Sweigert falsely alleges that I have financed a wire and mail fraud ring operated by my son. He knows or should know that these allegations are untrue, and he makes them with no evidence out of pure malice.

10. I have nothing to do with my son's business, known as Crowdsource the Truth, no power over it or knowledge of its specific operation.

11. Sweigert's ongoing threats of litigation against me have caused me to experience severe anxiety and severe stress, which has caused a marked deterioration in my health and risks irreparable harm to me and my wife and family.

12. It has aggravated my underlying heart condition and my diabetes.

13. I am unable to sleep nights.

14. I have frequent heart palpitations and episodes of atrial fibrillation.

15. I am unable to control my diabetes and have very high elevated blood sugar levels.

16. Prior to Sweigert's false allegations I have never been accused of Medicare fraud.

17. I have never engaged in Medicare fraud.

18. Sweigert will fail to provide any evidence of Medicare fraud.

19. I have never met or spoken with Sweigert.

20. I have never treated Sweigert or any member of his family as a patient.

21. He has no reason to sue me apart from pure harassment and malicious intent.

Boynton Beach, FL January 23, 2025

*Mark A. Goodman, MD*

Mark A. Goodman, MD
12223 Bear River Road
Boynton Beach, FL 33473

AFFIDAVIT OF DR. MARK A. GOODMAN