D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

January 25, 2025

*Sweigert v. Goodman,* 23-cv-05875-JGK-VF

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, N.Y. 10007
Via ECF filing

SUBJ:   Plaintiff's OBJECTION to Defendant's papers docketed as ECF 207, styled as "MOTION TO EXPEDITE HEARING ON PENDING MOTIONS FOR INJUNCTIVE RELIEF, SANCTIONS, AND CRIMINAL REFERRAL"

Dear Judge Figueredo,

1.   Upset that a status conference has been scheduled for March 24, 2025 (ECF 206), the *pro se* Defendant Jason Goodman seeks the extraordinary remedy of prior restraint injunctive relief – not for himself as a party to this action – but for a non-party who signed an unsworn statement (207, Exh. B). The *pro se* Plaintiff objects.

2.   The Defendant's extraordinary request orbits around only **one** pre-litigation notice mailed in the State of Florida to Dr. Mark A. Goodman, M.D., who by the Defendant's own admission, is a former public official ("retired Navy veteran") who maintains an active status as a Florida physician # E119838[1]. The Court's curtailing of Plaintiff's pre-litigation notice activities could be considered prior restraint and a violation of AMENDMENT I to the U.S. Constitution. Such a request for prior restraint of expression is subject to a "heavy presumption against its constitutional validity." Metropolitan Opera Assoc. v. Local 100, 239 F.3d 172, 176 (2d Cir., 2001) (quoting Organization for a Better Austin v. Keefe, 402 U.S. 415, 419 (1971) (other citations omitted). See also *Under Seal v. Under Seal*, 273 F. Supp. 3d 460 (S.D.N.Y. 2017).

---

[1] Document 207 Filed 01/24/25 Page 10 of 11

1

3.     The Defendant is seeking relief based on possible harm to a non-party. "In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that **it** will suffer irreparable harm absent injunctive relief," *Booker v. Griffin*, No. 16-CV-00072 (NSR), 3 (S.D.N.Y. Dec. 21, 2018) citing *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). Defendant Goodman cannot seek prior restraint injunctive relief for the supposed harm caused to his father, a non-party to this action.

4.     The Court can no more order the *pro se* Plaintiff to halt such a mailing than it can order the Defendant to halt his harassing cyber-stalking on social media of the *pro se* Plaintiff's ex-wife and special needs son. This is the two-edged quality of AMENDEMENT I.

5.     "Under Florida law, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior [. . .], so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So. 2d 606, 608 (Fla. 1994). "The rule of absolute immunity extends to the parties, judges, witnesses, and counsel involved and related to the judicial proceedings." *Delmonico v. Traynor,* 50 So. 3d 4, 7 (Fla. Dist. Ct. App. 2010)." *MicroBilt Corp. v. Chex Sys., Inc. (In re MicroBilt Corp.)*, Civ. No. 13-4752, 3 (D.N.J. Dec. 16, 2013).

6.     Defendant Goodman explains that the *pro se* Plaintiff has violated Florida's criminal laws in this matter. But Defendant fails to explain why Dr. Mark A. Goodman can not avail himself of adequate legal remedies in Florida and must rely on his son to pursue a convoluted remedy in the courts of New York.

7.     It is instructive to note that the same Florida anti-stalking laws cited by the Defendant in his pleading can be applied to the Defendant for his cyber-stalking of the Plaintiff's handicapped

adult son (and his caretaker), also a Florida resident and a vulnerable individual for which these anti-stalking laws apply. To educate the Court a sample of Mr. Goodman's social media posts about this vulnerable individual and his caretaker are attached as exhibits.

8. The Defendant has informed the Plaintiff that he intends to depose the Plaintiff's ex-wife (caretaker) about an alleged "wife swapping" scheme, although informed two dozen times that this woman is not involved. The Defendant has also demanded the pre-World War II educational records and post war employment history of the Plaintiff's deceased father, who the Defendant has claimed is a Nazi war criminal even though the father was busy swatting mosquitoes in the South Pacific war zone while enduring Japanese air raids.

9. The Defendant's papers at ECF no. 207 have not met the high bar for prior restraint injunctive relief in this Circuit, which is fatal to his motion. *Abbott Labs. v. H & H Wholesale Servs., 670 Fed.Appx. 6, 7 (2d Cir. 2016)*

10. In the interest of judicial efficiency and in light of the foregoing, the *pro se* Plaintiff herein requests that the Defendant's motion papers at ECF no. 207 be denied.

Respectfully,    Signed 01/25/2025

**D.G. SWEIGERT**

### CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been deposited in the U.S. Mails addressed to Jason Goodman, 252 7th Avenue, Suite 6S, New York, N.Y. 10001 on January 25, 2025.

Respectfully,    Signed on 01/25/25 (see above)

**EXHIBITS**













