UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| D. G. Sweigert | | |
| | Plaintiff, | **PRO SE** |
| -against- | | |
| | | **23-cv-05875-JGK-VF** |
| Jason Goodman | | |
| | Defendant | **John G. Koeltl, presiding** |
| | | **Valerie Figueredo, referral** |

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**
**PURSUANT TO F.R.E. 201 (b)**

The Plaintiff requests that this Court take notice of the attached information pursuant to Federal Rules of Evidence (F.R.E.) Rule 201 (b)(1) – (2). Dated this January 27, 2025

*/s/ D. Sgt/*

**D. G. SWEIGERT, C/O, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

**CERTIFICATE OF SERVICE**

A copy of this pleading has been placed in the U.S. Mails to Jason Goodman, 252 7th Avenue, Suite 6-S, New York, N.Y. 10001 on January 27, 2025.

*/s/ D. Sgt/*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,**
**514 Americas Way, Box Elder, SD 57719**

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON GOODMAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

23-CV-9648 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

    In a Report and Recommendation (the "Report and Recommendation" or "R&R") dated July 25, 2024, Magistrate Judge Gorenstein recommended that Defendants' motions to dismiss be granted and the case dismissed. *See* ECF No. 123. This Court adopted the R&R in its entirety after finding it to be well-reasoned and grounded in fact and law. ECF No. 134 at 2–4. On September 27, 2024, Plaintiff filed the instant motion for reconsideration and relief from judgment. ECF No. 136 ("Motion" or "Mot."). For the reasons set forth below, Plaintiff's motion is DENIED in its entirety.

    "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted). "[T]he standard for granting a . . . motion for reconsideration is strict," and will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up)). Separately, Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Relief under Rule 60(b) is

1

"extraordinary" and invoked only if the moving party demonstrates exceptional circumstances. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

In the R&R, Magistrate Judge Gorenstein previously concluded that Plaintiff's claims against Defendants X Corp., Musk, and Sharp failed because Plaintiff did not plead any "joint action" between these Defendants and a state actor. R&R at 12–18. As to the City Defendants (the City of New York and individual NYPD employees), the R&R also correctly recommended Plaintiff's claims be dismissed primarily because the City Defendants cannot be held liable for the conduct of Defendants John Doe Nos. 1–4. *See, e.g.,* R&R at 22–25. In his Motion, Plaintiff (1) newly alleges he was "assaulted again" by NYPD officers on September 5, 2024 (Mot. at 1–2; *id.* ¶ 7); (2) points to recent federal investigations into New York City Mayor Eric Adams and NYPD Commissioner Edward Caban as corroborating his allegations against Defendants (*id.* at 1–2; ¶¶ 4–5); and (3) alleges Alex Spiro—an attorney who he claims has also represented Elon Musk—is representing Mayor Adams with respect to his recent indictment. *Id.* at 1–2.

None of this "new evidence" requires the Court to alter its prior judgment. Plaintiff points to the September 5, 2024 alleged assault as proof of a "pattern and practice" of obstruction, Mot. ¶ 11, but these unrelated incidents are insufficient to give rise to municipal liability. Isolated acts "by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012).[1] And Plaintiff's conclusory and speculative assertions regarding Eric Adams and Alex Spiro (who are not parties to this

---

[1] Nor would it make a difference as to the individual officer defendants: as indicated in the R&R, "[a]ny claims against the NYPD must be dismissed because, as an agency of the City of New York, the NYPD is not an entity that can be sued." R&R at 40 (citations omitted).

2

action) similarly do not elucidate any joint action or policy and practice by the City of New York to "suppress Plaintiff's journalistic activities." Mot. ¶ 12.

