| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>　　　　　　　　　D. G. SWEIGERT<br><br>　　　　　　　　　　　　　Plaintiff,<br>-against-<br><br>　　　　　　　　　JASON GOODMAN<br>　　　　　　　　　　　　　Defendant.<br>------------------------------------------------------------------X | Case 1: 23-cv-5875-JGK<br><br>**RESPONSE TO OBJECTION TO MOTION FOR EXPEDITED HEARING** |

I.     **INTRODUCTION**

Defendant Jason Goodman respectfully submits this response to Plaintiff David George Sweigert's frivolous objection (Dkt. No. 209) to Defendant's Motion to Expedite Hearing. Plaintiff's arguments are legally flawed, factually misleading, and underscore the clear need for expedited judicial intervention to prevent further harassment of Defendant's elderly father, Dr. Mark A. Goodman, MD, ("Dr. Goodman").

II.     **ARGUMENT**

    A.   **THE REQUESTED INJUNCTION DOES NOT CONSTITUTE PRIOR RESTRAINT**

Plaintiff asserts that Defendant's request for an injunction preventing further harassment of his elderly father constitutes unconstitutional prior restraint on free speech. This is incorrect.

Prior restraint applies to public speech, not private harassment. Plaintiff's conduct involves targeted harassment via USPS directed at a non-party, which is not protected speech. *See Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753 (1994) (holding that courts may limit speech that constitutes harassment).

Harassment of a non-party is not a protected First Amendment activity. Courts have long held that direct intimidation and harassment of individuals, particularly vulnerable persons, is

subject to injunctive relief. See *People v. Shack*, 86 N.Y.2d 529 (1995) (harassing conduct is not constitutionally protected speech).

Plaintiff's reliance on Metropolitan Opera and Keefe is misplaced. Those cases involved efforts to suppress public speech, not direct contact with individuals at their private homes or publication of their personal addresses.  This is clearly conduct that is intended to intimidate and constitutes harassment.  Here, Defendant seeks to enjoin the intimidation of a vulnerable, elderly individual who is not involved in this litigation.  Accordingly, the Court has clear authority to issue an injunction preventing continued harassment.

### B.  DEFENDANT'S RETIRED FATHER IS NOT A PUBLIC FIGURE AND IS ENTITLED TO PROTECTION

Plaintiff argues that Defendant's father is a public figure by virtue of being a retired Navy veteran and a licensed physician. This argument is legally baseless.  Defendant's father retired from the U.S. Navy in 1974 and has had no involvement in the United States Military since then. Likewise, Dr. Goodman retired from medical practice in 2022 despite remaining in good standing with the Florida Board of Health and maintaining a license to practice medicine.

A public figure is someone who voluntarily engages in public controversy. See *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974). Defendant's father has no involvement in this litigation and has not voluntarily thrust himself into any particular public debate.

A professional license or public disclosure of such licensure does not inherently make someone a public figure. See *Wolston v. Reader's Digest Ass'n*, 443 U.S. 157 (1979) (holding that a person does not become a public figure merely because of a professional status).

Florida's elder abuse laws specifically protect seniors from harassment. Sweigert's conduct falls squarely within prohibitions against undue influence and intimidation under Florida Statutes § 825.103.  Thus, Plaintiff's argument that Defendant's father is a "public figure" and unprotected from harassment is legally and factually incorrect.

### C.  COURTS ROUTINELY ISSUE INJUNCTIONS TO PREVENT HARASSMENT OF THIRD PARTIES

Plaintiff argues that Defendant lacks standing to seek an injunction on behalf of his father and that harm to Defendant's father would not cause harm to Defendant.  This is not only factually incorrect but absurd on its face.  The Court must recognize that deliberate and irreparable harm inflicted upon an individual's close family member, such as their father, also constitutes direct harm to that individual.  The permanent and irreparable harm inflicted on Defendant's father, particularly as a direct result of Plaintiff's abuse of litigation, unquestionably constitutes direct harm to Defendant.  Courts have consistently ruled that injunctions may extend to protect third parties who are being harassed as a means of targeting a litigant.

Courts have authority to enjoin harassment of third parties when it serves as a means of intimidating the litigant. See *United States v. Quattrone*, 402 F.3d 304 (2d Cir. 2005) (upholding injunctions where conduct was intended to intimidate another party in litigation).

Injunctions may be issued to protect non-parties in cases of ongoing harassment. See *Gielchinsky v. Gielchinsky,* 662 So.2d 732 (Fla. Dist. Ct. App. 1995) (holding that injunctions can be granted to protect vulnerable individuals from repeated threats and intimidation).

Plaintiff's harassment of Defendant's father is an indirect attack on Defendant and a transparent effort to exert improper influence in this litigation. The Court should intervene immediately to prevent further harm.

RESPONSE TO OBJECTION TO MOTION FOR EXPEDITED HEARING                                                 3

### D. LITIGATION PRIVILEGE DOES NOT PROTECT PRE-LITIGATION HARASSMENT

Plaintiff claims that his conduct is protected under Florida's litigation privilege. However, the law is clear that litigation privilege does not extend to pre-litigation conduct that constitutes harassment. Florida law specifically recognizes that litigation privilege does not extend to harassing or fraudulent pre-litigation conduct. See *Kent v. Harrison*, 467 So.2d 1114 (Fla. Dist. Ct. App. 1985) (litigation privilege does not apply where pre-litigation actions are taken for purposes of intimidation).

Mailing threatening letters under the guise of "litigation notice" does not grant immunity. Plaintiff's reliance on Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla. 1994) is misplaced, as that case concerned statements made in official litigation filings, not pre-litigation harassment of non-parties. Plaintiff cannot use the courts as a shield for improper pre-litigation intimidation tactics. The Court should not condone such abuse.

### E. PLAINTIFF'S UNRELATED ACCUSATIONS AGAINST DEFENDANT SHOULD BE DISREGARDED

Plaintiff introduces allegations regarding Defendant's supposed conduct toward Plaintiff's former family members, which are entirely irrelevant to the matter at hand. Plaintiff cites public postings on social media are not directed at the pictured individuals, nor have they been intrusively sent to them in the privacy of their homes. Plaintiff has presented republications of images posted to social media by the individuals in question themselves, along with commentary that is not directed at the individuals in question and therefore cannot be construed as threats or intimidation. Plaintiff's accusations are:

    i.    Irrelevant to the request for injunctive relief. Courts do not consider extraneous accusations when assessing a motion for relief.

    ii.    Unsupported by any evidence. Unlike Defendant's father, who has provided a sworn affidavit detailing harassment, Plaintiff's accusations are unverified and baseless.

    iii.    Accordingly, the Court should disregard Plaintiff's attempt to deflect from the real issue—his harassment of Defendant's elderly father.

## III. CONCLUSION

Because the Court has not yet ruled on Defendant's prior request for an immediate injunction, Plaintiff has been emboldened to continue his harassment. If the Court does not intervene now, the damage will only escalate. Defendant urges the Court to rule immediately on the pending injunction request and to expedite the scheduled hearing.

Plaintiff's objection only further demonstrates his ongoing dedication to the malicious harassment of Defendant and his family by any means available.  The Court has set a hearing to address these matters.  Plaintiff does not argue against the validity of that hearing, he merely objects to expediting it.  This objection should be construed as an admission that plaintiff has no plans of attending the hearing and merely wants to put off the inevitable and buy more time to continue his unrelenting and accelerating campaign of harassment.  For the foregoing reasons, Defendant respectfully requests that the Court:

    i.    Reject Plaintiff's objections to Defendant's Motion to Expedite Hearing;

    ii.    Expedite the hearing to a date within the next 14 days to prevent further irreparable harm;

    iii.    Issue an immediate ruling on Defendant's request for an injunction prohibiting Plaintiff from contacting Defendant's father or any other family member;

    iv.    Refer Plaintiff to the Florida State Attorney General or other appropriate authorities for criminal prosecution under Florida's elder abuse statutes; and

Grant any further relief the Court deems necessary and appropriate.

Dated: New York, New York January 27, 2025

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

```
THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK                    Case 1:23-cv-05875-JGK
-----------------------------------------------------------------X
                    D. G. SWEIGERT
                                                         CERTIFICATE OF
                              Plaintiff,                 SERVICE

              -against-

                    JASON GOODMAN
                              Defendant.
-----------------------------------------------------------------X
```

It is hereby certified that Defendant Pro Se, Jason Goodman, served Plaintiff with a copy of the RESPONSE TO OBJECTION via USPS to that address below

D. G. SWEIGERT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

Dated: New York, New York January 27, 2024

Respectfully submitted,

*/s/ Jason Goodman*

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

CERTIFICATE OF SERVICE                                                    1