D. G. SWEIGERT, C/O, MAILBOX, PMB 13339<br>
514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

January 27, 2025

***Sweigert v. Goodman,*** **23-cv-05875-JGK-VF**

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, N.Y. 10007
Via ECF filing

SUBJ:     Plaintiff's request for consideration

REF:      (a)     ORDER 206, dated 1/21/2025 (ORDER granting 201 Motion for Hearing)

          (b)     ORDER 211, dated 1/27/2025

          (c)     Defendant's ECF 207, 1/24/2025

          (d)     Defendant's ECF 201, 1/15/2025

          (e)     Plaintiff's ECF 209, 1/25/2025

Dear Judge Figueredo,

1.    The *pro se* Plaintiff is surprised at the unexpected rescheduling of the Status Conference from March 24, 2025 to February 24, 2025 (see ref. (a) and ref (b)). This comes after the *pro se* Plaintiff had made arrangements for time off, airline and hotel reservations and other ancillary travel issues. Now the *pro se* Plaintiff must restart these activities for which he will be financially penalized for not being able to avail himself of long-range appropriate travel discounts. This represents a financial hardship for the *pro se* Plaintiff.

2.    As the Court is aware, last minute travel arrangements are costly. Such costs deplete the funds of the *pro se* Plaintiff who had set aside such funds for the deposition of Mr. Goodman. This leaves the *pro se* Plaintiff to wonder "what exactly has changed" in the one-week intervening time between the two ORDERS of ref (a) and ref. (b).

3.      To be clear, the only intervening fact between the time two ORDERS seems to be the receipt of a pre-litigation letter in Florida by the Defendant's father (Exb. B of ref. (c)).

4.      If the only relevant factor considered by the Court to reschedule the hearing was the Florida pre-litigation letter, then this decision appears to be arbitrary and capricious as the Court has no jurisdiction over said letter.  There are apparently no other relevant facts that the Court could have considered in the intervening one-week period which has led to imputing a financial hardship on the *pro se* Plaintiff.

5.      The *pro se* Plaintiff does not understand the justification for this rescheduling apart from the Defendant's claims of "irreparable harm" in his latest pleading (ref. c). "Waiting until March 24, 2025 only emboldens Plaintiff to continue his malicious campaign and risks irreparable harm," ref. (c) pg. 1.

6.      As explained in Plaintiff's letter ref. (e) the Defendant has not met his burden for demonstrating irreputable harm in this Circuit as it concerns a non-party.  So, irreparable harm should not be a factor in the Court's consideration.  Thus, the Court is left only with the pre-litigation letter as the intervening factor.

7.      It is instructive to note that the Court "**granted**" Defendant's motion ref. (d) as noted in the docket entry (see attached Exhibit).  This indicates that the Court approves and tolerates the Defendant's conclusory and insulting pleading language.  "Plaintiff's obsessive conduct further reveals a seemingly psychotic and potentially dangerous fixation on Defendant, raising serious concerns about Plaintiff's mental fitness and capacity to engage responsibly in any legal proceeding," ref. (d), pg.1.  This is prejudicial on its face and apparently relied upon by the Court to the *pro se* Plaintiff's financial detriment.

8.      Therefore, in lieu of *de novo* review, considering this new financial hardship, the *pro se* Plaintiff hereby requests to appear at the ref (b) Status Conference on February 24, 2025 telephonically in the interests of judicial economy.


Respectfully,    Signed 01/27/2025

*[signature]*         **D.G. SWEIGERT**


## CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been deposited in the U.S. Mails addressed to Jason Goodman, 252 7th Avenue, Suite 6S, New York, N.Y. 10001 on January 27, 2025.


Respectfully,    Signed on 01/27/25 (see above)

*[signature]*

# EXHIBIT

| | | |
|---|---|---|
| 01/15/2025 | 201 | SUPPLEMENTAL MOTION REQUESTING AN IN-PERSON HEARING TO ADDRESS PLAINTIFF'S CONTINUED HARASSMENT. Document filed by Jason Goodman..(kgo) (Entered: 01/16/2025) |
| 01/16/2025 | 202 | CERTIFICATE OF SERVICE of SECOND SUPPLEMENTAL FILING IN SUPPORT OF PENDING MOTIONS AND REQUEST FOR IMMEDIATE ACTION served on D. G. Sweigert c/o PMB 13339, 514 Americas Way, Box Elder, SD 57719. on 1/15/2025. Service was made by Mail via USPS. Document filed by Jason Goodman. (tp) (Entered: 01/17/2025) |
| 01/16/2025 | 204 | SECOND SUPPLEMENTAL FILING IN SUPPORT OF PENDING MOTIONS AND REQUEST FOR IMMEDIATE ACTION re: 201 MOTION for Hearing.. Document filed by Jason Goodman. (jjc) (Entered: 01/17/2025) |
| 01/17/2025 | 203 | LETTER addressed to Magistrate Judge Valerie Figueredo from D. G. SWEIGERT dated 1/16/2025 re: Request for Discovery Conference. Document filed by D. G. Sweigert.(tg) (Entered: 01/17/2025) |
| 01/21/2025 | 205 | MEMO ENDORSEMENT denying 198 Motion for Reconsideration. ENDORSEMENT: The motion for reconsideration is DENIED. The Clerk of court is directed to terminate the gavel at ECF No. 198. (Signed by Magistrate Judge Valerie Figueredo on 1/21/2025) (rro) (Entered: 01/21/2025) |
| 01/21/2025 | 206 | **ORDER granting 201 Motion for Hearing.** A conference is hereby scheduled for March 24, 2025 at 10:00 a.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. The Clerk of Court is directed to terminate the motion at ECF No. 201. Status Conference set for 3/24/2025 at 10:00 AM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 1/21/2025) (rro) (Entered: 01/21/2025) |
| 01/22/2025 | | MAILING RECEIPT: Document No: 206. Mailed to: D. G. Sweigert c/o PMB 13339 514 Americas Way Box Elder, SD 57719. (ak) (Entered: 01/22/2025) |
| 01/22/2025 | | MAILING RECEIPT: Document No: 205. Mailed to: D. G. Sweigert c/o PMB 13339 514 Americas Way Box Elder, SD 57719. (Entered: 01/22/2025) |

| Date | Doc # | Description |
|---|---|---|
| 01/24/2025 | 207 | MOTION TO EXPEDITE HEARING ON PENDING MOTIONS FOR INJUNCTIVE RELIEF, SANCTIONS, AND CRIMINAL REFERRAL. Document filed by D. G. Sweigert. (mml) (Entered: 01/24/2025) |
| 01/24/2025 | 208 | CERTIFICATE OF SERVICE of Motion to Expedite served on D.G. Sweigert on 1/24/2025. Service was made by Mail. Document filed by Jason Goodman..(kgo) (Entered: 01/24/2025) |
| 01/25/2025 | 209 | LETTER addressed to Magistrate Judge Valerie Figueredo from D.G. Sweigert dated 1/25/2025 re: Plaintiff's OBJECTION to Defendants papers docketed as ECF 207, styled as "MOTION TO EXPEDITE HEARING ON PENDING MOTIONS FOR INJUNCTIVE RELIEF, SANCTIONS, AND CRIMINAL REFERRAL." Document filed by D. G. Sweigert.(km) (Entered: 01/27/2025) |
| 01/27/2025 | 210 | PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO F.R.E. 201 (b). Document filed by D. G. Sweigert. (jjc) (Entered: 01/27/2025) |
| 01/27/2025 | 211 | ORDER: The conference is hereby rescheduled for February 24, 2025 at 10:00 a.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. SO ORDERED. Status Conference set for 2/24/2025 at 10:00 AM before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 1/27/2025) (rro) (Entered: 01/27/2025) |