IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
D. G. SWEIGERT

Plaintiff,

-against-

JASON GOODMAN
Defendant.
-------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**OBJECTION TO DISCOVERY REQUEST AND MOTION TO STRIKE IMPROPER REQUEST FOR SUBPOENA**

Defendant Jason Goodman respectfully moves this Court to strike Plaintiff's improper

request for a subpoena to non-party X Corp, (Dkt. 216) on the basis that it is abusive,

procedurally defective, and contrary to the Court's previous rulings. The Court's prior dismissal

of X Corp logically precludes further attempts to involve it in discovery and further emphasizes

Plaintiff's abuse of process. After Plaintiff engaged in unauthorized ex parte communication with

Alphabet and X Corp, the Court dismissed X Corp without prejudice (Dkt. 73). Rather than

reintroducing X Corp through legitimate means, Plaintiff continues to misuse the judicial process

to harass Defendant and non-parties in an attempt to harm Defendant's ability to engage in

lawful First Amendment-protected activity. The request for a subpoena is improper, abusive, and

procedurally defective. It must not be granted and should be stricken from the record. Defendant

further objects to Plaintiff's discovery request as improper, irrelevant, burdensome and overbroad

and moves the Court to preclude Plaintiff from further attempts to subpoena X Corp.

## I.    INTRODUCTION

This instant action is one of three duplicative cases brought simultaneously by Plaintiff D.

George Sweigert, for the improper purpose and ulterior motive of harassing Defendant Goodman

in direct violation of FRCP Rule 11. This Court failed to rule on a well-founded motion seeking

sanctions (Dkt. 62) and then denied reconsideration without addressing the merits of the original

motion. Plaintiff has used this litigation to engage in harassment throughout, now including Goodman's elderly father. In addition to the disgraceful failure to uphold its duty of serving justice, the Court has shown callous indifference by refusing to rule on a well-founded motion for sanctions. The Court must address these procedural failures now.

Here again, the vexatious Plaintiff violates Rule 11, making filings intended to harass, as he seeks discovery from X Corp, improperly using the subpoena power of this Court in a manner inconsistent with Rule 45. This is not the first time Plaintiff has targeted X Corp attempting to extract information he has no legal right to obtain. These efforts demonstrate Plaintiff's persistent dedication to violating the rules and should alone be grounds for dismissal of this case. Instead of conducting legitimate discovery, Plaintiff has weaponized the judicial process to interfere with Defendant's ability to engage in First Amendment-protected activity, now in direct violation of Presidential Executive Order 14147. **(EXHIBIT A)**

Plaintiff endeavors to deny Defendant's access to a critical communications platform irrespective of the outcome of this case and has previously deceived unsuspecting clerks into granting procedural requests in error. Such ill-gotten, rogue documents can further be used to deceptively engage in additional ex parte communication with unsuspecting non-parties aimed at terminating Goodman's accounts before this Court can respond. This would cause immediate financial damage and a protracted business challenge to Defendant. Plaintiff relies on these bad faith tactics and takes advantage of court procedures to further his malicious agenda.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. The subpoena request should be

stricken under this authority as it is an improper and procedurally defective attempt to harass the Defendant.

Additionally, Federal Rule of Civil Procedure 45(d)(3) mandates that the Court quash or modify a subpoena that:

> Fails to allow a reasonable time to comply;
>
> Requires disclosure of privileged or other protected matter;
>
> Subjects a non-party to undue burden; or
>
> Is otherwise improper.

(*See In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 258 (D.D.C. 2003) (holding that courts must quash subpoenas that impose undue burden or seek irrelevant information)). Plaintiff's improper request meets multiple grounds for preclusion under Rule 26(c).  It serves no legitimate purpose and is designed to harass Defendant and damage his relationship with X Corp.

### III.    ARGUMENT

#### A.  Plaintiff's Attempt to Involve Unrelated Attorneys Demonstrates Bad Faith

Plaintiff has included a letter to attorneys at Morgan, Lewis & Bockius, despite the fact that they are not the counsel of record for X Corp in this case. Plaintiff is aware that Kenneth Trujillo-Jamison of Willenken LLP has previously appeared on behalf of X Corp. Plaintiff deliberately attempts to sow confusion by repeatedly directing communications and discovery efforts to unrelated attorneys. This deceptive attempt to mislead the Court and these non-parties is further evidence of an improper purpose and bad faith procedures that must be stopped.

#### B.  There is No Dispute That the Images Exist, No Subpoena is Necessary

Plaintiff's subpoena to X Corp is wholly unnecessary, as there is no factual dispute regarding the existence or availability of the images at issue. Plaintiff has not presented any argument

OBJECTION TO DISCOVERY REQUEST AND MOTION TO STRIKE IMPROPER REQUEST FOR SUBPOENA

3

suggesting the need for third-party verification. Given that these images are already known, a subpoena to X Corp serves no legitimate discovery purpose.

Plaintiff seeks this information solely to harass Defendant and create an undue burden for a non-party. Courts have routinely recognized that discovery must be proportional to the needs of the case and must not be used for improper purposes. (*See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (holding that discovery must be relevant to the claims and not used for harassment)). Because this subpoena does not seek to uncover new evidence but instead aims to serve an ulterior purpose, it should be stricken as improper.

### C.  Plaintiff is Engaging in Repeated Abusive Discovery Practices

Plaintiff's improper subpoena follows a pattern of previous attempts to force X Corp to produce documents and information that are irrelevant to this case. (*See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (holding that discovery must be relevant to the claims and not used for harassment)). This Court should recognize that Plaintiff is not seeking legitimate discovery but is instead using litigation as a means to coerce X Corp into harming Defendant.

Plaintiff has no legitimate reason to seek the requested information from X Corp, particularly given Defendant's well-founded complaints about abusive and overbroad discovery requests. Courts have repeatedly held that discovery requests must not be used as a weapon for harassment. (*See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (holding that courts must ensure discovery is conducted in good faith and not as a means of harassment or undue burden)).

### IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court strike Plaintiff's request for a subpoena to non-party X Corp as improper and procedurally defective. Defendant further objects to Plaintiff's discovery request and requests that this Court preclude Plaintiff from

OBJECTION TO DISCOVERY REQUEST AND MOTION TO STRIKE IMPROPER
REQUEST FOR SUBPOENA

further attempts to subpoena X Corp absent specific leave from the Court and to grant any

further relief deemed appropriate.

Dated: New York, New York February 4, 2025

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**EXHIBIT A**

Menu  Search

# ENDING THE WEAPONIZATION OF THE FEDERAL GOVERNMENT

EXECUTIVE ORDER

January 20, 2025

By the authority vested in me as President by the Constitution and the laws of the United States of America, and section 301 of title 3, United States Code, it is hereby ordered as follows:

Section 1.  Purpose.  The American people have witnessed the previous administration engage in a systematic campaign against its perceived political

opponents, weaponizing the legal force of numerous Federal law enforcement agencies and the Intelligence Community against those perceived political opponents in the form of investigations, prosecutions, civil enforcement actions, and other related actions.  These actions appear oriented more toward inflicting political pain than toward pursuing actual justice or legitimate governmental objectives.  Many of these activities appear to be inconsistent with the Constitution and/or the laws of the United States, including those activities directed at parents protesting at school board meetings, Americans who spoke out against the previous administration's actions, and other Americans who were simply exercising constitutionally protected rights.

The prior administration and allies throughout the country engaged in an unprecedented, third-world weaponization of prosecutorial power to upend the democratic process.  It targeted individuals who voiced opposition to the prior administration's policies with numerous Federal investigations and politically motivated funding revocations, which cost Americans access to needed services.  The Department of Justice even jailed an individual for posting a political meme.  And while the Department of Justice has ruthlessly prosecuted more than 1,500 individuals associated with January 6, and simultaneously dropped nearly all cases against BLM rioters.

Therefore, this order sets forth a process to ensure accountability for the previous administration's weaponization of the Federal Government against the American people.

Sec. 2.  Policy.  It is the policy of the United States to identify and take appropriate action to correct past misconduct by the Federal Government related to the weaponization of law enforcement and the weaponization of the Intelligence Community.

Sec. 3.  Ending the Weaponization of the Federal Government.  (a)  The Attorney General, in consultation with the heads of all departments and agencies of the United States, shall take appropriate action to review the activities of all departments and agencies exercising civil or criminal

enforcement authority of the United States, including, but not limited to, the Department of Justice, the Securities and Exchange Commission, and the Federal Trade Commission, over the last 4 years and identify any instances where a department's or agency's conduct appears to have been contrary to the purposes and policies of this order, and prepare a report to be submitted to the President, through the Deputy Chief of Staff for Policy and the Counsel to the President, with recommendations for appropriate remedial actions to be taken to fulfill the purposes and policies of this order.

(b)  The Director of National Intelligence, in consultation with the heads of the appropriate departments and agencies within the Intelligence Community, shall take all appropriate action to review the activities of the Intelligence Community over the last 4 years and identify any instances where the Intelligence Community's conduct appears to have been contrary to the purposes and policies of this order, and prepare a report to be submitted to the President, through the Deputy Chief of Staff for Policy and the National Security Advisor, with recommendations for appropriate remedial actions to be taken to fulfill the purposes and policies of this order.  The term "Intelligence Community" has the meaning given the term in section 3003 of title 50, United States Code.

(c)  In furtherance of these policies, departments and agencies are directed to comply with applicable document-retention policies and legal obligations. Instances of noncompliance with document-retention policies or legal obligations will be referred to the Attorney General.

Sec. 4.  General Provisions.  (a)  Nothing in this order shall be construed to impair or otherwise affect:

(i)  the authority granted by law to an executive department or agency, or the head thereof; or

(ii)  the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b)  This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c)  This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

THE WHITE HOUSE,

   January 20, 2025.

News

Administration

Issues

THE WHITE HOUSE

1600 Pennsylvania Ave NW
Washington, DC 20500

THE WHITE HOUSE

WH.GOV

Copyright

Privacy