UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| D. G. Sweigert | | |
| | Plaintiff, | **PRO SE** |
| -against- | | |
| | | **23-cv-05875-JGK-VF** |
| Jason Goodman | | |
| | Defendant | **John G. Koeltl, presiding** |
| | | **Valerie Figueredo, referral** |

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
PURSUANT TO F.R.E. 201 (b)**

The Plaintiff requests that this Court take notice of the attached information pursuant to Federal Rules of Evidence (F.R.E.) Rule 201 (b)(1) – (2). Dated this February 5, 2025.

*/s/ D. Swt/*

**D. G. SWEIGERT, C/O, PMB 13339
514 Americas Way, Box Elder, SD 57719**

**CERTIFICATE OF SERVICE**

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to YouTuber Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>

Respectfully,    Signed this 02/05/2025

*/s/ D. Swt/*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,
514 Americas Way, Box Elder, SD 57719**

1

23-7952
*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-five.

PRESENT:

> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

The National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences,

> *Plaintiffs-Counter-Defendants-Appellees*,

Jason Goodman,

> *Counter-Claimant-Appellant*,

|  |  |
|---|---|
| v. | 23-7952 |

**Multimedia System Design, Inc., DBA Crowdsource the Truth,**

  *Defendant.*

_____

| | |
|---|---|
| **FOR COUNTER-CLAIMANT-APPELLANT:** | Jason Goodman, pro se, New York, NY. |
| **FOR PLAINTIFFS-COUNTER-DEFENDANTS-APPELLEES:** | Patrick J. Rodgers, B. Brett Heavner, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, D.C. |

Appeal from an order of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Appellant Jason Goodman moved to intervene as a defendant in the underlying litigation between Plaintiffs-Appellees—the National Academy of Television Arts and Sciences, Inc., and the Academy of Television Arts & Sciences—and Defendant Multimedia System Design, Inc. ("MSDI"). The district

2

court denied the motion, imposed sanctions for Goodman's violation of a protective order, and ultimately entered default judgment against MSDI. Goodman appealed the denial of his motion to intervene and the imposition of sanctions, and we affirmed. *See Nat'l Acad. of Television Arts & Scis., Inc. v. Goodman*, No. 22-592, 2023 WL 3989876 (2d Cir. June 14, 2023).

Eleven months after default judgment was entered, Goodman moved for relief from judgment under Federal Rules of Civil Procedure 60(b)(3) and (6), which the district court denied. Ten months later, Goodman filed a motion under Rule 60(b)(4), arguing that every ruling entered by the district court was void. The district court denied the motion as frivolous. Goodman now appeals the denial of that second motion. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Under Rule 60(b)(4), a party may file a motion seeking relief from a final judgment when that judgment is void. "[W]e review *de novo* a district court's denial of a Rule 60(b)(4) motion." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004).

We affirm the district court's order. To the extent that Goodman's Rule 60(b)(4) motion sought to relitigate the orders denying intervention and imposing

3

sanctions, it was barred by the mandate rule. *See Sompo Japan Ins. Co. of America v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) ("The mandate rule prevents relitigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." (quotation marks omitted)).

Additionally, Goodman's motion was untimely. "[W]here a party has previously filed a motion to vacate a default judgment that failed to raise a voidness argument and subsequently advances such an argument in a Rule 60(b)(4) motion more than a year after the entry of the default judgment, the Rule 60(b)(4) motion should be denied as untimely." *State St. Bank*, 374 F.3d at 179. Here, Goodman did not argue voidness in his prior Rule 60(b) motion, and his present Rule 60(b)(4) motion was filed over 21 months after the entry of default judgment. The motion is thus untimely.

In any event, the district court correctly denied the motion as meritless. A judgment is not voidable under Rule 60(b)(4) merely because it is erroneous. "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United*

4

*Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Goodman based his voidness arguments on conclusory allegations of a conspiracy among the district court, the Appellees, and a non-party. He thus fails to establish either of the narrow bases upon which Rule 60(b)(4) relief may be granted.

\*   \*   \*

We have considered all of Goodman's arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5