| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------X<br>　　　　　　　　　　D. G. SWEIGERT<br><br>　　　　　　　　　　　　　　　　　　Plaintiff,<br>-against-<br><br>　　　　　　　　　　　JASON GOODMAN<br>　　　　　　　　　　　　　　Defendant.<br>-----------------------------------------------------------------------X | Case 1: 23-cv-5875-JGK<br><br>**RULE 72 OBJECTION TO MAGISTRATE JUDGE FIGUEREDO'S ORDER (Dkt. 215)** |

　　　　Defendant Jason Goodman, proceeding pro se, respectfully objects under Federal Rule of Civil Procedure 72(a) to the Order issued by Magistrate Judge Valerie Figueredo, (Dkt. 215) on the grounds that it is clearly erroneous, arbitrary, contrary to law, contrary to her own prior ruling, unduly biased in favor of the Plaintiff, has resulted in unnecessary judicial delay, and has encouraged continued harassment that the previous order was intended to stop.

## I.　INTRODUCTION

　　On November 3, 2024, Defendant filed a motion seeking equitable relief and requesting to enjoin the Plaintiff from engaging in extrajudicial harassment and other violations of the rules and the law, (Dkt. 177). On November 8, 2024, Magistrate Figueredo issued an order scheduling a conference to, "address the issues raised at ECF Nos. 174 and 177," (Dkt. 178). During that telephonic conference, none of the substantial issues from Defendant's motions were addressed. Magistrate Figueredo allowed Plaintiff to take control of the proceedings and prematurely end the hearing, depriving Defendant of the opportunity to be heard. The Magistrate then improperly allowed this case to proceed to discovery contrary to the law.

　　Plaintiff's ongoing misconduct and harassment of Defendant's elderly father gave rise to a motion for an expedited hearing, (Dkt. 207), which was granted by the Magistrate on January 27, 2025, (Dkt. 211) acknowledging the need and moving the hearing to February 24, 2025.

RULE 72 OBJECTION TO MAGISTRATE JUDGE FIGUEREDO'S ORDER (Dkt. 215)　　　　　1

Plaintiff filed a letter on January 27, (Dkt. 213) replete with unsubstantiated claims of financial hardship. Plaintiff failed to provide any sworn affidavit, receipts, or documented proof of existing travel arrangements or associated costs. Despite these substantial shortcomings, on January 29, 2025, Magistrate Judge Figueredo issued an order (Dkt. 215) rescheduling the hearing to April 1. This was a clear error and serves no purpose apart from introducing unnecessary delay. Plaintiff will still have to endure the alleged cost of travel rescheduling, and the Defendant must also endure additional months of harassment.

The Court provided no explanation as to why Plaintiff's unfounded claims of financial hardship were sufficient to overturn the previous ruling. Courts have consistently held that plaintiffs bear the financial burden of litigation and cannot claim hardship as a basis for procedural advantage. It is not appropriate for the Court to assist one litigant in avoiding reasonable costs at the expense of the other. Normal costs are not valid grounds to reschedule a hearing called to address irreparable harm. This ruling demonstrates unfair bias in favor of the Plaintiff and reflects an arbitrary departure from prior judicial findings.

Because the order, (Dkt. 215) contradicts a valid prior ruling that an expedited hearing was necessary and demonstrates arbitrary decision-making in favor of the Plaintiff, Defendant respectfully requests the Court overturn the order and reschedule a hearing within fourteen days.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), a district court judge must modify or set aside a magistrate judge's order if it is "clearly erroneous or contrary to law." *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A ruling is "clearly erroneous" when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S.

564, 573 (1985). A ruling is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or procedural rules. *See Pall Corp. v. Entegris, Inc.,* 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008).

### III. THE MAGISTRATE'S ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

#### A. Plaintiff Provided No Evidence of Financial Hardship

The magistrate's order is based entirely on Plaintiff's unsubstantiated claim that he faces financial hardship in altering travel plans. On July 9, 2023, one day before the commencement of this legal action, the vexatious Plaintiff sent a threatening email including the warning, "Money is no object this time." **(EXHIBIT A)**

Plaintiff has already demonstrated sufficient financial resources to pay filing fees in three different venues, for three duplicative vexatious actions. Most notably, on February 3, 2025, Plaintiff sent the $605 filing fee for a frivolous appeal via priority overnight mail, further undermining unsupported claims of financial hardship.

#### B. The Order Contradicts Itself and Provides No Relief

Even if Plaintiff's claim were valid, rescheduling does not relieve any alleged burden. The order still requires Plaintiff to alter travel plans. The only result of the defective ruling is that the proceedings are prolonged unnecessarily. An expedited hearing should be granted.

#### C. The Delay Enables Plaintiff's Continued Harassment

This delay is not neutral—it provides Plaintiff additional time to harass Defendant and Defendant's elderly father. Courts have an obligation to prevent abuse of procedural rules that could enable harassment. *See Sassower v. Abrams*, 833 F. Supp. 253, 264 (S.D.N.Y. 1993) (noting that procedural rules should not be manipulated to unduly burden an opposing party).

### D. The Order Demonstrates Unfair Bias and Arbitrary Decision-Making

Reversing course without any new factual or legal basis demonstrates inconsistent and arbitrary decision-making, which courts have recognized as grounds for recusal and reversal of orders. *See Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 883 (2009) (holding that judicial decisions must be free of arbitrary and capricious reasoning to ensure due process).

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Judge Koeltl:

i. Overturn Magistrate Judge Figueredo's Order (Dkt. 215) as clearly erroneous and contrary to law.

ii. Schedule an expedited hearing.

iii. Require Plaintiff to submit sworn proof of travel, receipts, and financial hardship or face appropriate sanctions for misleading the Court and causing unnecessary delay.

iv. Grant any other relief the Court deems appropriate.

Dated: New York, New York February 6, 2025

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

RULE 72 OBJECTION TO MAGISTRATE JUDGE FIGUEREDO'S ORDER (Dkt. 215)            4

**(EXHIBIT A)**

**From:** Spoliation Notice spoliation-notice@mailbox.org
**Subject:** Re: Judge Gershwin Drain of Detroit, Michigan
**Date:** July 9, 2023 at 1:03 PM
**To:** Jason Goodman jason@21stcentury3d.com, Chasort chasort@gmail.com, georg.webb@gmail.com, Spoliation Notice spoliation-notice@mailbox.org

You have been advised to obtain legal counsel.

Proceed at your own peril without an attorney.

Money is no object this time.

Best,

> On 07/09/2023 10:00 AM PDT Jason Goodman <jason@21stcentury3d.com> wrote:
>
> Jimmy probably has a full diaper right now, you should be taking care of him instead of harassing me.
>
>> On Jul 9, 2023, at 12:54 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>>
>> Maybe you and Charles Ortel should consider obtaining legal counsel.
>>
>>> On 07/09/2023 9:29 AM PDT Jason Goodman <jason@21stcentury3d.com> wrote:
>>>
>>> Stop emailing me you psychopath. Go check yourself into a mental institution. Go to your local police station right now and turn yourself in.
>>>
>>>> On Jul 9, 2023, at 12:18 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>>>>
>>>> To whom it may concern:
>>>>
>>>> Has there been any progress in the U.S. Courts investigating the Clerk of the Court for the U.S. District Court for the Eastern District of Michigan (Detroit).
>>>>
>>>> Just wondering if Richard Loury, Clerk, has been arrested following the F.B.I. investigation sponsored by Jason Goodman (see attached).
>>>>
>>>> Best,
>>>>
>>>> D. Geo. Sweigert<20230703_093106.jpg><jg-menhyyytient.jpg><jason-goodman-arrest.jpg><complaint-information-1.jpg><complaint-information-2.jpg>