D. G. SWEIGERT, C/O, MAILBOX, PMB 13339<br>
514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

February 9, 2025

*Sweigert v. Goodman,* **23-cv-05875-JGK-VF**

U.S. District Judge Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, N.Y. 10007
Via ECF filing

SUBJ:   Plaintiff's OBJECTION to Defendant's papers docketed as ECF 222, styled as "RULE 72 OBJECTION TO MAGISTRATE JUDGE FIGUEREDO'S ORDER (Dkt. 215)"

Dear Judge Koeltl,

1.   Upset that an in-person (at the Defendant's request) status conference has been scheduled for April 1, 2025 (**ECF no. 221**) the *pro se* Defendant continues to seek the extraordinary remedy of prior restraint injunctive relief – not for himself as a party to this action – but for a non-party (his father) who signed an **unsworn** statement as justification (**ECF no. 207, Exh. B**).  The *pro se* Plaintiff objects.

2.   The Defendant's latest pleading at **ECF no. 222** conflates the concept of a status conference with a hearing for injunctive relief.  The Defendant has made repeated demands for an unreasonable "in-person hearing" for the purposes of a purported motion for injunctive relief.  A "status conference" has been scheduled for April 1, 2025, which the Defendant claims will allow more "extrajudicial harassment" of his father (who has received one pre-litigation letter).

3.   To be clear, Magistrate Figueredo is only attempting to accommodate the immature fury of the Defendant's demands for an "in-person hearing".  Magistrate Figueredo was correct in

1

accommodating a date for such an "in-person" hearing[1] for April 1, 2025, which is a "status conference" and not an injunctive relief "hearing" – no matter how much the Defendant wishes it was.

4. To preserve judicial efficiency, the Court should proceed with a telephonic hearing earlier than April 1, 2025 to accommodate discovery issues and de-escalate the situation. The Defendant's continues to be in open defiance of the federal rules regarding his obligation to answer discovery. It is the Plaintiff that will suffer another six (6) weeks of receiving no discovery materials (prior to April 1, 2025).

5. The Plaintiff sent all pertinent discovery materials to the Defendant prior to January 2, 2025 and the Defendant's only response is that he feels the requests are "overly broad and irrelevant" or that the Plaintiff is a "psychopath", as stated in his e-mail messages attached as **Exhibits.**

6. Meanwhile, the Defendant's extraordinary request for injunctive relief orbits around only **one** pre-litigation notice mailed in the State of Florida to Dr. Mark A. Goodman, M.D., who by the Defendant's own admission, is a former public official ("retired Navy veteran") who maintains an active status as a Florida physician # E119838[2]. The Court's curtailing of Plaintiff's pre-litigation notice activities could be considered prior restraint and a violation of AMENDMENT I to the U.S. Constitution. Such a request for prior restraint of expression is subject to a "heavy presumption against its constitutional validity." *Metropolitan Opera Assoc. v. Local 100*, 239 F.3d 172, 176 (2d Cir., 2001) (quoting *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419

---

[1] These hearing events are the cornerstone of the Defendant's social media broadcasts about S.D.N.Y. "criminal conspiracies" in which he has implicated Hon. Valerie E. Caproni as a "traitor" and Hon. Jessica G. L. Clarke as a "Jew hating judge".
[2] Document 207 Filed 01/24/25 Page 10 of 11

(1971) (other citations omitted). See also *Under Seal v. Under Seal*, 273 F. Supp. 3d 460 (S.D.N.Y. 2017).

7.      The Defendant is seeking injunctive relief[3] based on possible harm to a non-party (his father). "In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that **it** will suffer irreparable harm absent injunctive relief," *Booker v. Griffin*, No. 16-CV-00072 (NSR), 3 (S.D.N.Y. Dec. 21, 2018) citing *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). Defendant Goodman cannot seek prior restraint injunctive relief for the supposed harm caused to his father, a non-party to this action.

8.      The Court can no more order the *pro se* Plaintiff to halt such a one-time mailing than it can order the Defendant to halt his harassing cyber-stalking on social media of the *pro se* Plaintiff's ex-wife and special needs son. This is the two-edged quality of AMENDEMENT I.

9.      Such relief, as requested, would violate clear public policy. "Under Florida law, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior [. . .], so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So. 2d 606, 608 (Fla. 1994). "The rule of absolute immunity extends to the parties, judges, witnesses, and counsel involved and related to the judicial proceedings." *Delmonico v. Traynor,* 50 So. 3d 4, 7 (Fla. Dist. Ct. App. 2010)." *MicroBilt Corp. v. Chex Sys., Inc. (In re MicroBilt Corp.)*, Civ. No. 13-4752, 3 (D.N.J. Dec. 16, 2013).

---

[3] ECF no. 222, "Plaintiff's ongoing misconduct and harassment of Defendant's elderly father gave rise to a motion for an expedited hearing, (Dkt. 207), which was granted by the Magistrate on January 27, 2025, (Dkt. 211) acknowledging the need and moving the hearing to February 24, 2025."

10. Defendant Goodman explains in **ECF no. 207** that the *pro se* Plaintiff has purportedly violated Florida's criminal laws in this matter ("extrajudicial misconduct"). But Defendant fails to explain why Dr. Mark A. Goodman can not avail himself of adequate legal remedies in Florida and must rely on his son to pursue a convoluted remedy in the courts of New York.

11. The Defendant's papers at **ECF no. 207** have not met the high bar for prior restraint injunctive relief in this Circuit, which is fatal to his motion. *Abbott Labs. v. H & H Wholesale Servs., 670 Fed.Appx. 6, 7 (2d Cir. 2016).* **ECF no. 222** is an attempt to re-litigate these matters.

12. In the interest of judicial efficiency and in light of the foregoing, the *pro se* Plaintiff herein requests that the Defendant's motion papers at **ECF no. 222** be denied and the Defendant instructed to ANSWER the Plaintiff's discovery requests.

Respectfully,    Signed 02/09/2025

*[signature]*    **D.G. SWEIGERT**

## CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to YouTuber Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>

Respectfully,    Signed this 02/09/2025

*[signature]*    **D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339, 514 Americas Way, Box Elder, SD 57719**

**EXHIBITS**

---------- Original Message ----------
From: Jason Goodman <jasongoodman3d@gmail.com>
To: "David George \"Acton\" Sweigert" <spoliation-notice@mailbox.org>
Date: 02/08/2025 9:58 AM PST
Subject: Re: Meeting with the FBI


**Each of your discovery demands are over broad, irrelevant and intended to harass.**

> On Feb 8, 2025, at 12:40 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>
>
>
> Jason,
>
> You cite no laws.
>
> In any event, no discover has been received from you.
>
> Therefore, a Motion to Compel shall be filed.
>
> Best,
>

---------- Original Message ----------
From: Jason Goodman <truth@crowdsourcethetruth.org>
To: Spoliation Notice <spoliation-notice@mailbox.org>
Date: 02/05/2025 3:11 PM PST
Subject: Re: Discovery Request to X.CORP


More harassment from a psychopath, stop emailing me irrelevant items you psychotic obsessed lunatic.

> On Feb 5, 2025, at 6:09 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>
> Here is your copy.
>
> Best,
>
>
>> On 01/14/2025 7:54 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:
>>
>>
>> You are engaged in criminal harassment and you have no litigation privilege to do that. I demand that you discontinue the publication of my family members' private home address and further that you discontinue communicating with non-parties in this case. You will go to jail, Mr. Sweigert if it takes the rest of my life to make that happen.
>>
>>>> On Jan 14, 2025, at 10:29 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>>>
>>> Attached is the supplemental discovery request we have spoken about.
>>>
>>> Best,
>>>
>>>