IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
D. G. SWEIGERT

Plaintiff,

-against-

JASON GOODMAN
Defendant.
-------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**MOTION TO STAY DISCOVERY PENDING RULING ON OUTSTANDING MOTIONS**

Defendant Jason Goodman, proceeding pro se, respectfully moves this Court for an order staying all discovery obligations, including responses to Plaintiff's discovery requests, pending the Court's ruling on Defendant's unresolved Motion for Sanctions (Dkts. 60–62), the Objection to Magistrate Judge Valerie Figueredo's Order, and the Motion to Recuse Magistrate Judge Valerie Figueredo, filed concurrently with this motion, for the reasons stated below:

## I.     INTRODUCTION

Plaintiff D.G. Sweigert has engaged in a pattern of abusive, harassing, vexatious litigation against Defendant for the past eight years. This instant action seeks to cure no legitimate injury and serves no legitimate purpose but is intended solely to harass Defendant and burden the judicial system. A well-founded Motion for Sanctions pursuant to FRCP Rule 11 was filed on November 7, 2023 **(EXHIBIT A),** yet the Court has failed to rule on or even address its contents.

Since December, Plaintiff has escalated his abuse by weaponizing the discovery process rather than using it for legitimate fact-finding purposes. The Court must now intervene to prevent further misuse of the judicial system and address Defendant's well-founded outstanding claims.

Defendant filed an Objection to the Magistrate's Order rescheduling a hearing that was originally convened to address serious allegations of litigation abuse. Concurrent with this

MOTION TO STAY DISCOVERY PENDING RULING ON OUTSTANDING MOTIONS                    1

Motion to Stay Discovery, Defendant filed a Motion to Recuse Magistrate Figueredo based on her arbitrary decision-making and prior demonstration of judicial unfairness.

The Court's failure to rule on a Defendant's properly filed motions while allowing the opposing Plaintiff's claims to proceed unimpeded raises significant due process concerns. Courts have consistently held that failing to resolve dispositive motions before proceeding with discovery constitutes judicial error and may be an abuse of discretion. Requiring Defendant to engage in discovery before the Court has addressed these serious procedural and substantive issues is fundamentally unjust and inconsistent with established case law.

## II.    LEGAL STANDARD

A stay of discovery is warranted where a pending motion raises dispositive legal issues that, if resolved in favor of the moving party, would render discovery unnecessary. Federal courts are required to ensure the "just, speedy, and inexpensive determination of every action." See Fed. R. Civ. P. 1. Courts routinely stay discovery where threshold legal issues remain unresolved. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (holding that staying discovery is appropriate where motions addressing personal jurisdiction and sufficiency of pleadings remain pending).

Good cause exists for a stay where resolution of a preliminary motion may dispose of the entire action. Moreover, when a party's Rule 11 motion raises allegations of abusive litigation tactics, permitting discovery before resolving such allegations undermines the integrity of the proceedings. *See Gelfman Int'l Enters., Inc. v. Miami Sun Int'l Corp*., No. 05 Civ. 3826, 2006 WL 8462680, at *2 (S.D.N.Y. July 26, 2006). *See also Anti-Monopoly, Inc. v. Hasbro, Inc.,* No. 94 Civ. 2120 (LMM), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996) (holding that a stay is warranted where a motion could eliminate the need for discovery).

When determining whether to grant a stay, courts consider:

i.      Whether the moving party is likely to succeed on the merits,

ii.     The breadth of discovery and burden on the parties,

iii.    Any prejudice to the non-moving party, and

iv.     Judicial economy. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

## III.    ARGUMENT

### A.  A Stay is Warranted Pending the Court's Ruling on Outstanding Motions

The Court has failed to rule on Defendant's Motion for Sanctions filed on November 7, 2023, which raises significant allegations of litigation abuse. Additionally, Defendant's Objection to the Magistrate's Order and a Motion for Recusal remain unresolved. Despite Plaintiff's well-documented history of abusive litigation, and overt harassment of Defendant's elderly family members, the Court has consistently granted his motions while ignoring substantial Defendant filings. This disparity raises serious due process concerns and requires immediate correction.

The Court denied Defendant's Motion for Reconsideration with a one-page response that itself failed to address key factual and legal arguments raised in the initial motion and detailed supporting briefs **(EXHIBIT B).** This failure to engage with the substance of Defendant's claims constitutes judicial neglect and procedural unfairness that must be cured for the case to proceed.

### B.  Plaintiff Will Not Be Prejudiced by a Stay

The parties were ordered to exchange initial written discovery requests by January 18, 2025. Plaintiff turned that exchange into a dispute by repeatedly abusing the discovery process. The parties are further required to complete all discovery, including depositions, by May 18, 2025. Given this ample timeline, Plaintiff will not suffer prejudice if discovery is temporarily stayed

pending resolution of the outstanding motions. Should the Court deny Defendant's motions, Plaintiff will still have sufficient time to conduct discovery should any be necessary.

### C. Judicial Economy Supports a Stay

Allowing discovery to proceed while key legal issues remain unresolved would waste the Court's and the parties' resources. A stay would prevent unnecessary motion practice regarding improper discovery requests and ensure that any necessary discovery is appropriately tailored to valid claims. The Court has a duty to rule on dispositive motions before compelling a party to engage in costly and burdensome discovery. *See In re Am. Fed'n of Gov't Emps.*, 837 F.2d 503, 507 (D.C. Cir. 1988) (holding that courts must rule on properly filed motions and cannot indefinitely defer decision-making where substantive rights are affected).

### IV.    CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court stay all discovery pending a ruling on Defendant's long ignored Motion for Sanctions, the recently filed Objection to the Magistrate's Order, and the Motion for Recusal of Magistrate Figueredo filed concurrently with this motion.  Additionally, Defendant requests that the Court explicitly rule on each outstanding motion before permitting further discovery or additional proceedings, and any other relief the Court deems just and proper.

Dated: New York, New York February 9, 2025

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

MOTION TO STAY DISCOVERY PENDING RULING ON OUTSTANDING MOTIONS

**(EXHIBIT A)**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | Case No.: 1:23-cv-05875-JGK |
| D. G. SWEIGERT | |
| Plaintiff, | Case No.: 1:23-cv-06881-JGK |
| vs. | |
| JASON GOODMAN, ET AL | **NOTICE OF MOTION FOR SANCTIONS PURSUANT TO RULE 11** |
| Defendants | |

PLEASE TAKE NOTICE that, with this filing and its associated briefs, memoranda and exhibits, defendant Jason Goodman, by and for himself pro se will move this Court for an order granting sanctions against Plaintiff David George Sweigert for the reasons set forth in the attached memorandum.

Signed this 16th day of October 2023

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(347) 380-6998
truth@crowdsourcethetruth.org

NOTICE OF MOTION FOR SANCTIONS PURSUANT TO RULE 11- 1

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................... 1

BACKGROUND. ................................................................................................... 2

ARGUMENT ........................................................................................................ 3

    I.     SANCTIONS ARE APPROPRIATE UNDER RULE 11 AND
         THIS COURT'S INHERENT AUTHORITY ................................. 3

    II.    SANCTIONS SHOULD INCLUDE DISMISSAL WITH
         PREJUDICE AND A BROAD FILING INJUNCTION AGAINST
         VEXATIOUS LITIGATION .......................................................11

CONCLUSION ....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Steele et al v Goodman et al,*
    3:17-cv-00601-MHL (E.D.V.A. 2017)............................................................ 2

*Sweigert v Goodman,*
    18-cv-08653-VEC-SDA (S.D.N.Y. 2018)..................................................... 5,7,8

*Goodman v. Bouzy,*
    No. 21-CV-10878-AT-JLC (S.D.N.Y. 2021)................................................ 4

*Gaboury v. Town of Roxbury,*
    98-CV-1753 (TJM), 1999 WL 244829, at *4 (N.D.N.Y. Apr. 19, 1999) ..... 4

*National Academy of Television Arts and Sciences v Multimedia System Design, Inc D/B/A/ Crowdsource the Truth,*
    1:20-cv-07269-VEC-OTW (S.D.N.Y. 2020) ................................................. 5

*O'Neil v. Ret. Plan for Salaried Emps. of RKO Gen., Inc.,*
    88 Civ. 8498 (JSM), 1992 U.S. Dist. LEXIS 237, at *1
    (S.D.N.Y. Jan. 7, 1992) ................................................................................ 5

*Colum. Gas Transmission, LLC v. Haas,*
    No. 22-1504, 2023 U.S. App. LEXIS 19300, at *9 (4th Cir. July 27, 2023) ...... 6

*Daimler AG v. Bauman,*
    571 U.S. 117, 117, 134 S. Ct. 746, 748 (2014) ................................................. 7

*Quadrozzi v. New York,*
    127 F.R.D. 63, 66 (S.D.N.Y. 1989) .................................................................. 8

*Sweigert v. Cable News Network, Inc.,*
    Case 2:20-cv-12933-GAD-KGA(M.I.E.D. 2020) ............................................. 9

*Murray v. Noeth,*
    No. 6:19-CV-6342 EAW, 2023 U.S. Dist. LEXIS 137057, at *10 (W.D.N.Y.
    Aug. 7, 2023) ...............................................................................................11,12

*Four Star Fin. Servs., LLC v. Commonwealth Mgmt. Assocs,*
    No. 166 F. Supp. 2d 805, 809 (S.D.N.Y. 2001) ................................................. 11

*Polur v. Raffe,*
No. 912 F.2d 52, 57 (2d Cir. 1990) ................................................................... 12

*Shuffman v. Hartford Textile Corp,*
No. 459 U.S. 1206 (1983) .................................................................................. 12

*Kane v. City of New York, ,*
No. 468 F. Supp. 586, 590 (S.D.N.Y. 1979) ..................................................... 12

*MUKA v. HANCOCK, ESTABROOK,*
No. 120 Misc. 2d 146, 147 (N.Y. Sup. Ct. 1983) .............................................. 12

*Pandozy v. Segan,*
No. 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) ................................................ 13

*Steele et al v. Goodman et al,*
No. 3:17-cv-00601-MHL, (E.D.V.A. Sept. 1, 2017) ......................................... 13

*Sweigert v. Goodman,*
No. 18-CV-8653, (S.D.N.Y. Sept. 21, 2019) ............................................... 13, 16

*Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design,*
No. 20-CV-7269 (VEC), (S.D.N.Y. Sept. 4, 2020) ........................................... 13

*Sweigert v Cable News Network, Inc,*
No. 2:20-cv-12933-GAD-KGA (M.I.E.D. Oct. 31, 2020) ................................ 13

*Sweigert v. Goodman,*
No. 1:22-cv-02788-LGS-BCM (M.I.E.D. Jan. 3, 2022) ............................... 13,14

*Sweigert v. Multimedia System Design, Inc. et al,*
No. 2:22-cv-10642-GAD-EAS (M.I.E.D. Mar. 25, 2022) ..................... 13, 14, 15

*Sweigert v. Multimedia System Design, Inc. et al,*
No. 1:23-cv-06881-JGK (M.I.E.D. Nov. 8, 2022) ........................................... 14

*Sweigert v. Goodman et al,*
No. 23-cv-05875-JGK (S.D.N.Y. Jul. 4, 2023) ................................................ 14

*Farguson v. MBank Houston, N.A,*
   No. 808 F.2d 358, 359-60 (5th Cir. 1986) ........................................................ 14

*United States ex rel. Sweigert v. Elec. Sys. Assocs.,*
   No. 85 F.3d 630 (6th Cir. 1996) ...................................................................... 15

*United States v. Walters,*
   No. 638 F.2d 947 (6th Cir. 1981), and under Thomas v. Arn, 474 U.S. 140
   (1985).................................................................................................................. 16

*Urban v. United Nations,*
   No. *768 F.2d 1497, 1500 (D.C. Cir. 1985*) ..................................................... 17

*Castro v. United States,*
   775 F.2d. 399, 408-10 (1st Cir. 1985) ............................................................ 17

*Hackney v. Lehrer McGovern Bovis of Pa.,*
   No. 97-cv-1015, 1997 WL 214846, at *3-*4 (E.D. Pa. Apr. 25, 1997.) .......... 17

*Schwartz v. Nordstrom, Inc.,*
   No. 94-cv-1005, 1994 WL 584676, at *4 (S.D.N.Y. Oct. 25, 1994.) .............. 18

**STATUTES**

New York Civil Rights Law §§ 50 & 51............................................................. 7, 8

28 U.S. Code § 1651(a)............................................................................... 12

False Claims Act. 31 U.S.C. §§ 3730-3733........................................................ 15


**RULES:**

Fed. R. Civ. P. 11........................................................................... *passim*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. SWEIGERT | Case No.: 1:23-cv-05875-JGK |
| Plaintiff, | |
| vs. | Case No.: 1:23-cv-06881-JGK |
| JASON GOODMAN, ET AL., | |
| Defendants | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT of SANCTIONS PURSUANT TO FRCP RULE 11** |

### INTRODUCTION

Defendant Jason Goodman ("Goodman") by and for himself pro se, respectfully submits this memorandum of law in support of his motion for sanctions, pursuant to FRCP Rule 11 and this Court's inherent power, against Plaintiff David George Sweigert ("Sweigert") for violations of Rule 11 including, inter alia, intentionally presenting pleadings for an improper purpose to harass, cause unnecessary delay, and increase the cost of litigation as explained in detail below.

Sweigert initiated a campaign of sham litigation against defendant Jason Goodman ("Goodman") that began in 2017. Despite having never met and having no previous interactions or business relations, Sweigert endeavors to prove that Goodman is a conspiracy theorist who planned a bomb hoax to build YouTube viewership, among other things. Goodman alleges these actions are calculated to counteract journalism which reveals unfavorable facts about Sweigert, who has weaponized the Court, abusing judicial resources in a practice known as ("Lawfare").

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO
FRCP RULE 11- 1

**BACKGROUND**

In September 2017, non-party Robert David Steele ("RDS") brought a defamation action against Goodman (*See* Case 3:17-cv-00601-MHL Steele v Goodman et al). Shortly after that, Sweigert moved to intervene (*See* Case 3:17-cv-00601-MHL ECF No. 73). George Webb Sweigert ("Webb"), the brother of Plaintiff Sweigert had introduced Goodman to RDS over the phone only three months prior. On June 13, 2017, Webb called in to Goodman's talk show ("Crowdsource the Truth") and cohosted an interview with RDS. The next day, Webb called in again with allegations of illicit radioactive material aboard a cargo ship approaching the Port of Charleston in South Carolina. Webb persisted in emphasizing the risk of the vessel becoming a "dirty bomb". Webb's call resulted in the FBI closing the Port and made national news, (https://money.cnn.com/2017/06/16/media/port-of-charleston-dirty-bomb-conspiracy-theory-shutdown/index.html). Webb was arrested hours later, questioned by FBI and released on bail.

After a multitude of filings, Sweigert's motion to intervene in Steele v Goodman was denied (*See* Case 3:17-cv-00601-MHL ECF No. 153). This attempted intervention was only one prong of the Lawfare attack. Sweigert also brought action in South Carolina on June 14, 2018, publicly declared it a celebration of the one-year anniversary of the incident, (*See* Case 1:18-cv-08653-VEC-SDA ECF No. 1). That docket swelled to more than three-hundred-eighty entries after the case was transferred to SDNY and went on for more than three years. On the eve of trial, and without explanation, Sweigert voluntarily withdrew. When Judge Valerie Caproni ordered the complaint dismissed with prejudice, Sweigert moved for reconsideration, so that he might preserve his ability to torment Goodman with the same claims in future frivolous action, (*See* Case 1:18-cv-08653-VEC-SDA ECF No. 383). Sweigert now renews these dismissed

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 2

claims, despite being ordered not to.  Sweigert has publicly declared his intent to sue Goodman

for the rest of his life, essentially announcing plans to perpetually violate Rule 11.  This case is

yet another demonstration of his intent to do it.  In this instant action, Sweigert renews frivolous

claims that have already been dismissed with prejudice while he attempts to manufacture new

ones in his obsessive effort to maintain a constant barrage of punitive legal actions against

Goodman irrespective of the outcome of any individual case.  Sweigert's actions inherently

violate FRCP Rule 11 and he should be sanctioned.  It is within the scope of the Court's inherent

power to enjoin him from continuing.  Failure to enjoin Sweigert from this ongoing vexatious

behavior signals tacit approval of the abuses and inherently undermines the Court's authority.

Sweigert must not be allowed to continue and should be sanctioned pursuant to FRCP Rule 11.

## ARGUMENT

I. **SANCTIONS ARE APPROPRIATE UNDER RULE 11 AND THIS COURT'S INHERENT AUTHORITY**

All parties, including those proceeding pro se, are bound by Rule 11. See Fed. R.

Civ. P. 11 advisory committee notes (1993) ("The rule retains the principle that attorneys

and pro se litigants have an obligation to the court to refrain from conduct that frustrates

the aims of Rule 11."). An attorney's signature on a pleading certifies that:

(1) it is not being presented for any improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law

or by a nonfrivolous argument for extending, modifying, or reversing existing law

or for

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO
FRCP RULE 11- 3

establishing new law;

(3) the factual contentions have evidentiary support or, if specifically, so

identified, will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery;

(4) the denials of factual contentions are warranted on the evidence or, if

specifically, so identified, are reasonably based on belief or a lack of information.

**Rule 11(b)(1).** Plaintiff Sweigert has engaged in a campaign of sham litigation calculated to harass Goodman since 2017. In another case Sweigert inappropriately insinuated himself into, (*See* Goodman v Bouzy Case 1:21-cv-10878-AT-JLC ECF No. 14), Magistrate James L. Cott's Order Report and Recommendation stated, *"²Given its length, the amended complaint should be dismissed as a threshold matter for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which "places an obligation upon the [plaintiff] to submit 'a short and plain statement of the claim,' not a . . . long conspiracy theory novel." Gaboury v. Town of Roxbury, No. 98-CV-1753 (TJM), 1999 WL 244829, at \*4 (N.D.N.Y. Apr. 19, 1999) (citation omitted)."* (*See* Case 1:21-cv-10878-AT-JLC ECF No. 203 Page 3 Footnote 2).

In this matter, Sweigert's two, fifty-one-page filings each exceed the length of Goodman's complaint by nine pages. Surely Magistrate Judge Cott's determination that a forty-two-page filing should be dismissed sua sponte for violating rule 8(a) would also apply here. Sweigert eventually became a defendant in that case and was aware of the ruling months prior to his violation of rule 8(a) in this instant action.

Concurrent with his abusive legal action, Sweigert engages in persistent cyber stalking and harassment including constant unwanted communication via email and various social media

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 4

platforms including YouTube, X (formerly Twitter) and others. He coordinates a network of individuals who approach and harass Goodman on the streets of New York City and elsewhere. Sweigert has articulated this plan calculated to destroy Goodman's business, disrupt his personal and professional relationships, and extort money from him. Sweigert harassed Goodman's attorney in yet another case, provoking his withdrawal, (*See* Case 1:20-cv-07269-VEC-OTW Document 102-2). This instant action is only the latest iteration of Sweigert's abusive Lawfare campaign. Like those prior, this matter was brought for an ulterior purpose, in violation of Rule 11(b)(1) to harass Goodman and needlessly expose him to excessive litigation costs.

"The "improper purpose" ground under Rule 11 authorizes a court to impose sanctions when it finds that an action has been brought for some dilatory purpose, to harass an opponent, or to needlessly increase litigation costs. This is an independent ground for the imposition of sanctions. Thus, even where an action is not frivolous, a court may impose sanctions on the ground that the action was brought for some improper purpose."

*O'Neil v. Ret. Plan for Salaried Emps. of RKO Gen., Inc.,* 88 Civ. 8498 (JSM), 1992 U.S. Dist. LEXIS 237, at *1 (S.D.N.Y. Jan. 7, 1992)

Sweigert's filing contains numerous claims he either knows to be false from prior rulings or has otherwise failed to sufficiently verify with regard to truthfulness. His deceptive effort to consolidate another frivolous case against an inactive corporation he knows to be unrelated to his claims was calculated exclusively to increase the cost and complexity of litigation and is another violation of Rule 11, (*See* se 1:23-cv-06881-JGK Document 33) . "As a general rule, the "central purpose" of a lawsuit must be "to vindicate rights." *See In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990). Even "if a complaint is filed to vindicate rights in court, and also for some other

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 5

purpose," sanctions are not appropriate unless the added purpose is "undertaken in bad faith and is . . . so excessive as to eliminate a proper purpose." [*10]  Id.  In assessing the propriety of filing a complaint to initiate a lawsuit, the court must evaluate the objective reasonableness — rather than the subjective intent — underlying the filing."

*Colum. Gas Transmission, LLC v. Haas,* No. 22-1504, 2023 U.S. App. LEXIS 19300, at *9 (4th Cir. July 27, 2023)

Even if the Court determines Sweigert has some right to defend buried deeply in the superfluous pleadings submitted, his actions have been undertaken with excessive bad faith and for an improper purpose, to harass the defendant in violation of FRCP Rule 11(b)(1).  His persistent violation of the rules, ethics, and the law rise to such an excessive level of bad faith, sanctions are not only warranted, but they are also necessary to prevent him or future litigants like him from abusing the courts with their own vindictive, persistent Lawfare campaigns.

Sweigert further violated FRCP Rule 11(b)(1) when he attempted to sue Multimedia System Design, Inc, DBA Crowdsource the Truth ("MSDI"). This non-existent, fictional entity was imagined by Sweigert and first presented to the Court in 2020 in a malicious and deceptive effort to bring action against an inactive corporate entity previously owned by Goodman.  (*See Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design*, No. 20-CV-7269 (VEC), (S.D.N.Y. Feb. 22, 2022) There is no relationship between this corporate entity and the actions taken by Goodman as a natural person that gave rise to Sweigert's complaints.  Sweigert is attempting to reprise his financial assault on Goodman by deceiving the Court in an effort to stop Goodman from mounting a pro se defense.  The truth is, there is no such entity as MSDI, and Sweigert knows this.  He invented the MSDI name in order to conflate unrelated current

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 6

activities of Goodman, a natural person, with the existence of a dormant, unrelated corporate entity previously owned by Goodman that has been inactive for years.

Even if the Court determines that the fictional concoction MSDI, born from Sweigert's imagination, sufficiently identifies an uninvolved, inactive corporation previously owned by Goodman, the Supreme Court has determined that the proper venue to bring action against a corporate litigant is its home jurisdiction.  First in *Goodyear Dunlop Tires Operations, S.A. v. Brown* and then later in *Daimler AG v. Bauman* the Supreme Court more narrowly defined general and specific jurisdiction with regard to suits brought against corporate defendants. Sweigert ignores this and seeks to take advantage of universal jurisdiction where a corporation could be sued essentially anywhere it displayed any semblance of doing business or had even a minimal presence.  This is precisely what the High Court intended to minimize as it sought to increase judicial efficiency with the ruling.  The Supreme Court determined that a corporation could not be "at home" in all jurisdictions, even all in which it conducts business, finding, "A corporation that operates in many places can scarcely be deemed to be at home in all of them."

*Daimler AG v. Bauman*, 571 U.S. 117, 117, 134 S. Ct. 746, 748 (2014)

In yet another violation of Rule 11(b)(1), Sweigert failed to abide by the Supreme Court's ruling, bringing more frivolous action in an invalid venue for the specific and improper purpose of manipulating the outcome of the case.  Sweigert should be denied consolidation of a case brought in an improper venue in violation of Rule 11 and sanctions would be appropriate.

**Rule 11(b)(2).**  Plaintiff violated Rule 11(b)(2) when he defied an existing order from Judge Valerie Caproni and refiled unwarranted claims.  Claims in this action pursuant to New York Civil Rights Law §§ 50 & 51 are substantially the same as those already dismissed with

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 7

prejudice, (*See* Case 1:18-cv-08653-VEC-SDA ECF No. 381). Judge Caproni previously admonished Sweigert when she dismissed his similar claims stating, "Plaintiff has withdrawn his New York's Civil Rights Law Section 50 and 51. See Letter, Dkt. 380. Accordingly, those claims are hereby DISMISSED with prejudice." After that, Sweigert attempted to move the Court to reconsider its ruling and grant dismissal without prejudice. In response, Judge Caproni further admonished him stating, "The Court will not tolerate judicial gamesmanship; Mr. Sweigert does not get a judicial mulligan." This instant action is only his most recent attempt at a judicial mulligan. Sweigert continues the very "judicial gamesmanship" Judge Caproni warned him the Court would not tolerate, (*See* Case 1:18-cv-08653-VEC-SDA Document 383).

In *Quadrozzi v. New York*, the Court determined, "There are two grounds for sanctions Fed. R. Civ. P. 11: the "frivolous clause" and the "improper purpose clause." The "frivolous clause" of Rule 11 has two subparts: whether the party or attorney has made a reasonable inquiry into the facts, and whether the party or attorney has a made a reasonable inquiry into the law. The "improper purpose clause" provides that a party may not interpose a motion, pleading, or other document for purposes of delay, harassment, or increasing the costs of litigation. As each clause imposes an independent obligation, a violation of either is sufficient to impose Rule 11 sanctions. Similarly, a violation of either subpart of the frivolous clause constitutes a violation of Rule 11."

*Quadrozzi v. New York*, 127 F.R.D. 63, 66 (S.D.N.Y. 1989)

Sweigert knew his NY Civ Rights L §§ 50 – 51 claims were insufficient on evidentiary, factual, and legal bases and had been dismissed with prejudice. He also knows the imagined, fictional corporate entities he has concocted for the purpose of confounding the Court and

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 8

obstructing its normal processes are not valid entities with legal standing to be sued.  Despite this

knowledge he proceeded in defiance of Rule 11(b)(2) and should be sanctioned.

      **Rule 11(b)(3) and (4).**  Plaintiff attempts to deceive the Court with denials

surrounding a filing in the Eastern District of Michigan ("MIED").  In another violation of Rule

11, plaintiff's brother, co-defendant Webb, filed an action against Cable News Network, Inc

("CNN") in the MIED on October 31, 2020, (*See* Case 2:20-cv-12933-GAD-KGA).  The

rambling complaint failed to form a cognizable claim and offered no reason as to why it was

brought in MIED, rather than New York or Atlanta, where CNN is headquartered.  Instead, this

case appears to have been created expressly to offer Sweigert another opportunity to intervene

and involve Goodman, which he attempted, (*See* Case 2:20-cv-12933-GAD-KGA ECF No. 3).

Judge Gershwin Drain denied intervention, and ordered plaintiff Webb to show cause as to why

the case should not be dismissed, (*See* Case 2:20-cv-12933-GAD-KGA ECF No. 10).  The

response, (*See* Case 2:20-cv-12933-GAD-KGA ECF No. 12) exhibited unequivocal evidence of

forgery.  Specifically, the creation date of the document was June 21, 2021, and the filing date

was June 18, 2021.  This geospatial and temporal impossibility would require the clerks to travel

backward in time and cannot be explained.  In addition, metadata in the document revealed

Richard Loury ("Loury") as the author. **(EXHIBIT A)**

      Loury is a clerk in MIED and not an attorney.  Loury has no authority to author

documents on behalf of litigants.  Detroit Police Department ("DPD") Sargent, Detective Joiell

Cobb Sanders ("Sgt. Sanders") met with Goodman and agreed the evidence proved beyond a

doubt the document was forged, and that Loury was the most likely suspect.  She lamented that

any criminal activity inside the U.S. District Courthouse could not be addressed by DPD as it

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO
FRCP RULE 11- 9

was federal jurisdiction.  No report was filed, and no investigation was conducted.  Goodman has

also shared this evidence with Special Agent Kenneth Engberg ("SA Engberg") of the Detroit

FBI.  SA Engberg also agreed the evidence indicated forgery and that Loury was the most likely

suspect, but he failed to act and refused to provide further commentary on the matter.

In violation of Rule 11(b)(3), Sweigert made several factual contentions that lack

evidentiary support.  Specifically, he claims Goodman has made false and defamatory claims

about the forged document filed in MIED.  This violates Rule 11(b)(3) because Plaintiff knows

he will fail to prove the date on the document is legitimate or that it was filed by Webb.

In response to Covid-19, in or around August 2020, MIED implemented a Pro Se

Document Upload portal, (https://www.mied.uscourts.gov/index.cfm?pagefunction=ProSeDocs).

The web page allows pro se litigants to file pleadings as PDF documents directly with the clerks

who then enter the filings on the ECF docket.  The MIED web site provides filers with an email

receipt when they make any submission.  Both Sweigert and Webb have filed numerous actions

in multiple U.S. District Courts in which they both separately and jointly insist Goodman has

lied in an effort to smear them.  Neither party has attempted to explain the evidence which

Goodman, Sgt. Sanders and SA Engberg all agree indicates criminal forgery.  No filing receipt

has been presented.  Sweigert should be sanctioned pursuant to Rule 11(b)(3) for making factual

contentions regarding ECF No. 12 that have no evidentiary support.  Sweigert should be

compelled to provide evidence of filing, or else be sanctioned pursuant to FRCP Rule 11(b)(3).

Even if the Court disagrees and denies Rule 11 sanctions, alternately Sweigert and Webb

should be compelled to appear in person at an evidentiary hearing to present the emailed receipt

from the MIED pro se filing web site.  In the two years since Goodman first raised this evidence,

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO
FRCP RULE 11- 10

multiple frivolous suits have emerged, (*See* Case 2:22-cv-10002-GAD-KGA, and Case 1:22-cv-02788-LGS-BCM) but the pro se filing receipt has not.  Failure to produce this receipt is additional evidence that Loury assisted Webb and Sweigert in filing this forged document.

"A misrepresentation regarding a plaintiff's previous litigation history can warrant dismissal. See *Sheils v. Jordan*, No. 10-CV-6516L, 2014 U.S. Dist. LEXIS 55683, 2014 WL 1600445, at *2 (W.D.N.Y. Apr. 21, 2014) ("Such a failure to disclose prior litigation history, especially by such an obviously practiced (if unsuccessful) litigant, 'is an inexcusable misrepresentation to the Court' warranting dismissal under Rule 11 of the Federal Rules of Civil Procedure.'" (quoting *Bell v. Lasaceli*, No. 08-CV-0278, 2009 U.S. Dist. LEXIS 32416, 2009 WL 1032857, at *4 (W.D.N.Y. Apr. 15, 2009)); *Bell*, 2009 U.S. Dist. LEXIS 32416, 2009 WL 1032857, at *4 ("Because Plaintiff has repeatedly misrepresented his litigation history to the Court—a significant one at that—the Court finds that he has violated Fed. R. Civ. P. 11 and, therefore, this action will be dismissed, in the alternative, on that basis.").

*Murray v. Noeth*, No. 6:19-CV-6342 EAW, 2023 U.S. Dist. LEXIS 137057, at *10 (W.D.N.Y. Aug. 7, 2023)

## II.    SANCTIONS SHOULD INCLUDE DISMISSAL WITH PREJUDICE AND A BROAD FILING INJUNCTION AGAINST VEXATIOUS LITIGATION

District courts have "significant discretion in determining what sanction, if any, should be imposed for a violation" of Rule 11.  *Four Star Fin. Servs., LLC v. Commonwealth Mgmt. Assocs.,* 166 F. Supp. 2d 805, 809 (S.D.N.Y. 2001).  Rule 11 sanctions can include, inter alia, the disposition of claims, application of fees and costs or imposition filing injunctions when appropriate, as in this case.  *See* Fed. R. Civ. P. 11(c)(1).  This Court has broad latitude to enjoin

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 11

vexatious pro se plaintiffs like Sweigert from filing frivolous pleadings without first seeking leave of court. *See Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (citing 28 U.S.C. § 1651(a)). Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This includes enjoining vexatious, abusive, and harassing litigants like Sweigert. *In re Hartford Textile Corp.,* 681 F.2d 895, 897 (2d Cir. 1982) (per curiam), cert. denied sub nom., *Shuffman v. Hartford Textile Corp.,* 459 U.S. 1206 (1983) ("The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute."); *In re Martin-Trigona,* 737 F.2d at 1262 (affirming imposition of pre-filing injunction against pro se plaintiff); *Kane v. City of New York*, 468 F. Supp. 586, 590 (S.D.N.Y. 1979) ("[W]hen it becomes clear that the courts are being used as a vehicle of harassment by a 'knowledgeable and articulate experienced pro se litigant' who asserts the same claims repeatedly in slightly altered guise, the issuance of an injunction is warranted.")

*MUKA v. HANCOCK, ESTABROOK,* 120 Misc. 2d 146, 147 (N.Y. Sup. Ct. 1983)

Courts in the Second Circuit have considered five factors in determining if pre-filing injunction is warranted:

(1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits;

(2) whether the litigant has an objective good faith expectation of prevailing;

(3) whether the litigant is represented by counsel;

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 12

(4) whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and

(5) whether other sanctions would be adequate to protect the courts and other parties.

*Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007), aff'd, 340 F. App'x 723 (2d Cir. 2009) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986)

In this case, each of these factors weigh in favor of enjoining Sweigert from filing: (a) any additional documents on the docket for this case relating to Goodman or any corporation previously owned by Goodman; (b) any action against any inactive corporation previously owned by Goodman; and (c) any new pro se action against Goodman, any member of Goodman's immediate family, or any legal entity owned by Goodman in any federal district court without first obtaining leave of that court. *See In re Martin- Trigona,* 737 F.2d at 1262 (affirming pre-filing injunction encompassing all federal district courts).

**Factor One**

Sweigert has an extensive record of initiating frivolous legal action and asserting false, unsubstantiated claims against Goodman dating back to 2017, in an ongoing and continuous manner up to and including today. *See, Steele et al v. Goodman et al*, 3:17-cv-00601-MHL, (E.D.V.A. Sept. 1, 2017), *Sweigert v. Goodman,* 18-CV-8653, (S.D.N.Y. Sept. 21, 2019), *Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design*, No. 20-CV-7269 (VEC), (S.D.N.Y. Sept. 4, 2020), *Sweigert v Cable News Network, Inc,* 2:20-cv-12933-GAD-KGA (M.I.E.D. Oct. 31, 2020), *Sweigert v. Goodman*, 1:22-cv-02788-LGS-BCM (M.I.E.D. Jan. 3, 2022), *Sweigert v. Multimedia System Design, Inc. et al,* 2:22-cv-10642-GAD-EAS (M.I.E.D. Mar. 25, 2022),

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 13

*Sweigert v. Multimedia System Design, Inc. et al,* 1:23-cv-06881-JGK (M.I.E.D. Nov. 8, 2022), *Sweigert v. Goodman et al,* 23-cv-05875-JGK (S.D.N.Y. Jul. 4, 2023), [appeals omitted in the interest of efficiency]. Sweigert is a pathological, serial Lawfare practitioner and a vexatious litigant who must be enjoined from continuing this practice in the interest of justice.

Instances like this require courts to exercise their power "to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive" suits. *In Re Hartford*, 659 F.2d at 305. See also In re *Martin-Trigona,* 737 F.2d at 1261–62 (noting that permitting vexatious pro se litigants to act "with impunity" could "bring the entire system of justice to a halt, thus depriving all other litigants of their right to an expeditious adjudication of good faith federal claims," and explaining that courts thus act "not only as an arbiter of a dispute between private parties but also in defense of the means necessary to carry out our constitutional function."). Sweigert's ongoing and continuous harassment and abusive litigation tactics have already clogged the dockets of numerous district courts causing excessive burden and undue expense to Goodman while unnecessarily taxing the resources of an already overwhelmed judicial system. "In such circumstances, the power to act against vexatious litigation is clear." In re *Martin-Trigona*, 737 F.2d at 1262. *See also generally Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359-60 (5th Cir. 1986) ("[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

**Factor Two**

With respect to the second factor, Sweigert has already demonstrated disregard for prevailing on his claims by voluntarily withdrawing multiple actions, (*See Sweigert v Goodman*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 14

1:18-cv-08653-VEC-SDA ECF No. 380, *Sweigert v. Multimedia System Design, Inc. et al,* 2:22-cv-10642-GAD-EAS ECF No. 63, and *Sweigert v Goodman,* Case 1:22-cv-02788-LGS-BCM ECF No. 73).  Sweigert voluntarily withdrew his first action against Goodman on the eve of trial and then made a pattern of voluntarily dismissing cases after the desired punishment had been inflicted.  In *Sweigert v. Multimedia System Design, Inc. et al.,* (2:22-cv-10642-GAD-EAS), the same day Goodman hired local counsel, Sweigert withdrew upon learning the retainer fee had been paid.  Repetition of this pattern demonstrates Sweigert's primary concern is wasting Goodman's time and money rather than prevailing in court on the merits of his claims.

### Factor Three

In most instances, a plaintiff's pro se status weighs against issuing a pre-filing injunction.  Sweigert however, has been a Lawfare practitioner and avid pro se plaintiff for decades.  After termination from employment at Electronic Systems Associates, Inc., ("ESA") in November of 1991, Sweigert filed a qui tam action under the False Claims Act. 31 U.S.C. §§ 3730-3733, accusing ESA and its CEO, Lemuel Kinney ("Kinney"), through his corporation, of willfully misrepresenting material facts to the government and violating the False Claims Act, *See United States ex rel. Sweigert v. Elec. Sys. Assocs*., 85 F.3d 630 (6th Cir. 1996).

A magistrate judge recommended dismissing the complaint for failure to comply with procedural requirements.  Sweigert did not serve a copy of the complaint on the government and failed to file a copy en camera as required.  Sweigert demonstrated less interest in the outcome of the qui tam action than he did in tormenting Lemuel, perhaps in retaliation for being fired.  Sweigert did not object to the report and recommendation and so the complaint was dismissed.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 15

Over two years later, Sweigert filed two motions for relief from that judgment pursuant to FRCP Rule 60(b)(6), another tactic he has employed recently, (*See Sweigert v Goodman* 1:18-cv-08653-VEC-SDA ECF No. 383). The magistrate judge recommended denying Sweigert's motions, twice in two reports, one filed June 21, 1995, another on July 17, 1995. The second report unequivocally stated that objections were due on August 3, 1995.  The Court noted that Sweigert filed no objections to the final report, notwithstanding the magistrate judge's notice that failure to do so would forfeit all rights on appeal pursuant to *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), and under *Thomas v. Arn,* 474 U.S. 140 (1985).  Adopting the report, the district court denied Sweigert's 60(b)(6) motions.  Sweigert then filed an appeal from that order, asserting the same claims presented to the district court in support of his qui tam suit.  The Sixth Circuit affirmed the district court's order denying Sweigert's motions for Rule 60(b) relief.  The qui tam failed to benefit Sweigert, but years of litigation put Kinney and ESA into financial ruin.

Sweigert has persistently attempted to implicate Goodman through "MSDI" a deceptive corporate entity devised by Sweigert.  This demonstrates a pattern established with Kinney and ESA.  By forcing Lawfare targets to retain counsel to represent a corporate defendant, Sweigert ensures the financial destruction of his victims.  Attempts to intervene, frivolous bar complaints, cyber stalking and harassment are all weapons in his Lawfare arsenal.  Ceaseless frivolous filings compel defendants to respond while they suffer financially devastating costs of litigation.

Sweigert has publicly announced his intention to sue Goodman for the rest of his life.  If the Court allows this instant action to proceed, it will be helping him to fulfill that promise.  Sweigert has turned frivolous litigation into his full-time occupation.  As cited herein, courts

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 16

routinely impose injunctions on pro se litigants like Sweigert to prevent them from abusive

filings against the same defendants repeatedly without first seeking leave or retaining counsel.

### Factor Five

In considering some lesser sanction, the Court must decide what might adequately

"protect the courts and other parties," from Sweigert's serial Lawfare assaults. As of 2023,

Sweigert has spent nearly ten percent of his own lifetime pursuing Goodman with frivolous

litigation that he displays no interest in taking to trial even when granted the opportunity. It is

difficult to conceive a clearer demonstration of abusive litigation practices than those persistently

engaged in by Sweigert. Here, the only suitable remedy is a broad pre-suit filing injunction. In

similar circumstances, the Second Circuit has affirmed similar remedies when appropriate. *See,*

*e.g., In re Martin- Trigona*, 737 F.2d at 1262 (affirming injunction preventing plaintiff from

bringing new actions "in all federal district courts"). District courts have "an obligation to protect

and preserve the sound and orderly administration of justice throughout [the] system." *Id*. To that

end, they "need not wait until a vexatious litigant inundates each federal district court with

meritless actions to condition access to that court upon a demonstration of good faith." *Id*. In

other similar cases courts have imposed remedies against repeat vexatious litigants like Sweigert.

*See, e.g., Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C. Cir. 1985) (issuing nationwide

filing injunction against pro se litigant); *Castro v. United States*, 775 F.2d. 399, 408-10 (1st Cir.

1985) (enjoining plaintiff from ever filing another document in federal court against the United

States pertaining to a certain subject matter), abrogated on other grounds; *Hackney v. Lehrer*

*McGovern Bovis of Pa.*, No. 97-cv-1015, 1997 WL 214846, at *3-*4 (E.D. Pa. Apr. 25, 1997)

(enjoining plaintiff from filing complaints in any court concerning subject matter at issue

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO
FRCP RULE 11- 17

"without first seeking authorization of the court in which the plaintiff seeks to file" and requiring plaintiff to "attach to any such complaint a copy of this order" issuing the injunction). There is more than adequate basis for this Court to sanction Sweigert, having "demonstrated a disturbing pattern of filing frivolous lawsuits." *Schwartz v. Nordstrom, Inc*., No. 94-cv-1005, 1994 WL 584676, at *4 (S.D.N.Y. Oct. 25, 1994). Sweigert's conduct is expressly calculated to subject Goodman to undue burden and persistent harassment with no regard for the judicial resources expended. Simply put, Sweigert is a serial Lawfare practitioner and malicious litigant who must be stopped, or he will, as promised, continue to sue Goodman for the rest of his life.

## CONCLUSION

For the reasons set forth herein, the Plaintiff Sweigert should be sanctioned, and this case should be dismissed with prejudice sua sponte. Sweigert should be designating as a vexatious litigant and enjoined from future fillings against Goodman or in any other suitable manner as determined by the Court.

Signed this 16th day of October 2023

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(347) 380-6998
truth@crowdsourcethetruth.org

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 18

**EXHIBIT A**

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

George Webb Sweigert,                : CASE
                                     :
     Plaintiff,                  : NO - 2:20-cv-12933-GAD-KGA
                                     :
V.                                   : US DISTRICT COURT JUDGE
                                     :
                                     : Judge Gershwin A. Drain
                                     :
CABLE NEWS NETWORK, INC              : RESPONSE TO ORDER
                                     :
                                     : TO SHOW CAUSE

### PLAINTIFF'S RESPON

Plaintiff hereby files this Respon
and, for the reasons stated here

The Plaintiff, George Webb Swe
lawsuit in District of Columbia in
transactions were conducted in
added to some of the administra
the Court.

The Defendant, Cable News Ne
than the CNN Headquarters in
confused in person efforts to se

The Plaintiff requests for the Co
served on the Defendant. Two
Service.



- 4 -

**(EXHIBIT B)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

D. G. SWEIGERT,

                          Plaintiff,          23-cv-5875 (JGK)
                                              23-cv-6881 (JGK)
              - against -
                                              ORDER
JASON GOODMAN, ET AL.,

                          Defendants.

_____

JOHN G. KOELTL, District Judge:

    The defendant provides no reason why the Court's original

decision, ECF No. 62, was improper. The defendant alleges

additional improper acts by the plaintiff, but that is not a basis

to conclude that this Court's decision was incorrect in any way

and is not a basis for reconsideration.

    Accordingly, the defendant's motion for reconsideration is

**denied.** The Clerk is directed to close ECF No. 79.

SO ORDERED.

Dated:    New York, New York
          December 5, 2023
                                    _____
                                           John G. Koeltl
                                    United States District Judge