| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>Plaintiff,<br>-against-<br><br>JASON GOODMAN<br>Defendant.<br>-----------------------------------------------------------------------X | Case 1: 23-cv-5875-JGK<br><br>**DEFENDANT'S MOTION TO RECUSE MAGISTRATE JUDGE VALERIE FIGUEREDO** |

Defendant Jason Goodman, proceeding pro se, respectfully moves this Court for an order recusing Magistrate Judge Valerie Figueredo from further proceedings in this matter pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144. Recusal is warranted due to Magistrate Judge Figueredo's demonstrated bias, failure to ensure a fair and orderly hearing, procedural irregularities depriving Defendant of due process, and arbitrary decision-making that has caused delay and enabled ongoing harassment.

I.  **LEGAL STANDARD**

Under 28 U.S.C. § 455(a), a judge "shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned." Additionally, under 28 U.S.C. § 144, if a party files a "timely and sufficient affidavit" stating that the judge has a "personal bias or prejudice" against them, recusal is mandated.

A judge must recuse themselves when their actions create an appearance of bias or undermine the integrity of the judicial process. *Liteky v. United States,* 510 U.S. 540, 548 (1994). A decision is "contrary to law" if it applies an incorrect legal standard or fails to follow binding precedent. *See Pall Corp. v. Entegris, Inc.,* 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008). Additionally, Tumey v. Ohio, 273 U.S. 510, 523 (1927), holds that any judicial procedure that presents even the potential for bias violates due process. Moreover, *United States v. Jordan*, 49

F.3d 152, 156 (5th Cir. 1995), affirms that a judge must recuse themselves where a reasonable person would doubt their impartiality, and *Pepsico Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir. 1985), confirms that the appearance of bias alone can require disqualification.

II.   STATEMENT OF FACTS

During the December 18, 2024, hearing, Magistrate Judge Figueredo allowed Plaintiff David Sweigert to repeatedly interrupt Defendant, respond to questions directed at the Court, and actively control the proceedings, at one point shouting "NO" in response to Defendant's request.

Despite this clear procedural violation, the Court failed to restore order or provide Defendant a fair opportunity to be heard, in violation of *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970), which held that due process requires the right to meaningfully present one's case.

The Judge's failure to prevent Plaintiff from disrupting the hearing resulted in a one-sided and fundamentally unfair proceeding, violating Defendant's right to a neutral adjudicator. *See Caperton v. A.T. Massey Coal Co*., 556 U.S. 868, 876 (2009) ("A fair trial in a fair tribunal is a basic requirement of due process."). Furthermore, *Williams v. Pennsylvania*, 579 U.S. 1 (2016), reaffirmed that even a high probability of bias is sufficient to mandate recusal.

Defendant filed a motion (Dkt. 177) seeking equitable relief and a protective order enjoining Plaintiff from engaging in extrajudicial harassment and improper discovery tactics. Although the December 18, 2024, hearing was scheduled to address this motion, Magistrate Judge Figueredo failed to consider or rule on it despite its urgency. Instead, she permitted Plaintiff to prematurely end the hearing without addressing Defendant's requests for relief. Courts have held that failing to rule on a properly filed motion, particularly where irreparable harm is alleged, constitutes an abuse of discretion. *See In re Kensington Int'l Ltd*., 368 F.3d 289, 311 (3d Cir. 2004).

MOTION TO RECUSE MAGISTRATE JUDGE VALERIE FIGUEREDO                      2

Defendant filed a motion seeking equitable relief on November 3, 2024, requesting an injunction against Plaintiff's extrajudicial harassment. The Magistrate scheduled a conference but failed to address any substantive issues from Defendant's motion. Further, Plaintiff's unsubstantiated claims of financial hardship were accepted by the Magistrate despite lacking evidence, leading to unwarranted delays and prolonged harassment. Judicial bias may be inferred from the disparate treatment of evidentiary burdens. *See United States v. Microsoft Corp.*, 253 F.3d 34, 107 (D.C. Cir. 2001). Excessive judicial delay itself can constitute a due process violation. *See In re Int'l Business Machines Corp.*, 618 F.2d 923, 926 (2d Cir. 1980).

Magistrate Judge Figueredo's decision to reschedule a hearing based solely on Plaintiff's unsworn claims of financial hardship, while disregarding Defendant's urgent need for relief, demonstrates clear favoritism. *See In re Murchison*, 349 U.S. 133, 136 (1955) ("Fairness of course requires an absence of actual bias in the trial of cases."). Additionally, the failure to recuse under these circumstances presents appealable grounds, as seen in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

### III.  ARGUMENT

#### A. The Magistrate Judge's Conduct Meets the Standard for Recusal Under 28 U.S.C. § 455(a) and 28 U.S.C. § 144

A judge must recuse themselves when their actions create a reasonable question regarding their impartiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). Here, the Court has:

i.   Allowed Plaintiff to dominate the hearing, obstructing Defendant's ability to speak.

ii.  Refused to enforce basic procedural fairness.

iii. Failed to address (Proposed) Motion for Equitable Relief (Dkt. 177), despite its explicit scheduling for the December 18, 2024 hearing.

iv. Displayed a pattern of decisions favoring Plaintiff while disregarding Defendant's rights.

v. Unnecessarily delayed hearings based on unsupported claims by Plaintiff, contradicting prior rulings.

These facts create an undeniable appearance of partiality, necessitating recusal.

### IV. CONCLUSION

For these reasons, Defendant respectfully requests that this Court recuse Magistrate Judge Valerie Figueredo from further proceedings and assign a different judge to ensure fairness, impartiality, and procedural integrity and grant any further relief as determined by the Court.

Dated: New York, New York February 9, 2025

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

MOTION TO RECUSE MAGISTRATE JUDGE VALERIE FIGUEREDO    4