UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| D. G. Sweigert | | |
| | Plaintiff, | **PRO SE** |
| -against- | | |
| | | **23-cv-05875-JGK-VF** |
| Jason Goodman | | |
| | Defendant | **John G. Koeltl, presiding** |
| | | **Valerie Figueredo, referral** |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
PURSUANT TO F.R.E. 201 (b)

In light of Defendant's recent papers docketed at ECF no. 227, "DEFENDANT'S MOTION TO RECUSE MAGISTRATE JUDGE VALERIE FIGUEREDO" the Plaintiff requests that this Court take notice of the attached ORDERS addressing previous recusal motions submitted by the Defendant pursuant to Federal Rules of Evidence (F.R.E.) Rule 201 (b)(1) – (2).  Dated this February 11, 2025

D. G. SWEIGERT, C/O, PMB 13339
514 Americas Way, Box Elder, SD 57719


CERTIFICATE OF SERVICE

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to YouTuber Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>


Respectfully,    Signed on 02/11/2025

D. G. SWEIGERT PRO SE PLAINTIFF, C/O PMB 13339,
514 Americas Way, Box Elder, SD 57719

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _06/12/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JASON GOODMAN,  :
 :
                        Plaintiff,  :    **MEMORANDUM**
 :    **ORDER**
 :
      -v-  :    21-CV-10878 (AT) (JLC)
 :
CHRISTOPHER ELLIS BOUZY, *et al.*,  :
 :
                      Defendants.  :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

    Plaintiff Jason Goodman has moved for leave to file a motion seeking my recusal from this case, and an affidavit and a memorandum of law in support of recusal. See Dkt. Nos. 220–22. It is unnecessary for defendants to respond to this motion inasmuch as the Court can dispose of it without additional briefing. For the reasons which follow, the motion for leave to file a recusal motion is granted, but the recusal motion itself is denied.

    The applicable federal law provides that a "justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Second Circuit has interpreted the recusal statute as asking "whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (quoting

1

United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992)). To succeed on a recusal motion, the moving party must demonstrate that the judge has a "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994)). "[R]ecusal motions are committed to the court's sound discretion." Weisshaus v. New York, No. 08-CV-4053 (DLC), 2009 WL 4823932, at *3 (S.D.N.Y. Dec. 15, 2009) (quoting Wright v. C.I.R., 571 F.3d 215, 220 (2d Cir. 2009)), aff'd, 456 Fed. Appx. 32 (2d Cir. 2012).

Goodman seeks my recusal due to what he characterizes as "personal bias and prejudice in favor of defendants" and against him "sufficient to question [my] impartiality." Goodman's Memorandum in Support of Recusal ("Pl. Mem."), at 1. On May 8, 2023, I issued an Order and Report and Recommendation in which I recommended, among other things, that Goodman's amended complaint be dismissed with prejudice, and that, as to certain defendants, he be subject to the sanction of a filing injunction. See Order and Report and Recommendation dated May 8, 2023 (Dkt. No. 203) ("May 8 R & R"), at 44.[1] In the May 8 R & R, the Court denied defendants Wittes and Jankowicz's request for the sanction of attorneys' fees against Goodman. Id. at 38. Goodman claims that in the May 8 R & R the Court "invented" a "false allegation" "out of whole cloth" in summarizing his claims

---

[1] The Court issued a prior Report and Recommendation on November 10, 2022 (Dkt. No. 59) ("November 10 R & R"), in which, among other things, it recommended that Goodman be given leave to amend his complaint against defendant George Webb Sweigert and that Goodman be directed to move for a default judgment against defendants Christopher Bouzy and Bot Sentinel, Inc. This Report and Recommendation was adopted by Judge Torres on December 13, 2022 (Dkt. No. 82).

2

against certain defendants.  Pl. Mem. at 1.  Goodman, however, seems to place greater emphasis on "new information learned after May 12, 2023" that he claims could cause a reasonable observer to question my ability to be fair in this case.

As a threshold matter, a litigant's disagreement with a judge's rulings "almost never constitutes a valid basis for a bias or partiality motion." Jordan v. Verizon Corp., 391 Fed. App'x 10, 13 (2d Cir. 2010) (summary order) (quoting Liteky, 510 U.S. at 555); Wright, 571 F.3d at 220.  Therefore, the fact that Goodman disagrees with the recommendations that I made in the May 8 R & R is not a basis for a recusal motion.  Those disagreements can be memorialized—and, indeed, Goodman has memorialized them—in objections to the May 8 R & R.  See Plaintiff's Objections dated 22, 2023 ("Pl. Obj.") (Dkt. No. 212).  Much of the ground he covers in his recusal motion simply repeats arguments he has made in his objections to the May 8 R & R.  While they may theoretically provide a basis for his objections to be sustained, the arguments he makes entirely lack merit with respect to a recusal motion.

Moreover, Goodman's claim that a reasonable person with knowledge of the facts would conclude that my impartiality might be reasonably questioned in this case is meritless.  Goodman argues that I falsely stated that he accused defendant Wittes of murder.  The Court's construction of the amended complaint led it to characterize the allegations in that fashion; if Goodman believes that is an inaccurate characterization, and that it has a bearing on the outcome of the case

3

against Wittes, he can so argue to Judge Torres, and he has, in fact, done so in his objections. See Pl. Obj. at 6.

Goodman also questions why the Court recommended a filing injunction as against him but not against defendant David George Sweigert ("Sweigert"). Pl. Mem. at 5. In short, there was nothing before the Court seeking such relief against Sweigert, nor could there have been, since he is a defendant in this action. He did not commence this case; Goodman did. There is thus no basis for any injunction against Sweigert in the posture of this case. Moreover, the order that the Court issued directing the parties to cease from filing any motion, letter-motion, or request for judicial notice, without leave of the Court, and until further order of the Court, Order dated May 2, 2023 (Dkt. No. 202), was directed to all parties by its very terms; Goodman was in no way singled out in that order, as he was not the only party making multiple submissions to the Court improperly seeking judicial notice and making other unauthorized applications.

Additionally, the Court has made rulings during the case in Goodman's favor. Among them were its rulings in the November 10 R & R giving him leave to amend his complaint and to seek a default against defendants Bouzy and Bot Sentinel, and in the May 8 R & R in which it denied Wittes and Jankowicz their request for attorneys' fees against him. Given these rulings, a reasonable person with knowledge of the record in this case could not question the Court's impartiality.

Finally, although the argument is virtually impenetrable, Goodman appears to contend that because I worked with the former director of the FBI James Comey

4

20 years ago in the United States Attorney's Office for the Southern District of New York when Comey was the United States Attorney and I was Chief of the Civil Division, that fact somehow provides a basis for recusal in this case. Pl. Mem. at 7–8. That is so, according to Goodman, because he has provided evidence that defendant Wittes had communicated with Comey when he was the FBI Director and that communication in some way relates to a "core allegation" against Wittes in this case. Id. at 8. This evidence allegedly comes from the report released by the Office of Special Counsel on May 12, 2023, <u>four days after the Court issued the May 8 R & R</u>. See Pl. Mem. at 2, 8. It is impossible for information that was not before the Court when it issued its Report and Recommendation to have somehow affected its ability to be impartial in deciding the pending motions.[2]

Notably, a judge has "'an affirmative duty . . . not to disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.'" McGann v. Kelly, 891 F. Supp. 128, 137 (S.D.N.Y.1995) (quoting United States v. Yonkers Board of Education, 946 F.2d 180, 183 (2d Cir. 1991)). I am confident that a "reasonable person, knowing all the facts," would not question my impartiality in light of the orders and reports and recommendations issued to date in this case. Yousef, 327 F.3d at 169.

---

[2] In his motion for leave to file (Dkt. No. 220, at 1), Goodman alleges that my "existing personal relationship with former FBI Director James Comey" provides another basis for recusal. The fact is that I have not seen or spoken to former Director Comey in several years, and not since the filing of this lawsuit in 2021.

5

Any other arguments made by Goodman not specifically addressed in this memorandum order have been considered and found to be without merit. For the reasons set forth herein, the motion for recusal is denied.

The Clerk is respectfully directed to close Docket No. 220 and mark it as "granted as to leave to file, but denied as to recusal."

**SO ORDERED.**

Dated: June 12, 2023
　　　　New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/11/2022

**MEMO ENDORSED**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT,<br><br>  Plaintiff,<br><br>vs.<br><br>JASON GOODMAN,<br><br>  Defendant | Case No.: 1:18-cv-08653-VEC-SDA<br><br>**NOTICE OF MOTION** |

### TO THE COURT AND PLAINTIFF

Please take notice that JASON GOODMAN, pro se Defendant will move this Court, pursuant to 28 U.S.C. § 144 and 455 of the Federal Rules of Civil Procedure, for the immediate recusal or disqualification of Judge Valerie Caproni.

Signed this 10th day of January 2022

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

NOTICE OF MOTION FOR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 1

The motion to recuse filed in this matter by Mr. Goodman, *see* 18-CV-8653 Dkt. 353, is nearly identical to the motion filed by Goodman at docket entry 16 in 21-CV-10627. For the same reasons that that motion was denied, *see* Endorsement, 21-CV-10627, Dkt. 17, this motion is also DENIED.

SO ORDERED.

Date: January 11, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Plaintiff requests that the Court recuse herself based on the Court's statements and rulings in a related case in which Plaintiff's company is the Defendant. *See The National Academy of Television Arts and Sciences, Inc., et al. v. Multimedia System Design, Inc.*, No. 20-CV-7269. Plaintiff's request is DENIED.

A judge is required to recuse herself from "any proceeding in which [her] impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a) (emphasis added). Recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see also Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive Plaintiff's dissatisfaction only with the Court's rulings and judicial statements.

As there is no need for the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking her recusal.

SO ORDERED.

*[signature]* 1/10/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

**MEMO ENDORSED**

```
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2021
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT | Case No.: 1:18-cv-08653-VEC-SDA |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION** |
| JASON GOODMAN, | |
| Defendant | |

Please take notice that JASON GOODMAN, pro se Defendant will move this Court, pursuant to 28 U.S.C. § 144 and 455 of the Federal Rules of Civil Procedure, at a time and date to be determined by the Court, for the recusal or disqualification of Judge Valerie Caproni.

Signed this 10th day of November 2021

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

---

Application DENIED. *See Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994); *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

The Clerk of Court is respectfully directed to close the open motion at docket entry 324.

SO ORDERED.

*Valerie Caproni* (signature)     Date: November 11, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

NOTICE OF MOTION - 1