IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
D. G. SWEIGERT

Plaintiff,

-against-


JASON GOODMAN
Defendant.
--------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**OPPOSITION TO PLAINTIFF'S REQUEST FOR ISSUANCE OF THIRD-PARTY SUBPOENA**

## I.     INTRODUCTION

Defendant Jason Goodman submits this response in opposition to Plaintiff's request for a third-party subpoena and further moves for dismissal of this action due to repeated litigation abuse.  Plaintiff's filing is not a legitimate discovery motion.  It is an improper, premature, and harassing attempt to manipulate the process with unnecessary filings and burden both Defendant and the Court. Plaintiff's demand for a third-party subpoena prior to the May 18 deadline is a baseless abuse of process that demonstrates his intent to harass rather than litigate in good faith.

Plaintiff's tactics previously misled the Court, resulting in the improper dismissal of X Corp and Alphabet in lieu of addressing a properly submitted Rule 11 motion. That motion must be ruled upon.  This case should be dismissed with prejudice and Sweigert should be sanctioned.

## II.     ARGUMENT

### A.  Plaintiff's Letter is a Discovery Abuse, Not a Legitimate Request

Plaintiff falsely claims Defendant refuses to comply with discovery, but this is a blatant misrepresentation of the facts and contrary to the Court's order which clearly states, "The deadline to complete all discovery, including any depositions, is May 18, 2025." (Dkt. 194 at 2)

Defendant is under no obligation to provide the requested materials before that deadline. Any demand for production before then is procedurally improper and can only be construed as

OPPOSITION TO PLAINTIFF'S REQUEST FOR ISSUANCE OF THIRD-PARTY SUBPOENA

intended to harass.  This premature demand is not just procedurally improper, it is an intentional abuse of the litigation process. Courts have repeatedly dismissed cases where plaintiffs engage in discovery abuse to harass the opposing party rather than pursue legitimate claims.

### B.  The Court Has Previously Been Misled By Plaintiff's Tactics

This is not the first time Plaintiff has attempted to confound the litigation process to his advantage. The Court has failed to address Defendant's motion filed November 7, 2023, perhaps due to Plaintiff's manipulative tactics, which resulted in three nearly identical cases converging in this Court.  Confusion on the docket may have contributed to the improper dismissal of X Corp and Alphabet while the motion for sanctions pursuant to FRCP Rule 11 was completely ignored.  Now, Plaintiff is repeating the same strategy of confusion by:

i.    Creating unnecessary filings and ginning up frivolous discovery disputes to burden the Defendant and the Court.

ii.   Misrepresenting Defendant's compliance with court-ordered deadlines.

iii.  Attempting to forcefully coerce third-party companies into censoring Defendant irrespective of their content policies, as he did with Alphabet and YouTube.

The Court must recognize Plaintiff's pattern of abuse and take action in service of justice.

### C.  Case Law Supports Dismissal and Sanctions for Abusive Litigation

Federal courts have the inherent authority to dismiss cases and sanction litigants who engage in discovery abuse and other bad-faith tactics. Plaintiff's conduct is precisely the type of abusive litigation courts have sanctioned in the following cases:

*Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) – The Supreme Court affirmed that courts may dismiss cases and impose sanctions when a litigant abuses judicial proceedings through bad-faith conduct.

*McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121 (2d Cir. 1988) – The Second Circuit upheld dismissal of a frivolous, repetitive action intended to harass.

*In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) – Courts imposed broad restrictions on a vexatious litigant to prevent further misuse of the judicial system.

The facts of this case warrant similar treatment. Plaintiff is not engaged in a good-faith legal dispute, he is weaponizing the discovery process to harass Defendant, force third-party companies into adverse action, and flood the Court with unnecessary filings.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

DENY Plaintiff's request for the issuance of a third-party subpoena to X.com as it is procedurally improper, abusive, and premature.

RULE on the pending Rule 11 motion, which Plaintiff's tactics have improperly delayed.

DISMISS this case with prejudice due to Plaintiff's repeated bad-faith litigation conduct.

IMPOSE sanctions on Plaintiff to deter further abuse of the judicial system.

Grant any further relief the Court deems just and proper.


Dated: New York, New York February 11, 2025

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

OPPOSITION TO PLAINTIFF'S REQUEST FOR ISSUANCE OF THIRD-PARTY SUBPOENA