UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
D.G. SWEIGERT,

                        Plaintiff,                      **23-CV-05875 (JGK) (VF)**

           -against-                             **ORDER**

JASON GOODMAN et al.,

                       Defendants.
-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

On February 9, 2025, Defendant filed a motion asking for my recusal from this case. See ECF Nos. 227-228. In his filings, Defendant asserts that I have a "demonstrated bias" against him and have "fail[ed] to ensure . . . fair and orderly" proceedings. ECF No. 227 at 1. Defendant makes his motion pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. For the reasons discussed herein, Defendant's motion is denied.[1]

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

---

[1] Because a motion to recuse is non-dispositive, I address Defendant's motion via an opinion and order rather than a report and recommendation. See Rouviere v. DePuy Orthopaedics, Inc., 2024 WL 5088077, at *1 n.1 (S.D.N.Y. Dec. 12, 2024).

As the Second Circuit has articulated, "'an affidavit must show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Williams v. New York City Housing Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir. 1966)). "The mere filing of an affidavit of bias, pursuant to 28 U.S.C. § 144 . . . 'does not require a judge to recuse [herself or] himself.'" In re Holocaust Victim Assets Litig., Nos. 09-cv-3215, 96-cv-4849, 2010 WL 4038794, at *3 (E.D.N.Y. Oct. 1, 2010) (quoting Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978)). Rather, "the judge must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." Williams, 287 F. Supp. 2d at 249; see In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.").

Section § 455(b)(1), "'addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed.'" Hoffenberg v. United States, 333 F. Supp. 2d 166, 172 (quoting United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000)). Section 455(b)(1) provides that a judge who has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" shall disqualify herself. 28 U.S.C. § 455(b)(1). Clemmons v. Comm'r of Soc. Sec., No. 11-CV-1645 (KAM), 2011 WL 6130926, at *3-4 (E.D.N.Y. Dec. 8, 2011); see also Da Silva Moore v. Publicis Groupe & MSL Grp., No. 11-CV-1279 (ALC) (AJP), 2012 WL 2218729, at *8-10 (S.D.N.Y. June 15, 2012). "'[C]ourts considering the substantive standards of §§ 144 and 455(b)(1) have concluded that they are to be construed in pari materia.'" Clemmons, 2011 WL 6130926 at *4 (quoting Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987)). Thus, "where the court

2

finds that a plaintiff fails to present a basis for recusal under Section 455, plaintiff's motion for relief under Section 144 must also fail." Clemmons, 2011 WL 6130926, at *4.

Defendant appears to be claiming that I am biased in favor of Plaintiff because I permitted "Plaintiff to prematurely end" a conference that occurred on December 18, 2024, and have not yet ruled on Defendant's motion for a restraining order, requesting that I enjoin Plaintiff from "engaging in extrajudicial harassment and improper discovery tactics." See ECF No. 227 at 2. Defendant further argues that my order rescheduling a conference for April 1, 2025 (see ECF No. 215), in response to Plaintiff's representation that a conference at an earlier date would present financial difficulties for him to attend in person (see ECF No. 213), further supports a finding of bias. ECF No. 227 at 3. According to Defendant, I accepted Plaintiff's "unsubstantiated claims of financial hardship." Id.

First, with regards to Defendant's outstanding motion for a restraining order, that motion is still pending and will be addressed in due course. Defendant appears to be seeking a permanent injunction, barring Plaintiff from engaging in certain conduct such as contacting Defendant, his family members, and his associates; and "restraining Plaintiff from filing complaints with social media platforms concerning Defendant." ECF No. 185 at 6; see also ECF No. 177 at 4-5. It is worth noting, however, that "[i]njunctions prohibiting speech are . . . disfavored because they impose a prior restraint on speech, and a prior restraint carries with it 'a heavy presumption against its constitutional validity.'" Gaming Mktg. Sols., Inc. v. Cross, No. 07-CV-4624 (RJS), 2008 WL 858183, at *5 (S.D.N.Y. Apr. 1, 2008) (quoting Metro. Opera Ass'n, Inc. v. Local 100, Hotel Empls. And Rest. Empls. Int'l Union, 239 F.3d 172, 176 (2d Cir. 2001).

Turning to Defendant's complaints about the Court's scheduling order concerning the April 1, 2025 conference and the Court's administration of the December 18, 2024 conference,

3

Defendant alleges no facts whatsoever to support his conclusory allegation of bias. "As a general matter, '[j]udicial case management is left to the discretion of the trial court and does not provide a basis for recusal.'" Murphy v. City of Elmira, No. 18-CV-6572 (FPG), 2024 WL 396275, at *5 (W.D.N.Y. Feb. 2, 2024) (quoting Farkas v. Ellis, 768 F. Supp. 476, 479 n.6 (S.D.N.Y. 1991)). Moreover, "[i]t is well established that 'seeking a judge's recusal simply because a litigant is unhappy with a judge's . . . case management . . . is insufficient grounds to warrant recusal.'" James v. State Univ. of N.Y., No. 22-CV-4856 (JHR) (KHP), 2023 WL 3006104, at *2 (S.D.N.Y. Mar. 3, 2023) (internal quotation marks and citation omitted); see also Weisshaus v. Fagan, 456 F. App'x 32, 35 (2d Cir. 2012) (explaining that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion'") (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)); Kashelkar v. Vill. of Spring Valley, No. 6-CV-6108 (CS) (LMS), 2008 WL 4684260, at *1 (S.D.N.Y. Oct. 16, 2008) (collecting cases). Defendant's arguments for recusal based on my management of the case thus far are therefore insufficient to establish bias.

A hearing is currently scheduled for April 1, 2025 to address the parties' outstanding disputes. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 227.

DATED:    New York, New York
          February 19, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4