D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

February 22, 2025

*Sweigert v. Goodman*, **23-cv-05875-JGK-VF**

U.S. District Judge Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:      Pre-motion letter for FRCP Rule 56 Motion for Summary judgement

Dear Judge Koeltl,

1.      Apparently to capitalize on the national hysteria concerning U.S. government fraud, waste and abuse, purportedly discovered by Elon Musk (@elonmusk) and the U.S. Department of Government Efficiency[1] (@DoGE), the Defendant has distributed on X.com a podcast with the supposed evidence-based claim that the *pro se* Plaintiff is working for the U.S. National Institute of Health (N.I.H.) on a "Misinformation" contract grant for a $500,000 payment.

2.      Said X.com podcast was apparently calculated to have the *pro se* Plaintiff suffer the ire of outraged citizens disgusted with U.S. government fraud, waste and abuse as uncovered by the DoGE and Mr. Musk (podcast has been viewed by more than 5,300 individuals on X.com as of this writing which has caused great emotional angst for the *pro se* Plaintiff).

3.      The said 2/20/2025 podcast ( https://x.com/JG_CSTT/status/1892590297298649090 [2]), for which no "newsworthy privilege" immunity is afforded, represents the latest example of an invasion of privacy of the *pro se* Plaintiff which constitutes a gross violation of New York Civil Rights Law (NYCRL) §§ 50 – 51 by the Defendant.

4.      For the purposes of profit, the so-called fact statement of the 2/20/2025 X.com podcast unequivocally claimed that the *pro se* Plaintiff was paid $500,000 dollars by the N.I.H. to harass the Defendant, **Exhibit One.**  The *pro se* Plaintiff's persona and image showcase the podcast, but have "no relationship" with the fictionalized story of an N.I.H. $500,000 payment to Sweigert for services on a misinformation contract, etc.  The fact statement:

> "Do people remember the time I discovered evidence that @RealGeorgeWebb1's mentally ill, wife swapping, paperclip Nazi brother was paid over $500,000 by @NIH to cyberstalk, harass and endlessly sue me? He should be investigated and prosecuted. @RobertKennedyJr. @DOGE @elonmusk"  [emphasis added] (**Exhibit One**)

---

[1] https://www.doge.gov/
[2] Memorialized in the Plaintiff's Declaration ECF doc. 241

5.    Simply stated, fictionalized news accounts such as this, incur liability upon the publisher as an invasion of privacy as they do not qualify for the newsworthy exemption afforded by NYCL §§ 50 – 51, as clearly stated in an Opinion by Hon. Valerie E. Caproni (6/30/2021), which is herein cited[3] and concurrently submitted as a Request for Judicial Notice (not directly attached as to avoid this letter becoming an unwieldy document).

6.    Quoting Judge Caproni:

"Pursuant to New York law, false and damaging use of a plaintiff's likeness (here, the wrappers) to illustrate newsworthy content (here, allegedly the video podcasts) does not fall under the newsworthy exception when there is no relationship between the likeness and the associated content. See Messenger, 94 N.Y.2d at 446 (citing Finger v. Omni Publ'ns Int'l, Ltd., 77 N.Y.2d 138 (1990); Arrington v. N.Y. Times Co., 55 N.Y.2d 433 (1982); Murray v. N.Y. Mag. Co., 27 N.Y.2d 406 (1971)). Pursuant to a separate line of cases, "substantially fictional works" that are "nothing more than attempts to trade on the persona" and are "infected with fiction, dramatization or embellishment" also do not fall under the newsworthy privilege. See Messenger, 94 N.Y.2d at 446 (citing Spahn v. Julian Messner, Inc., 18 N.Y.2d 324, vacated, 387 U.S. 239, adhered to on remand, 21 N.Y.2d 124 (1967); Binns v. Vitagraph Co. of Am., 210 N.Y. 51, 53 (1913))." [emphases added]

*Sweigert v. Goodman*, 18-CV-8653 (VEC), 13 (S.D.N.Y. Jun. 30, 2021)

7.    To illustrate the issue of "no relationship", the Defendant's latest podcast contains two main fictionalized claims relevant to this discussion: (1) that the *pro se* Plaintiff David Sweigert works for the N.I.H. (Defendant at podcast time mark 8:53) and (2) that Sweigert is executing a contract associated with Misinformation for N.I.H. (podcast time mark 9:07).

*N.I.H. employment of the pro se Plaintiff is a Fiction*

8.    The Defendant's X.com podcast displays a N.I.H. phone directory at time mark 8:56 with the organizational listing "Director of Planning, Analysis, and Information Management DPAIM)", and displays "Dave Sweigert", apparently an individual who works in the Center for Scientific Review (C.S.R.), which the *pro se* Plaintiff has nothing to do with ("no relationship") and knows nothing about.  **Exhibit Two.**  The N.I.H. "Dave Sweigert" apparently works with the CSR DPAIM Team, something the *pro se* Plaintiff knows nothing about and has no association with, **Exhibit Three.**

*A $500,000 payment to the pro se Plaintiff by N.I.H. is a Fiction*

9.    At time mark 9:07, of said podcast, the Defendant displays an N.I.H. web page depicting a grant contract, **Exhibit Four**.  This contract is known as grant RFA-MD-22-008[4], entitled *Understanding and Addressing Misinformation among Populations that Experience Health*

---

[3] *Sweigert v. Goodman*, 18-CV-8653 (VEC) (S.D.N.Y. Jun. 30, 2021)
[4] See https://www.nimhd.nih.gov/docs/taw_misinfo_RFA-MD-22-008_220506.pdf

*Disparities*, issued by the National Institute on Minority Health and Health Disparities (NIMHD), National Cancer Institute (NCI), **Exhibit Five.** This grant contract has nothing to do with the *pro se* Plaintiff ("no relationship"). The execution of this contract is under the authority of the University of California at San Francisco (UCSF), as shown in **Exhibit Six**. The *pro se* Plaintiff has nothing to do with UCSF in any way, shape or form.

*Tip of the Ice Berg*

10.    These are representative "tip of the ice berg" undisputed facts which the Defendant cannot overcome. When these facts are coupled with the issue of no newsworthy exception immunity this legal action appears ripe of a motion pursuant to F.R.C.P. Rule 56, Summary Judgment.

11.    In light of the Defendant's troublesome non-compliance with the F.R.C.P. Rules governing discovery (see ECF doc 238, Plaintiff's Motion to Compel), and his attempt to leverage the national hysteria associated with fraud, waste and abuse against Sweigert, the *pro se* Plaintiff requests to dispense with the discovery stage and to fully brief the Court pursuant to F.R.C.P. Rule 56 on a schedule to be determined. The *pro se* Plaintiff requests 60 (sixty) days to prepare such a Motion for Summary Judgment.

12.    In accordance with III. B of your Individual Rules of Practice, dated Feb. 14, 2025, the *pro se* Plaintiff looks forward in anticipation to an appropriate conference and/or briefing schedule in the interest of judicial economy and public policy.

Respectfully,    Signed 02/22/2025

*D. Sgt*

**D. G. SWEIGERT PRO SE PLAINTIFF**

**CERTIFICATE OF SERVICE**

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to Defendant Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>

Respectfully,    Signed this 02/22/2025

*D. Sgt*

**EXHIBIT ONE**



https://x.com/JG_CSTT/status/1892590297298649090

**EXHIBIT TWO**



U.S. Department of Health & Human Services

Center for Scientific Review

# Strengthening Peer Review through Training

March 27, 2023

Miriam Mintzer, Ph.D.
Director, CSR Office of Training and Development

https://public.csr.nih.gov/sites/default/files/2023-03/Miriam_Mintzer_Training_Mar_2023_CSRAC.pdf



## Who makes the training possible?

### Office of Training and Development

    

**Christina Johnson**
Program Analyst

**Vanessa Boyce, Ph.D.**
New SRO Education and Development Coordinator

**Natalia Komissarova, Ph.D.**
SRO Continuing Education and Development Coordinator

**Tatiana Cohen, Ph.D.**
SRO Systems Training Coordinator

**Benjamin Shapero, Ph.D.**
SRO Handbook and Policy Coordinator

### Division of Planning, Analysis and Information Management

Shawn Cook, Rich Hibner, Rashid Shah, Dave Sweigert, Khalid Ullah, Leo Wu, Lin Yang, Chen Zhang



**Maya Jones**
Training Team Lead

### Survey development/analysis



**Hope Cummings, Ph.D.**
Senior Social Science Analyst

### Just joined Office! Admin staff training

Jennifer Peddicord, Lori Stoller-Cruz, Ishrat Uddin



**Verzhiniya Tancheva**
Training Manager

### Training development groups (Chiefs/SROs)

**New SRO Training:** Dolores Arjona Mayor, Laura Asnaghi, Sulagna Banerjee, Adem Can, David Chang, Tami Kingsbury, Jordan Moore, Angela Thrasher, Carmen Ufret-Vincenty, Wenjuan Wang

**Continuing Education:** Aruna Behera, Jessica Bellinger, Rebecca Burgess, Margaret Chandler, Martha Faraday, Heidi Friedman, Will Greenberg, Linda MacArthur, Pat Manos, Bidyottam Mittra, Kristen Prentice, Ken Ryan, Suzanne Ryan, Brian Scott, Denise Wiesch

**Reviewer Training:** Abu Abdullah, Aruna Behera, Pablo Blazquez Gamez, Gene Carstea, Thomas Cho, Emily Foley, Lauren Fordyce, Heidi Friedman, Pam Jeter, Sharon Low, Karobi Moitra, Kristen Prentice, Joonil Seog, Lisa Steele, Afia Sultana, Sarah Vidal

**Policy & Practice Resources:** Cristina Backman, Aurea de Sousa, Kate Fothergill, Steven Frenk, Pam Jeter, John Laity, Srikanth Ranganathan, Joonil Seog, Ian Thorpe, Guoqin Yu

100+ CSR staff for training implementation!

NIH Center for Scientific Review

 25



**EXHIBIT THREE**


U.S. Department of Health & Human Services

**NIH** — Center for Scientific Review

**Review Integrity Training for Reviewers: Preliminary Results from CSR**

Miriam Mintzer, Director, CSR Office of Training and Development
Review Policy Committee
January 18, 2023

**https://public.csr.nih.gov/sites/default/files/2023-02/Review%20Integrity%20Training_RPC_1_18_23.pdf**

## Thanks to...

**Reviewer Training Coordinator**
Tanya Cohen

**Reviewer Training Committee** 
Abu Abdullah
Aruna Behera
Pablo Blazquez Gamez
Thomas Cho
Lauren Fordyce
Pamela Jeter
Sharon Low
Karobi Moitra
Kristen Prentice
Joonil Seog
Afia Sultana
Sarah Vidal

**CSR DPAIM Development Team** 
Maya Jones
John Brougher
Shawn Cook
Michael Burke
Rebecca Dow
Dave Sweigert

**Data Analysis**
Hope Cummings
Christina Johnson

**CSRAC Working Group**
Scott Miller
Tonya Palermo

**Actors** 
**Mollie Manier**
**John Brougher**
**Zarana Patel**
**Brittany Mason-Mah**
**Sharon Isern**
Lola Arjona
Pablo Blazquez Gamez
Tallman Boyd
Thomas Cho
Hope Cummings
Kevin Czaplinski
Blair Gosnell
Jennifer Greenhill
Steve Johnson
John Laity
Eleni Liapi
Nicholas Moore
Joonil Seog
Ali Sharma
Joanna Szczepanik
Sudha Veeraraghavan
Victoriya Volkova

NIH Center for Scientific Review 



**EXHIBIT FOUR**



[https://x.com/JG_CSTT/status/1892590297298649090](https://x.com/JG_CSTT/status/1892590297298649090)

**EXHIBIT FIVE**

| This notice has expired. Check the **NIH Guide** for active opportunities and notices. |
|---|

## Department of Health and Human Services

## Part 1. Overview Information

| | |
|---|---|
| Participating Organization(s) | National Institutes of Health (NIH) |
| Components of Participating Organizations | National Institute on Minority Health and Health Disparities (NIMHD)<br>National Cancer Institute ( NCI ) |
| Funding Opportunity Title | **Understanding and Addressing Misinformation among Populations that Experience Health Disparities (R01 - Clinical Trials Optional)** |
| Activity Code | R01 Research Project Grant |
| Announcement Type | New |
| Related Notices | • NOT-OD-22-190 - Adjustments to NIH and AHRQ Grant Application Due Dates Between September 22 and September 30, 2022<br>• NOT-MD-22-016 - Notice of Pre-Application Technical Assistance Webinar for RFA-MD-22-008, Understanding and Addressing Misinformation among Populations that Experience Health Disparities (R01 - Clinical Trials Optional)<br>• NOT-CA-22-066- Notice of NCI Participation in RFA-MD-22-008 |

**https://grants.nih.gov/grants/guide/rfa-files/RFA-MD-22-008.html**

**EXHIBIT SIX**

