IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

D. G. SWEIGERT

Plaintiff,

-against-

JASON GOODMAN
Defendant.
------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**OBJECTION TO MAGISTRATE JUDGE FIGUEREDO'S ORDER DENYING MOTION TO RECUSE**

Defendant Jason Goodman, pro se, respectfully submits this Objection to the Order (ECF No. 239) denying Defendant's Motion to Recuse Magistrate Judge Valerie Figueredo, pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).

Under Rule 72(a), a party may object to a non-dispositive ruling of a magistrate judge within 14 days of its issuance, requiring the district court to review and set aside any part of the order that is clearly erroneous or contrary to law. Because Magistrate Judge Figueredo's decision fails to address the core issues raised in Defendant's motion and demonstrates a pattern of procedural unfairness, Defendant objects and requests that the order be set aside as clearly erroneous and contrary to law.

I.   **BACKGROUND**

On February 9, 2025, Defendant moved for the recusal of Magistrate Judge Figueredo under 28 U.S.C. §§ 144 and 455 (ECF Nos. 227–28). In support of this motion, Defendant submitted a sworn affidavit (ECF No. 228) detailing specific incidents demonstrating the Magistrate Judge's bias and failure to ensure fair and orderly proceedings. The affidavit identified multiple occurrences of procedural favoritism toward Plaintiff, including:

    i.      Allowing Plaintiff Sweigert to disrupt the December 18, 2024, hearing, interrupt Defendant, and dictate the proceedings without judicial intervention.

    ii.     Granting scheduling accommodations to Plaintiff based on unsubstantiated financial hardship claims while denying Defendant similar considerations.

    iii.    Failing to rule on properly filed motions, including Defendant's motion for equitable relief (ECF No. 177), despite it being scheduled for discussion.

By Order dated February 19, 2025 (ECF No. 239), Magistrate Judge Figueredo denied the recusal motion, concluding that Defendant had alleged "no facts whatsoever" beyond conclusory assertions of bias. However, this conclusion directly contradicts the detailed factual allegations in the sworn affidavit, which, under 28 U.S.C. § 144, must be accepted as true for purposes of evaluating a recusal motion. The Magistrate's failure to do so constitutes clear legal error.

## II.     LEGAL STANDARD FOR JUDICIAL RECUSAL

Federal law provides two complementary provisions for judicial recusal:

28 U.S.C. § 144 mandates recusal when a party files a sufficient affidavit establishing that the judge has personal bias or prejudice against that party. Courts have held that such affidavits must be taken as true unless they are legally insufficient on their face. *See Berger v. United States*, 255 U.S. 22, 35 (1921).

28 U.S.C. § 455 imposes a self-executing duty on a judge to recuse in any proceeding where their impartiality might reasonably be questioned (Section 455(a)) or where they have actual bias or prejudice (Section 455(b)(1)).

The Supreme Court in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), emphasized that even the appearance of bias requires recusal when it poses a significant risk to due process. Courts also recognize that a pattern of biased rulings may support recusal (*United States v.*

*Sciarra*, 851 F.2d 621, 634 (3d Cir. 1988)). Additionally, in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988), the Supreme Court reinforced that Section 455(a) is designed to promote confidence in the judiciary by requiring recusal whenever a judge's impartiality might reasonably be questioned.

### III.  OBJECTIONS TO THE ORDER DENYING RECUSAL

#### A. The Order Fails to Address Plaintiff's Unilateral Control Over Proceedings

Defendant's Motion for Recusal (ECF No. 227) and accompanying affidavit (ECF No. 228) explicitly raised concerns about the Court's failure to ensure fair and orderly proceedings, allowing Plaintiff Sweigert to prematurely terminate the December 18, 2024, hearing without justification. The Court's response merely states that "judicial case management is left to the discretion of the trial court" (ECF No. 239 at 4), but this fails to justify allowing one party to dictate the hearing's conclusion by preventing the opposition from responding.

Allowing one litigant to unilaterally control court proceedings is not a discretionary scheduling decision—it is judicial abdication and an obvious due process violation. *See Caperton*, 556 U.S. at 883. The Magistrate Judge's failure to meaningfully address this concern renders the Order clearly erroneous. Courts have held that a judge's conduct that appears to favor one party's procedural control can undermine the integrity of the proceedings. *See In re Murchison,* 349 U.S. 133, 136 (1955) (holding that procedural fairness is essential to maintaining judicial impartiality).

#### B. The Court's Unequal Treatment of Scheduling Accommodations

Defendant also objected to the Court's preferential treatment of Plaintiff regarding scheduling accommodations. Specifically, the Court accepted Plaintiff's unsubstantiated claims of financial hardship while refusing to extend similar procedural fairness to Defendant. The

OBJECTIONS TO MAGISTRATE JUDGE FIGUEREDO'S ORDER DENYING MOTION TO RECUSE

Order dismisses this concern by quoting Liteky, claiming that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" (ECF No. 239 at 4).

However, this mischaracterizes Defendant's claim. The issue is not a single scheduling decision but rather a pattern of disparate treatment favoring Plaintiff, which, taken as a whole, creates the appearance of bias. Courts recognize that such patterns justify recusal (*Sciarra*, 851 F.2d at 634). The Magistrate Judge's ruling was contrary to law by failing to acknowledge this cumulative impact. Courts have also recognized that disparate treatment between parties, even in procedural matters, can create a perception of partiality warranting recusal. *See United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (holding that recusal is necessary when a judge's actions create an objectively reasonable perception of bias).

### C. The Court's Premature Discussion of Defendant's Pending Motion

The Court also preemptively discredited Defendant's Motion for a Restraining Order against Plaintiff Sweigert by citing First Amendment concerns (ECF No. 239 at 3-4). This discussion was both premature and irrelevant to the recusal motion. The issue before the Court was not whether an injunction should be granted, but whether the Magistrate Judge's handling of the case demonstrates bias warranting recusal.

By telegraphing its opposition to Defendant's pending motion before full consideration, the Court further undermines confidence in its neutrality. *See Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971). Courts have found that a judge's premature assessment of pending matters can indicate partiality and warrant recusal. *See United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001) (holding that judicial comments undermining impartiality before ruling on a motion warranted recusal).

### IV. CONCLUSION: RECUSAL IS NECESSARY TO PRESERVE THE INTEGRITY OF THESE PROCEEDINGS

For the foregoing reasons, Defendant objects to the Court's Order (ECF No. 239) and renews the request for recusal of Magistrate Judge Figueredo. The Magistrate Judge's failure to address key arguments, preferential treatment of Plaintiff, and premature rulings on pending motions all create an appearance of partiality, warranting reassignment of this case.

WHEREFORE, Defendant respectfully requests that this Court:

i.   Vacate the Order denying recusal (ECF No. 239);

ii.  Grant Defendant's Motion to Recuse Magistrate Judge Figueredo; and

iii. Grant any further relief this Court deems just and proper.

Dated: New York, New York March 3, 2025

Respectfully submitted

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998