D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

March 4, 2025

*Sweigert v. Goodman,* **23-cv-05875-JGK-VF**

U.S. District Judge Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:     Pre-motion letter to request leave to file Supplemental Amended Complaint

Dear Judge Koeltl,

1.      Pursuant to Federal Rules of Civil Procedure 15 and 16 and the Court's most recent ORDER of 2/26/2025 at ECF no. 244, the *pro se* Plaintiff seeks leave to amend the Amended Complaint, and for such other relief as the Court deems just and proper, for the following reasons: (a) the operative Amended Complaint was filed 09/23/2023 at ECF no. 13 and (b) the Plaintiff seeks to add newly acquired factual allegations discovered after 09/23/2023.

2.       The impetus for this pre-motion letter is an evolving trove of information that has very recently come to Plaintiffs' attention concerning the Defendant's use of the Plaintiff's image/photograph as part of a fictitious story that the Plaintiff was paid $500,000 by the U.S. National Institute of Health (N.I.H.) to attack the Defendant.  The Defendant has attempted to connect the Plaintiff's persona/image with this fictious story.

3.      This information (exemplified by Exhibit One attached) was unavailable to Plaintiff when allegations against the Defendant were presented in the Amended Complaint (ECF. 13).  In short, new documents and testimony show that the Defendant purposely used the Plaintiff's image in a manner which violates New York Civil Rights Law (NYCRL) §§ 50 and 51.

> "Pursuant to New York law, false and damaging use of a plaintiff's likeness (here, the wrappers) to illustrate newsworthy content (here, allegedly the video podcasts) does not fall under the newsworthy exception when there is <u>no relationship</u> between the likeness and the associated content. See Messenger, 94 N.Y.2d at 446 (citing Finger v. Omni Publ'ns Int'l, Ltd., 77 N.Y.2d 138 (1990); Arrington v. N.Y. Times Co., 55 N.Y.2d 433 (1982); Murray v. N.Y. Mag. Co., 27 N.Y.2d 406 (1971)). Pursuant to a separate line of cases, "<u>substantially fictional works</u>" that are "<u>nothing more than attempts to trade on the persona</u>" and are "<u>infected with fiction, dramatization or embellishment</u>" also do not fall under the newsworthy privilege. See Messenger, 94 N.Y.2d at 446 (citing Spahn v. Julian Messner, Inc., 18 N.Y.2d 324, vacated, 387 U.S. 239, adhered to on remand, 21 N.Y.2d 124 (1967); Binns v. Vitagraph Co. of Am., 210 N.Y. 51, 53 (1913))." [emphases added]
>
> *Sweigert v. Goodman*, 18-CV-8653 (VEC), 13 (S.D.N.Y. Jun. 30, 2021)

4.  In a 2/20/2025 podcast ( https://x.com/JG_CSTT/status/1892590297298649090 [1]), which displays the Plaintiff's image in the thumbnail (wrapper) the Defendant unequivocally claimed that the *pro se* Plaintiff was paid $500,000 dollars by the N.I.H. to harass the Defendant, **Exhibit One.**  Defendant's remarks to introduce the podcast:

> "Do people remember the time I discovered evidence that @RealGeorgeWebb1's mentally ill, wife swapping, paperclip Nazi brother was paid over $500,000 by @NIH to cyberstalk, harass and endlessly sue me? He should be investigated and prosecuted. @RobertKennedyJr. @DOGE @elonmusk"  [emphasis added] (**Exhibit One**)

5.  The foregoing represents newly discovered facts.

6.  "Typically, a party's motion to amend its complaint is governed by the liberal standard supplied by Federal Rule of Civil Procedure 15." Intl. Tech. Mktg. v. Verint Sys., 850 F App'x 38, 43 (2d Cir. 2021), citing Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009). There is a well-established "presumption in favor of granting leave" to amend under Rule 15(a). See Sigmund v. Martinez, 2006 U.S. Dist. LEXIS 49265, at *4 (S.D.N.Y. July 13, 2006), citing Foman v. Davis, 371 U.S. 178, 182 (1962); see also In re United Brands Co. Sec. Litig., 1990 U.S. Dist. LEXIS 1711, at *4 (S.D.N.Y. Feb. 16, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it."). Given the presumption that granting leave favors the interests of justice, it is rare that such leave should be denied.

7.  Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave [to amend] when justice so requires." In interpreting Rule 15, the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000); see also Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). "The burden of establishing prejudice or bad faith falls to the party opposing a motion to amend, as does the burden of establishing futility." Usov v. Lazar, 2014 U.S. Dist. LEXIS 122735, at *19 (S.D.N.Y. Aug. 22, 2014). Because it will promote the interests of justice, and given the lack of unfair prejudice, allowing amendment of the complaint here is entirely in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

8.  "Generally, . . . the purpose of Rule 16(b) is to provide district courts 'discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side.'" Ramos v. City of NY, 2021 U.S. Dist LEXIS 173423, at *2 (S.D.N.Y. Sep. 13, 2021), quoting Kassner, 496 F.3d at 244. "This analysis is governed by the 'strong preference' in this Circuit 'for resolving disputes on the merits.'" Id., quoting Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (citation omitted).

---

[1] Memorialized in the Plaintiff's Declaration ECF doc. 241

9.   Finally, "[c]ourts have discretion to abandon entirely the 'good cause' standard and to use instead the liberal Rule 15(a) standard." See Levy v.. Young Adult Inst., Inc., 2016 U.S. Dist. LEXIS 110154, at *6 (S.D.N.Y. Aug. 18, 2016) (Oetken, J.), citing Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 176 (S.D.N.Y. 2014). See also Koller-Gurgigno v. City of Yonkers, 2020 U.S. Dist. LEXIS 213746, at *5 (S.D.N.Y. Nov. 16, 2020), citing Ramsay Nobles v. Keyser, 2018 U.S. Dist. LEXIS 214472, at *22 (S.D.N.Y. Dec. 18, 2018). "Essentially, this permits a court to consider Rule 15(a) factors even if the moving party fails to establish good cause under Rule 16(b)." Ramsay-Nobles, 2018 U.S. Dist. LEXIS 214472, at *22.

10.   For the foregoing reasons, this Court should grant leave under either Rule 15 or 16 to allow the *pro se* Plaintiff to fully brief this Court on this issue by the docketing of an appropriate motion with the accompanying memorandum of law and a proposed Second Amended Complaint with additional fact allegations so highlighted.

11.   In accordance with III. B of your Individual Rules of Practice, dated Feb. 14, 2025, the *pro se* Plaintiff looks forward in anticipation to an appropriate briefing schedule in the interest of judicial economy and public policy.

Respectfully,    Signed 03/04/2025

*D. Sgt*

                                               **D. G. SWEIGERT PRO SE PLAINTIFF**

**CERTIFICATE OF SERVICE**

Hereby certified under penalties of perjury that a true copy of this pleading has been e-mailed to Defendant Jason Goodman at jason@21stcentury3d.com and <truth@crowdsourcethetruth.org>

Respectfully,    Signed this 03/04/2025

*D. Sgt*

**EXHIBIT ONE**



https://x.com/JG_CSTT/status/1892590297298649090