IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

D. G. SWEIGERT

Plaintiff,

-against-

JASON GOODMAN
Defendant.

------------------------------------------------------------------X

Case 1: 23-cv-5875-JGK

**DEFENDANT'S MOTION TO ADJOURN HEARING, DISMISS WITH PREJUDICE, AND ENJOIN FUTURE FRIVOLOUS LITIGATION**

## I.    PRELIMINARY STATEMENT

Plaintiff David George Sweigert is doing exactly what Defendant warned this Court he would do: abandoning his case when faced with the obligation to appear in person and prosecute it seriously.  After moving to appear telephonically, a request this Court properly denied, Plaintiff has now sought voluntary dismissal on the eve of the April 1, 2025 hearing, signaling an intention to evade accountability once again.

This is not a serious litigation. It is a calculated effort to misuse judicial process for ulterior purposes, and it has followed the same pattern across multiple courts over nearly eight years. The Court has an inherent duty to prevent frivolous abuse of the system, conserve scarce judicial resources, and preserve its dockets for cases brought in good faith. *See In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam); *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("There comes a point where even a pro se litigant must become aware that he has abused the legal system and must be stopped.")

## II.    ARGUMENT

Having predicted this precise maneuver in earlier filings, including Defendant's prior Rule 11 motion and opposition to Plaintiff's hearing gamesmanship, Defendant now moves the Court to:

i. Adjourn the April 1 hearing,

ii. Dismiss the action with prejudice, and

iii. Enjoin Plaintiff from initiating any further legal or extrajudicial campaigns targeting Defendant, his family, his business associates, or his known contacts.

## 1. REQUEST TO ADJOURN APRIL 1 HEARING

Plaintiff's recent filings make clear he has no intention of appearing in person or prosecuting this case. His motion for telephonic appearance was denied. He has now filed a motion to voluntarily withdraw the complaint, effectively confirming his refusal to proceed.

This conduct matches a now well-documented pattern: Plaintiff initiates proceedings in bad faith, escalates until faced with personal accountability, then abruptly retreats. Defendant alerted the Court to this tactic in 2023, and the current maneuver is a direct continuation of the same behavior. To preserve judicial efficiency and avoid wasteful expenditure of resources, Defendant respectfully requests that the hearing scheduled for Tuesday, April 1, 2025, be adjourned.

In the interest of efficiency and fairness, Defendant further requests that the Court respond to this motion by close of business Monday, March 31, 2025, so that he may tend to urgent pending business on Tuesday.

## 2. REQUEST FOR DISMISSAL WITH PREJUDICE

Plaintiff's entire course of conduct reveals a bad-faith effort to harass, delay, and retaliate rather than to vindicate any legitimate claim. Even where the Court has given him the opportunity to prosecute this case in good faith, Plaintiff has failed to follow through, even withdrawing in bad faith. Plaintiff has already begun the continuation of his harassment

DEFENDANT'S MOTION TO ADJOURN HEARING, DISMISS WITH PREJUDICE, AND
ENJOIN FUTURE FRIVOLOUS LITIGATION

campaign in the District of Columbia where he has attempted to amend a complaint against the

U.S. Airforce to include Defendant Goodman. **(EXHBIT A)**

This is not a borderline case of poor pleading or minor error. The case should be dismissed

with prejudice under Rule 41(a)(2), given the history of egregious misconduct, withdrawal at the

eleventh hour, and the toll imposed on both the Court and Defendant. *See Zagano v. Fordham

Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

### 3.  REQUEST FOR PERMANENT INJUNCTION

Pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority, Defendant respectfully

requests a permanent injunction prohibiting Plaintiff from:

i.      Initiating any future pro se litigation against Defendant, his family,

business partners, or known associates without prior leave of Court;

ii.     Engaging in any extrajudicial harassment, including but not limited to

letter-writing campaigns to law enforcement, elected officials, journalists,

or social media platforms;

iii.    Communicating directly or indirectly with Defendant in any form;

iv.     Encouraging or soliciting third parties to engage in such conduct on his

behalf.

These requests are not made lightly. They are necessary to protect Defendant and those

around him from a demonstrable, ongoing campaign of harassment. Plaintiff has stated his intent

to sue Defendant "for the rest of his life," and has conducted coordinated efforts to interfere with

Defendant's livelihood and reputation.

As further evidence of Plaintiff's bad faith and coordinated abuse of judicial process, on

March 3, 2025, he filed an amended complaint in the U.S. District Court for the District of

Columbia, *Sweigert v. U.S. Air Force, et al.,* Case No. 1:24-cv-00646-TNM. That complaint revives the same conspiracy theories and defamatory claims at issue here, now targeting not only Defendant Goodman but also Robert F. Kennedy Jr., the NIH, and others. This is a textbook case of forum shopping and duplicative harassment under the guise of litigation.

Such tactics fit squarely within the Second Circuit's definition of vexatious litigation. *See Safir v. U.S. Lines, Inc*., 792 F.2d 19, 24 (2d Cir. 1986); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). This request is made on notice and with full opportunity to be heard, in accordance with *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court:

      i.    Adjourn the hearing scheduled for April 1, 2025;

      ii.    Dismiss this case with prejudice pursuant to Rule 41(a)(2);

      iii.    Issue a permanent injunction as described herein; and

      iv.    Grant any further relief as the Court deems just and proper.

Dated: New York, New York March 30, 2025

Respectfully submitted

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

DEFENDANT'S MOTION TO ADJOURN HEARING, DISMISS WITH PREJUDICE, AND
ENJOIN FUTURE FRIVOLOUS LITIGATION

**(EXHIBIT A)**

# U.S. DISTRICT COURT
## DISTRICT OF COLUMBIA (WASHINGTON, DC)

D. George Sweigert

Plaintiff,

-against-

**1:24-cv-00646-TNM**

**Related case 23-cv-03446-UNA**

Robert F. Kennedy, Jr. in his personal and
official capacity as Secretary of the U.S.
Department of Health and Human
Services,

And

**Judge Trevor N. McFadden**

The U.S. National Institute of Health
(NIH),

And

John and Jane Doe, U.S. Government
employees at the NIH

And

ALPHABET, Inc, A Delaware
Corporation doing business as
YOUTUBE.COM

Defendants.

## <u>AMENDED COMPLAINT</u>

Original party *pro se* Plaintiff D. George Sweigert based upon personal knowledge, relevant documents,

and information and belief, alleges as follows:

## I.    NATURE OF ACTION

1.      This action alleges that the *pro se* Plaintiff was injured in his property or person in violation of

federal civil rights laws and the common law of the District of Columbia when Robert F. Kennedy, Jr.,

(RFK, Jr.) the Secretary of the U.S. Department of Health and Human Services (DHHS), conspired with

his social media research associate Jason Goodman to publish untruthful social media articles and

podcasts (X.COM, YouTube.com, Odysee.com, SubscribeStar.com, SubStack.com, etc.) stating the

Plaintiff worked inside the DHHS as an employee or contractor to censor the Internet ("employment

hoax"), and that said hoax has led to a state-created danger of violence and physical harm to the Plaintiff

for which DHHS took no action to abate although warned over sixty (60) times.

2.      That Jason Goodman, RFK, Jr. and U.S. National Institute of Health (NIH) employees Jane and

Joe Doe are sued for violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for aiding, abetting and

participating in social media smear campaigns of the *pro se* Plaintiff which directly, or indirectly, was

the proximate cause of the foreclosure of the *pro se* Plaintiff's property rights and liberty interest in a

sound reputation as a professional practitioner of the critical infrastructure protection and to be free from

the fear of physical attack by anti-government entities in violation of the Due Process Clause of

Amendment XIV to the U.S. Constitution.

3.      ALPHABET, INC. is sued for willfully and knowingly allowing Goodman to consistently violate

the account holder Terms and Conditions and User Acceptance Agreement of YOUTUBE to create a

danger of violence to be directed at the *pro se* Plaintiff in the form of a militant reaction to the untruthful

sham falsehoods distributed by Mr. Goodman; namely that the *pro se* Plaintiff was/is an undercover

operative or informant of the Federal Bureau of Investigation (FBI) working inside a DHHS sub-

component (the National Institute of Health (NIH)) as an employee or contractor ("NIH employment

hoax") and that he working to censor the Internet, said "NIH employment" hoax was designed to create emotional distress for the target (Plaintiff).

4.      Anti-government political operative Goodman is the principal disseminating the "NIH employment hoax" in an effort to appeal to his violent anti-government affiliates.  The "NIH employment hoax" and smear campaign is intended to silence the *pro se* Plaintiff and to curtail his letter writing to various federal law enforcement agencies concerning Mr. Goodman's anti-government activities, said letters have caused Goodman to subject the Plaintiff to threats of harm through the use of stochastic terrorism.  Mr. Goodman is a domestic terrorist that RFK, Jr. works with.

## II.     PARTIES

5.      Defendant ALPHABET, INC. is a Delaware charted corporation that operates the social media service known as YOUTUBE.COM.  YOUTUBE.COM maintains offices at ALPHABET INC., 1600 Amphitheatre Parkway Mountain View, CA 94043.  ALPHABET, INC. aka YOUTUBE is sued for their continued facilitation of cyber-stalking by its account users in violation of D.C. Criminal Code 22-3133.  As relevant to this action YOUTUBE.COM publishes podcast and video content on the following channels:

> **"https://www.youtube.com/@crowdsourcethetruth11"**

> **"https://www.youtube.com/@CSTT12"**





6.      Goodman violates various "Community Standards" policies promulgated by ALPHABET, INC. aka YOUTUBE which causes singular social media accounts to be suspended or terminated.  Then ALPHABET, INC. aka YOUTUBE allows Goodman's to operate new channels after other terminated channels have been removed for violations of Trust and Safety and User Acceptance policies (ToS/UAP, etc.) in violation of ban evasion rules.

7.      Since 2018 Goodman has had at least eleven (13) accounts terminated by YOUTUBE that should have resulted in life time bans on that platform. In each case, Goodman merely restarts his activities with pre-existing passive accounts created with false names that are then renamed to CrowdSource The Truth 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 and now in the present instantiation CrowdSource The Truth 11 and 12.

8.      Ban evasion is a popular circumvention strategy that malicious users frequently adopt.  Ban evasion is the act of circumventing suspensions on an online platform, wherein banned users create another account to continue their activities on the platform.  Ban evasion involves creating a new account strictly after the previous account has been banned for malicious behavior, a practice employed by Goodman. Supposedly, the social media Defendant ALPHABET, INC. enforces ban evasion, but this is not the case. They appear to condone it.

9.      Defendant DHHS Secretary <u>Robert F. Kennedy, Junior</u> (RFK, Jr.) is sued for conspiring with his research associate Goodman to violate the liberty rights and property interests of the *pro se* Plaintiff and to endorse subsequent cover-ups by the NIH and its personnel.  RFK, Jr. is sued in his personal and official capacities for violations of the Due Process Clause.

10.     U.S. Government Defendant employees Jane and John Doe are representative of the dozens of employees that work for the NIH, who acted with "deliberate indifference" to a "known or obvious danger" under color of state law to facilitate the foreclosure of the *pro se* Plaintiff's liberty rights and in

his reputational property interest. Although informed via dozens of letters and e-mails sent to NIH employees in leadership positions informing them of Mr. Goodman's terroristic hoax, these employees took no action to mitigate or abate the progression of damage to the Plaintiff. These workers are sued for the violation of the Due Process Clause and 42 U.S.C. § 1983 for increasing the danger and possibility of private violence to the *pro se* Plaintiff.

11.     The NIH is sued for its part in a cover-up to suppress the release of official documents as part of numerous federal Freedom of Information Act (FOIA) requests by the Plaintiff that served as the basis for the filing of the original complaint in this action (see ECF no. 1). The NIH, and its employees that were notified of Mr. Goodman's terroristic hoax, purposefully and with malicious intent, circumvented the federal FOIA laws to hide and conceal the details of their participation in the "NIH employment hoax".

12.     At all times described herein, the Plaintiff is a *pro se* non-attorney layman that has suffered Article III injuries and damages and seeks redress in the federal courts. Plaintiff's professional reputation and business opportunities in the field of cyber emergency response have been severely impacted by Goodman's fraudulent transmission of his hoax news videos that accuse the Plaintiff of the aforementioned criminal activities.

## III.    JURISDICTION AND VENUE

13.     The *pro se* Plaintiff has suffered over $75,001.00 is damage to reputation, emotional distress, public scorn and ridicule and other injuries.

14.     The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367. Jurisdiction is also conferred by 42 U.S.C. § 1983, 42 U.S.C. § 1985, 5 U.S.C. § 552a and related federal statutes.

15.     Supplemental jurisdiction is conferred by the common-law of the District of Columbia that addresses invasion of privacy as articulated in Restatement (Second) of Torts § 652A.

16.     Jurisdiction and venue are proper over ALPHABET, INC. aka YOUTUBE.COM because it is registered to do business in the District of Columbia and has purposely availed itself of the privilege of conducting business in the District of Columbia.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts, events, and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## IV.    FACTUAL ALLEGATIONS

18.     The genesis of these allegations was first articulated in the related action in the District Court for the District of Columbia (DDC) 23-cv-03446-UNA, *SWEIGERT v. U.S. NATIONAL INSTITUTE OF HEALTH,* filed 10/29/2023, (*Sweigert v. NIH*)[1] which was filed prior to an understanding of the full extent of RFK, Jr's involvement with Goodman (original complaint attached at the end of the **Exhibits** section).

19.     The involvement between RFK, Jr. and Goodman began with RFK, Jr.'s filing of a legal action, along with his non-profit "501(c)" Childrens Health Defense on 03/24/2023[2] against President Joe Biden and the DHHS (herein *RFK, Jr. v. DHHS*) in the U.S. District Court for the Western District of Louisiana (Monroe), Case no. 3:23-cv-00381-TAD-KDM[3].  In general, the action complained that the U.S. Government was influencing certain social media companies to censor the publication of certain articles and podcasts.

20.     The *RFK, Jr. v. DHHS* action was nearly an identical copy-cat to another action heard by the same presiding in judge in Louisiana, 22-cv-01213 TAD-KDM, *Missouri v. Biden* (the lead case[4]) which

---

[1] Case transferred in from District of New York Southern; Case Number 1:23-cv-09542. Original file, transfer order and docket sheet received. (Entered: 11/21/2023)
[2] 3:23-cv-00381-TAD-KDM *Kennedy et al v. Biden et al,* Terry A Doughty, presiding
[3] *Kennedy v. Biden*, 3:23-CV-00381 (W.D. La.)
[4] "The parties in the instant case and the *Missouri* case overlap considerably. In fact, the Court's preliminary injunction in *Missouri* was against some of the same Defendants named in this case. The injunction was narrowed by the United States Court of Appeals for the Fifth Circuit on October 3, 2023,

resulted in an infamous injunctive order on 07/04/2023[5], which attempted to halt any U.S. Government

influenced censorship over social media providers[6]. That order, herein the 07/04/2023 order, received

national news attention as it restrained the U.S. Government from influencing social media companies to

seek censorship of articles and podcasts, as reported by the Associated Press (quoted in relevant part)[7]:

BY KEVIN MCGILL, MATT O'BRIEN AND ALI SWENSON
Published 1:46 PM PST, July 5, 2023

Share ⬆

NEW ORLEANS (AP) — An order by a federal judge in Louisiana has ignited a high-stakes legal battle over how the government is allowed to interact with social media platforms, raising broad questions about whether — and how — officials can fight what they deem misinformation on health or other matters.

U.S. District Judge Terry Doughty, a conservative nominated to the federal bench by former President Donald Trump, chose Independence Day to issue an injunction blocking multiple government agencies and administration officials. In his words, they are forbidden to meet with or contact social media companies for the purpose of "encouraging, pressuring, or inducing in any manner the removal, deletion, suppression, or reduction of content containing protected free speech."

---

which limited the injunction to the White House Surgeon General's Office, the ("OSG"), Federal Bureau of Investigations ("FBI"), Center for Disease Control and Prevention ("CDC"), and Cybersecurity and Infrastructure Security Agency ("CISA"). *Missouri*, 83 F.4th 350."

*Kennedy v. Biden*, 3:23-CV-00381, 2 (W.D. La. Aug. 20, 2024)

[5] *Missouri v. Biden*, 22-cv-01213-TAD-KDM Dkt. 293
[6] "Judge limits Biden administration in working with social media companies". U.S. District Judge Terry Doughty of Louisiana granted the injunction in response to a 2022 lawsuit brought by attorneys general in Louisiana and Missouri. Their lawsuit alleged that the federal government overstepped in its efforts to convince social media companies to address postings that could result in vaccine hesitancy during the COVID-19 pandemic or affect elections. https://apnews.com/article/social-media-protected-speech-lawsuit-injunction-148c1cd43f88a0284d5a3c53fd333727
[7] https://apnews.com/article/social-media-protected-speech-lawsuit-injunction-d8070ef43b3b89e8e76b4569c77446d9

21.     Shortly after the 07/04/2023[8] order was issued in *Missouri v. Biden,* Goodman began publishing the "NIH employment hoax" via YOUTUBE and X in October 2023, stating that the *pro se* Plaintiff was working on a "disinformation" contract employee at NIH and was violating said injunctive order should be arrested.

22.     As discussed in the original complaint of *Sweigert v. NIH* (attached at the end of the **Exhibits** section) Goodman used the resources of YOUTUBE and X to publish the "NIH employment hoax" which advocated for violence against the *pro se* Plaintiff, see below.



---

[8] *Missouri v. Biden,* 22-cv-01213-TAD-KDM Dkt. 293
[9] Case 1:23-cv-03446-UNA Document 1 Filed 10/29/23 Page 6 of 8
[10] Case 1:23-cv-03446-UNA Document 1 Filed 10/29/23 Page 6 of 8



23.    It is now known that Mr. Goodman was working in tandem with RFK, Jr. and his attorney, as admitted by Goodman.  As the 07/04/2023[12] order was directed at U.S. Government entities and <u>not private citizens</u> Goodman had to fabricate a hoax that the Plaintiff was a government employee to bolster the *RFK, Jr. v. DHHS* lawsuit.

24.    After observing the publication of the "NIH employment hoax" and commencing on or about 10/09/2023, and going forward, the *pro se* Plaintiff advised several NIH department heads[13] of the "NIH employment hoax" with a request for a communication from them to confirm that the Plaintiff was not employed by NIH.  Between 10/09/2023 and the present, approximately sixty (60) such communications were sent to NIH.  All such communications were ignored, not acted upon so as to allow the hoax to fester for months and years.

---

[11] Case 1:23-cv-03446-UNA Document 1 Filed 10/29/23 Page 7 of 8
[12] *Missouri v. Biden*, 22-cv-01213-TAD-KDM Dkt. 293
[13] <u>clane@niaid.nih.gov</u>, <u>hauguelt@niaid.nih.gov</u>, <u>deaweb@niaid.nih.gov</u>, <u>rpurcell@niaid.nih.gov</u>, <u>niaidtraining@nih.gov</u>, <u>LL153p@nih.gov</u>, <u>NIAIDSBIR@mail.nih.gov</u>, <u>Annie.grimes@nih.gov</u>, <u>NYAG.Pressoffice@ag.ny.gov</u>, <u>dave.sweigert@nih.gov</u>, <u>amanda.manning@nih.gov</u>, <u>kelli.reid@nih.gov</u>, <u>michael.showe@nih.gov</u>, <u>kramerkm@csr.nih.gov</u>, <u>csrdrr@mail.nih.gov</u>, <u>communications@csr.nih.gov</u>, <u>nihfoia@od.nih.gov</u>, <u>nhlbifoiarequest@nhlbi.nih.gov</u>

25.     At the behest of RFK, Jr. on 01/03/2024 Goodman sought intervention in the *RFK, Jr. v. DHHS*

action by docketing papers styled as *Memorandum in Support of Motion Seeking Leave to Intervene*.

The apparent purpose of Mr. Goodman's intervention was to mislead the Louisiana court with fabricated

evidence that employees of the NIH were active in attempting to censor social media content in a

circumvention to that court's order 07/04/2023[14] in *Missouri v. Biden,* 22-cv-01213.

26.     In said intervention papers Goodman stated:

> 4.      Here, Goodman meets each requirement.  This application is timely because in
>
> October 2023, Goodman learned that the plaintiff in *Sweigert v Goodman* is employed by the
>
> National Institutes of Health, ("NIH").  Goodman further learned the plaintiff sued in a deliberate
>
> attempt to circumvent this Court's July 4, 2023 ruling.  Goodman acted as quickly as he was able
>
> to make this application after he learned the plaintiff was a government employee.
>
>
> **NIH HAS ATTEMPTED TO CIRCUMVENT THIS COURT'S ORDER**
>
> 33.     On July 4, 2023, this Honorable Court issued an historic Ruling on a Motion for
>
> Preliminary Injunction (*See Missouri et al v. Biden et al.,* 22-cv-01213-TAD-KDM Dkt. 293).
>
> The ruling was entered on docket at or around noon and the Washington Post published a story
>
> about it at 1:07pm Eastern.  (https://www.washingtonpost.com/technology/2023/07/04/biden-
>
> social-lawsuit-missouri-louisiana/)

27.     In sum, Goodman is stating in his intervention papers, that based on his "NIH employment hoax"

the NIH violated the injunction order of 07/04/2023[15].

---

[14] *Missouri v. Biden*, 22-cv-01213-TAD-KDM Dkt. 293
[15] *Missouri v. Biden*, 22-cv-01213-TAD-KDM Dkt. 293

28.     Then, when intervention was denied, working in concert with RFK, Jr., the pair concocted the fantastical tale that the *pro se* Plaintiff was an undercover FBI informant that worked inside the NIH and was attempting to censor Mr. Goodman's social media podcasts in violation of the 07/04/2023 order. See Goodman's statements to the Louisiana court in his *Motion for Reconsideration*[16] after intervention was denied:

> 7.     Goodman's objective differs in a crucial respect that the Court was not able to evaluate because evidence presented in Exhibit B of the filing (Dkt. 31-2 page 4) was obscured completely due to a scanning error. The exhibit includes an image of a message sent by an undercover operative ("UCO") employed by the National Institutes of Health ("NIH"), David George Sweigert ("Sweigert") to a defendant in this case, Nina Jankowicz, ("Jankowicz").
>
> 8.     Goodman first became aware of UCOs after reading the transcript from *United States of America v Adam Dean Fox et al*, (*See Case* 1:20-cr-00183-RJJ ECF No. 647, Page 23).
>
> **ENJOINED AGENCIES HAVE ACTED TO SECRETLY SUBVERT THIS COURT**
>
> 15.     Sweigert is a contract support employee of the NIH but operates undercover, falsely posing as an unaffiliated private citizen acting on his own accord. This charade allows him to act in a clandestine capacity to coerce private sector social media companies at the behest of and in coordination with same government agency defendants this Court intended to enjoin.
>
> 16.     Surely the Court cannot knowingly intend to allow such brazen subversion of its authority, making this another indication of an oversight by the Court worthy of reconsideration.

---

[16] Case 3:23-cv-00381-TAD-KDM Document 36 Filed 01/18/24 Page 2 of 6 PageID #: 458

> 23.    Goodman seeks to enjoin UCO activity in general and Sweigert's actions specifically.  The Court has not previously considered these unique but closely related factors.

29.    Caveat: for the Court's information, Nina Jankowicz (mentioned at para. (7) above), was a defendant in *RFK, Jr. v. DHHS* in her capacity as an employee of the U.S. Department of Homeland Security (DHS).  Nina Jankowicz, had to obtain a restraining order in Arlington, Virginia to restrain Mr. Goodman's constant social media haranguing after she resigned her position from DHS which caused her severe distress, as described below:

---

**NARRATIVE**

Jason Goodman of "Crowdsource the Truth" is a self-styled investigative journalist and for-profit conspiracy theorist. Goodman has engaged in extensive cyberstalking, harassment, frivolous legal intimidation, and conspiratorial defamation of me, directly inspiring at least one death threat made to me.

Starting in April 2022, shortly after the announcement of DHS' Disinformation Governance Board of which I was executive director, Jason Goodman began making regular video broadcasts about me and my role, defrauding me by recording phone calls with me under false pretenses and violating the policies of various social media sites by posting a long conspiratorial video that included documents showing the home addresses and other personally identifying information of me and my family.

Between April 2022 and January 2023, he has made over 80 other mentions of me in his frequent video livestreams and other public posts, usually linking to or showing this personal information. Repeatedly included in his video broadcasts information and photo metadata from many publicly-available and formerly-publicly-available websites about all aspects of my career and personal life, including: a cached version of her wedding registry, no longer publicly available; multiple attempts identify my husband; a failed attempt to find her high school yearbook online.

Goodman continues to call and email me, as recently as today, and continues to share a video that includes my home address and other information about my family. He now is threatening litigation against me in these communications because he alleges that I made a "fraudulent complaint" to Twitter in order to get his doxxing content removed. He is associated with noted right wing conspiracy theorists including Alex Jones of InfoWars and given the threats I have had directed at me in recent months since I resigned from the US Government, I continue to worry for my family's safety as he incessantly shares my personal information.

(Det. Adams #1315 - I spoke with the reporting party and they advised me that the individual did not specifically make a death threat towards them, it was supposedly one of his online followers.  The reporting party just want the incident documented for right now.)

Report Created On 01/06/2023 03:10 PM                                                    Page 1 of 2

---

30.     Caveat: in May 19, 2022 Mr. Goodman conflated Ms. Jankcowicz with the *pro se* Plaintiff in another "government employee" podcast hoax, which featured the unrelated professional papers of the *pro se* Plaintiff with innuendos that Jankowicz and the Plaintiff were affiliates of the notorious Neo-NAZI Azov Battalion in Ukraine (see original complaint at the end of the **Exhibits** section).

31.     Apparently to capitalize on the national hysteria concerning U.S. government fraud, waste and abuse discovered by Elon Musk (X.com account @elonmusk) and the U.S. Department of Government Efficiency (X.com account @DoGE), Goodman has re-distributed a re-hash of his 2023 hoax on his YOUTUBE.COM CrowdSource The Truth 11 & 12 channels a supposedly evidence-based claim that the *pro se* Plaintiff is working for the NIH on a grant contract to study "Misinformation" for a $500,000 payment. This podcast distribution was calculated to have the *pro se* Plaintiff continue to suffer the ire of outraged citizens disgusted with U.S. government fraud, waste and abuse uncovered by DoGE and Mr. Musk.   The said podcast on 2/20/2025 (  https://x.com/JG_CSTT/status/1892590297298649090  ) is memorialized in Plaintiff's Declaration at ECF doc 33, filed 2/20/2025 in this instant legal action.

32.     To advertise his CrowdSource The Truth 11 and 12 video podcasts Goodman published an X.com headline for said 2/20/2025 X.com the subject podcast unequivocally that the *pro se* Plaintiff was paid $500,000 dollars by the NIH to harass the Defendant (which has been viewed by more than 5,500 individuals on X.com as of this writing), **Exhibit One.**

> "Do people remember the time I discovered evidence that @RealGeorgeWebb1's mentally ill, wife swapping, paperclip Nazi brother <u>was paid over $500,000 by @NIH</u> to cyberstalk, harass and endlessly sue me? He should be investigated and prosecuted. @RobertKennedyJr. @DOGE @elonmusk"  [emphasis added]

33.     Said podcast (**Exhibit One**) trades upon the *pro se* Plaintiff's image in a thumbnail with a fictionalized account that the Plaintiff is working for the NIH in the areas of "misinformation" to harass

and destroy the Defendant, for which Sweigert was paid $500,000.  However, the *pro se* Plaintiff's persona and image have "no relationship" with the NIH, a $500,000 payment, a contract, etc.

34.     To illustrate the issue of "no relationship", the Defendant's latest podcast contains two main fictionalized claims relevant to this discussion: (1) that the *pro se* Plaintiff David Sweigert works for the NIH (Defendant at time mark 8:53) and (2) that Sweigert is executing a contract associated with Misinformation for NIH (time mark 9:07).

35.     The Defendant's podcast displays a NIH phone directory at time mark 8:56 with the organizational listing "Director of Planning, Analysis, and Information Management DPAIM)", and displays "Dave Sweigert", apparently who works in the Center for Scientific Review, which the *pro se* Plaintiff has nothing to do with ("no relationship").  **Exhibit Two.**

36.     The NIH "Dave Sweigert" (not the Plaintiff) apparently works with the CSR DPAIM Team, something the *pro se* Plaintiff knows nothing about and has no association with, **Exhibit Three.**  <u>NIH employment of the *pro se* Plaintiff is a Fiction.</u>

37.     At time mark 9:07, of said podcast, the Defendant displays an NIH web page depicting a grant contract, **Exhibit Four**.  This contract is known as grant RFA-MD-22-008[17], entitled *Understanding and Addressing Misinformation among Populations that Experience Health Disparities*, issued by the National Institute on Minority Health and Health Disparities (NIMHD), National Cancer Institute (NCI), **Exhibit Five.** This grant contract has nothing to do with the *pro se* Plaintiff ("no relationship").  The execution of this contract is under the authority of the University of California at San Francisco (UCSF), as shown in **Exhibit Six**.  The *pro se* Plaintiff has nothing to do with UCSF in any way, shape or form.  <u>A $500,000 payment to the *pro se* Plaintiff by NIH is a Fiction.</u>

---

[17] See https://www.nimhd.nih.gov/docs/taw_misinfo_RFA-MD-22-008_220506.pdf

38.     In another YOUTUBE.COM podcast, published Aug 27, 2024 featuring the likeness of RFK, Jr. in the thumbnail, Defendant Goodman discusses his relationship with RFK, Jr. and maligns the *pro se* Plaintiff with the publication of more false light smears, passed off as facts.  **Exhibit 7**.



(Aug 27, 2024)

39.     At time mark 12:00 ( https://www.youtube.com/watch?v=vjTxfTfD8x8 ) Goodman makes statements concerning the *pro se* Plaintiff, the brother of George Webb Sweigert, Mr. Goodman's former business partner:

> "George's mentally ill wife swapping – other people f_cked this guy's wife – including his own brother paperclip Nazi George's mentally ill brother[18]"

40.     At time mark 13:11 Mr. Goodman states:

> "The Department of Health that is the NIH where I found separate evidence that George's brother works there.."

---

[18] Goodman's false wife-swapping narrative is a continuous theme (see **Exhibit 9**)



Ghost Town NYC – Did George Webb Have Sex with Dave's Wife? And Other Social Engineering Questions

Crowdsource the Truth 11 • 1.8K views • Streamed 6 months ago

As disgusting as it sounds, George Webb has claimed in the past that he had sexual intercourse with his own brother's now ex-wife. His brother has confirmed it. I'm telling you this not to...

https://www.youtube.com/@crowdsourcethetruth11

41.     At time mark 24:10 of this podcast Mr. Goodman discusses the *RFK, Jr. v. DHHS* legal action in which he attempted his intervention.  At time mark 29:55 Mr. Goodman states, "prior to filing the lawsuit, Robert F. Kennedy called me.".  According to the Goodman video RFK, Jr. spoke with Goodman for "10 to 20 minutes".  Mr. Goodman then expounds on a follow-up conversation about a Nazi swastika visible in RFK, Jr. home study which was the background during a podcast RFK, Jr. conducted with Russel Brand.  At time mark 35:01 Mr. Goodman then discusses his rationale to attempt his intervention in the *RFK, Jr. vs. DHHS* legal action, and at 35:45 Mr. Goodman states he e-mailed a copy of his intervention papers to RFK and that "RFK e-mailed me back" with a copy to his attorney.

## COUNT ONE: CONSPIRACY TO VIOLATE CIVIL RIGHTS

42.     That RFK, Jr. and Goodman did enter into an agreement and conspire to develop a hoax to fortify the legal action filed by RFJ, Jr. in the Western District of Louisiana (*RFK, Jr. v. DHHS*).

43.     That both parties communicated by phone and e-mail messages to develop the specifics of the planned release of the so-called "NIH employment hoax".

44.     That RFK, Jr. and Goodman both knew, or should have known, that publishing such hoax and scam articles and podcasts would foreclose the *pro se* Plaintiff's liberty interest in a sound reputation in the technical field of critical infrastructure protection.

45.     That Goodman and RFK, Jr. both knew, or should have known, that the publication of the "NIH employment hoax" would subject the *pro se* Plaintiff to the ire of anti-government affiliates of Goodman for the purpose of placing in the *pro se* Plaintiff in fear for his safety.

## COUNT TWO: VIOLATION OF CIVIL RIGHTS

46.     In violation of the Due Process Clause and 42 U.S.C. § 1983, employees of the NIH, to include John and Jane Doe (see **Exhibit Ten**) and RFK, Jr., refused to clarify the employment status of the *pro se* Plaintiff after sixty (60) requests were made between 10/10/2023 and the present.  That these

16

employees, and RFK, Jr., could reasonably foresee that their inaction, failure to remediate and reckless disregard for the *pro se* Plaintiff would subject the Plaintiff to the continued ire of anti-government extremists that have been, and are continually, inflamed by Goodman with his podcasts and articles that incite violence against the *pro se* Plaintiff.

## COUNT THREE: PROMOTION OF VIOLENCE

47.     That over the past eight (8) years ALPHABET, INC, aka YOUTUBE has allowed Jason Goodman to operate at least twenty (20) different accounts for the purposes of distributing video podcasts that cause innocent third parties to fear for their safety.

48.     That as each account is terminated for violations of the Terms and Conditions for account holders (CrowdSource The Truth 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 the Jason Goodman channel, the John E. Hoover channel and many others) ALPHABET, INC. aka YOUTUBE allows Goodman to continue broadcasting on yet another channel.  This is a leap-frog channel game that allows Goodman to continue his "channel hopping" in direct violation of ALPHABET, INC. aka YOUTUBE Privacy and Safety policies.

49.     That ALPHABET, INC. aka YOUTUBE are participants in the scheme to violate the civil and due process rights of the *pro se* Plaintiff by aiding and abetting Goodman to continue to perpetrate his harassment that forecloses the *pro se* Plaintiff's liberty interest in a sound professional reputation and to be free from unnecessary against and concern for his safety.

50.     That ALPHABET aka YOUTUBE are fully informed of the damage caused by account holders like Goodman and take no action with such account holders use ban evasion to escape the consequences of terminated or suspended accounts for violations of Community Standards.

## JURY TRIAL REQUESTED

Plaintiff hereby demands a jury trial for all claims so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:


1.      Awarding Plaintiff compensatory damages, restitution, disgorgement, and any other relief that may be permitted by law or equity;

2.      Permanently enjoining ALPHABET, INC, from allowing Jason Goodman to hold an account on YOUTUBE.COM and from engaging in the unlawful and unfair, conduct alleged herein;

3.      Awarding Plaintiff costs, expenses, and attorneys' fees as permitted by law;

4.      Awarding Plaintiff such other or further relief as the Court may deem just.


March 3, 2025.

**D. G. SWEIGERT, C/O, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

# EXHIBITS

**EXHIBIT ONE**



**EXHIBIT TWO**



U.S. Department of Health & Human Services

Center for
Scientific Review

# Strengthening Peer Review through Training

March 27, 2023

Miriam Mintzer, Ph.D.
Director, CSR Office of Training and Development

**https://public.csr.nih.gov/sites/default/files/2023-03/Miriam_Mintzer_Training_Mar_2023_CSRAC.pdf**

## Who makes the training possible?

### Office of Training and Development

    

**Christina Johnson**
Program Analyst

**Vanessa Boyce, Ph.D.**
New SRO Education and Development Coordinator

**Natalia Komissarova, Ph.D.**
SRO Continuing Education and Development Coordinator

**Tatiana Cohen, Ph.D.**
SRO Systems Training Coordinator

**Benjamin Shapero, Ph.D.**
SRO Handbook and Policy Coordinator

### Division of Planning, Analysis and Information Management

Shawn Cook, Rich Hibner, Rashid Shah, Dave Sweigert, Khalid Ullah, Leo Wu, Lin Yang, Chen Zhang



**Maya Jones**
Training Team Lead

### Survey development/analysis



**Hope Cummings, Ph.D.**
Senior Social Science Analyst

### Just joined Office! Admin staff training

Jennifer Peddicord, Lori Stoller-Cruz, Ishrat Uddin

**Verzhiniya Tancheva**
Training Manager

### Training development groups (Chiefs/SROs)

**New SRO Training:** Dolores Arjona Mayor, Laura Asnaghi, Sulagna Banerjee, Adem Can, David Chang, Tami Kingsbury, Jordan Moore, Angela Thrasher, Carmen Ufret-Vincenty, Wenjuan Wang

**Continuing Education:** Aruna Behera, Jessica Bellinger, Rebecca Burgess, Margaret Chandler, Martha Faraday, Heidi Friedman, Will Greenberg, Linda MacArthur, Pat Manos, Bidyottam Mittra, Kristen Prentice, Ken Ryan, Suzanne Ryan, Brian Scott, Denise Wiesch

**Reviewer Training:** Abu Abdullah, Aruna Behera, Pablo Blazquez Gamez, Gene Carstea, Thomas Cho, Emily Foley, Lauren Fordyce, Heidi Friedman, Pam Jeter, Sharon Low, Karobi Moitra, Kristen Prentice, Joonil Seog, Lisa Steele, Afia Sultana, Sarah Vidal

**Policy & Practice Resources:** Cristina Backman, Aurea de Sousa, Kate Fothergill, Steven Frenk, Pam Jeter, John Laity, Srikanth Ranganathan, Joonil Seog, Ian Thorpe, Guoqin Yu

100+ CSR staff for training implementation!

Center for
Scientific Review


25



**EXHIBIT THREE**



https://public.csr.nih.gov/sites/default/files/2023-02/Review%20Integrity%20Training_RPC_1_18_23.pdf



**EXHIBIT FOUR**



https://x.com/JG_CSTT/status/1892590297298649090

**EXHIBIT FIVE**

| | This notice has expired. Check the **NIH Guide** for active opportunities and notices. |
|---|---|

**Department of Health and Human Services**

**Part 1. Overview Information**

| | |
|---|---|
| Participating Organization(s) | National Institutes of Health (NIH) |
| Components of Participating Organizations | National Institute on Minority Health and Health Disparities (NIMHD)<br>National Cancer Institute ( NCI ) |
| Funding Opportunity Title | Understanding and Addressing Misinformation among Populations that Experience Health Disparities (R01 - Clinical Trials Optional) |
| Activity Code | R01 Research Project Grant |
| Announcement Type | New |
| Related Notices | • NOT-OD-22-190 - Adjustments to NIH and AHRQ Grant Application Due Dates Between September 22 and September 30, 2022<br>• NOT-MD-22-016 - Notice of Pre-Application Technical Assistance Webinar for RFA-MD-22-008, Understanding and Addressing Misinformation among Populations that Experience Health Disparities (R01 - Clinical Trials Optional)<br>• NOT-CA-22-066- Notice of NCI Participation in RFA-MD-22-008 |

**https://grants.nih.gov/grants/guide/rfa-files/RFA-MD-22-008.html**

**EXHIBIT SIX**



https://covidresearch.ucsf.edu/funding/rfa-md-22-008-understanding-and-addressing-misinformation-among-populations-experience

**EXHIBIT SEVEN**





YouTube

crowdsource the truth 11

Ghost Town NYC – Did RFK Jr. Just Shut Down an Unconstitutional U.S. Coast Guard Disinfo Operation?

Crowdsource the Tru...
7.17K subscribers

Subscribed

197

Share

Download

**EXHIBIT EIGHT**



n NYC – Did RFK Jr. Just Shut Down an Unconstitu



– Did RFK Jr. Just Shut Down an Unconstitu

**EXHIBIT NINE**



### Ghost Town NYC – Did George Webb Have Sex with Dave's Wife? And Other Social Engineering Questions

Crowdsource the Truth 11 • 1.8K views • Streamed 6 months ago

As disgusting as it sounds, George Webb has claimed in the past that he had sexual intercourse with his own brother's now ex-wife. His brother has confirmed it. I'm telling you this not to...



## Ghost Town NYC – Did George Webb Have Sex with Dave's Wife? And Other Social Engineering Questions

Crowd...
7.17K...

Subscribed

182

Share

https://www.youtube.com/watch?v=tomooccxY68&t=5s

31

**EXHIBIT TEN**

---------- Original Message ----------
From: Spoliation Notice <spoliation-notice@mailbox.org>
To: "clane@niaid.nih.gov" <clane@niaid.nih.gov>, "hauguelt@niaid.nih.gov"
<hauguelt@niaid.nih.gov>, "deaweb@niaid.nih.gov" <deaweb@niaid.nih.gov>,
"rpurcell@niaid.nih.gov" <rpurcell@niaid.nih.gov>, "niaidtraining@nih.gov"
<niaidtraining@nih.gov>, "LL153p@nih.gov" <LL153p@nih.gov>, "NIAIDSBIR@mail.nih.gov"
<NIAIDSBIR@mail.nih.gov>, "Annie.grimes@nih.gov" <Annie.grimes@nih.gov>,
"NYAG.Pressoffice@ag.ny.gov" <NYAG.Pressoffice@ag.ny.gov>, "dave.sweigert@nih.gov"
<dave.sweigert@nih.gov>, "amanda.manning@nih.gov" <amanda.manning@nih.gov>,
"kelli.reid@nih.gov" <kelli.reid@nih.gov>, "michael.showe@nih.gov" <michael.showe@nih.gov>,
"kramerkm@csr.nih.gov" <kramerkm@csr.nih.gov>, "csrdrr@mail.nih.gov" <csrdrr@mail.nih.gov>,
"communications@csr.nih.gov" <communications@csr.nih.gov>, "nihfoia@od.nih.gov"
<nihfoia@od.nih.gov>, "nhlbifoiarequest@nhlbi.nih.gov" <nhlbifoiarequest@nhlbi.nih.gov>
Cc: "removals@google.com" <removals@google.com>, "legal@support.youtube.com"
<legal@support.youtube.com>, "google-legal-support@google.com" <google-legal-
support@google.com>, Spoliation Notice <spoliation-notice@mailbox.org>, "spoliation@posteo.net"
<spoliation@posteo.net>
Date: 10/09/2023 12:12 PM PDT
Subject: Threats made to NIH contract employee David Sweigert


REF:  Video threats made about NIH and contract employee David Sweigert

YouTube conspiracy theorist Jason Goodman of New York City has distributed a video to thousands
of viewers concerning:

    David Sweigert of the Center for Scientific Review

The video is located at:
https://www.youtube.com/watch?v=LWbTiD7B69Q

Begin viewing at time mark 13:11.

See attached screenshots.

Attached are the personal details for Mr. Goodman as he has several anti-stalking restraining orders issued against him for attacking women on social media (and their toddlers).  See Nina Jankowicz, Arlington, Virginia court (attached).

Mr. Goodman was also issued a disorderly conduct citation (attached) for stalking Elon Musk at Twitter headquarters in New York City.

Also attached is the restraining order issued by federal judge Gershwin Drain of Detroit, Michigan.

It would be prudent to ban Mr. Goodman from your campus as that is his most likely next stop, given his history of anti-government podcasts outside official buildings.

Best,

D. George Sweigert

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| D. G. Sweigert,<br><br>                  **Plaintiff**<br><br>         **Versus**<br><br>U.S. National Institute of Health, and<br><br>Lawrence A. Tabak, D.D.S., Ph.D,<br>agency director in official and personal capacities<br><br>            **Defendants** | **PRO SE**<br><br><br>**COMPLAINT**<br><br><br><br><br>**RELATED:**<br>**23-cv-06881-JGK**<br>**23-cv-05875-JGK** |

## INITIAL COMPLAINT

NOW COMES the *pro se* Plaintiff to file this action against the U.S. National Institute of

Health.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

obtain an order for the production of agency records from the U.S. National Institute of Health

in response to a FOIA request properly made by Plaintiff.


Signed October 29, 2023 (10/29/2023)


**_D. G. SWEIGERT, C/O_**
**_AMERICA'S RV MAILBOX, PMB 13339_**
**_514 Americas Way, Box Elder, SD 57719_**

## BACKGROUND

1.      The United States district courts are vested with exclusive original jurisdiction over Freedom of Information Act, 5 U.S.C.§ 552, cases by section (a)(4)(B) of the Act, which provides in pertinent part: On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant., 5 U.S.C. § 552(a)(4)(B) (2012 & Supp. V 2017).

## **PARTIES**

2.      The National Institutes of Health, a U.S. Government agency, is the largest public funder of biomedical research in the world. In fiscal year 2022, NIH invested most of its $45 billion appropriations in research seeking to enhance life, and to reduce illness and disability. NIH-funded research has led to breakthroughs and new treatments helping people live longer, healthier lives, and building the research foundation that drives discovery.

3.      Lawrence A. Tabak, D.D.S., Ph.D is the Acting Director of the National Institutes of Health (NIH), officially taking office on December 20, 2021. Dr. Tabak has served as the Principal Deputy Director and the Deputy Ethics Counselor of NIH since August 2010.

4.      D. G. Sweigert is a concerned citizen who has been singled out by a conspiracy theorist named Jason Goodman who operates GOOGLE social media accounts, such as YouTube.Com. Mr. Goodman, of the Chelsea Section of New York City, zip 10001, has accused the Plaintiff of working with the NIH to create a Disinformation Governance Board to allow the NIH to police the Internet searching for medical disinformation.  The Plaintiff is presently attempting to clear his name of this slander and defamation.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.     Venue is premised on the place of business of the fields offices of N.I.H. in this district and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.     Plaintiff has exhausted all administrative remedies available. The N.I.H. has failed to make an initial determination with respect to Plaintiff's request within the timeframe set by FOIA, and Plaintiff therefore is deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8.     Listed below are FOIA requests ignored by NIH staff.

```
From: Spoliation Notice <spoliation-notice@mailbox.org>
To: "nihfoia@od.nih.gov" <nihfoia@od.nih.gov>, "liuyujin@mail.nih.gov"
<liuyujin@mail.nih.gov>, Spoliation Notice <spoliation-notice@mailbox.org>,
"spoliation@posteo.net" <spoliation@posteo.net>
Date: 10/15/2023 4:08 PM PDT
Subject: FOIA REQUEST TO Yujing Liu, MD, PhD - RFA-MD-22-008


To:
Yujing Liu, MD, PhD
National Institute on Minority Health and Health Disparities (NIMHD)
Telephone: 301-827-7815
Email: liuyujin@mail.nih.gov

You have been identified as the data custodian for the following documents:

All Standard Form 424 submitted in response to funding opportunity announcement
RFA-MD-22-008.

This is a Freedom of Information Act request.  Immediately advise your FOIA action
officer that you have received this request.

Best,

D. George Sweigert
```

From: Spoliation Notice <spoliation-notice@mailbox.org>
To: "clane@niaid.nih.gov" <clane@niaid.nih.gov>, "hauguelt@niaid.nih.gov"
<hauguelt@niaid.nih.gov>, "deaweb@niaid.nih.gov" <deaweb@niaid.nih.gov>,
"rpurcell@niaid.nih.gov" <rpurcell@niaid.nih.gov>, "niaidtraining@nih.gov"
<niaidtraining@nih.gov>, "LL153p@nih.gov" <LL153p@nih.gov>, "NIAIDSBIR@mail.nih.gov"
<NIAIDSBIR@mail.nih.gov>, "Annie.grimes@nih.gov" <Annie.grimes@nih.gov>,
"NYAG.Pressoffice@ag.ny.gov" <NYAG.Pressoffice@ag.ny.gov>, "dave.sweigert@nih.gov"
<dave.sweigert@nih.gov>, "amanda.manning@nih.gov" <amanda.manning@nih.gov>,
"kelli.reid@nih.gov" <kelli.reid@nih.gov>, "michael.showe@nih.gov"
<michael.showe@nih.gov>, "kramerkm@csr.nih.gov" <kramerkm@csr.nih.gov>,
"csrdrr@mail.nih.gov" <csrdrr@mail.nih.gov>, "communications@csr.nih.gov"
<communications@csr.nih.gov>, "nihfoia@od.nih.gov" <nihfoia@od.nih.gov>,
"nhlbifoiarequest@nhlbi.nih.gov" <nhlbifoiarequest@nhlbi.nih.gov>,
"xavier.becerra@hhs.gov" <xavier.becerra@hhs.gov>
Cc: "removals@google.com" <removals@google.com>, "legal@support.youtube.com"
<legal@support.youtube.com>, "google-legal-support@google.com"
<google-legal-support@google.com>, "spoliation@posteo.net" <spoliation@posteo.net>,
Spoliation Notice <spoliation-notice@mailbox.org>
Date: 10/15/2023 9:29 AM PDT
Subject: FOIA TO NIH


ATTENTION: FOIA OFFICER

THIS IS A FOIA REQUEST PURSUANT TO 5 USC 552(a-b).

Copies of all documents associated with the below listed government grant are hereby
requested:

RFA-MD-22-008
Understanding and Addressing Misinformation among Populations that
Experience Health Disparities (R01 - Clinical Trials Optional)

Further information is contained in the attached PDF.

Best,

D.G. Sweigert

From: Spoliation Notice <spoliation-notice@mailbox.org>
To: "NIMHDinfo@nimhd.nih.gov" <NIMHDinfo@nimhd.nih.gov>
Cc: "kimberly.allen@nih.gov" <kimberly.allen@nih.gov>, Spoliation Notice
<spoliation-notice@mailbox.org>, "spoliation@posteo.net" <spoliation@posteo.net>,
"deborah.duran@nih.gov" <deborah.duran@nih.gov>, "carringk@mail.nih.gov"
<carringk@mail.nih.gov>
Date: 10/15/2023 4:26 PM PDT
Subject: FOIA REQUEST


To:
FOIA ACTION OFFICER
Nancy L. Jones, Ph.D., M.A.
Division of Community Health and Population Science
jonesna@nimhd.nih.gov
301-594-8945

This is a Freedom of Information Act request.  If you are not your agency's FOIA
Office forward to that person immediately.

Copies of all records are requested that are related to the following programs:

Understanding and Addressing Misinformation Among Populations That Experience Health
Disparities

This initiative will seek to 1) understand the underlying mechanisms and 2) test
interventions to address and mitigate the impact of health-related misinformation
and disinformation on health disparities and the populations that experience health
disparities.

Additionally all such records are no in a litigation hold status as electronic
evidence to be used in a civil trial (see attached).

Best,

D.G. Sweigert

9.      For background on these FOIA requests.



https://www.youtube.com/@DefinitelyNOTCSTT



https://www.youtube.com/watch?v=_IvNnEcSe_g&t=2583s



https://www.youtube.com/watch?v=_IvNnEcSe_g&t=2583s



https://www.youtube.com/watch?v=_IvNnEcSe_g&t=2583s

## COUNT I

10.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing

paragraphs as though fully set forth herein.

11.     Defendant NIH is subject to FOIA and must therefore release in response to a FOIA

request any disclosable records in its possession at the time of the request and provide a lawful

reason for withholding any materials as to which it is claiming an exemption.

## REQUEST FOR RELIEF

12.     WHEREFORE, Plaintiff respectfully request that this Court:

13.     Declare that the documents sought by their FOIA request, as described in the foregoing

paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

14.     Order the NIH to provide the requested documents to Plaintiff within 20 business days

of the Court's order;

15.    Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and,

16.    Grant Plaintiffs such other and further relief as this Court deems just and proper.


Signed October 29, 2023 (10/29/2023)


*D. G. SWEIGERT, C/O*
*AMERICA'S RV MAILBOX, PMB 13339*
*514 Americas Way, Box Elder, SD 57719*