Plaintiff's other arguments do not establish any basis for reconsideration or relief. For instance, Plaintiff claims the Court should have taken judicial notice of a letter by Mark Zuckerberg to Congress and congressional testimony by former Twitter employees. Mot. ¶¶ 21–25, 27. These facts have no relevance to Plaintiff's claims against the Defendants, and it would therefore be inappropriate for the Court to take judicial notice of them. *See United States v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981) (finding district court did not abuse discretion in refusing to take judicial notice of regulations that were irrelevant to case); *Anthes v. New York Univ.*, No. 17-CV-2511 (ALC), 2018 WL 1737540, at *4 (S.D.N.Y. Mar. 12, 2018), *aff'd sub nom. Anthes v. Nelson*, 763 F. App'x 57 (2d Cir. 2019) ("Of course, a court can only sensibly take judicial notice of facts relevant to the matters before the court."). The Court thus correctly considered all well-pleaded factual allegations from Plaintiff's complaint, new factual assertions from Plaintiff's opposition papers, and a video Plaintiff cited in the Complaint. R&R at 2–3; *see Anthes v. New York Univ.*, No. 17-CV-2511 (ALC), 2018 WL 1737540, at *4 (S.D.N.Y. Mar. 12, 2018), *aff'd sub nom. Anthes v. Nelson,* 763 F. App'x 57 (2d Cir. 2019) (generally, in deciding a motion to dismiss, the court is limited to considering the facts alleged in the complaint, documents attached to the complaint or incorporated in it by reference, and matters of which the court may take judicial notice) (internal citation omitted).

Plaintiff also asserts this Court has shown "clear bias" and "racism" through its rulings, and "suggests" voluntary recusal. Mot. ¶¶ 20, 28–30. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The showing of personal bias to warrant recusal must ordinarily be based on

3

"extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). Here, Plaintiff cites no extrajudicial conduct, statements, or facts to call this Court's objectivity into question.

The Court's prior employment does not create a ground for recusal here either. New York Attorney General Letitia James is not a party to this action or at all relevant to Plaintiff's claims aside from the conclusory and conspiratorial assertions in his Motion. *See, e.g., Law Offices of Geoffrey T. Mott, P.C. v. Hayden*, No. 22-CV-7398 (JS), 2023 WL 7386665, at *3 (E.D.N.Y. Nov. 8, 2023) ("Courts in this Circuit have repeatedly held that a judge's collegial or professional relationship to a party alone is insufficient to warrant recusal.") (collecting cases). Because Plaintiff only complains of this Court's supposed conduct in a judicial context, he fails to establish any basis for recusal. *See Komatsu v. City of New York*, No. 20-CV-10942 (VEC), 2021 WL 1590205, at *2 (S.D.N.Y. April 23, 2021) (denying Plaintiff's request for recusal because alleged conduct "clearly arose in the judicial context").

The Motion otherwise rehashes old arguments and factual assertions the Court already carefully considered, or belatedly seeks certain relief (e.g., leave to amend the complaint to add more defendants, *see* Mot. ¶ 31). Plaintiff also acknowledges the Motion raises entirely new theories, *see, e.g.,* Mot. ¶ 12, which is improper. *See Analytical Surveys*, 684 F.3d at 52 (reconsideration is not a vehicle for presenting the case under new theories). Because Plaintiff has failed to identify any exceptional circumstances warranting reconsideration, identify any "controlling decisions or data" the Court has overlooked, or show the need to correct a clear error or prevent manifest injustice, the Motion must be denied. *See McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018) (stating that a party's disagreement with a court's explication of the relevant legal standards and application

4

of the standards to the facts of the case does not satisfy the "clear error" standard for reconsideration); *Chitkara v. N.Y. Tel. Co.*, 45 F. App'x 53, 55 (2d Cir. 2002) (observing the "manifest injustice" standard affords the district court substantial discretion and is rarely met).

Based on the foregoing, Plaintiff's motion is DENIED, and this case remains CLOSED. The Clerk of Court is directed to terminate ECF No. 136, and to serve a copy of this Order on Plaintiff.

Dated: January 24, 2025
      New York, New York

                                         SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge